**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-381-O-BP** |
| | § | |
| **J.P. MORGAN SECURITIES, LLC, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

On March 30, 2026, the *pro se* plaintiff filed a complaint against the defendants. ECF No. 1. Because he paid the filing fee, the plaintiff is now responsible for serving the defendants with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If he does not serve the defendants within 90 days after the filing of the complaint, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l) requires the plaintiff to file proof of service with the Court unless the defendants waive service. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiff does not file a valid return of service or otherwise show that he properly served the defendants, the Court may dismiss this case.

The Court also cautions the plaintiff that he cannot serve the summons and complaint on the defendants himself. "Any person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

If she has not already done so, the Clerk of the Court shall send a summons form for the defendants and a copy of Fed. R. Civ. P. 4 to the plaintiff.

It is so **ORDERED** on April 6, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE