**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-381-O-BP** |
| | § | |
| **J.P. MORGAN SECURITIES, LLC, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is the "Cover Letter and Notice Regarding Exhibits" that *pro se* Plaintiff Joshua Biering filed on April 20, 2026. ECF No. 13. Biering represents to the Court that he effected service on each party in this action through each party's registered agent for service of process. *See id.* at 5. But Federal Rule of Civil Procedure 4(l) requires the plaintiff to file proof of service with the Court unless the defendants waive service, and the proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. Fed. R. Civ. P. 4(l). The Summons that Biering returns does not contain any such affidavit as the Federal Rules of Civil Procedure require.

Accordingly, Biering still must comply with the requirements of Fed. R. Civ. P. 4(l) within 90 days from when he filed his case on March 30, 2026. If the plaintiff does not file a valid return of service or otherwise show that he properly served the defendants by that date, the Court may dismiss this case.

It is so **ORDERED** on April 21, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE