IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSHUA DAVID SAPPI BIERING, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:26-cv-381-O-BP |
| | § | |
| v. | § | |
| J.P. MORGAN SECURITIES, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' EMERGENCY MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S AMENDED PETITION**

Defendants J.P. Morgan Securities, LLC, JPMorgan Chase & Co., and JPMorgan Chase Bank, N.A. (collectively, "Defendants") move for a 21-day extension of time to respond to pro se Plaintiff Joshua David Sappi Biering's Amended Verified Petition to Confirm, Modify, and Vacate in Part a FINRA Arbitration Award, and to Retain Jurisdiction [Dkt. 11]. Defendants file this as an "emergency" motion because Defendants' current deadline falls on Monday, May 4, before the motion could be fully briefed. As shown below, good cause exists to grant this brief extension.

## I.     INTRODUCTION

1.     On March 30, 2026, Plaintiff filed his initial pro se Petition [Dkt. 1]. Through over 42 pages and 127 paragraphs of allegations (not including exhibits), Plaintiff seeks various relief relating to a 2025 FINRA award and also asks the Court to "retain jurisdiction" over other claims against Defendants, which are subject to an agreement to arbitrate.

2.     Two weeks later, on April 13, Plaintiff filed an Amended Petition [Dkt. 11].  The Amended Petition added around 40 paragraphs of allegations, but it appears to seek the same relief as the initial Petition.

**DEFENDANTS' FIRST MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITION – Page 1**

3.      Plaintiff has filed returns of service with the Court indicating that Defendants were served with a summons on April 13, 2026 [Dkt. 12], although the Court has recognized deficiencies in those notices [Dkt. 14].

4.      If service on April 13 was effective, then Defendants' deadline to answer or otherwise respond to the Amended Petition is May 4, 2026.

5.      For good cause, Defendants request a 22-day extension of their response deadline (21 days would fall on Memorial Day, a federal holiday). Plaintiff has refused to provide any extension, requiring this Motion.

## II.      BACKGROUND

6.      Plaintiff filed this case to (1) confirm in part, modify in part, and vacate in part a FINRA award involving Defendants and (2) ask this Court to retain jurisdiction over claims that Plaintiff has already filed against Defendants in arbitration in the American Arbitration Association ("AAA").

7.      On April 9, 2026, after counsel from Greenberg Traurig, LLP had filed an appearance in the AAA matter, Plaintiff asked whether Greenberg Traurig would also be representing Defendants in this Action and, if so, whether Greenberg Traurig would accept service in this Action.  At the time, Defendants had not engaged Greenberg Traurig to appear in this case. Defendants intended (and still intend) for the law firm of UB Greensfelder LLP, which had represented Defendants in the underlying FINRA case, to represent Defendants here. Greenberg Traurig responded that it would represent Defendants only in the AAA matter and that it was not authorized to accept service for Defendants.

8.      On April 27, however, Defendants retained Greenberg Traurig to appear as local counsel alongside UB Greensfelder in this Action. That same day, Plaintiff again asked Greenberg

Traurig whether it would represent Defendants in this Action and whether Greenberg Traurig would "accept service" for Defendants. Counsel responded by confirming that Greenberg Traurig would be representing Defendants as local counsel and offered to waive service under Rule 4.

9. Plaintiff rejected Defendants' offer to waive service and refuses to agree to any deadline extension.

### III.   ARGUMENT AND AUTHORITIES

9. Federal Rule of Civil Procedure 6(b) gives district courts discretion to extend deadlines for good cause.

10. Good cause exists for granting the requested 22-day extension. First, as of the filing of this Motion, Defendants have not been able to determine whether Plaintiff properly served Defendants through Defendants' registered agent CT Corporation. Under Rule 12(h) of Federal Rules of Civil Procedure certain defenses such as insufficient process under Rule 12(b)(4) and insufficient service of process under Rule 12(b)(5) must be raised in Defendant's first responsive pleading or they are waived. Defendants need additional time to obtain information relevant to such defenses. Second, Plaintiff's Amended Petition is dense with allegations, some relating to an underlying FINRA arbitration and others relating to new claims that Plaintiff intends to assert against Defendants. Counsel requires an extension of time to investigate the claims and develop a response. Third, counsel from UB Greensfelder, which did represent Defendants in the FINRA matter, need additional time based on their case load, which includes multiple arbitration hearings and depositions over the next few days.

11. This is Defendants' first request for an extension, which is made in good faith and for no improper purpose. Granting this brief 22-day extension will not prejudice any party or unduly delay these proceedings.

**DEFENDANTS' FIRST MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITION – Page 3**

## IV.    CONCLUSION

For these reasons, Defendants request a 22-day extension of time, until May 26, 2026, to answer or otherwise respond to the Amended Petition and for any such other relief to which they are entitled.

Dated: April 28, 2026                    Respectfully submitted,

/s/ *Elizabeth A. Bones*
Christopher S. Dodrill
Texas Bar No. 24110696
christopher.dodrill@gtlaw.com
Elizabeth A. Bones
Texas Bar No. 24074026
beth.bones@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Tel.: (214) 665-3600
Fax: (214) 665-3601

Jeffrey S. Dunlap*
jdunlap@ubglaw.com
Kyle W. Rea*
krea@ublaw.com
**UB GREENSFELDER LLP**
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
Tel.: (216) 583-7000
Fax: (216) 583-7001
*pro hac vice forthcoming*

Counsel for Defendants

**CERTIFICATE OF CONFERENCE**

I certify that on April 28, 2026, I conferred with pro se Plaintiff Joshua David Sappi Biering via email regarding the relief sought in this Motion, and he indicated that he is opposed.

/s/ *Elizabeth A. Bones*
Elizabeth A. Bones

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed through the Court's CM/ECF system, which will serve notice of this filing on all parties and CM/ECF users.

/s/ *Elizabeth A. Bones*
Elizabeth A. Bones