## UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § § § | |
| Petitioner, *Pro Se,* | § § | **Case No**. 4:26-cv-381-O |
| v. | § | |
| **J.P. MORGAN SECURITIES, LLC, JPMORGAN CHASE & CO., and JPMORGAN CHASE BANK, N.A.,** | § § § § | FINRA Case No. 24-01208 EEOC Case No.450-2024-04743 AAA Case No. 01-26-0000-7215 |
| Respondents. | § § | |

### PETITIONER'S RESPONSE IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR EXTENSION OF TIME

Defendants offer four grounds for extension: (1) service uncertainty; (2) petition density; (3) counsel workload and transition; and (4) Memorial Day…

Rule 6(b)(1)(A) requires diligence. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). None of the four meets the standard. A Fifth element that Petitioner's retained claims are "subject to an agreement to arbitrate," Dkt. 17 ¶ 1 — is a threshold merits position, not a scheduling ground.

Service, the AO 399 waiver instrument, the AAA appearance, and the CRD/BrokerCheck channel record are addressed in Dkt. 16 and incorporated by reference. Petitioner does not repeat that record.

Defendants had advance written notice that Petitioner intended to seek this relief and that the May 4, 2026, deadline was implicated. Petitioner served that written conference correspondence on all defense counsel on April 27, 2026. Dkt. 16-1. Defendants did not respond. Petitioner then filed Dkt. 16. Shortly thereafter, Defendants filed Dkt. 17, seeking to extend the same deadline.

1

## I.  NONE OF THE FOUR GROUNDS ESTABLISHES GOOD CAUSE.

### A.  Service was completed on April 13, 2026.

CT Corporation accepted service April 13, 2026, as Defendants' registered agent. Dkts. 12, 12-1, 12-2, 12-3. Service was complete under Federal Rule of Civil Procedure 4(h)(1)(B). Defendants assert uncertainty by pointing to Dkt. 14 — but Dkt. 14 reached only the format of the proof-of-service notice; it made no independent assessment of the underlying service in Dkts. 12, 12-1, 12-2, and 12-3. Dkt. 15 addressed the open format concerns.

The AO 399 waiver instrument Defendants tendered April 27, keyed to a specific Rule 4(d) request date, is itself the conduct of a party that has determined when service occurred. Dkt. 16 at 9–10. Manufactured uncertainty is not good cause. Rule 12(h) preserves any service defense in the first responsive pleading.

### B.  Petition density.

Defendants concede the Amended Petition "appears to seek the same relief" as the initial Petition. Dkt. 17 ¶ 2. That concession is the answer. No new claims, no new parties, no new grounds for relief — only additional paragraphs. The Amended Verified Petition was filed as of right under Federal Rule of Civil Procedure 15(a)(1)(A) before any responsive pleading was served; Rule 15(a)(3) governs the response deadline. Fed. R. Civ. P. 15(a)(1)(A), (a)(3). No leave was sought or required, so N.D. Tex. L. Civ. R. 15.1 does not apply.

Defendants' own exhibit list confirms there is no new record to learn. The exhibits cited in Dkt. 11 consists of FINRA correspondence and filings, or documents bearing JPMS production Bates labels. The record relevant to this action will be filed on ECF and provided in printed binder form as required by local rules. It will show that the exhibit base consists of materials Defendants and their counsel produced, sent, received, or argued during the FINRA proceeding. Defendants therefore cannot claim surprise or any need to study a new record.

### C.  Counsel workload and transition.

Defendants are JPMorgan Chase & Co., a $4.4 trillion institution that reported $182.4

billion in net revenue and approximately $18 billion in firmwide technology expense for fiscal year 2025.[1] Greenberg Traurig reported approximately $2.9 billion in fiscal year 2025 revenue, profits per equity partner of approximately $2.9 million, and more than 3,100 attorneys across 51 offices.[2] UB Greensfelder is an Am Law 200 firm with approximately 244 attorneys and offices in seven primary U.S. locations.[3]

Greenberg Traurig entered this action on April 27, 2026, with full knowledge of the May 4 deadline. Voluntarily adding counsel on the eve of a known deadline, between firms of this combined scale, is not diligence. *S&W Enters.*, 315 F.3d at 535.

