## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT A.01
## FINRA Arbitration Award
## A.01-001 – 007

**Description:**    FINRA Arbitration Award, Case No. 24-01208, issued December 29, 2025.

**Relevance:**    Is the award under review. Establishes the identity and terms of the award the petition challenges and anchors every FAA § 10 ground pleaded (¶¶ 1, 8, 93–104).

**Source:**    FINRA Arb. No. 24-01208 – Award (issued Dec. 29, 2025)

**Petition Ref:**    ¶¶ 1, 8, 93–104; App. A p. 1

**Disclosures:**    None — reproduced as produced, no added markings

**Filing Status:**    Public - not sealed



A.1-001
4:26-cv-00381-O
*Biering v. JPMS, et al.*

## Award
## FINRA Dispute Resolution Services

---

In the Matter of the Arbitration Between:

| | |
|---|---|
| <u>Claimant</u><br>Joshua David Sappi Biering | <u>Case Number</u>: 24-01208 |
| vs. | |
| <u>Respondents</u><br>J.P. Morgan Securities, LLC<br>JPMorgan Chase & Co.<br>JPMorgan Chase Bank, N.A. | <u>Hearing Site</u>: Dallas, Texas |

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Associated Person vs. Member and Non-Members

### <u>REPRESENTATION OF PARTIES</u>

For Claimant Joshua David Sappi Biering ("Claimant"): Joshua J. Iacuone, Esq. and Greg McAllister, Esq., Iacuone McAllister Potter PLLC, Dallas, Texas.

For Respondent J.P. Morgan Securities, LLC ("Respondent"): Jeffrey S. Dunlap, Esq. and Sarah Richardson, Esq., UB Greensfelder LLP, Cleveland, Ohio.

Respondent JPMorgan Chase & Co. did not enter an appearance in this matter.

Respondent JPMorgan Chase Bank, N.A. (collectively, with Respondent and JPMorgan Chase & Co., "Respondents") did not enter an appearance in this matter.

### <u>CASE INFORMATION</u>

Statement of Claim filed on or about: June 3, 2024.
Amended Statement of Claim filed on or about: August 12, 2024.
Second Amended Statement of Claim filed on or about: October 11, 2024.
Claimant signed the Submission Agreement: June 3, 2024.

Statement of Answer filed by Respondent on or about: September 5, 2024.
Statement of Answer to Second Amended Statement of Claim filed by Respondent on or about: October 31, 2024.
Respondent signed the Submission Agreement: September 10, 2024.

se & Co. did not file a Statem        Answer or sign the Submission Agreement.

A.1-001



JPMorgan Chase Bank, N.A. did not file a Statement of Answer or sign the Submi
Agreement.

## CASE SUMMARY

In the Second Amended Statement of Claim, Claimant asserted the following causes of action: defamation/defamation per se and violation of FINRA rules; business disparagement; tortious interference; unfair competition; wrongful discharge; weaponization of U5; breach of contract; promissory estoppel; quantum merit and unjust enrichment; illegal forfeiture of earned compensation; forfeiture of deferred compensation (violation of ERISA); and violation of Texas and/or New York labor and wage laws.

Unless specifically admitted in the Statement of Answer to Second Amended Statement of Claim, Respondent denied the allegations made in the Second Amended Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Second Amended Statement of Claim, Claimant requested damages at least more than $10,000,000.00, including:

a) Damages Claimant suffered from loss of clients, including, without limitation, lost commissions and profits;
b) Expungement and modification of the Form U5 in Claimant's registration records maintained by the Central Registration Depository ("CRD");
c) Specific performance of Respondents' promise to pay Claimant's attorneys' fees in connection with expungement of a customer complaint referenced in the Second Amended Statement of Claim (or, alternatively, damages due to Respondents' failure to perform such promise);
d) Lost or forfeited deferred compensation;
e) Reasonable attorneys' fees incurred in the prosecution of Claimant's claims in this action;
f) Statutory penalties and damages;
g) Liquidated damages;
h) Punitive damages;
i) Damages to Claimant's reputation;
j) Past lost earnings;
k) Future lost earnings;
l) Consequential damages;
m) Mental anguish and emotional distress damages;
n) Future lost earning capacity;
o) The highest pre- and post-judgment interest permitted by law on all damages;
p) FINRA forum and other fees; and
q) Such other and furth relief, general or special, at law or in equity, to which the Panel determines Claimant is entitled.

In the Statement of Answer to the Second Amended Statement of Claim, Respondent requested that the Panel deny Claimant's claims; assess all costs and forum fees against Claimant; and award any other relief to Respondent that the Panel deems just and proper.