**D. Memorial Day.**

Memorial Day is a single federal holiday that falls on May 25th, and at *most*, is *one lost business day*. Defendants request *twenty-two* additional days. Dkt. 17 ¶ 5. The holiday does not account for the gap, and Defendants' reliance on a federal holiday to justify delay is not new. In November 2025, Defendants' counsel likewise invoked Veterans Day to defer substantive engagement on a discovery dispute, stating that "the bank is closed today due to Veteran's Day." Claimant's Third Mot. to Compel Disc. Resps. ¶ 10, FINRA No. 24-01208 (Nov. 12, 2025).

**II. Defendants Cannot Manufacture Arbitrability Through Fragmentation.**

Dkt. 17 ¶ 1 asserts Petitioner's retained claims are "subject to an agreement to arbitrate." That is the threshold merits position Defendants want *twenty-two days* to brief. Whether the arbitration agreement covers those claims is a question of legal meaning requiring independent judicial judgment. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024). Embedding it in a Rule 6 motion does not make it a scheduling matter.

Three forums, three incompatible positions — each adopted to serve the moment:

---

[1]   JPMorgan Chase & Co., Annual Report (Form 10-K) (Feb. 12, 2026), SEC EDGAR; JPMorgan Chase & Co., 2025 Investor Day Presentation (May 19, 2025), SEC EDGAR.

[2]   Andrew Maloney, *A Phenomenal Year*: Greenberg Traurig Approaches $3B in Revenue, Am. Law. (Feb. 26, 2026); Greenberg Traurig, LLP, Our Firm.

[3]   UB Greensfelder LLP, Our Firm; Law.com Compass, UB Greensfelder Firm Profile.

(i)   To the EEOC: Form U5 disputes required FINRA arbitration. Dkt. 11 ¶ 14.

(ii)  To FINRA: JPMC and JPM Bank "are not FINRA member firms, are not subject to FINRA's jurisdiction and do not agree to arbitrate." Dkt. 11 ¶¶ 5, 9; Ex. D.2 at 1 n.1.

(iii) To this Court: a new coverage theory. Dkt. 17 ¶ 1.

Judicial estoppel bars positions adopted "according to the exigencies of the moment" once a prior incompatible position has been accepted. *New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001). That selective approach "reads like a picky child at the dinner table." *SEC v. Jarkesy*, 603 U.S. 109, 161 (2024) (Gorsuch, J., concurring). A premise that cannot survive cross-forum scrutiny is not good cause to extend the May 4 deadline.

The Binding Arbitration Agreement (BAA, Ex. B.1) defined "JPMorgan Chase" and "the Firm" to include JPMC and all direct and indirect subsidiaries as "Covered Parties" with a contractual obligation to arbitrate all "Covered Claims" in a single, final, and binding proceeding. Dkt. 11 Prelim. Statement; ¶ 3.

In FINRA, Respondents disavowed that unity: JPMC and JPM Bank disclaimed FINRA jurisdiction entirely, and JPMS unilaterally excluded the statutory employment-discrimination, sexual assault, and sexual harassment claims from arbitration under Rule 13201(a). Dkt. 11 ¶¶ 5, 9, 86; Ex. F.2; Ex. D.2 at 1 n.1.Fragmenting two of three Covered Parties out of FINRA and stripping the statutory claims from arbitration — then asserting broad BAA coverage in this Court — is the inconsistency that waives the right to compel arbitration. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417–18 (2022); Dkt. 11 ¶ 142. That history is not a scheduling ground. **It is the reason Dkt. 17 ¶ 1's coverage premise cannot hold.** Respondents' own record characterizes the conduct underlying Petitioner's termination five different ways (i) "*a very serious allegation of sexual assault*" (Oct. 27, 2023); (ii) violation of the *anti-harassment* policy (Dec. 1, 2023); (iii) "inappropriate behavior" on the Form U5 (Dec. 22, 2023); (iv) "lapse of judgment" at the hearing (2025); and (v) then a "lapse of judgement."