A.1-002

01_Series_A_FINRA_Award_and_Service_Letter.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

CONFIDENTIAL

FINRA Dispute Resolution Services   Case 4:26-cv-00381-O-BP   Document 20-1   Filed 04/29/26   Page 4 of 12   PageID 265
Arbitration No.  24-01208
Award Page 3 of 7



A.1-003
4:26-cv-00381-O
*Biering v. JPMS, et al.*

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

The original Statement of Claim filed on June 3, 2024, and an Amended Statement of Claim filed on August 12, 2024, were not served on Respondent or considered by the Panel. The Statement of Claim filed on October 11, 2024, is deemed the only Statement of Claim filed in this matter.

JPMorgan Chase & Co. is not a member or associated person of FINRA and did not voluntarily submit to arbitration. Therefore, the Panel made no determination with respect to the claims against JPMorgan Chase & Co.

JPMorgan Chase Bank, N.A. is not a member or associated person of FINRA and did not voluntarily submit to arbitration. Therefore, the Panel made no determination with respect to the claims against JPMorgan Chase Bank, N.A.

The Panel has provided an explanation of the decision in this award. The explanation is for the parties' information only and is not precedential in nature.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.  Claimant's claims, except for expungement, are denied in their entirety.

2.  The Panel recommends the expungement of the Reason for Termination and Termination Explanation in Section 3 of Joshua David Biering's (CRD Number 6883842) Form U5 filed by J.P. Morgan Securities, LLC (CRD Number 79) on December 22, 2023 and maintained by the CRD. The Reason for Termination shall be changed to "Voluntary" and the Termination Explanation should be deleted in its entirety and shall appear blank. This directive shall apply to all references to the Reason for Termination and Termination Explanation.

    The Panel further recommends the expungement of the Date Terminated field in Section 4 of the Form U5. The entry should be deleted in its entirety and shall be replaced with the following date: "10/28/2023".

    The above recommendations are made with the understanding that the registration records are not automatically amended. Joshua David Sappi Biering must obtain confirmation of this Award from a court of competent jurisdiction, before the CRD will execute the expungement directive, and must forward a copy of the Court Order to FINRA's Credentialing, Registration, Education and Disclosure Department for the amendments to be incorporated into the Registration Records.

A.1-003

01_Series_A_FINRA_Award_and_Service_Letter.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed'



3.  Any and all claims for relief not specifically addressed herein, including any re~~~
    punitive damages, treble damages, and attorneys' fees, are denied.

## ARBITRATORS' EXPLANATION OF DECISION

The Panel believes that when Respondent learned that Claimant was contemplating resigning from Respondent and going to work for a competitor of Respondent, Respondent began investigating reasons to terminate Claimant so as to make it more difficult for Claimant to go to work with a competitor of Respondent. Based on the testimony and the citation to instances in which Respondent has been found to have done this in the past, the Panel is concerned that this may be a pattern of conduct.

Claimant was placed on administrative leave on October 27, 2023, without being informed of the claim being asserted against him. On October 28, 2023, Claimant resigned from Respondent. Respondent's policies required Claimant to remain an employee on a "Notice Period" or "garden leave" for 60 days after resignation, unless earlier terminated by Respondent. At no time following October 27, 2023, was Claimant permitted to engage in any conduct with Respondent for which registration would be required.

On December 1, 2023, Claimant was notified his employment was terminated for violation of Respondent's code of conduct. Both parties concede the violation did not involve regulatory concerns. On December 22, 2023, Respondent filed a Form U-5 annotating that Claimant was "Discharged" with an explanation of "After RR submitted resignation, but before expiration of Notice Period, RR was terminated for inappropriate behavior. Not related to the sale of securities or any customer complaints."

While the Panel believes Respondent was within its rights, based on the continuing employment status of Claimant and the results of its investigation, to terminate Claimant subsequent to his resignation, the Panel believes one of the primary reasons for the timing of the filing of the U-5 was to hinder Claimant's ability to transfer his book of business to a competitor of Respondent. The Panel does not find the reasons for termination given in the Form U-5 to be "defamatory." It does find, however, based on the facts in this case, the Form U-5 to be inaccurate. Accordingly, the Panel orders the Form U-5 to be expunged and amended to reflect that the termination was "Voluntary;" the explanation for termination be omitted, and; the date of termination be amended to October 28, 2023.

As to Claimant's claim that Respondent agreed to pay his attorneys' fees with respect to the expungement of a customer claim from his Form U-4, the Panel finds that while there may have been some discussions in that regard while Claimant was still employed by Respondent no such agreement was ever reduced to writing and any benefit/consideration that Respondent might derive from such an action vanished once Claimant was no longer employed by Respondent. The expungement was commenced after Claimant left Respondent and the correspondence between counsel for Claimant and Respondent shows Respondent did not acknowledge the

A.1-004

01_Series_A_FINRA_Award_and_Service_Letter.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed



existence of any such agreement. There was, therefore, no detrimental reliance o
promise by Claimant in proceeding with the expungement.