Those shifting characterizations define a "sexual harassment dispute" under 9 U.S.C. § 401(4). Under § 402 of the Ending Forced Arbitration of Sexual Assault and Sexual

Harassment Act of 2022, no pre-dispute arbitration agreement is enforceable as to that dispute — "at the election of the person alleging conduct constituting" it. 9 U.S.C. § 402(a). Congress enacted EFAA because forced arbitration had "transferred the rights of workers and consumers to a secretive, closed, and private system designed by corporate interests to evade oversight and accountability." H.R. Rep. No. 117-234, at 4 (2022). Dkt. 11 ¶¶ 59, 165. Regardless of the coverage theory Defendants have outlined since December 2023, EFAA renders arbitration unenforceable as to claims not adjudicated on the merits.

### III. THE EXTENSION DEFERS LEGALLY REQUIRED FEDERAL REVIEW.

The adjudicated Form U5 inaccuracy currently operates in CRD, BrokerCheck, and FINRA Rule 3110(e) — FINRA's private regulatory apparatus. That apparatus cannot maintain a final adverse consequence against Petitioner without expedited concurrent federal review. *Alpine Sec. Corp. v. FINRA*, 121 F.4th 1314, 1330, 1337–38 (D.C. Cir. 2024); *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023). This Court's § 9 proceeding is that review. Granting twenty-two additional days defers it.

### IV. THE DILIGENCE RECORD ACROSS THREE FORUMS.

**In FINRA:** zero documents on the Rule 13507 deadline; nine production rounds; three motions to compel; refusal to proceed before two arbitrators; a Panel finding that JPMS investigated reasons to terminate Petitioner to make it harder for him to work for a competitor and that this may be "a pattern of misconduct." Award at 4-5; Dkt. 11 ¶¶ 35, 86-91.

**In AAA:** no substantive engagement for seven weeks after Petitioner's February 10-11, 2026, filing. First substantive act was an open ended request for additional time "until Defendants were done with arbitration." Dkt. 13 at 4. AAA issued the April 10 judicial-intervention hold.

**In this Court:** Petitioner served written conference correspondence on all defense counsel before April 28. Dkt. 16-1. Defendants did not respond to the scheduling relief. Petitioner filed Dkt. 16

## V. CONCLUSION

**The relief is straightforward:**

(i)    Deny Dkt. 17;

(ii)   Maintain the May 4, 2026, deadline; and

(iii)  Enter the concurrent sequencing order requested in Dkt. 16.

If any extension is granted, it should be limited to the minimum time necessary to address a specific, identified calendar need and conditioned on concurrent filing of all threshold motions with the first responsive pleading, consistent with Dkt. 16.

A false record has followed Petitioner through every channel — CRD, BrokerCheck, pre-association review — for long enough.

Petitioner is the "ordinary individual unexpectedly caught in the whipsaw of all the rule changes" who cannot navigate these systems without this Court's order. *Buffington v. McDonough*, 143 S. Ct. 14, 17 (2022) (Gorsuch, J., dissenting from denial of cert). Defendants can absorb twenty-two more days.

Petitioner cannot absorb one more.

<b>Enough is enough. <i>¡Ya basta!</i></b>

−<i>Williams v. Seidenbach,</i> 958 F.3d 341, 355 (5th Cir. 2020) (<i>en banc</i>)<br>(Willett, J., concurring in the judgment).

Respectfully submitted,

*Joshua David Sappi Biering*

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*

Dated: April 29, 2026

## CERTIFICATE OF SERVICE

Petitioner, *Pro Se*, certifies that on April 29, 2026, the foregoing was filed with the Court *via* CM/ECF, which will automatically serve notice on all counsel of record.

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*