With respect to damages, although the Panel acknowledges the absence of a clean U-5 makes it very difficult to move to a Tier One competitor of Respondent, the Panel notes Claimant secured lucrative employment with a highly respected national brokerage firm less than two months after his termination from Respondent.  The Panel further reiterates its finding that the reason for termination in the Form U-5 submitted by Respondent was not "defamatory." Accordingly, Claimant's claim for damages is denied.

## FEES

Pursuant to the Code of Arbitration Procedure, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

Initial Claim Filing Fee                                                    =$ 2,300.00

*The filing fee is made up of a non-refundable and a refundable portion.*

FINRA Dispute Resolution Services administratively waived Claimant's refundable portion of the filing fee of $ 1,500.00.

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, Respondent is assessed the following:

Member Surcharge                                                           =$ 4,325.00
Member Process Fee                                                         =$ 7,300.00

### Discovery-Related Motion Fees
Fees apply for each decision rendered on a discovery-related motion.

One (1) decision on a discovery-related motion on the papers              =$   200.00
with one (1) Arbitrator @ $200.00/decision

Claimant submitted one (1) discovery-related motion

_____

Total Discovery-Related Motion Fees                                       =$   200.00

The Panel has assessed the total discovery-related motion fees to Respondent.

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrators, including a pre-hearing conference with the Arbitrators, which lasts four (4) hours or less. Fees associated with these proceedings are:

A.1-005

01_Series_A_FINRA_Award_and_Service_Letter.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

CONFIDENTIAL

FINRA Dispute Resolution Services
Arbitration No.  24-01208
Award Page 6 of 7



A.1-006
4:26-cv-00381-O
*Biering v. JPMS, et al.*

Two (2) pre-hearing sessions with a single Arbitrator @ $450.00/session
Pre-Hearing Conferences: May 8, 2025                    1 session
                         August 27, 2025               1 session

One (1) pre-hearing session with the Panel @ $1,575.00/session          =$   1,575.00
Pre-Hearing Conference:   November 21, 2024          1 session

Eleven (11) hearing sessions @ $1,575.00/session                        =$ 17,325.00
Hearings:                  December 3, 2025          2 sessions
                           December 4, 2025          2 sessions
                           December 5, 2025          2 sessions
                           December 11, 2025         2 sessions
                           December 12, 2025         2 sessions
                           December 15, 2025         1 session

Total Hearing Session Fees                                              =$ 19,800.00

The Panel has assessed the total hearing session fees to Respondent.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

A.1-006

Case 4:26-cv-00381-O-BP    Document 20-1    Filed 04/29/26    Page 8 of 12    PageID 269



**A.1-007**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

## ARBITRATION PANEL

| | | |
|---|---|---|
| Eric Ross Cromartie | - | Public Arbitrator, Presiding Chairperson |
| Christine Rister | - | Public Arbitrator |
| Alison Battiste Clement | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

### Concurring Arbitrators' Signatures

*Eric Ross Cromartie*
_____
Eric Ross Cromartie
Public Arbitrator, Presiding Chairperson

**12/24/2025**
_____
Signature Date

*Christine Rister*
_____
Christine Rister
Public Arbitrator

**12/29/2025**
_____
Signature Date

*Alison Battiste Clement*
_____
Alison Battiste Clement
Non-Public Arbitrator

**12/26/2025**
_____
Signature Date

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

December 29, 2025
_____
Date of Service (For FINRA Dispute Resolution Services use only)

01_Series_A_FINRA_Award_and_Service_Letter.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed'

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

---

# EXHIBIT A.02
## Panel's Award Service Letter
## A.02-001 – 003

---

**Description:**     FINRA cover letter serving the Dec. 29, 2025 Award on the parties.

**Relevance:**     Starts the FAA § 12 three-month clock. Combined with the federal filing date, it frames the timeliness of this vacatur action.

**Source:**     FINRA Arbitration Correspondence; issued December 29, 2025

**Petition Ref:**     ¶¶ 1, 8

**Disclosures:**     None — reproduced as produced, no added markings

**Filing Status:**     Public - not sealed



A.2-001
4:26-cv-00381-O
*Biering v. JPMS, et al.*



| | |
|---|---|
| **TO:** | Jeffrey S. Dunlap, Esq.<br>Joshua J. Iacuone, Esq. |
| **CC:** | Alison Battiste Clement<br>Eric Ross Cromartie<br>Christine Rister |
| **From:** | Christal T. Dolly<br>Senior Case Administrator |
| **Subject:** | FINRA Dispute Resolution Services Arbitration Number 24-01208<br>Joshua David Sappi Biering vs. J.P. Morgan Securities, LLC,  JPMorgan Chase & Co.,<br>and JPMorgan Chase Bank, N.A |
| **Date:** | December 29, 2025 |

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award. Attached please find the decision reached by the arbitrator(s) in the above-referenced matter. Accordingly, we have closed this case and removed it from our arbitration docket

### Responsibility to Pay Monetary Award

FINRA rules provide that all monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

- If not paid within 30 days of receipt;
- If the award is the subject of a motion to vacate which is denied; or
- As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

### Expedited Suspension Proceedings for Non-Payment of Awards

Article VI, Section 3 of the FINRA By-Laws and FINRA Rule 9554 permit FINRA to suspend or cancel the registration of any firm or associated person that fails to comply with a FINRA arbitration award.

Firms are required to notify FINRA in writing within 30 days of receipt of an award that they or their associated persons have paid or otherwise complied with the award, or to identify a valid

---

**Investor protection. Market integrity.**

FINRA Dispute Resolution Services
East Region

Brookfield Place
200 Liberty Street
New York, NY 10281

t 212 858 4200
www.finra.org

A.2-001



basis for non-payment. We also request that prevailing claimants notify us in writing awards have not been paid within 30 days of receipt of the award.

Written notification concerning award compliance or lack thereof should be directed to:

Raina Burke, Case Management Analyst
FINRA Dispute Resolution Services
Brookfield Place, 200 Liberty Street, 11th Floor
New York, NY 10281
(213) 830-2282 | Raina.Burke@finra.org

### Notice to FINRA Firms

Please note that FINRA has also emailed a copy of this letter and the attached decision directly to the Executive Representative, Chief Compliance Officer, and Regulatory Inquiries Liaison of the brokerage firm.

### Right to File Motion to Vacate Award

FINRA rules provide that, unless the applicable law directs otherwise, all awards rendered are final and are not subject to review or appeal. Accordingly, FINRA has no authority to vacate this award. Any party wishing to challenge the award must make a motion to vacate the award in a federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. If you are not represented by counsel and wish to challenge the award, we urge you to seek legal advice regarding any rights or remedies available to you.

### Forum Fees

You will receive separately an invoice that reflects the fees assessed and any outstanding balance or refund due. Fees are due and payable to FINRA upon receipt of the invoice and should be sent to the address specified on the invoice. Any applicable refunds will also be sent under separate cover approximately 45 to 60 days after the case closes. All questions regarding payment of fees and refunds should be directed to FINRA Finance at (240) 386-5910.

### Expungement

Brokers who obtain court confirmation of an award recommending expungement must forward a copy of the court order to CRDExpungementRequest@finra.org.

### Party Experience Survey

FINRA encourages parties to complete a Party Experience Survey, which can be submitted through the DR Portal, at the conclusion of every case. We will utilize your comments in our ongoing efforts to evaluate and improve the services our forum provides. In the DR Portal, go to the "Drafts & Submissions" tab for the associated case, select "Party Experience Survey" as the Submission Type, and press the "Start" button to access the form. If you did not use the DR Portal to manage your case, you may send an email with your feedback regarding the case to your assigned Case Administrator.

A.2-002

01_Series_A_FINRA_Award_and_Service_Letter.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed



<u>Party Submissions to Arbitrators After a          Closes</u>

FINRA rules provide that parties may not submit documents to arbitrators in cases that have been closed except under the following limited circumstances: 1) as ordered by a court; 2) at the request of any party within 10 days of service of an award, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award; or 3) if all parties agree and submit documents within 10 days of service of an award. Any documents, if submitted, must be sent through FINRA.

Questions Concerning Award

If you have any questions, please do not hesitate to contact me at 212-858-4344 or by email at Neprocessingcenter@finra.org. Parties should not directly contact arbitrators under any circumstances.


CTD:ctd:LC09A
idr: 08/22/2025

RECIPIENTS:
Jeffrey S. Dunlap, Esq., UB Greensfelder LLP, 1660 West 2nd Street, Suite 1100, Cleveland,
     OH 44114-1406
On Behalf Of: J.P. Morgan Securities, LLC

Joshua J. Iacuone, Esq., Iacuone McAllister Potter PLLC, 4925 Greenville Ave, Suite 700,
     Dallas, TX 75206
On Behalf Of: Joshua David Biering

CC:
Alison Battiste Clement
Eric Ross Cromartie
Christine Rister

A.2-003