## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT G.04
## JPMS Response in Opposition s
## G.04-001 – 032

**Description:**     Discovery motion, response, reply, or order from the FINRA arbitration.

**Relevance:**     Shows the discovery dispute record supporting the petition's misconduct, delay, and production-scope arguments.

**Source:**     FINRA Case No. 24-01208 – JPMS Response in Opposition (Apr. 14, 2025)

**Petition Ref:**     ¶ 3 (Dkt. 11); App. A p. 52 ("JPMS Response in Opposition (Apr. 14, 2025)")

**Disclosures:**     None — reproduced as produced, no added markings

**Filing Status:**     Public - not sealed

## BEFORE THE ARBITRATION BOARD
## OF THE
## FINANCIAL INDUSTRY REGULATORY AUTHORITY

|  |  |
|---|---|
| In the Matter of the Arbitration Between<br><br>JOSHUA BIERING,<br><br>Claimant,<br><br>v.<br><br>J.P. MORGAN SECURITIES LLC,<br>JPMORGAN CHASE & CO., AND<br>JPMORGAN CHASE BANK, N.A.,<br><br>Respondents. | X<br>:<br>:   FINRA Case No. 24-01208<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>X |

## RESPONDENT J.P. MORGAN SECURITIES LLC'S
## RESPONSE IN OPPOSITION TO CLAIMANT'S MOTION TO COMPEL

### I.    INTRODUCTION

The FINRA Rules required Claimant Joshua Biering ("Claimant") to "make an effort to resolve the matter that is the subject of the motion" with Respondent J.P. Morgan Securities LLC ("JPMS" or "Respondent") prior to filing his Motion to Compel. *See* FINRA Rule 13503(a)(1). Despite the certification that appears on Claimant's Motion, Claimant failed to engage in **any efforts** to resolve the substance of this dispute among the parties before filing this Motion. If Claimant had conferred with counsel for Respondent prior to filing the Motion, the parties could have attempted to resolve many of this issues raised in his Motion without involving the Panel.[1] Because Claimant failed to do so, Respondent is forced to respond in detail to **118**

---

[1] Counsel for Respondent and Counsel for Claimant had **one** telephone conference where the parties discussed the Confidentiality Agreement. Counsel did not raise a **single perceived deficiency** in Respondent's written discovery responses in that telephone conference. Neither did any of the emails exchanged between counsel. Nonetheless,

Requests for Production of Documents (out of 133 total Document Requests) and **23**

Information (out of 27 total Information Requests).

## II.     RELEVANT BACKGROUND FACTS

JPMorgan Chase Bank, N.A. ("JPMorgan") hired Claimant on February 18, 2016 as a Military Officer Executive Program Associate. Claimant started working for JPMorgan on May 23, 2016. At the time of his termination, Claimant worked as an Executive Director at the Downtown Fort Worth branch located in Fort Worth, Texas. JPMorgan and JPMorgan Chase & Co. ("JPMC") (JPMorgan and JPMS's parent company) are not FINRA member firms, are not subject to FINRA's jurisdiction, and have not agreed to arbitrate claims against them in FINRA arbitration. While he was employed by JPMorgan, JPMS held Mr. Claimant's securities licenses.

On October 26, 2023 Human Resources Business Advisor ("HRBA") ███████ ███████ received a report of suspected ███████████████ the Head of Investments and Advice (Fort Worth Market), ███████. ███████ advised ███████ that his mentee, ███████ ("███████"), a ██████████████████████████ ██████ ██ ██████ █████████ █████ ████ ██ ████ immediately escalated the report to JPMorgan's Employee Relations team for further investigation. On October 27, 2023, Employee Relations investigator ████ ████, accompanied by Global Security Investigator Chris Magee, interviewed ████ ██████ ██ concerns.

The October 27, 2023 interview with ██████ revealed that Mr. Bering engaged in ████████████████████, and thereby violated JPMorgan's Code of Conduct and JPMorgan's Equal Opportunity, Anti-Discrimination, and Anti-Harassment Policy (the "Policy"). ██████



---

JPMS's counsel is willing and able to confer with Claimant regarding his perceived deficiencies in an attempt to narrow the scope of the issues submitted to the Panel for consideration while this Motion is pending.

2

G.04-002

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

G.74.003
4:26-cv-00381-O
*Biering v. JPMS, et al.*



At the conclusion of ▮▮▮▮▮'s October 27, 2023 interview, JPMorgan, through

▮▮▮, placed Claimant on paid administrative leave effective end of day October 27, 2023. ▮▮▮

contacted Claimant's manager, ▮▮▮▮▮, and directed him to inform Claimant of JPMorgan's

decision to place him on paid leave.

On the following day, Saturday October 28, 2023, Claimant sent an email to his

supervisors providing JPMorgan of notice of his intent to resign his employment. As an Executive

Director, Claimant was bound by JPMorgan's Notice Period Policy, which requires certain

G.04-003

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

employees to provide their manager with advance notice of the resignation of their e

As an Executive Director, Claimant's Notice Period was 60 days. During this time, Claimant remained a JPMorgan employee, was paid at his then-current base salary rate, and remained eligible for benefits.



JPMorgan determined that termination was appropriate, and JPMorgan terminated Claimant's employment on December 1, 2023, — thirty-four days into Claimant's 60-day Notice Period.[2]

---

[2] On October 20, 2023, JPMorgan also initiated an investigation into Claimant's use ▇▇ his JPMorgan expense account. JPMorgan initiated this investigation after Claimant's manager, ▇▇▇▇▇▇▇, raised concerns regarding Claimant's

4

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

Following the termination of his employment, because JPMS would n

Claimant's securities licenses, JPMS was required by FINRA to file a Form U5. On December 22, 2023, JPMS filed Claimant's Form U5 Uniform Termination Notice of Securities Industry Registration. JPMS stated the following accurate explanation of Claimant's termination in Section 3 of the Form U5:

> "After RR submitted resignation, but before expiration of Notice Period, RR was terminated for inappropriate behavior. Not related to the sale of securities or any customer complaints."

It is the December 22, 2023 Form U5 filed by JPMS that forms the basis for the allegations contained in Claimant's eleven count Statement of Claim.

Claimant served **133** Requests for Production of Documents and **27** Requests for Information. Respondent responded to each request, setting forth its objections and responses, and provided requested information. Respondent has begun a rolling document production to Claimant.[3]

## III.    ARGUMENT

Claimant's disjointed motion takes a kitchen-sink approach to this "discovery dispute" – he throws everything he can at the wall, hoping to see what sticks. As set forth in detail below, Respondent responded to each one of Claimant's discovery requests. Where appropriate, Respondent provided targeted, appropriate objections.

---

submitted expenses that consisted of golf club fees and substantial charges for alcohol. JPMorgan's Global Security Department conducted the investigation. Ultimately, Global Security found that the allegations into Claimant's misuse of company funds were "unsubstantiated." Global Security reached this decision because the next step in its investigative process would have required JPMorgan to contact the customers identified in Claimant's submitted expense report. For business reasons, Global Security determined that it did not wish to pursue the investigation in this way and, therefore, Global Security closed the investigation.

[3] JPMS uses the services of a third-party vendor to process its electronically stored information (ESI) for production in cases such as these. That vendor recently experienced an unprecedented outage of their services, which delayed the processing of the ESI in this case. The vendor services have been restored, and JPMS continues to process the data relevant to this case for production. It will produce the responsive ESI as soon as it is able to do so.

5

G.04-005

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

Claimant takes umbrage with Respondent's practice of objecting requests, and then agreeing to produce certain documents or information by use of the "subject to" phrase. According to Claimant, by doing so, "JPMS has failed to inform Claimant whether JPMS is withholding – and/or intends to withhold – documents or information." (Motion at p. 9). Not only is Claimant's position untenable because he relies on the application of the Texas and Federal Rules of Civil procedure, which plainly **do not apply** to this proceeding, but his position is also unreasonable. Had he conferred with Respondent prior to filing this Motion, many of the issues raised by Claimant's Motion could have been resolved without the involvement of the Panel.

Claimant further argues that Respondent asserted improper "boilerplate" objections. In doing so, he once again improperly relies on the application of Texas state and federal law – neither of which apply to this proceeding. As detailed below, a substantial amount of Claimant's discovery requests **are** overly broad, unduly burdensome, and not proportional to the needs of the case because they seek information that is **wholly unrelated** to the resolution of Claimant's claims. Indeed, by several of his requests Claimant seeks production of sensitive client data, information concerning other employees' personnel records, documents and information dating back through the entire duration of Claimant's employment with JPMorgan, and copious amounts of other plainly irrelevant information.

Claimant's Motion also attacks Respondent for objecting to certain discovery requests on the grounds that the information sought by the Request seeks information that is not within the possession, custody, or control of JPMS. Claimant may not like it but JPMorgan, JPMC and JPMS are distinct entities. To the extent JPMS obtained and/or utilized JPMorgan or JPMC documents and/or information to issues it in the preparation and filing Claimant's Form U5, Respondent has possession of such documents and has agreed to produce it as appropriate.

6

G.04-006

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

G.04-007
4:26-cv-00381-O
*Biering v. JPMS, et al.*

Claimant's Motion also criticizes JPMS because it redacted communications" from its document production to date. First, of the 830 pages of documents that JPMS has produced to date, approximately 35 pages contain limited redactions to preserve from disclosure information that is protected by the attorney-client privilege. Once again, had Claimant conferred with Counsel for Respondent and requested a privilege-log prior to filing this Motion, this issue could have been resolved. Respondent agrees to produce a privilege log to Claimant.

As detailed above, because Claimant failed to address any of his perceived deficiencies with Respondent's Objections and Responses to Claimant's requests before filing this Motion, JPMS is forced to respond in detail to each of the **118 Document Requests and 23 Information Requests** raised by Claimant by this submission.

## DOCUMENT REQUESTS

- **Document Request No. 1:** Claimant requested production of "all Documents that concern Claimant's departure from Respondent, including but not limited to Forms U-4, Forms U-5, CRD Disclosure Reporting Pages, and employee benefits arrangements." Respondent objected to this Request on the grounds that the Request is vague with respect to what Claimant means by the phrase "concern Claimant's departure from Respondent." Respondent also objected to this Request to the extent that it seeks documents regarding Claimant's Form U4 on the grounds that the Request seeks documents that are not relevant to the subject matter of this arbitration. Subject to its objections, Respondent agreed to produce the following: Claimant's Registration File (which contains copies of Claimant's Forms U4), Claimant's Compliance Registration Forum File (which contains documents concerning the preparation of Claimant's Form U5), Claimant's Form U5, and copies of documents regarding Claimant's benefits.  Respondent was clear about what it agreed to produce to Claimant. Respondent stands on its responses and objections.

- **Document Request No. 2:** Claimant requested production of "all Documents and Communications regarding each U4 or U5 Respondent submitted regarding Claimant, including all Documents and Communications supporting and/or resulting in Your decision to mark "Discharged" on Claimant's Form U5 as Claimant's "Reason for Termination." Respondent objected to this Request to the extent that it seeks documents regarding Claimant's Form U4 on the grounds that the Request seeks documents that are not relevant to the subject matter of this arbitration. Respondent further objects to this Request to the extent that it seeks documents protected by the attorney client privilege. Subject to these objections, Respondent agreed to produce the following: Claimant's Registration File (which contains copies of Claimant's Forms U4), Claimant's Compliance Registration Forum File (which contains documents concerning the

7

G.04-007

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

preparation of Claimant's Form U5), and Claimant's Form U5. Respondent furt
conduct a search for communications responsive to this Request in Greg Thom
account. ▉▉▉▉▉▉ is the individual at JPMorgan who, along with his team, prepared and
filed Claimant's Form U5. Respondent interposed a reasonable temporal limitation on this
Request from October 1, 2023 through December 31, 2023. This time period covers the period
during which the investigations into Claimant's conduct occurred, the date on which Claimant
communicated his intent to resign his employment which initiated his 60-day Notice Period, the
date Claimant's employment was terminated, and the date Respondent submitted the Form U5
that is at issue in this case. Respondent was clear about what it agreed to produce to Claimant.
Respondent stands on its responses and objections.

- **Document Request No. 3:** Claimant requested production of "all Documents and
  Communications regarding Your investigation, if any, as to the accuracy of every U4 or
  U5 submission/amendment You made regarding Claimant." Respondent objects to this
  Request to the extent that it seeks documents regarding Claimant's Form U4, on the grounds that
  the Request seeks documents that are not relevant to the subject matter of this arbitration. JPMS
  further objected to this Request on the grounds that it is vague making it so that responsive
  documents cannot reasonably be located. Subject to its objections, JPMS directed Claimant
  to the documents Respondent agreed to produce in response to Request Nos. 1 and 2,
  which, as detailed above, contain copies of Claimant's Forms U4, Form U5, and
  information concerning the preparation of each. Respondent was clear about what it agreed
  to produce to Claimant. Respondent stands on its responses and objections.

- **Document Request No. 4:** Claimant requested production of all Documents and/or
  Communications supporting your contention … "that You "accurately disclosed that
  Claimant was discharged from JPMorgan."" Respondent objected to this Request to the
  extent that it seeks documents protected by the attorney-client privilege. Subject to that
  objection, Respondent agreed to produce responsive, non-privileged documents.
  Respondent stands on its objections.  Respondent was clear about what it agreed to produce
  to Claimant. Respondent stands on its responses and objections.

- **Document Request No. 5:** Claimant requested production of "all Documents and/or
  Communications, regarding, reflecting, and/or referencing that Claimant resigned from
  JPM." Respondent objected to this Request on the grounds that Respondent did not employ
  Claimant. Subject to that objection, Respondent agreed to produce Claimant's October 28,
  2023 email wherein he indicated his intent to resign his employment with JPMorgan, which
  initiated his 60-day Notice Period. Respondent stands on its objection that it did not employ
  Claimant.

- **Document Request No. 6:** Claimant requested production of "all Documents and/or
  Communications regarding, reflecting, and/or referencing that Claimant expressed a desire
  or intention to resign from JPM." Respondent objected to this Request on the grounds that
  Respondent did not employ Claimant. Subject to this objection, Respondent agreed to
  conduct a search in Claimant's JPMorgan email account for responsive communications
  during the time period of October 1, 2023 through December 31, 2023. This temporal
  limitation is reasonable because it captures the time period during which the investigations

G.04-008

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

into Claimant's conduct occurred, the date on which Claimant communicated his in his employment which initiated his 60-day Notice Period, the date Claimant's emp terminated, and the date Respondent submitted the Form U5 that is at issue in this case. Respondent stands on its objections. Respondent was clear about what it agreed to produce to Claimant. Respondent stands on its responses and objections.

- **Document Request No. 7:** Claimant requested production of "all Documents and/ or Communications, if any, suggesting that JPM rejected Claimant's October 28, 2023 resignation." Respondent objected to this Request on the grounds that it did not employ Claimant. Subject to that objection, Respondent stated that it does not have any documents responsive to this Request, insofar as JPMorgan **accepted receipt** of Claimant's notice of his intent to resign his employment with JPMorgan, which initiated his notice period. By his Motion, Claimant suggests that Respondent "imposed unilateral limitations" on this Request. Given Respondent's response that it has no responsive documents, it is unclear what Claimant's Motion seeks to uncover with respect to this Request.

- **Document Request Nos. 8 through 13:** Claimant requested production of various items concerning the "60-day Notice Period" policy referenced by JPMS at paragraph 35 of the Statement of Answer. Items requested include:

  o <u>Document Request No. 8:</u> All policies, procedures, or similar Documents regarding the "60-day Notice Period."

  o <u>Document Request No. 9:</u> All policies, procedures, or similar Documents regarding the potential termination of and/or ability to terminate an employee or FA during the "60-day Notice Period."

  o <u>Document Request No. 10:</u> All Documents and/or Communications regarding JPM's termination of and/or ability to terminate any other employee or FA during the "60-day Notice Period."

  o <u>Document Request No. 11:</u> All policies, procedures, or similar Documents regarding ramifications for employees and/or FAs who do not honor the "60-day Notice Period."

  o <u>Document Request No. 12:</u> All Documents and/or Communications regarding an FA's job duties, access to JPM systems, ability to service clients, and/or other permissions to perform job functions during the "60-day Notice Period."

  o <u>Document Request No. 13:</u> All Documents and/or Communications regarding JPM's pursuit of any consequence, penalty, or other adverse action against any employee and/or FA who did not honor the "60-day Notice Period."

In response to these Requests, Respondent agreed to produce a copy of the Notice Period Policy and Notice Period Policy Overview Chart, both of which were in effect at the time JPMorgan terminated Claimant's employment.

9

G.04-009

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

Respondent objected to Document Request Nos. 10, 11, 12 and 13 on the gro
Requests are overly broad, unduly burdensome, and not proportional to the needs of the case.
Respondent further objected to these Requests on the grounds that the documents sought
by the Requests are not relevant to the subject matter of this arbitration. Subject to its
Respondent agreed to produce the Notice Period Policy and Notice Period Policy Overview
Chart.

Whether JPMorgan has terminated or has the ability to terminate "any other employee"
during a 60-day Notice Period; JPMorgan's "policies, procedures or similar Document"
concerning "ramifications for employees and/or FAs who do not honor the 60-day Notice
Period"; and "JPM's pursuit of any consequence, penalty or other adverse action against
any employee and/or FA who did not honor the 60-day Notice Period" is not relevant to
any of the claims in Claimant's Statement of Claim, the termination of his employment by
JPMorgan, the termination of his registration by JPMS, or his Form U5. Respondent stands
on its objections and responses to Document Request Nos. 8-13.

- **Document Request No. 14:**  Claimant requested production of "All Documents and/or
  Communications regarding Claimant's "notice of his intent to resign his employment with
  JPMorgan," as referenced in paragraph 35 of the Answer." Respondent objected to the
  Request on the grounds that the Request is vague. Subject to that objection, Respondent
  agreed to produce a copy of Claimant's October 28, 2023 email wherein he provided
  JPMorgan with notice of his intent to resign his employment, which initiated his Notice
  Period. By his Motion, Claimant has not addressed Respondent's vagueness objection.
  Instead, he suggests that Respondent has "imposed unilateral limitations" on this Request.
  In an effort to resolve Claimant's apparent dispute with this Request, Respondent agrees
  to conduct a search for email communications concerning or relating to Claimant's October
  28, 2023 email in ▓▓▓▓▓▓, John ▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓'s JPMorgan
  email account during the time period of October 1, 2023 through December 1, 2023.

- **Document Request No. 15:** Claimant requested production of "all Documents and/or
  Communications regarding the paid time off (PTO) that Claimant took on or about October
  26, 2023 and 27, 2023, including, but not limited to, any Communications exchanged
  between Claimant and ▓▓▓▓ regarding the same. Respondent objected to this Request on
  the grounds that Respondent did not employ Claimant. Subject to that objection, Respondent
  agreed to conduct a search in Claimant and ▓▓▓▓▓▓'s JPMorgan email accounts on the
  dates identified in Claimant's request: October 26 and October 27. Claimant accuses JPMS
  of "imposing unilateral limitations" on this Request. Contrary to Claimant's assertion,
  Respondent has agreed to conduct a search for responsive communications on exactly the
  dates identified by Claimant's Request.

- **Document Request No. 16:** Claimant requested "all Communications to which Claimant
  was a party that were exchanged on the morning of October 27, 2023, including those sent
  from "myTech Hub." Respondent objected to this Request on the grounds that it is overly
  broad, unduly burdensome, and not proportional to the needs of the case. JPMS further objected
  to this Request on the grounds that it seeks documents that are not relevant to the subject matter

10

G.04-010

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

of this arbitration. Subject to these objections, JPMS agreed to search for and produ
documents. Respondent was clear about what it agreed to produce to Claimant.
stands on its response and objections.

- **Document Request No. 17:** Claimant requested "Claimant's entire Outlook calendar for the month of October 2023." Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. JPMS further objected to this Request on the grounds that it seeks information that is not relevant to the subject matter of this arbitration. Respondent stands on its objections. **Every entry** on Claimant's calendar for the month of October 2023 is not relevant to any of the claims in Claimant's Statement of Claim, the termination of his employment by JPMorgan, the termination of his registration by JPMS, or his Form U5.

- **Document Request Nos. 18 through 20:** Claimant requested production of ███ ███, John ████████, and ████████'s Outlook calendar entries regarding or referencing Claimant during the time period of September 1, 2023 through December 31, 2023. Respondent objected to these Requests on the grounds that they are overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to these Requests on the grounds that they seek information that is not relevant to the subject matter of this arbitration. Whether Claimant's managers, ████████ and ████████, and ████████ had Outlook calendar entries referring to Claimant from September 1, 2023 until one month after the termination of his employment with JPMorgan is not relevant to JPMorgan's decision to terminate Claimant's employment, JPMS's termination of Claimant's registration or the information contained in Claimant's Form U5. JPMS stands on its objections.

- **Document Request No. 21:** Claimant requested production of "all Documents and/or Communications regarding Claimant's discussions with Merrill Lynch, including but not limited to, any reference to Claimant's meeting with Merrill Lynch on or about October 26, 2023. JPMS agreed to conduct a search for documents responsive to this request in ████ ████, John ████████ and Claimant's email accounts during the time period of October 1, 2023 through October 31, 2023. Claimant once again accuses Respondent of "imposing unilateral limitations" on this Request. However, not only did Respondent **not object** to this Request, Respondent has agreed to conduct a search for documents exactly during the time period Claimant requested. Respondent stands on its response.

- **Document Request No. 22:** Claimant requested production of "all Documents and/or Communications regarding Your contention in paragraph 83 of the Answer "the JPMorgan terminated Claimant's employment on December 1, 2023." Respondent objected to this Request on the grounds that JPMS did not employ Claimant, and on the grounds that the Request is vague with respect to whether the Request seeks documents regarding the termination of Claimant's employment with JPMorgan, or the termination of his registration with JPMS. Subject to these objections, Respondent agreed to produce responsive documents. Respondent was clear about what it agreed to produce to Claimant. Respondent stands on its response and objections.

11

G.04-011

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

- **Document Request Nos. 23 and 24:** Claimant requested production of "all ▮ and Communications evidencing or suggesting that JPM informed clients t ▮ was terminated" (Document Request No. 23) and "all communications between JPM and any client(s) during the Garden Leave in which Claimant is referenced." JPMS asserted various objections to these Requests, including that the Requests are overly broad, unduly burdensome, and not proportional to the needs of the case, and that the Requests seek documents that are not relevant to the subject matter of this arbitration. Respondent stands on its objections. The documents sought by these requests are not relevant to the claims set forth in Claimant's Statement of Claim, the termination of his employment by JPMorgan, the termination of his registration by JPMS, or his Form U5.

- **Document Request No. 25:** Claimant requested production of "all Documents and/or Communications between Claimant and ▮▮▮, ▮▮▮, and/or ▮▮▮ involving requests for support and/or assistance, concerns regarding lack of support and/or assistance, and/or any other discussions/comments/references regarding additional management support and/or assistance. **Respondent did not object to this Request**, and instead agreed to conduct a search for responsive communications in Claimant's JPMorgan email account – which will capture communications (to the extent they exist) between Claimant and each of the individuals identified in this Request from January 1, 2023 through the date Claimant submitted notice of his intent to resign his position, imitating his 60-day Notice Period. The temporal limitation set forth by Respondent is reasonable and is appropriately tailored to capture responsive documents. Respondent stands on its response.

- **Document Request Nos 26. through 28, 30 and 31**: Claimant requested production of "all Communications regarding, involving, and/or referencing Claimant to which" ▮ ▮▮ (Document Request No. 26), John ▮▮▮ (Document Request No. 27), ▮▮▮ (Document Request No. 28), and Pete Chilian and/or Pete Chilian's executive assistant (Document Request No. 30) "was a party (*i.e.,* to, from, or copied) from August 1, 2022, to the present." JPMS objected to these Requests on the grounds that they are overly broad, unduly burdensome, and not proportional to the needs of the case. JPMS further objected to these Requests on the grounds they seek documents that are not relevant to the subject matter of this arbitration. Subject to its objections, JPMS agreed to conduct a search for and produce documents regarding the termination of Claimant's employment with JPMorgan and the termination of Claimant's registration with JPMS in ▮▮▮, John ▮▮▮, ▮▮▮, Pete Chilian and Evette Campbell's email accounts during the time period of September 1, 2023 through December 31, 2023. This limitation covers the period during which the investigations into Claimant's conduct occurred, the date on which Claimant communicated his intent to resign his employment which initiated his 60-day Notice Period, the date Claimant's employment was terminated, and the date JPMS submitted the Form U5 that is at issue in this case. Respondent was clear about what it agreed to produce to Claimant. Respondent stands on its responses and objections.

- **Document Request No. 29:** Claimant requested production of "all Documents and/or communications regarding, involving, and/or referencing Claimant, ▮▮▮, and client L.W.J." Respondent objected to this Request on the grounds that the Request is overly

12

broad, unduly burdensome, and not proportional to the needs of the case. Respo
objected to this Request on the grounds that it seeks documents that are not relevant
matter of this arbitration. Respondent stands on its objections. The documents sought by this
Request are not relevant to the claims set forth in Claimant's Statement of Claim, the
termination of his employment by JPMorgan, the termination of his registration by JPMS,
or his Form U5.

- **Document Request No. 31:** Claimant requested production of "all Communications regarding, involving, and/or referencing Claimant to which Bellan Garren was a party (*i.e.*, to, from, or copied) from August 1, 2022, to the present." Respondent objected to this Request on the grounds that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this arbitration. Respondent stands on its objections. The documents sought by this Request are not relevant to the claims set forth in Claimant's Statement of Claim, and have no bearing on the termination of Claimant's employment by JPMorgan, the termination of his registration by JPMS, or his Form U5.

- **Document Request No. 32:** Claimant requested production of "all Communications, regarding, involving, and/or referencing the "Fort Worth Talent Review" or preliminary "Fort Worth Incentive Compensation" assessments for analysts/junior associates. Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected on the grounds that the Request seeks documents that are not relevant to the subject matter of this arbitration. Respondent stands on its objections. The documents sought by this Request are not relevant to the claims set forth in Claimant's Statement of Claim, and have no bearing on the termination of Claimant's employment by JPMorgan, the termination of his registration by JPMS, or his Form U5.

- **Document Request Nos. 33 and 34:** Claimant requested production of "all communications exchanged between Claimant and ███████ (Document Request No. 33) and ███████ (Document Request No. 34) during the week of October 23, 2023. JPMS objected to these Requests on the grounds that they seeks documents that are not relevant to the subject matter of this arbitration. Subject to these objections, JPMS agreed to conduct a search for and produce documents responsive to this Request from Claimant's JPMorgan email account during the time period of October 23, 2023 through October 27, 2023. Seeing as though Respondent has agreed to conduct a search for documents **exactly** as requested by Claimant in these Requests, Respondent stands on its objections and responses.

- **Document Request No. 41:** Claimant requested production of "Claimant's Insight 360 Peer Review Feedback from January 1, 2017 through October 28, 2023." Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to its objections, Respondent agreed to produce documents reflecting Claimant's Insight 360 Peer Review Feedback from the time period of January 1, 2023 through October 28, 2023, to the extent such documents exist. First, Claimant's request is overly broad, unduly burdensome, and not proportional to the needs of the case because Claimant seeks records from the entire duration of his

13

G.04-013

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

employment, when the time period relevant to this case is much more limit JPMS identified a reasonable temporal limitation on the Request. The ti January 1, 2023 through October 28, 2023 captures the time period at issue in this dispute. Respondent stands on its objections and response to this Request.

- **Document Request No. 42:** Claimant requested "Claimant's 2023 Employee Opinion Survey submissions/answers." JPMS objected to this Request on the grounds that is seeks documents that are not relevant to this arbitration. Subject to that objection, JPMS agreed to produce a copy of Claimant's 2023 Employee Opinion Survey submissions/answers to the extent such document(s) exist. JPMS stands on its objection and response to this case. Seeing as though Respondent has agreed to conduct a search for documents **exactly** as requested by Claimant in response to this Request, Respondent stands on its objections and responses.

- **Document Request No. 43:** Claimant requested production of "All 2023 Employee Opinion Survey submissions/answers/results for the Fort Worth office of JPM's Private Bank." Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this arbitration. JPMS stands on its objections. Information concerning any employee of JPMorgan or registered person of JPMS other than Claimant is not relevant to this dispute.

- **Document Request No. 44:** Claimant requested production of "all analysist coverage maps prepared, circulated, and/or modified in 2023 that pertain to the Fort Worth Private Bank office." Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case Respondent further objected to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this arbitration. "Analyst coverage maps" are not relevant to any of the allegations set forth in Claimant's Statement of Claim, JPMorgan's decision to terminate Claimant's employment, the termination of Claimant's registration by JPMS, or the information contained on Claimant's Form U5. JPMS stands on its objections.

- **Document Request No. 45:** Claimant requested production of "all Documents and/or Communications regarding Claimant's January 2024 pipeline, including, but not limited to, those reflected in JPM's Connect/CRM system." Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this arbitration. Information concerning Claimant's "January 2024 Pipeline" has no bearing on the claims set forth in Claimant's Statement of Claim, JPMorgan's decision to terminate Claimant's employment, the termination of Claimant's registration by JPMS, or the information contained on Claimant's Form U5. Respondent stands on its objections.

- **Document Request Nos. 48, 54, 58, 59 through 62, and 70:** Claimant seeks production of numerous documents, communications and bank records containing sensitive customer information that is wholly irrelevant to this dispute. These Requests include:

14

G.04-014

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

- Document Request No. 48: All Credit Analysis Memoranda (CA credit/lending requests for       of M. D. from January 1, 2022, throu 1, 2024.

- Document Request No. 54: All Documents and/or Communications between JPM (including, but not limited to, those involving Jake Schneider) and P.E.P., B. M. and/or J. S. during the week of October 23, 2023.

- Document Request No. 58: All internal JPM communications regarding M. D. (and/or any of M. D.'s executives or employees) from October 1, 2023, through January 31, 2024.

- Document Request No. 59: All conversation notes, meeting notes, or other notes logged in JPMorgan Connect/JPMorgan's CRM system, particularly/specifically uploaded and archived in the CRM "conversations" application, regarding and/or involving the following clients and or persons in 2022, 2023, and 2024: L. W. J. ; C. S. V. ; B. M. ; J. S. ; J. P. ; J. H. ; G. S. ; M. D. ; and P. D.

- Document Request No. 60: The Cap Table that includes all of M. D.'s shareholders, along with the estimated value of their respective shares, which was generated in or about Q2 or Q3 of 2023 (Claimant believes that this Cap Table is located in M. D. /       "Client Files Shared Drive" in JPM's records).

- Document Request No. 61: The "focus list" regarding M. D. executives, shareholders, clients, and/or prospective clients that Claimant created prior to his departure from JPM.

- Document Request No. 62: The       Proposal" as of March 16, 2023, which contains an investment analysis of then existing investments at UBS and a proposal to move such investments to JPM.

- Document Request No. 70: All Documents that concern the historical household revenues for all clients that Claimant serviced while at JPM

Respondent objected to these Requests on the grounds that they are overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to these Requests on the grounds that they seek documents that are not relevant to the subject matter of this arbitration. Finally, Respondent also objected to these Requests on the grounds that they seek information that is not in the possession, custody or control of JPMS. These Requests are overly broad, unduly burdensome, and not proportional to the needs of the case because the Requests seek documents that are entirely irrelevant to the resolution of **any** of Claimant's claims or Respondent's defenses. Second, whether Claimant acknowledges it or not, JPMorgan, JPMC and JPMS are each separate and distinct entities. The documents requested are not in Respondent's possession, custody or control. Accordingly, Respondent stands on its objections to these Requests.

15

G.04-015

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

- **Document Request Nos. 36, 46, 52, and 57:** Seek documents and/or com regarding Claimant's contact and relationship with certain JPMorgan clients, including:

  ○ Document Request No. 36: All Communications between JPM and clients formerly serviced by Claimant regarding or referring to Claimant, why Claimant left JPM, and/or Your efforts to retain those clients/accounts at JPM.

  ○ Document Request No. 46: All Documents and/or Communications regarding and/or referencing Claimant's involvement in the client relationship(s) with M. D. and/or M. D.'s shareholders or executives.

  ○ Document Request No. 52: All Documents and/or Communications regarding and/or referencing Claimant's involvement in the client relationship(s) with P. E. P., B. M. and/or J.S.

  ○ Document Request No. 57: All Communications to which Claimant was a party regarding M. D. (and/or any of M. D.'s executives or employees).

Respondent once again objected to these Requests on the grounds that they are overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to these Requests on the grounds that they seek documents that are not relevant to the subject matter of this arbitration. Finally, Respondent objected to these Requests on the grounds that they seek information that is not in the possession, custody or control of JPMS. These Requests **are** overly broad, unduly burdensome, and not proportional to the needs of the case because the Requests seek documents that are entirely irrelevant to the resolution of **any** of Claimant's claims or Respondent's defenses. Second, whether Claimant acknowledges it or not, JPMorgan, JPMC and JPMS are each separate and distinct entities. The documents requested are not in Respondent's possession, custody or control. Accordingly, Respondent stands on its objections to these Requests.

- **Document Request Nos. 35, 47, 53, 65, 71 through 74:** Claimant requested production of documents and communications concerning JPMorgan's client relationships following the termination of Claimant's employment by JPMorgan, including:

  ○ Document Request No. 35: All Communications between JPM and clients formerly serviced by Claimant regarding or referring to Claimant, why Claimant left JPM, and/or Your efforts to retain those clients/accounts at JPM.

  ○ Document Request No. 47: All Documents and/or Communications regarding JPM's efforts to retain the M. D. relationships in light of Claimant's departure (including, but not limited to, those relating to ███████'s, ███████'s, ████'s, and/or Mitch Saltzstein's efforts in or about October 2023 to maintain the relationships with M. D.)

  ○ Document Request No. 53: All Documents and/or Communications regarding JPM's efforts to retain P. E. P., B. M., and/or J. S. relationships in light of

16

G.04-016

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

Claimant's departure.

- Document Request No. 65: All Documents and/or Communications regarding Your efforts to retain the relationships with D. L. and/or its executives or founders in light of Claimant's departure.

- Document Request No. 71: All Communications regarding, referencing, and/or reflecting accounts previously serviced by Claimant that You retained after Claimant's departure from JPM.

- Document Request No. 72: All Documents and/or Communications regarding, referencing, and/or reflecting the number or percentage of accounts previously serviced by Claimant that You retained after Claimant's departure from JPM.

- Document Request No. 73: All Documents and/or Communications regarding, referencing, and/or reflecting the number or percentage of accounts previously serviced by Claimant that You lost after Claimant's departure from JPM.

- Document Request No. 74: All Documents and/or Communications regarding, referencing, and/or reflecting the production and/or production credits for accounts and/or clients previously serviced by Claimant

Respondent objected to these Requests on the grounds that they are overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to these Requests on the grounds that they seek documents that are not relevant to the subject matter of this arbitration. Finally, Respondent objected to these Requests on the grounds that they seek information that is not in the possession, custody or control of JPMS. These Requests are overly broad, unduly burdensome, and not proportional to the needs of the case because the Requests seek documents that are entirely irrelevant to the resolution of **any** of Claimant's claims or Respondent's defenses. First, while he was employed by JPMorgan, the client relationships that Claimant serviced belonged to JPMorgan – not Claimant. Whether JPMorgan retained or lost any of those relationships following Claimant's termination from JPMorgan is irrelevant to this dispute. Furthermore, as detailed throughout this Opposition, JPMorgan, JPMC and JPMS are each separate and distinct entities. The documents requested by these Requests are not in Respondent's possession, custody or control. Accordingly, JPMS stands on its objections.

- **Document Request Nos. 49 through 51, 55, 56, 63 and 64:** By these Requests, Claimant requested production of documents and communications concerning the compensation other JPMorgan employees received as a result of their involvement of certain client relationships. These Requests seek production of the following:

  - Document Request No. 49: All Documents and/or Communications reflecting the compensation and/or benefits that ████ ██████ received as a result of his involvement in the client relationship(s) with M. D. and/or M. D.'s shareholders or executives.

17

G.04-017

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

- Document Request No. 50: All Documents and/or Communications r compensation and/or benefits that ███████████ n received as a result of her involvement in the client relationship(s) with M. D. and/or M. D.'s shareholders or executives.

- Document Request No. 51: All Documents and/or Communications showing or suggesting that Bellen Garren was responsible for the client relationship(s) with M. D. and/or M. D.'s shareholders or executives.

- Document Request No. 55: All Documents and/or Communications reflecting the compensation and/or benefits that ████████ received as a result of servicing JPM clients that were formerly serviced by Claimant.

- Document Request No. 56: All Documents and/or Communications reflecting the AUM of JPM clients that ████ ████ now services, which were previously serviced by Claimant.

- Document Request No. 63: All Documents and/or Communications reflecting the compensation and/or benefits that █████ ████ received as a result of his involvement in the client relationships with the C. Brothers and/or the M.

- Document Request No. 64: All Documents and/or Communications reflecting the compensation and/or benefits that Keith Wiley received as a result of his involvement in the client relationship with M. M.

Respondent objected to these Requests on the grounds that they are overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to these Requests on the grounds that they seek documents that are not relevant to the subject matter of this arbitration. Finally, Respondent also objected to these Requests on the grounds that they seek information that is not in the possession, custody or control of JPMS. These Requests are overly broad, unduly burdensome, and not proportional to the needs of the case because the Requests seek documents that are entirely irrelevant to the resolution of **any** of Claimant's claims or Respondent's defenses. Any information that concerns compensation generated or received by any individual employed by JPMorgan or registered with JPMS **other than Claimant** is irrelevant to this dispute. Furthermore, the documents sought by these requests are not in JPMS's possession, custody or control. Respondent stands on its objections.

- **Document Request Nos. 66, 67, 75 and 76:** By these Requests, Claimant sought production of JPMorgan data concerning the amount of revenue JPMorgan generated from its client relationships that were serviced by Claimant. These Requests also sought production of data reflecting new business results for the Fort Worth Private Bank office. Specifically, Claimant requested:

  - Document Request No. 66: All Documents and/or Communications sent by Lan Wang (and/or a peer of Ms. Wang in a similar position or role) in September 2023

18

G.04-018

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

to individuals in the Fort Worth Private Bank office regarding new bus

o <u>Document Request No. 67:</u> All Documents and/or Communications sent by Lan Wang (and/or a peer of Ms. Wang in a similar position or role) in September 2023 to individuals in the Fort Worth Private Bank office regarding new business results

o <u>Document Request No. 75:</u> JPM's ledgers, production grids, spreadsheets, and/or similar Documents showing the revenues JPM received that were generated by clients serviced by Claimant during the time Claimant worked for JPM.

o <u>Document Request No. 76:</u> JPM's ledgers, production grids, spreadsheets, and/or similar Documents showing the revenues JPM received that were generated by clients serviced by Claimant since the end of Claimant's work for JPM

Respondent objected to these Requests on the grounds that they are overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to these Requests on the grounds that they seek documents that are not relevant to the subject matter of this arbitration. Finally, Respondent objected to these Requests on the grounds that they seek information that is not in the possession, custody or control of JPMS. These Requests are overly broad, unduly burdensome, and not proportional to the needs of the case because the Requests seek documents that are entirely irrelevant to the resolution of **any** of Claimant's claims or Respondent's defenses. These Requests are overly broad, unduly burdensome, and not proportional to the needs of the case because the Requests seek documents that are entirely irrelevant to the resolution of **any** of Claimant's claims or Respondent's defenses. Second, whether Claimant acknowledges it or not, JPMorgan, JPMC and JPMS are each separate and distinct entities. The documents requested are not in Respondent's possession, custody or control. Accordingly, JPMS stands on its objections to these Requests.

- **Document Request No. 68:** Claimant requested the "2023 Single Coverage United States Private Bank Town Hall Slide Presentation." JPMS objected to the Request on the grounds that this Request seeks information that is irrelevant to the subject matter of this arbitration. The 2023 Single Coverage United States Private Bank Town Hall Slide Presentation has nothing to do with JPMorgan's decision to terminate Claimant's employment, JPMS's termination of Claimant's registration, or Claimant's Form U5. JPMS stands on its objection.

- **Document Request No. 69:** Claimant requested production of "all Documents and/or Communications regarding or reflecting Claimant's PTO, vacation, and/or sick days, including, but not limited to, records from JPMorgan's ERP or "time away" system (and/or Communications to or from "me@JPMC") reflecting these items." Respondent objected to this Request on the grounds that JPMS did not employ Claimant. Respondent further objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because the Request does not contain a temporal limitation. Subject to these objections, JPMS agreed to conduct a search for, and

19

G.04-019

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

produce documents reflecting Claimant's PTO, vacation, and/or sick days dur
period of January 1, 2023 through October 28, 2023. This reasonable tempor
captures all of the conduct at issue in Claimant's Statement of Claim. Respondent stands
on its objections and response.

- **Document Request 77:** Claimant requested "all warnings, e-mails, reminders, and/or
similar Documents, if any, that JPM sent to JPM's employees and/or FAs instructing them
not to make negative, derogatory, and/or defamatory comments regarding Claimant."
Respondent objected to this Request on the grounds that it did not employ Claimant.
Respondent further objected to this Request on the grounds that it seek documents that are
not relevant to the subject matter of this arbitration. The communications sought by this
Request are not relevant to the resolution of any of Claimant's claims, the termination of
Claimant's employment with JPMorgan, the termination of his registration with JPMS or
with Claimant's own Form U5. Respondent stands on its objections.

- **Document Request No. 78:** Claimant requested his "personnel file." Respondent objected
to this Request on the grounds that it did not employ Claimant. Respondent further objected
to this Request on the grounds that JPMorgan **does not maintain "personnel files."**
Subject to these objections, JPMS agreed to produce numerous documents. Respondent was
clear about what it agreed to produce to Claimant. Respondent stands on its responses and
objections.

- **Document Request No. 79:** Claimant requested "all Recordings, and any corresponding
transcripts, of any meeting, conversation, and/or event in which Claimant was a participant
or a topic of discussion." Respondent objected to this Requests on the grounds that it is
overly broad, unduly burdensome, and not proportional to the needs of the case.
Respondent further objected to this Request on the grounds that it seek documents that are
not relevant to the subject matter of this arbitration. First, this Request is overly broad. It
contains no temporal or other limitation on the information sought. Second, the information
sought but this Request is not relevant to the subject matter of this arbitration. This Request
seeks recordings (to the extent they exist) of **every single meeting, conversation and/or
event** in which Claimant participant or was discussed. The Request is unreasonable on its
face, and JPMS stands on its objections.

- **Document Request No. 80:** Claimant requested "all Documents and/or Communications
reflecting JPM's compliance with FINRA Rule 11870 in relation to client requests or
desires to transfer account assets to Claimant and/or Raymond James." Respondent
objected to this Requests on the grounds that it is overly broad, unduly burdensome, and
not proportional to the needs of the case. Respondent further objected to this Request on
the grounds that it seek documents that are not relevant to the subject matter of this
arbitration. This case concerns JPMorgan's decision to terminate Claimant's employment,
and the subsequent Form U5 filed by JPMS regarding that termination. The records and
communications sought by this Request have no bearing on the resolution of Claimant's
claims. JPMS stands on its objections.

20

G.04-020

- **Document Request No. 82:** Claimant requested "all Documents and/or Com reflecting that JPM accepted and/or rejected Claimant's request for JPM to pa attorneys' fees in connection with expungement of the Customer Complaint." Claimant accuses JPMS "imposing unilateral limitations" on this Request." (Motion at p. 8). JPMS did not object to this Request. Instead, it agreed to search Claimant's emails for information responsive to this Request in Claimant's JPMorgan email account from April 1, 2022 through his termination on December 1, 2023. This date range captures the time period from when the customer complaint occurred, through the date JPMorgan terminated Claimant. JPMS stands on its response.

- **Document Request Nos. 84 through 88:** Claimant requested production of documents concerning another former JPMorgan employee's departure from the firm (Document Request No. 84) and "documents reflecting the termination language that" Respondent used on several former registered representatives of JPMS's Forms U5 (Document Request Nos. 85 through 88). Respondent objected to each of these Requests on the grounds that they seek documents that are not relevant to the subject matter of this arbitration. Documents concerning the "termination language" that JPMS has used on **any** former registered representative of JPMS's Form U5 Form — **other than Claimant's** — is not relevant to the resolution of any of Claimant's claims, the termination of Claimant's employment with JPMorgan, the termination of his registration with JPMS or with Claimant's own Form U5. Respondent stands on its objections.

- **Document Request No. 89:** Claimant requested production of "all Document and/or e-mail retention and/or deletion policies enacted or enforced by JPM for the past 5 years." Respondent objected to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this arbitration. Respondent stands on its objections. Email retention and/or deletion policies are not relevant to this dispute.

- **Document Request No. 90:** Claimant requested production of "all notices, letters, memos or other Documents" that advise any employee or representative of JPM to "maintain Documents that relate in any way to Claimant, his employment JPM, and/or his departure from JPM." Respondent objected to this Request on the grounds that JPMS did not employ Claimant. Subject to this objection, Respondent agreed to produce a copy of its litigation hold notice. Respondent was clear about what it agreed to produce to Claimant. Respondent stands on its response and objections.

- **Document Request Nos. 95 and 99:** By these Requests, Claimant requested production of documents supporting JPMS's defenses in this arbitration. Claimant accuses JPMS of "imposing unilateral limitations" on these Requests. (Motion at p. 8). However, not only did Respondent **not object** to these Requests, Respondent has agreed to produce responsive documents.

- **Document Request Nos. 100 through 104:** By these Requests, Claimant requested production of certain documents and information concerning JPMorgan's investigation into Claimant's sexual harassment of Ms. ███ and JPMorgan's investigation into

21

G.04-021

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Claimant's use of his JPMorgan expense report. Claimant accuses JPMS o unilateral limitations" on these Requests. **Respondent did not object to Requests.** Instead, JPMS agreed to produce the investigation summaries from each investigation (Document Request Nos. 100 and 101) **and** conduct a search for communications regarding either investigation in ███ ███, John ████████, ████████, ████████, and Nadia Muraria's JPMorgan email accounts during the time period the investigations were conducted through the time JPMS filed Claimant's Form U5 (October 1, 2023 through December 31, 2023). As set forth numerous times in this Opposition, this time period captures the time in which the investigations were initiated, conducted, and concluded. It also includes the time period during which Claimant submitted notice of his intent to resign his employment, the date on which his employment with JPMorgan was terminated, and the date on which JPMS filed Claimant's Form U5. Respondent stands on its responses to these Requests.

- **Document Request No. 105:** Claimant requested production of "JPM's employee handbook and/or similar policies or manuals that were used and/or distributed during the time Claimant worked for JPM." Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, because the Request seeks documents from a span of the approximately 7-year period during which Claimant was employed by JPMorgan. Subject to its objection, Respondent agreed to produce a copy of the 2023 Code of Conduct – which was the Code of Conduct at the time JPMorgan investigated Claimant's Conduct and terminated him. Respondent was clear about what it agreed to produce to Claimant. Respondent stands on its response and objections.

- **Document Request Nos. 108 through 111:** By his Motion, Claimant accuses JPMS "imposing unilateral limitations" on each of these Requests" (Motion at p. 8). In response to Document Request Nos. 108 through 111, JPMS indicated that "it will produce responsive documents to the extent such documents exist." (Document Request Nos. 109 and 111) and directed Claimant to the investigation summaries it previously agreed to produce in response to Request Nos. 100 and 101. It is not apparent from Claimant's Motion what other information Claimant seeks to compel production of. Respondent was clear about what it agreed to produce to Claimant. Respondent stands on its responses and objections.

- **Document Request No. 112:** Claimant requested "all Documents and/or Communications supporting Your contention in Paragraph 40 of the Answer that "JPMorgan determined that Claimant violated JPMorgan's Code of Conduct and JPMorgan's Equal Opportunity, Anti-Discrimination and Anti-Harassment policy." **JPMS did not object to this Request.** Instead, it referred Claimant to Integrated Case Manager Report No. 1026230312, which contains JPMorgan's investigation summary concerning Claimant's conduct. JPMS further agreed to conduct a search for communications concerning JPMorgan's investigation into Claimant's conduct in Claimant's managers (████████ and John ████████), the HRBA (████████) and ████████' (the investigator responsible for this case) email accounts during a time period that captures when the investigation was

22

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

ID 0731
4:26-cv-00381-O
*Biering v. JPMS, et al.*

conducted (October 1, 2023 through December 31, 2023). Respondent was cle
it agreed to produce to Claimant. Respondent stands on its responses and objection

- **Document Request No. 113:** Claimant requested production of "all expense reports submitted by Claimant from January 2021 through the present." Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome and not proportional to the needs of the case because the Request seeks documents for a time period dating back over two years prior to JPMorgan's decision to terminate Claimant's employment. Subject to its objection, Respondent interposed a reasonable temporal limitation on this Request and agreed to provide Claimant with copies of his submitted expense reports from January 1, 2023 through October 28, 2023. This temporal limitation is reasonable, and captures the period during which JPMorgan investigated Claimant's use of his expense account, the date on which Claimant communicated his intent to resign his employment which initiated his 60-day Notice Period, the date Claimant's employment was terminated, and the date JPMS submitted the Form U5 that is at issue in this case. Respondent stands on its responses and objections.

- **Document Request No. 114:** Claimant requested production of "all FINRA awards in the last ten years in which JPMS sought to rely upon an investigation performed by JPMorgan and/or Chase Bank in defense of claims involving alleged defamation and/or alleged false statements on a FA's U5." Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case and because the Request seeks documents that are not relevant to the subject matter of this arbitration. First, this Request is overly broad and not proportional to the needs of this case because it seeks production of documents from a **ten year** period. Second, this Request is unduly burdensome. JPMS does not maintain a central repository of FINRA awards from which it could ascertain the answer to this Request.  Lastly, the Request seeks documents that are not relevant to the subject matter of this arbitration. JPMS stands on its objections.

- **Document Request No. 115:** Claimant requested production of ███████'s 2023 Employee Opinion Survey submission/ answers. JPMS objected to the Request on the grounds that it seeks information that is not relevant to this arbitration. Ms. ███████'s Employee Opinion Survey answers have no bearing on the claims set forth in Claimant's Statement of Claim, the termination of his employment from JPMorgan, the termination of his registration with JPMS, or his Form U5. JPMS stands on its objection.

- **Document Request No. 116:** Claimant requested production of ███████'s Outlook calendar entries from January 1, 2023 through December 31, 2023 that "reference or include any meetings or events" involving Claimant or **twelve additional individuals**, including Ms. ███████'s manager, and other JPMorgan branch employees. JPMS objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case and because the Request seeks documents that are not relevant to the subject matter of this arbitration. Ms. ███████'s Outlook calendar entries for an entire year period reflecting meetings or events she attended has no bearing on the resolution of any of Claimant's claims against JPMS. JPMS stands on its objections.

23

G.04-023

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

- **Document Request No. 117:** Claimant requested production of **all com** exchanged between ███ and Claimant during the time period of January December 31, 2023. JPMS objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case and because the Request seeks documents that are not relevant to the subject matter of this arbitration. Subject to this objection, Respondent agreed to conduct a search for responsive communications on exactly the dates identified by Claimant's Request.

- **Document Request Nos. 118 through 120:** Claimant requested production of **all communications** exchanged between ███ and ███ (Document Request No. 118), ███ (Document Request No. 119), and John ███ (Document Request No. 120) between the time period of January 1, 2023 through December 31, 2023. JPMS objected to each request on the grounds that the Requests are overly broad, unduly burdensome, and not proportional to the needs of the case. JPMS further objected to each Request on the grounds that the Requests seek documents that are not relevant to the subject matter of this arbitration. Subject to these objections, JPMS agreed to conduct a search for documents between ███ and ███, ███, and ███ regarding or referencing Claimant during the time period of September 1, 2023 through December 31, 2023. This reasonable temporal and substantive limitation captures the golf outing attended by ███ and Claimant, the dates the investigations into Claimant's conduct occurred, the date on which Claimant communicated his intent to resign his employment which initiated his 60-day Notice Period, the date Claimant's employment was terminated, and the date JPMS submitted the Form U5 that is at issue in this case. Respondent stands on its responses and objections.

- **Document Request Nos. 121 through 127:** Claimant requested production of **all communications** exchanged between ███ and **seven** other JPMorgan employees during the time period of January 1, 2023 through December 31, 2023. Respondent objected to these Requests on the grounds that they are overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to these Requests on the grounds that the documents sought by the Requests are not relevant to the subject matter of this arbitration. These Requests are unreasonable on their face. The communications sought by these Requests have no bearing on the resolution of Claimant's claims, the termination of Claimant's employment with JPMorgan, the termination of his registration with JPMS or with Claimant's own Form U5. Respondent stands on its objections.

- **Document Request No. 128:** Claimant requested production of **all other communications** regarding, involving, and/or referencing Claimant to which ███ was a party from August 1, 2022 through the present. Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to these Requests on the grounds that the documents sought by the Requests are not relevant to the subject matter of this arbitration. Subject to this objection, and in addition to the communications Respondent already agreed to produce in response to Request Nos. 118 through 120, Respondent agreed to conduct a search for and produce documents from two additional custodians' JPMorgan email accounts during the time period of September 1, 2023 through December 31, 2023

24

G.04-024

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc


( ▉▉▉ and ▉▉ ). Again, this reasonable temporal limitation captures the attended by ▉▉▉ and Claimant, the dates the investigations into Claim occurred, the date on which Claimant communicated his intent to resign his employment which initiated his 60-day Notice Period, the date Claimant's employment was terminated, and the date JPMS submitted the Form U5 that is at issue in this case. Respondent stands on its responses and objections.

- **Document Request Nos. 129 through 132:** Claimant requested production of documents concerning "any investigation" JPMorgan conducted regarding four employees: Brad Beeson (Document Request No. 129), David Nolet (Document Request No. 130), Ryan Chowdhury (Document Request No. 131), and Elaine Agather (Document Request No. 132). Respondent objected to each of these Requests on the grounds that the Requests seek documents that are not relevant to the subject matter of this arbitration. Documents concerning any investigation JPMorgan conducted regarding any employee **other than Claimant** is plainly not relevant to this arbitration. Respondent stands on its objections.

- **Document Request No. 133:** Claimant requested production of the "annual attestations and/or acknowledgements of JPMorgan's Code of Conduct and "How We Do Business Principals" for the years 2020, 2021, 2022, 2023, and 2024" for **eight** JPMorgan employees: ▉▉▉, ▉▉▉, ▉▉▉, ▉▉▉, Elaine Agather, Pete Chillian, Kimberly ▉▉▉, and ▉▉▉▉▉▉. Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to these Requests on the grounds that the documents sought by the Requests are not relevant to the subject matter of this arbitration. Subject to its objections, Respondent agreed to produce the 2023 Code of Conduct Affirmations of the following **six** individuals: ▉▉▉, ▉▉▉, ▉▉, Elaine Agather, Pete Chillian, and ▉▉▉▉. For the same **six** individuals, Respondent agreed to conduct a search for and produce annual attestations to the "How We Do Business Principals" for the year 2023. Respondent stands on its responses and objections to this Request.

### REQUESTS FOR INFORMATION

- **Requests for Information No. 1-2:** Claimant asked Respondent to identify any and all persons who were involved in the marking and/or submission of any of Claimant's Forms U4 or Forms U5 and to identify any and all persons who were "involved in confirming the accuracy of any statement made on Claimant's Form U4 or U5." Respondent objected to these Requests on the grounds that the requests are vague with respect to what Claimant means by the phrase "involved in the marking and/or submission." Respondent further objected to these Requests to the extent they seek information regarding any Form U4 submitted by JPMS regarding Claimant. Claimant's Forms U4 are not relevant to the issues in this case, and indeed, was the subject of a separate, now concluded FINRA arbitration. *See* FINRA Case No. 23-03445 (granting expungement of a customer occurrence from Claimant's Form U4). Subject to its objections, in response to Requests for Information Nos. 1-2, Respondent responded that ▉▉▉, ▉▉▉, and in-house counsel for Respondent were responsible for the preparation of Claimant's Form U5. Respondent

25

G.04-025

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

stands on its objections to Requests for Information Nos 1-2 as the Reque
Claimant's Forms U4. Respondent does not have additional information to
response to these Requests.

- **Request for Information No. 4:** Claimant asked Respondent to identify any and all
persons who have personal knowledge "supporting your contention …that You "accurately
disclosed that Claimant was discharged from JPMorgan." Respondent objected to this
Request on the grounds that the Request is vague. Subject to this objection, Respondent
responded that the following individuals have knowledge supporting JPMS's response in
Paragraph 8 of its Answer that JPMS "accurately disclosed that Claimant was discharged.":
 ▮▮▮▮▮▮, ▮▮▮▮▮, ▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮ John ▮▮▮▮▮▮▮ with the
assistance of in-house counsel for JPMS. Respondent does not have additional information to
disclose in response to this Request.

- **Request for Information No. 5:** Claimant asked Respondent to identify any and all
Persons who "are responsible for implementing, enforcing, and/or answering FAs' or other
employees' questions regarding JPM's "60-day Notice Period." Respondent objected to
this Request on the grounds that JPMS did not employ Claimant. Subject to that objection,
Respondent identified the following individuals: Claimant's Line of Business Managers, ▮▮▮
 ▮▮▮▮ and John ▮▮▮▮▮▮, with the assistance of JPMorgan's Human Resources
department. Respondent does not have additional information to disclose in response to this
Request.

- **Request for Information No. 6:** Claimant asked Respondent to "identify any and all
Persons with knowledge regarding Claimant's "notice of his intent to resign his
employment with JPMorgan." Respondent objected to this Request on the grounds that
JPMS did not employ Claimant. Subject to that objection, Respondent identified the
following individuals to whom Claimant sent his October 28, 2023 email providing notice
of his intent to resign his employment: John ▮▮▮▮▮▮, ▮▮▮▮▮▮, ▮▮▮▮▮▮,
Peter Chillian, and Elaine Agather. Respondent further stated that ▮▮▮▮▮▮▮,
▮▮▮▮▮▮ and in-house counsel were provided with a copy of Claimant's October
28, 2023 email. Respondent does not have additional information to disclose in response
to this Request.

- **Request for Information No. 7:** Claimant asked Respondent to "identify any and all
Persons who have knowledge and can therefore testify regarding the compensation
Claimant received during the time Claimant worked for JPM." Respondent objected to this
Request on the grounds that JPMS did not employ Claimant, and on the grounds that the
Request is overly broad, unduly burdensome, and not proportional to the needs of the case.
First, the Request is overly broad, unduly burdensome and not proportional to the needs of
the case because it seeks information concerning the compensation Claimant received
throughout his over 7 year career at JPMorgan. Subject to its objections, Respondent stated
that Claimant's former manager, ▮▮▮▮▮▮ has knowledge regarding Claimant's
compensation and interposed a reasonable temporal limitation of January 1, 2023 through
December 1, 2023 on the request. Respondent stands on its objections and response to this
Request.

26

G.04-026

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

- **Request for Information No. 8:** Claimant asked Respondent to identify all knowledge who can testify regarding the historical household revenues for all clients that Claimant serviced while at JPM. Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to this Request on the grounds that it seeks information that is not relevant to the subject matter of this arbitration. Respondent stands on its objections. First, the Request is overly broad, unduly burdensome and not proportional to the needs of the case because it seeks information concerning the historical household revenues for **"all clients"** serviced by Claimant throughout his over 7 year career at JPMorgan. Further, the household revenue for all clients serviced by Claimant while at JPMorgan has **no bearing** on the circumstances that led to the termination of Claimant's employment from JPMorgan, the termination of his registration with JPMS, or the information contained on his Form U5.

- **Request for Information No. 9:** Claimant asked Respondent to identify all persons with knowledge who can testify regarding the "accounts previously serviced by Claimant that You retained after Claimant's departure from JPM." Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to this Request on the grounds that it seeks information that is not relevant to the subject matter of this arbitration. Respondent stands on its objections. What client relationships JPMorgan retained after Claimant's departure from the firm has no bearing on the circumstances that led to the termination of Claimant's employment from JPMorgan, the termination of his registration with JPMS, or the information contained on his Form U5.

- **Request for Information Nos. 10 and 11:** Claimant asked Respondent to identify all persons with knowledge who can testify regarding the "number or percentage of accounts previously serviced by Claimant that You retained after Claimant's departure from JPM." (Request for Information No. 10) and the "number or percentage of accounts previously serviced by Claimant that You lost after Claimant's departure from JPM." (Request for Information No. 11). Respondent objected to these Requests on the grounds that they are overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to these Requests on the grounds that they seek information that is not relevant to the subject matter of this arbitration. Respondent stands on its objections. The "number or percentage" of client relationships JPMorgan retained or lost after Claimant's departure from the firm has no bearing on the circumstances that led to the termination of Claimant's employment from JPMorgan, the termination of his registration with JPMS, or the information contained on his Form U5.

- **Request for Information No. 12:** Claimant asked Respondent to identify all persons with knowledge who can testify regarding "the production and/or production credits for accounts and/or clients previously serviced by Claimant. Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to this Request on the grounds that it seeks information that is not relevant to the subject matter of this arbitration. Respondent

27

G.04-027

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

stands on its objections. The "production and/or production credits for acc clients previously serviced by Claimant" is not relevant to the resolutio Claimant's claims and has no relationship to the circumstances that led to the termination of Claimant's employment from JPMorgan, the termination of his registration with JPMS, or the information contained on his Form U5.

- **Request for Information Nos. 13 and 14:** Claimant asked Respondent to identify all persons with knowledge who can testify regarding "the revenues JPM received that were generated by clients serviced by Claimant during the time Claimant worked for JPM." (Request for Information No. 13). Claimant further asked Respondent to identify all persons with knowledge who can testify regarding "the revenues JPM received that were generated by clients serviced by Claimant since the end of Claimant's work for JPM." (Request for Information No. 14). Respondent objected to these Requests on the grounds that they are overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to these Requests on the grounds that the Requests seek information that is not relevant to the subject matter of this arbitration. Respondent stands on its objections. The revenue JPMorgan received through JPMorgan's relationships with its clients who were serviced by Claimant during Claimant's employment with JPMorgan and following the termination of his employment with JPMorgan is not relevant to the resolution of any of Claimant's claims and has no relationship to the circumstances that led to the termination of Claimant's employment from JPMorgan, the termination of his registration with JPMS, or the information contained on his Form U5.

- **Request for Information No. 15:** Claimant asked Respondent to identify "any and all Persons who reviewed Claimant's job performance during the time Claimant worked for JPM." In response to this Request, Respondent objected on the grounds that JPMS did not employ Claimant. Respondent further objected to the Request on the grounds that it is vague. Subject to these objections, Respondent directed Claimant to Claimant's Annual Performance Reviews, produced in response to Document Request No. 78. By his Motion, Claimant accuses JPMS of "outright refusing to produce *any* … information" in response to this Request. As evidenced by Respondent's responses to Request for Information No. 15, it is apparent that Claimant's perception of Respondent's response is inaccurate.

- **Request for Information No. 16:** Claimant asked Respondent to identify all persons with knowledge who can testify regarding "Claimant's January 2024 pipeline, including but not limited to, those reflected in JPM's Connect/CRM system." Respondent objected to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Respondent further objected to this Request on the grounds that it seeks information that is not relevant to the subject matter of this arbitration. Respondent stands on its objections. Claimant's projected January 2024 pipeline is not relevant to the resolution of any of Claimant's claims, the circumstances surrounding the termination of his employment with JPMorgan, the termination of his registration with JPMS, or the information contained in his Form U5.

- **Request for Information Nos. 17 and 18**: Claimant asked Respondent to identify all persons with knowledge who can testify regarding Claimant's involvement in certain client

28

G.04-028

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

relationships. Respondent objected to this Request on the grounds that it is o
unduly burdensome, and not proportional to the needs of the case. Respon
objected to this Request on the grounds that it seeks information that is not relevant to the
subject matter of this arbitration. Respondent stands on its objections. Claimant's
relationships with the JPMorgan clients who are identified in Request for Information Nos.
17 and 18 are not relevant to the resolution of any of Claimant's claims, the circumstances
surrounding the termination of his employment with JPMorgan, the termination of his
registration with JPMS, or the information contained in his Form U5.

- **Request for Information No. 19:** Claimant asked Respondent to identify all persons with
knowledge who can testify regarding "Claimant expressing a desire or intention to resign
from JPM." Respondent objected to this Request on the grounds that the request is vague
and on the grounds that Respondent JPMS did not employ Claimant. Respondent stands
on its objection.

- **Request for Information No. 21:** Claimant asked Respondent to identify all persons "who
have communicated with clients, since Claimant departed from JPM, who/that were
previously services by Claimant before his departure." Respondent objected to this Request
on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs
of the case. Respondent further objected to this Request on the grounds that it seeks
information that is not relevant to the subject matter of this arbitration. Respondcnt stands
on its objections. The identify of any JPMorgan personnel who have communicated with
JPMorgan clients previously serviced by Claimant is not relevant to the resolution of any
of Claimant's claims, has no bearing on the circumstances surrounding the termination of
Claimant's employment with JPMorgan, the termination of his registration with JPMS, or
the information contained in his Form U5

- **Request for Information No. 22:** Claimant asked Respondent to identify all persons with
knowledge who can testify regarding "JPM's decision to terminate any other employees or
FAs during the "60-day Notice Period" referenced in Paragraph 35 of the Answer.
Respondent objected to this Request on the grounds that it is overly broad, unduly
burdensome, and not proportional to the needs of the case. Respondent further objected to
this Request on the grounds that it seeks information that is not relevant to the subject
matter of this arbitration. Respondent stands on its objections. This Request is not limited
by any temporal or other restriction rendering it overly broad and unduly burdensome, in
addition, the information sought by the Request is not relevant to the resolution of any of
Claimant's claims, has no bearing on the circumstances surrounding the termination of
Claimant's employment with JPMorgan, the termination of his registration with JPMS, or
the information contained in his Form U5

- **Request for Information No. 20:** Claimant asked Respondent to identify "any and all
Persons who were involved in the decision to "terminate" Claimant while he was on
Garden Leave." Respondent objected to this Request on the grounds that the Request is
vague with respect to whether Claimant referenced the "termination" of his employment
with JPMorgan, or the "termination" of his registration with JPMS. Subject to this
objection, Respondent provided the names of ███████████, ███████████████, Ben

29

G.04-029

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

███, and John ███████, who were involved in the decision t Claimant's employment with JPMorgan during Claimant's 60-day No Respondent does not have additional information to disclose in response to this Request.

- **Request for Information No. 23:** Claimant asked Respondent to identify "any and all Persons who were involved in conducting the Investigation." Respondent objected to this Request on the grounds that the Request was vague with respect to the phrase "involved in conducting the Investigation." Subject to its objection, Respondent provided Claimant with the identity of the individuals responsible for conducting the Investigation. Respondent does not have additional information to disclose in response to this Request.

- **Request for Information No. 27:** Claimant asked Respondent to identify "any and all Persons who were involved in conducting any other investigation … regarding Claimant before and/or during the time that Claimant was on Garden Leave." Respondent objected to this Request on the grounds the Request was vague with respect to the phrase "involved in conducting any other investigation." Subject to its objection, Respondent provided Claimant with the identity of the individual responsible for conducting the investigation into Claimant's use of his expense account. Respondent does not have additional information to disclose in response to this Request.

## IV.  CONCLUSION

The documents and information Claimant seeks to compel far exceed what is relevant to Claimant's claims. For the foregoing reasons, Respondent requests that the Panel deny Claimant's Motion to Compel, and assess all FINRA fees and costs associated with deciding the Motion to Claimant due to Claimant's failure to meet and confer regarding his Motion before filing it. Respondent further requests a hearing on this Motion.

Respectfully submitted,

*/s/ Jeffrey S. Dunlap*
Jeffrey S. Dunlap (Ohio Bar No. 0067923)
Emma M. Tomsick (Ohio Bar No. 0101308)
UB GREENSFELDER LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113
(216) 583-7000
(216) 583-7001 (Facsimile)
jdunlap@ubglaw.com
etomsick@ubglaw.com

*Attorneys for Respondent J.P. Morgan*

30

G.04-030

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
Biering v. JPMS, et al.

Securities LLC

31

G.04-031

4:26-cv-00381-O
*Biering v. JPMS, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the FINRA DR Portal on April 14, 2025 upon the following:

Joshua J. Iacuone
Anna Olin Richardson
Iacuone Mcallister Potter PLLC
4925 Greenville Ave., Suite 700
Dallas, TX 75206
josh@imcplaw.com
anna@imcplaw.com

*/s/ Emma M. Tomsick*
*One of the Attorneys for Respondent J.P. Morgan Securities LLC*

G.04-032

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT G.05
## Claimant Reply ISO Motion to Compel
## G.05-001 – 005

**Description:**   Discovery motion, response, reply, or order from the FINRA arbitration.

**Relevance:**   Shows the discovery dispute record supporting the petition's misconduct, delay, and production-scope arguments.

**Source:**   FINRA Case No. 24-01208 – Claimant Reply ISO MTC (Apr. 21, 2025)

**Petition Ref:**   App. A p. 52 ("Claimant's Reply ISO MTC (Apr. 21, 2025)")

**Disclosures:**   None — reproduced as produced, no added markings

**Filing Status:**   Public - not sealed



## FINRA DISPUTE RESOLUTION

| | | |
|---|---|---|
| **In the Matter of** | § | |
| **Arbitration between** | § | |
| | § | |
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| | § | |
| **Claimant,** | § | |
| | § | |
| - and - | § | **FINRA No. 24-01208** |
| | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | |
| **JPMORGAN CHASE & CO., and** | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| **Respondents.** | § | |

## CLAIMANT'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

Claimant Joshua David Sappi Biering ("Claimant" or "Biering") files this Reply Brief ("Reply") in support of Claimant's Motion to Compel Discovery Responses ("Motion" or "Motion to Compel") against Respondent J.P. Morgan Securities, LLC ("Respondent" or "JPMS") and, in support thereof, respectfully states as follows:

## REPLY

Biering's Motion to Compel should be granted for all of the reasons set forth therein. Nothing in JPMS's Response to the Motion ("Response") changes this result. While JPMS attempted to cast blame on Biering by accusing him of failing "to engage in any efforts to resolve the substance of" the Motion, JPMS in fact established why Biering had no choice but to file the Motion. Accordingly, for all of the reasons discussed in the Motion, and those set forth herein, Biering maintains that the Motion should be granted in its entirety.

REPLY BRIEF IN SUPPORT OF MOTION        PEL DISCOVERY RESPONSES        PAGE

G.5-001

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc



### 1.  JPMS *Still* Fails to Confirm If or When it Will Comply with Basic Obligations in this Case

At no point in JPMS's 32-page Response does JPMS state when it will *finally* comply with its discovery obligations and produce all responsive documents in this Arbitration. Instead, JPMS continues to reference the delays experienced by its third-party vendor, which appear to have no end in sight.[1] *See* Resp. at 5, n.3. JPMS provided the exact same explanation two months ago regarding its third-party vendor's supposed "outage." Biering gave JPMS the benefit of the doubt at that time. It has been more than two months, but, evidently, nothing has changed.[2] As such, JPMS's representation that it "will produce responsive ESI as soon as it is able to do so"—when (i) JPMS's production was due more than two months ago, (ii) its vendor continues to experience unexplained, indefinite delays, and (iii) the Final Hearing is in less than six months—is simply insufficient under FINRA Rule 13507. *See id.*

### 2.  JPMS's Attempt to Point the Finger at Biering Changes Nothing, as JPMS Makes Clear that Further Conferences Would be Futile

JPMS claims that "many of the issues raised" in the "Motion could have been resolved" and that Biering's purported failure to confer "forced" JPMS "to respond in detail" to each of the Requests referenced in the Motion.[3] *See* Resp. at 1-2. Yet, JPMS does not offer a single path

---

[1]  Aside from the fact that Biering did not agree to JPMS's "rolling" document productions, it should be noted that no production has been "rolling." Instead, there has been *one* production, and it was grossly incomplete.

[2]  At this point, Biering finds JPMS's excuses especially suspect, especially given that JPMS is under the umbrella of JPMorgan Chase & Co., which touts itself as follows: "We're one of the world's biggest technology- and data-driven companies. We spend $17 billion on technology and operate globally at unparalleled scale and speed." *See* JPMORGAN CHASE & CO. TECHNOLOGY OVERVIEW, available at jpmorgan.com/technology

[3]  JPMS also fails to provide any explanation as to why its counsel did not respond to Biering's counsel's questions regarding the status of JPMS's document production.

---

REPLY BRIEF IN SUPPORT OF MOTION          PEL DISCOVERY RESPONSES          PAGE

G.5-002

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc



forward to "resolve" these "many" outstanding issues.[4] Instead, JPMS spends ov[e]r (single-spaced) doubling down on the baseless objections that gave rise to Biering's Motion to begin with. If JPMS truly wanted to "resolve" the issues outlined in the Motion, it would have actually taken steps to do so (like, for example, producing even one additional document). Instead, JPMS has dedicated the last several weeks to honing the objections that made the Motion necessary. To suggest that Biering should have engaged in additional conferences with JPMS— whereby JPMS, at least according to its Response, would simply double down on its objections,[5] fail to provide any clarity as to the completion of its document production, and try to convince Biering that the unilateral limitations JPMS seeks to impose on discovery in this case are somehow proper—is simply without merit.

### 3. JPMS's Gamesmanship Re: "Possession, Custody, or Control"

As expected, JPMS intends to use the sham "Investigation"[6] as both a sword and a shield in this case. On the one hand, JPMS believes that the Investigation will exonerate JPMS from the false and defamatory statements it published on Biering's U5, but, on the other hand, JPMS plans to selectively produce documents regarding that same Investigation on the grounds that any

---

[4]    Respectfully, JPMS's suggestion that its agreement to conduct certain searches "subject to" its numerous objections somehow "resolves" outstanding issues is simply untrue. Under FINRA Rule 13508(a), if JPMS has asserted objections and is standing upon them, this means that JPMS only intends to produce non-objected-to documents and is withholding the rest. *See* FINRA Rule 13508(a) (a party must produce all "other requested documents or information not specified in the objection"). That in no way "resolves" the parties' issues. Otherwise, it appears that the only issue that may be resolved is that JPMS has agreed to provide a privilege log. However, JPMS provides no time frame for doing so (nor can it, given that it cannot even provide a timeline for completing its document production).

[5]    Indeed, in the Response, JPMS states that it "stands" on its objections and/or responses for all but about 15 Requests (and even those unilaterally limit the scope of requested documents, have still not been produced, and/or will be produced "subject to" improper objections).

[6]    The "Investigation" refers to JPMorgan Chase's and/or JPMC's purported investigation into Biering's friendship with a female coworker. In the Response, JPMS outlines its version of this Investigation at great length. However, JPMS provides zero documents or information supporting its rendition of the sham Investigation, which comes as no surprise given that JPMS has failed to produce any such documents or information in this Arbitration.

---

REPLY BRIEF IN SUPPORT OF MOTION        PEL DISCOVERY RESPONSES        PAGE

G.5-003

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

G.5-004
4:26-cv-00381-O
*Biering v. JPMS, et al.*

associated documents are in the possession, custody, and/or control of its affiliates, JPMorgan Chase & Co. ("JPMorgan Chase") and/or Respondent JPMorgan Chase Bank, N.A. ("Chase Bank" or "JPMC"). JPMS does not even try to hide its arrogance in taking this position: "Claimant may not like it but JPMorgan, JPMC, and JPMS are distinct entities." *See* Resp. at 6.

JPMS's tactics constitute improper gamesmanship and expose JPMS's desire to hide the truth. JPMS *admits* that it relied upon materials from the Investigation in preparing and filing Biering's U5. *See id.* Even worse, JPMS used the first five pages of its Response as a cheap attempt to poison the well with its own version of the Investigation (which, given that JPMS did not itself conduct the Investigation, clearly came from JPMorgan Chase and/or Chase Bank).[7] Yet, JPMS would have the Panel believe that JPMS supposedly cannot obtain certain documents because they are in the possession, custody, or control of "separate entities" that (i) apparently already gave JPMS sufficient information to support JPMS's statements on Biering's U5 and JPMS's accusations against Biering in the Response, and (ii) are parties to this Arbitration but are nonetheless too scared to answer to Biering's allegations.

Under these circumstances, it is imperative that Biering be heard promptly on these issues. JPMS cannot continue to pick and choose what is relevant to the allegations in this Arbitration and then, when Biering asks for documents to support JPMS's wrongful conduct and Biering's alleged damages, suddenly lack the ability to obtain them. Further, by dedicating the first five pages of the Response to its own baseless, self-serving narrative—which serves no purpose other than to besmirch Biering's character and undermine the fairness of this Arbitration—JPMS established that the Panel's involvement is necessary to ensure JPMS's compliance with basic discovery obligations and to put a stop to JPMS's discovery abuses.

---

[7]     Notably, to date, JPMS has not produced *any* documents supporting the incendiary accusations set forth in the first five pages of its Response.

REPLY BRIEF IN SUPPORT OF MOTION          PEL DISCOVERY RESPONSES          PAGE

G.5-004

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc



## CONCLUSION

Put simply, JPMS's Response contains many words but lacks any substance. While JPMS is quick to point the finger at Biering, the fact remains that JPMS still refuses to provide *any* detail regarding the anticipated completion of its document production. Even so, it is without question that JPMS intends to "stand" on most (if not all) of the baseless objections it previously asserted and hide behind the veil of an Investigation that it did not even perform. Accordingly, Biering maintains that his Motion to Compel should be granted in its entirety. Biering further requests that the Panel grant him such other and further relief to which he may be justly entitled.

Respectfully submitted,

**IACUONE MCALLISTER POTTER PLLC**

By:    */s/ Joshua J. Iacuone*
       Joshua J. Iacuone
       Texas State Bar No. 24036818
       Anna Olin Richardson
       Texas State Bar No. 24102947
       4925 Greenville Ave., Ste. 1112
       Dallas, Texas 75206
       Telephone: (214) 960-2832
       Email:   josh@imcplaw.com
               anna@imcplaw.com

**ATTORNEYS FOR CLAIMANT**

## CERTIFICATE OF SERVICE

This pleading is being served upon all counsel of record in the DR Portal on the date recorded therein, and all other interested persons as set-forth herein.

*/s/ Joshua J. Iacuone*
       Joshua J. Iacuone

---

**REPLY BRIEF IN SUPPORT OF MOTION**     **PEL DISCOVERY RESPONSES**     **PAGE**

G.5-005

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT G.06
## Order Granting First Motion to Compel
## G.06-001 – 007

**Description:**   Discovery motion, response, reply, or order from the FINRA arbitration.

**Relevance:**   Shows the discovery dispute record supporting the petition's misconduct, delay, and production-scope arguments.

**Source:**   Corrected working exhibit packet; May 8, 2025 first-MTC order

**Petition Ref:**   App. A p. 52 ("Order Granting First MTC (May 8, 2025)")

**Disclosures:**   None — reproduced as produced, no added markings

**Filing Status:**   Public - not sealed

CONFIDENTIAL



G.6-001
4:26-cv-00381-O
*Biering v. JPMS, et al.*

# Order

## *Subject Posted on 05/08/2025*

Order to Parties.pdf( 5/8/2025 12:26:18 PM)
Order for Claimant's Motion to Compel.pdf( 5/8/2025 11:49:53 AM)

G.6-001

AAA-000571

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\0

CONFIDENTIAL



**G.6-002**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

## Order to Parties.pdf( 5/8/2025 12:26:18 PM)

G.6-002

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\0



G.6-003
4:26-cv-00381-O
*Biering v. JPMS, et al.*



| | |
|---|---|
| **TO:** | Jeffrey S. Dunlap, Esq. |
| | Joshua J. Iacuone, Esq. |
| **CC:** | Eric Ross Cromartie |
| **From:** | Christal T. Dolly |
| | Senior Case Administrator |
| **Subject:** | FINRA Dispute Resolution Services Arbitration Number 24-01208 |
| | Joshua David Sappi Biering vs. J.P. Morgan Securities, LLC,  JPMorgan Chase & Co., |
| | and JPMorgan Chase Bank, N.A |
| **Date:** | May 8, 2025 |

Attached is an Order executed in this matter.

If you have any questions, please do not hesitate to contact me at 212-858-4344 or by email at Neprocessingcenter@finra.org.


CTD:ctd:LC58I
idr: 05/01/2020

RECIPIENTS:
Jeffrey S. Dunlap, Esq., UB Greensfelder LLP, 1660 West 2nd Street, Suite 1100, Cleveland,
        OH 44114-1406
On Behalf Of: J.P. Morgan Securities, LLC

Joshua J. Iacuone, Esq., Iacuone McAllister Potter PLLC, 4925 Greenville Ave, Suite 700,
        Dallas, TX 75206
On Behalf Of: Joshua D. Biering

CC:
Eric Ross Cromartie

**Investor protection. Market integrity.**     FINRA Dispute Resolution Services     Brookfield Place     t  212 858 4200
Northeast Regional Office     200 Liberty Street     www.finra.org
New York, NY 10281

G.6-003                                                                                                          AAA-000573

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc



**Order for Claimant's Motion to Compel.pdf( 5/8/2025 11:4 AM)**

G.6-004

AAA-000574

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\0



G.6-005
4:26-cv-00381-O
*Biering v. JPMS, et al.*

## ORDER

**Submitted By:** Eric Cromartie (On behalf of the arbitration panel)
**Submitted Date:** 05/08/2025 11:02:20 AM ET

**Case ID & Parties:**
***FINRA Dispute Resolution Services***
ORDER

**Case Number:** 24-01208

**In the Matter of the Arbitration Between**

| **Claimant(s)** | **VS** | **Respondent(s)** |
|---|---|---|
| Joshua D Biering | | J.P. Morgan Securities, LLC |
| | | JPMorgan Chase & Co. |
| | | JPMorgan Chase Bank, N.A |

### PREHEARING CONFERENCE

1. Was a prehearing conference held in the above captioned matter?
   - ● **Yes**
   - ○ No

a. Prehearing conference date:
A prehearing conference was held in the above captioned matter on ***05/08/2025*** at ***09:00 AM Central Time Zone***

b. The following arbitrator(s) participated in the hearing:
Chairman: Eric Cromartie(Participated ☑)

Panelist: Tanner Forman(Participated ☐)

Panelist: Christine Rister(Participated ☐)

c. The following party representatives participated in the hearing:
Identify Claimant Representatives:

| ***Anna Richardson*** |
|---|

Identify Respondent Representatives:

| ***Jeffrey Dunlap and Emma Tomsick*** |
|---|

d. FINRA Dispute Resolution Services staff attendee:
   - ● **The following FINRA Dispute Resolution Services Staff person participated in the hearing:**
     ***Kareem Denny***
   - ○ Not applicable

G.6-005                                                        AAA-000575

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\0



**G.6-006**

4:26-cv-00381-O

*Biering v. JPMS, et al.*

## ISSUES ADDRESSED

2. Issues addressed: (i.e., name of motion or request, by which party)
- ● **The following submissions have been addressed:**

> *Claimant's motion to compel and related filings.*

## ORDER DECIDED BY

3. Decided by:
- ● **Chairperson**
- ○ Panel

## RULINGS

4. Rulings:
- ● **After considering the parties' submissions (and oral arguments, if prehearing conference held), the Panel/Chairperson rules as follows:**

> *Respondent J.P. Morgan Securities, LLC ("JPM") will produce all of the following documents in its possession, custody or control, which will include responsive documents in the possession of its affiliates named in the caption but not participating in this arbitration - as used in this Order, JPM will include JPM and the affiliates referenced above:*
>
> 1. *all documents relating to Clamant's departure from JPM;*
> 2. *all documents relating to JPM's investigation of Claimant;*
> 3. *all documents providing the basis for JPM's statements on Claimant's U5;*
> 4. *all documents relating to Claimant's employment and job performance;*
> 5. *all documents relating to Claimant's request that JPM pay Claimant's attorneys' fees in an expungement matter (Claimant will also produce all such documents);*
> 6. *JPM will produce its policies relating to the generation and content set forth in U5s in effect for the last two years;*
> 7. *Both parties will produce all documents that they intend to rely upon to support their cases or defenses in the final hearing herein;*
> 8. *At or prior to the time set for compliance with this order, counsel will certify that the documents agreed or ordered to be produced in this proceeding have been produced.*
> 9. *The parties will comply with this order within 60 days of its entry.*

5. Order compliance date:
- ● **The parties should comply with this order by** *07/07/2025*
- ○ Not applicable

G.6-006

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\0



**G.6-007**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

## ASSESSMENT OF FEES

6. Cost of prehearing conference:

● **If the parties settle this matter with no further hearings, the forum fees prehearing conference (or discovery-related motion decided without a prehearing conference) are assessed as follows:**

_____**% to Claimant(s), jointly and severally**

*100***% to Respondent(s), jointly and severally**

_____**% assessed to** _____

_____**% assessed to** _____

_____**% assessed to** _____

_____**% assessed to** _____

○  Not applicable

## ATTACHMENTS

There are no attached documents.

G.6-007

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\0

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT G.07
## Second Motion to Compel s
## G.07-001 – 037

**Description:** Discovery motion, response, reply, or order from the FINRA arbitration.

**Relevance:** Shows the discovery dispute record supporting the petition's misconduct, delay, and production-scope arguments.

**Source:** FINRA Case No. 24-01208 – Claimant's Second Motion to Compel (July 25, 2025)

**Petition Ref:** ¶ 3 (Dkt. 11); App. A p. 52 ("Claimant's Second Motion to Compel (July 25, 2025)")

**Disclosures:** None — reproduced as produced, no added markings

**Filing Status:** Public - not sealed

## FINRA DISPUTE RESOLUTION

| | |
|---|---|
| In the Matter of | § |
| Arbitration between | § |
| | § |
| | § |
| **JOSHUA DAVID SAPPI BIERING,** | § |
| | § |
| **Claimant,** | § |
| | § |
| - and - | §          **FINRA No. 24-01208** |
| | § |
| **J.P. MORGAN SECURITIES, LLC,** | § |
| **JPMORGAN CHASE & CO., and** | § |
| **JPMORGAN CHASE BANK, N.A.,** | § |
| | § |
| **Respondents.** | § |

### CLAIMANT'S SECOND MOTION TO COMPEL DISCOVERY RESPONSES

Claimant Joshua David Sappi Biering ("Claimant" or "Biering") files this Second Motion to Compel Discovery Responses ("Motion" or "Motion to Compel") against Respondent J.P. Morgan Securities, LLC ("Respondent" or "JPMS") and, in support thereof, respectfully states as follows:

### OVERVIEW OF THE CASE

As set forth in prior briefing, the crux of Biering's claims in this case is as follows: Biering *resigned* from JPM[1] on October 28, 2023, after which time Biering honored a 60-day noticed period (the "Garden Leave"). JPM's records produced to date establish that Biering did, in fact, resign. However, on December 1, 2023—five weeks after JPM employees (1) admitted that Biering resigned because he was interviewing with competitors and had even potentially "just

---

[1] "JPM" or "J.P. Morgan" refers, collectively, to Respondents JPMS, JPMorgan Chase & Co. ("JPMorgan Chase"), and JPMorgan Chase Bank, N.A. ("Chase Bank"). While JPMorgan Chase and Chase Bank will not "agree" to participate in this Arbitration, the Chair has already found JPMS's attempts to separate itself from its Co-Respondents to be without merit. *See* Ex. A.

---

cleared their background," and (2) instructed JPMS employees to *wait* to file Biering's

despite hardly starting any investigation, they expected to change the reason for Biering's

departure from a resignation to a "term for cause"—JPM informed Biering that it decided to

recharacterize Biering's *voluntary* departure as a "termination." Specifically, JPM claims that an

"investigation" into Biering's friendship with a female coworker (the "Investigation") revealed

that Biering engaged in "inappropriate behavior."

As a result, on December 22, 2023—and per the express instructions of JPM employees—

JPMS intentionally mismarked Biering's U5 as follows:

**Reason for Termination:** Discharged

**Termination Explanation:**
If the Reason for Termination entered above is Permitted to Resign, Discharged or Other, provide an explanation below:
After RR submitted resignation, but before expiration of Notice Period, RR was terminated for inappropriate behavior. Not related to the sale of securities or any customer complaints.

JPM *knew* that it would be catastrophic to Biering's career to have a "Discharged" marking

on Biering's U5. Nonetheless, JPM *chose* to rewrite history, smear Biering's name, and steal

Biering's substantial assets under management ("AUM"). And that is exactly what JPM has done.

## BACKGROUND RELEVANT TO THIS MOTION

1.      On December 6, 2024, Biering served his First Requests for Documents and

Information (collectively, the "Requests") on JPMS.

2.      On February 4, 2025, JPMS served its Responses ("Responses") to Biering's

Requests but did not produce any responsive documents. In the month that followed, the Parties

entered into a confidentiality agreement ("Confidentiality Agreement"), which resulted in JPMS

making an initial document production on March 10, 2025 (which totaled 828 pages).

SECOND MOTION TO COMPEL DISCO            PONSES                    PAGE

G.07-002                                                                579

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

3. On April 3, 2025, Biering filed his First Motion to Compel ("First Mo

4. On May 7, 2025 (*i.e.*, the eve of the Prehearing Conference on the First Motion), JPMS made a second production (which totaled 577 pages).

5. On May 8, 2025, the Chair held a Prehearing Conference on the First Motion. That same day, the Chair ordered as follows:

> Respondent J.P. Morgan Securities, LLC ("JPM") will produce all of the following documents in its possession, custody or control, which will include responsive documents in the possession of its affiliates named in the caption but not participating in this arbitration - as used in this Order, JPM will include JPM and the affiliates referenced above:
>
> 1. all documents relating to Clamant's departure from JPM;
> 2. all documents relating to JPM's investigation of Claimant;
> 3. all documents providing the basis for JPM's statements on Claimant's U5;
> 4. all documents relating to Claimant's employment and job performance;
> 5. all documents relating to Claimant's request that JPM pay Claimant's attorneys' fees in an expungement matter (Claimant will also produce all such documents);
> 6. JPM will produce its policies relating to the generation and content set forth in U5s in effect for the last two years;
> 7. Both parties will produce all documents that they intend to rely upon to support their cases or defenses in the final hearing herein;
> 8. At or prior to the time set for compliance with this order, counsel will certify that the documents agreed or ordered to be produced in this proceeding have been produced.
> 9. The parties will comply with this order within 60 days of its entry.

See Ex. A.

6. On July 7, 2025, JPMS served its final production on the deadline set forth the Chair's May 8 Order. This production totaled approximately 27,520 pages.

7. While JPMS's final production appears extensive, it contains numerous deficiencies,[3] and Biering is still without critical documents that the Chair ordered to be produced.

---

[2] Biering will not rehash the issues set forth in his First Motion. However, to the extent the Chair considered and granted various of Biering's requests in the First Motion and JPMS has still failed to comply with same, those items are set forth herein.

[3] For example, there are over 10,000 pages that simply consist of JPM-related logos, slip sheets for "Non-Responsive" documents, and image attachments to emails. In addition, there are thousands

SECOND MOTION TO COMPEL DISCO          PONSES          PAGE

G.07-003                                                                              580

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

8.      On July 22, 2025, counsel for the Parties engaged in a meet-and-conf call, during which Biering's counsel outlined various specific documents (or types of documents) that fall within the categories outlined in the Chair's May 8 Order but have not been produced. Biering's counsel also raised the issue of the many privilege assertions and corresponding redactions on documents that are of critical importance in this case. Also on July 22, 2025, Biering's counsel sent JPMS's counsel a follow-up email summarizing the items discussed, attaching several examples, and requesting that JPMS provide its position on the various items as soon as possible. *See* Ex. B. However, in light of the fast-approaching Final Hearing date, Biering's counsel made it clear that Biering would need to proceed with another motion by the end of the week. *See id.*

9.      On July 25, 2025, counsel for JPMS responded to Biering's counsel's meet-and-confer e-mail. *See* Ex. C, at 2. In such response, JPMS agreed to conduct various searches for additional responsive documents and provide a privilege log for redacted communications relating to Biering's U5, and JPMS further noted the items for which it has already produced all non-privileged documents. *See* Ex. D.[4] Given the fact that the Final Hearing is scheduled to begin in less than two months, Biering requested that JPMS conduct the agreed searches, produce all documents, and privilege the privilege log regarding U5-related communications within 10 days.[5]

---

communications exchanged between Biering and ▇▇▇▇▇▇▇ (*i.e.*, the female coworker involved in the Investigation) regarding day-to-day business i▇▇▇▇▇▇t related to any allegation in Biering's live Statement of Claim, appear to have received no consideration in JPM's Investigation, and, as such, are wholly unrelated to the allegations in this case. Critically, JPM also appears to have altered and edited Biering's October 2023 "Scorecard" (which evidences Biering's recent job performance) by removing an entire section regarding new clients.

[4]      For ease of reference, the items for which JPMS either (1) agreed to conduct additional searches or (2) certified that all non-privileged documents have been produced, are listed in Ex. D, attached hereto.

[5]      Given that this production is still forthcoming, Biering reserves the right to raise these items with the Chair if deficiencies remain. Further, because JPMS has not yet confirmed whether it is withholding internal JPM communications as privileged, Biering further reserves the right to seek to compel and/or request a privilege log if any such communications are being withheld.

---

SECOND MOTION TO COMPEL DISCO          PONSES          PAGE

G.07-004

581

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

10.     Otherwise, JPMS asserted a general objection to Biering's listed docu

extent that (according to JPMS) these documents broadened the scope of Biering's document

requests. *See* Ex. C (contending that the Chair's May 8 Order "was not intended to permit Claimant

to discover documents that [he] did not request in [his] written discovery requests."). *See* Ex. C.

In so doing, JPMS further asserted some of the same objections and imposed some of the same

unilateral limitations that it previously made, which served as much of the basis of Biering's First

Motion to Compel.

11.     As of the time of filing this Second Motion, the Parties were able to resolve some

of the issues discussed during counsel's meet-and-confer, but various items either could not be

resolved or otherwise remain outstanding.

12.     The Final Hearing in this case is scheduled to begin on September 24, 2025, which

is approximately 60 days from now. As such, time is of the essence, and Biering requests that he

be heard promptly on the issues set forth herein.

**SECOND MOTION TO COMPEL**

As set forth above, Biering has identified various documents or types of documents that

fall within the categories contained in the Chair's May 8 Order but have yet to be produced.[6] For

ease of reference, Biering has organized the items he seeks to compel via this Second Motion in

those same categories.

### A.     All documents relating to JPM's investigation of Claimant

As the Chair has already agreed, JPMS clearly intends to rely on the Investigation to defend

against Biering's claims in this case. JPMS has produced some documents relating to the

---

[6]     Biering notes that the documents he outlined are not the only documents that should have been
produced as a result of the Chair's May 8 Order. However, to streamline remaining discovery items, Biering
has narrowed down the outstanding items to those he deems essential to prosecute his claims at the Final
Hearing.

Investigation (as well as another investigation involving unfounded allegations supposed misuse of JPM's expense policy (the "Expense Policy Investigation"), which overlapped with the Investigation). However, there are improper redactions based on alleged privilege assertions in documents and communications involving both the Investigation and the Expense Policy Investigation.[7]

Biering is entitled to unredacted documents and communications regarding the Investigation because it is a critical part of JPMS's defenses in this case. Moreover, the redactions shield critical information relating to the merits, procedure, and ultimate findings of the Investigation. For example, ███████████ (*i.e.*, the primary investigator) prepared an "Opening Memo" and a "Closing Memo," both of which were redacted on the basis of privilege.[8] Further, in addition to communications involving Mr. ████ (and Nadia Muraira, who conducted the Expense Policy Investigation), there are redactions in communications involving JPM HR or Global Security employees—some of which do not even involve an in-house attorney.[9] Even for the communications on which an in-house attorney is copied (specifically, Ms. Tidwell-Neal), it appears that these communications are not for the purpose of legal advice, as Ms. Tidwell-Neal rarely chimes in.[10] Further, JPMS selectively produced unredacted communications on which an attorney *was* copied. Thus, it appears that JPMS is trying to shield pertinent communications to the Investigation as "privileged."

---

[7]    Biering also identified critical categories of documents and communications that appeared to be produced in part. However, JPMS has since confirmed that it either already has produced all documents Biering identified or will search for one remaining document. *See* Ex. D.

[8]    *See* JPMS 27214-27216. Under the Parties' Confidentiality Agreement, these documents were marked "Confidential." As such, Biering will not file these documents (as well as others cited herein) as exhibits to this Second Motion, but Biering will be prepared to present them at the prehearing conference and/or is willing to send copies to the case administrator for the Chair's review.

[9]    *See, e.g.*, JPMS 23397.

[10]    *See, e.g.*, JPMS 25396.

---

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

By withholding documents and communications relating to the Inve "privileged," JPMS improperly seeks to use Investigation as both a "sword" and a "shield."[11] Specifically, JPMS intends to use the Investigation as a "sword" in defending against Biering's claims by contending that JPM's Investigation supported the disclosures that JPMS made on Biering's U5. On the other hand, JPMS is trying to "shield" aspects of that same Investigation by withholding critical information as "privileged." JPMS cannot have it both ways. If JPMS intends to rely upon the Investigation *at all* in this case, then Biering is entitled to a full production of documents relating to the Investigation. Alternatively, and at a minimum, JPMS should be required to produce a privilege log for any documents relating to the Investigation that it seeks to withhold. JPMS, however, has refused to produce unredacted documents or provide a privilege log.

## B.   All documents relating to Claimant's departure from JPM

One of Biering's key positions in this case is that he *resigned* from JPM, and therefore documents and communications relating to Biering's resignation (and the reasons for same) are critical to this case. Further, JPM's efforts to redistribute and retain Biering's clients upon his departure are directly related to Biering's allegations regarding JPM's U5 markings and Biering's alleged damages. As such, Biering still needs the following categories of documents relating to his departure from JPM:[12]

- Communications regarding where Biering might be working next.

---

[11]    "[W]hen a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), [it] implicitly waives its use protectively (the shield) under that privilege." *Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005).

[12]    Biering also identified additional categories of needed documents, which JPM has indicated it has already produced or will produce upon further searches. *See* Ex. C. Again, Biering reserves the right to raise these additional items as well if deficiencies remain or if internal JPM communications are improperly withheld or redacted on the basis of privilege.

SECOND MOTION TO COMPEL DISCO                    PONSES                    PAGE

G.07-007                                                                                    584

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

- Documents and communications regarding redistributing and/or retaini

   clients after his departure.

1. <u>Basis for Above-Listed Documents</u>:

Biering alleges—and JPMS's own production establishes—that JPM was aware that Biering was interviewing and planned to join a competitor (*i.e.*, Merrill Lynch). Biering further alleges that Merrill Lynch pulled its job offer to Biering once it learned that JPM intended to mark "Discharged" on Biering's U5. *See id.* ¶ 52.[13] Based on JPM's production to date, JPM has already admitted that it *knew* that Biering indeed planned to join a competitor. Specifically, *on the same day as Biering's resignation,* ████████ (an HR executive at JPM) specifically said that she believed that Biering's "resignation is likely to go work for . . . ML [Merrill Lynch] or MS [Morgan Stanley] so we should amend the U4 asap as he likely just cleared background."[14]

Now, however, JPMS claims that it should not have to produce any other communications regarding where Biering might go to work after resigning from JPM because this information is supposedly not within the scope of Biering's discovery requests. *See* Ex. C. Not so. First of all, JPMS mistakenly suggests that the only request that relates to this issue is Biering's Request No. 21, which seeks documents and communications regarding Biering's discussions with Merrill Lynch, including, *but not limited to*, Biering's meeting with Merrill Lynch on or around October 26, 2023. *See id.* In actuality—and aside from the fact that the Chair already ***ordered*** JPMS to produce *all* documents relating to Biering's departure—Biering served multiple discovery requests for documents relating to or referencing the fact that Biering resigned (*i.e.*, Request Nos. 5-6). To

---

[13]    Biering also alleges that other firms rescinded their offers to Biering and/or stopped considering him. *See* SOC ¶¶ 53-54.

[14]    *See* JPMS 27083.

SECOND MOTION TO COMPEL DISCO     PONSES     PAGE

585

G.07-008

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

that end, the above e-mail from Ms. ▓▓▓ plainly connects the dots between Biering'

(*i.e.*, the literal reason for Biering's departure) and where he would be working next.[15]

Even worse, JPMS contends that, because it asserted objections to Request No. 21 and only

agreed to conduct an e-mail search of ▓▓▓▓▓▓'s, ▓▓▓▓▓'s,[16] and Biering's JPM e-

mail accounts from October 1, 2023, through October 31, 2023, JPMS complied with its unilateral

limitation to Biering's discovery request and therefore there is nothing to compel. *See* Ex. C. Also

incorrect. In Biering's First Motion to Compel, he already outlined JPMS's numerous, unilateral

limitations to Biering's entitlement to obtain relevant documents. In response, the Chair ordered

JPMS to produce *all documents relating to Biering's departure*. Even if JPMS's unilateral

limitations to Request No. 21 were somehow justified (they are not), the e-mail from Ms. ▓▓▓

referencing Biering's plans to work for Merrill Lynch was not even found via a search of

▓▓▓▓▓'s, ▓▓▓'s, or Biering's e-mail accounts because *none* of them were even copied

on this e-mail.[17] Thus, JPMS's own document production establishes that its unilateral limitations

to Request No. 21 (among others) would have prevented Biering from obtaining a *critical*,

responsive communication from Ms. ▓▓▓. JPMS's excuse that it supposedly complied with

Request No. 21 should therefore be rejected.

Further, JPMS objects to producing documents and communications regarding

redistributing and/or retaining Biering's clients after his departure, contending that this request is

---

[15]    To that end, Biering alleges that once his offer from Merrill Lynch was rescinded (and other similar firms ceased considering him for employment), the "Discharged" marking on Biering's U5 precluded him from getting a job at a large wirehouse with similar capabilities. *See* SOC ¶¶ 52-59. Biering's current employer, however, does not have many of those same capabilities, which caused clients to decline to following Biering to his new firm.

[16]    As set forth in previous pleadings, ▓▓▓▓▓ and ▓▓▓▓ were superiors of Biering, both of him had direct personal knowledge of Bieri    sign    M.

[17]    *See* JPMS 27083.

---

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

overly broad, unduly burdensome, disproportionate to the needs of this case, and irre

subject matter of this case. *See* Ex. C. JPM's objections are baseless. In his Statement of Claim,

Biering repeatedly alleges that, while he was on Garden Leave (because he *resigned*), JPM

conducted a bogus investigation, which ultimately resulted in false and defamatory markings on

his U5, and both JPM's witch hunt and weaponization of Biering's U5 were designed to tarnish

Biering's reputation and retain his clients. *See, e.g.,* SOC ¶¶ 6, 8-11.

Notably, on the day that Biering resigned, the same JPM HR executives who knew that

Biering was planning to join a competitor had *already* decided that Biering's departure would

almost certainly be changed to a "term for cause."[18] JPM's production to date shows that, two days

later, ▮▮▮▮ (Biering's manager) was working to redistribute Biering's clients.[19] However, JPM

improperly withheld the document attached to ▮▮▮▮'s e-mail, entitled "Biering Book

Analysis,"[20] which appears to show how JPM distributed Biering's clients upon his departure and

therefore directly goes to this very issue. Even worse, Biering specifically alleges that JPM

disparaged him to XYZ ▮▮▮▮ executives upon his departure, but there are no documents or

communications regarding JPM's efforts to retain XYZ ▮▮▮▮ as a client. *See* SOC ¶ 45.

JPM's efforts to retain Biering's clients, including disparaging comments made by JPM

employees to many of those same clients, are directly relevant to Biering's departure. Based on

the above e-mail from Ms. ▮▮▮▮, it is further without question that JPM knew that Biering's

---

[18]     *See* JPMS 27073.

[19]     *See* JPMS 28663.

[20]     *See* JPMS 28664.

[21]     XYZ ▮▮▮▮ (a pseudonym to preserve client confidentiality) is a $3.5 billion ▮▮▮▮ rollup, which Biering spend months servicing and onboarding to JPM. *See* SOC ¶¶ 20-22. Through Biering's hard work and personal relationship with XYZ ▮▮▮▮ CEO, Biering secured the loyalty of top executives of XYZ ▮▮▮▮ received high-value referrals from their leadership team, and negotiated a $10 million private stock secured line of credit for XYZ ▮▮▮▮ CEO (despite internal resistance and political hurdles imposed by JPM). *See id.*

---

SECOND MOTION TO COMPEL DISCO        PONSES        PAGE

G.07-010

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

departure was tied to his desire to join a competitor, and JPM immediately took

interfere with Biering's ability to do so, and (2) ensure that Biering's clients would not follow him. JPM should therefore be compelled to produce all communications regarding where Biering might be working next and all documents and communications regarding JPM's efforts to retain Biering's clients.

2. <u>Improper Redactions and Request for a Privilege Log:</u>

In addition, JPMS produced various communications after Biering's departure (specifically, during January and February 2024) relating to the purported security measures that JPM put in place at the Fort Worth office after Biering contacted various JPM employees. Numerous of these communications are improperly redacted as "privileged," despite that no privilege applies.

As an initial matter, Biering fails to see how these communications are relevant to any aspect of this case. However, to the extent that JPMS intends to introduce any evidence regarding the security measures that its employees put in place at the Fort Worth office, then Biering is entitled to a proper, complete production of these documents. But JPM has refused to (1) certify that it does not intend to use any of these communications at the Final Hearing or (2) remove the redactions to these e-mails.

Based on the inconsistent redactions that JPMS applied to these communications, Biering can plainly tell that *numerous* of the redactions are improper. For example, in one e-mail chain, ▮▮▮▮▮▮▮, Chris Magee (a Threat Manager for JPM's Global Security department), and various other JPM employees discussed a text message that one JPM employee received from Biering and the related security measures they planned to institute as a result. While an attorney is copied, the unredacted versions of this e-mail chain reveal that JPM employees are simply

SECOND MOTION TO COMPEL DISCO          PONSES                              PAGE

G.07-011                                                                            588

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

discussing how they would prevent Biering from entering the Fort Worth office (*e.g.*, card reader at the entrance was engaged in the lock position upon arrival."). Absolutely nothing about these communications is protected by the attorney-client privilege.[22]

Clearly, JPMS produced these communications for no purpose other than to paint Biering in a negative light at the Final Hearing. Then, JPMS inexplicably redacted many of these communications as "privileged" to ensure that it could have total control over its irrelevant, baseless narrative. This is ridiculous. If JPMS is going to attempt to present some kind of side show regarding Biering's conduct after he left JPM, then JPMS cannot withhold some of these communications as purportedly privileged, especially when—based on the inconsistent, baseless redactions that JPMS has already made—the Chair should have no reason to trust JPMSA's privilege assertions. Alternatively, Biering asks that the Chair require JPMS to provide a privilege log so that Biering can assess the validity of JPMS's purported privilege assertions.[23]

C.    **All documents relating to Claimant's employment and job performance**

The Chair also ordered that JPMS produce all documents relating to Biering's employment and job performance. However, JPMS has not produced and refuses to produce the following categories of documents relating to Biering's employment and job performance, each of which is essential to support Biering's alleged damages:

- A summary of AUM and historical household revenues that JPM received on accounts / clients ever serviced by Biering, both before and after Biering's departure (with no

---

[22]    *See* JPMS 25919-25926 vs. JPMS 25931-25939.

[23]    In addition, it should not be up to Biering to identify all of the communications that *JPM* either improperly or inconsistently redacted. To impose additional obligations on Biering when he is not the one responsible for JPM's redactions—especially on the eve of trial—would be improper.

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

redactions to client names),[24] including but not limited to, XYZ Dent Energy Partners.[25]

- Documents and communications evidencing Biering's pipeline / anticipated new business opportunities at the time of his departure.

- Several specific documents relating to critical clients in Biering's pipeline at the time of his departure, including: (1) the XYZ ███ Cap Table from Q2/Q3 of 2023; (2) the "Dr. XYZ Proposal" dated March 16, 2023; (3) the Dr. XYZ Credit Approval Memorandum (drafts and final version) from November 2022; and (4) the Credit Approval Memorandum for the Private Stock XYZ ███ Secured Line of Credit increase from $10 million to $20 million in approximately November or December 2023.

JPMS has objected to producing the above-listed documents, asserting that these requests are overly broad, unduly burdensome, disproportionate to the needs of this action, and irrelevant to the subject matter of this case. *See* Ex. C. Even worse, and unbelievably, with respect to a summary of the AUM and historical household revenues received on client accounts ever serviced by Biering both before and after Biering's departure, JPMS maintains that this information is "not in the possession, custody or control of JPMS." *See id.*

---

[24]    JPM is known to redact client names from these types of documents. However, these clients were serviced by Biering while he was at JPM, and therefore he already knows the clients' names. Further, there is a Confidentiality Agreement governing this case, which properly and adequately protects the identities of JPM's current and former clients.

[25]    XYZ Energy Partners (a pseudonym to preserve client confidentiality) is a $1.5 billion Fort Worth-based oil and gas exploration company. *See* SOC ¶ 20. Biering secured a significant opportunity with XYZ Energy Partners, which involved over $400 million in new AUM from XYZ Energy Partners' co-founders. *Id.* ¶ 23. Further, Biering was instrumental in positioning XYZ Energy Partners for its eventual sale, introducing a $150 million lending deal to Biering's investment bank colleagues. *Id.*

SECOND MOTION TO COMPEL DISCO          PONSES          PAGE

G.07-013          590

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

First of all, JPMS clearly has the ability to produce a summary of the requeste

historical household revenues associated with *JPM* clients ever serviced by Biering. The Chair has

already ruled that documents supposedly in the possession of JPMS's affiliates (*i.e.*, JPMorgan

Chase and Chase Bank) *are* in JPMS's possession as well and are therefore subject to production

in this case. As such, JPMS's objection has already been overruled and is therefore groundless.

Moreover, the requested documents regarding AUM/historical household revenues,

Biering's pipeline at the time of his departure, and the specific documents relating to XYZ █████

are undoubtedly relevant to Biering's employment, job performance, and, most importantly,

Biering's alleged damages in this case. While at JPM, Biering's job performance was measured

by various metrics, which specifically included revenues generated and new business

opportunities. With respect to new business opportunities, Biering has specifically alleged that

JPM required him to maintain a "pipeline" of new business opportunities, which was reviewed

monthly by management. *See* SOC ¶ 20. Biering further alleged that he had *significant* new

business opportunities in his pipeline at the time of his departure, including clients that planned to

follow Biering to his new firm. *See id.* ¶¶ 10, 20-21, 23, 45. However, once Biering resigned and

JPM caught wind that Biering was planning to join a competitor, JPM scrambled to maintain these

significant clients, going as far as mismarking and weaponizing Biering's U5 to ensure that these

clients would not follow Biering to any new firm. *See id., e.g.,* ¶¶ 6, 8-11, 36, 46. Due to JPM's

decision to tarnish Biering's reputation and interfere with his career, Biering received zero

compensation for obtaining and onboarding these clients, and he has further sustained significant

damages by being unable to service these clients at a firm with comparable capabilities to Merrill

Lynch. *See id.* ¶¶ 25, 52, 56, 58-59, 107.

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Therefore, JPMS's assertion that the above-listed documents have no relevanc

is utterly baseless.[26] JPMS *knows* that Biering sustained and therefore seeks significant damages

in this case, yet JPMS refuses to produce documents relating to Biering's employment and job

performance—all of which are necessary to support Biering's alleged damages. JPMS should

therefore be compelled to immediately produce the above-listed documents relating to Biering's

employment and job performance.

### BIERING'S REQUEST FOR A PRIVILEGE LOG

For the reasons discussed above, to the extent that JPM is not ordered to produce

unredacted versions of the documents improperly withheld as privileged, Biering requests that

JPMS be required to provide a privilege log that describes each purportedly privileged document

or communication that is being withheld so that Biering can access the validity of JPMS's

purported privilege assertions.

### CONCLUSION

Therefore, Biering respectfully requests that JPMS be compelled to fully comply with the

Chair's May 8 Order and immediately produce the documents discussed above. Further, Biering

requests that the Chair require JPMS to promptly produce unredacted documents relating to the

Investigation and Biering's departure from JPM. Alternatively, Biering requests a privilege log

regarding each item that was either withheld or redacted on the basis of privilege. Biering further

requests that the Panel grant him such other and further relief to which he may be justly entitled.

---

[26]    It should also be noted that JPMS has acknowledged that documents relating to XYZ ▮▮▮▮ are relevant to this case, as JPMS has already produced some documents and communications relating to XYZ ▮▮▮▮ However, the documents produced to date are few in number and deal with day-to-day business items, which JPMS appears to have hand-selected to make it seem like JPMS is complying with its discovery obligation when, in realty, JPMS is precluding Biering from seeing the critical XYZ ▮▮▮▮ documents and communications that he actually requested.

ŞECOND MOTION TO COMPEL DISCO            PONSES            PAGE

G.07-015

592

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

Respectfully submitted,

**IACUONE MCALLISTER POTTER PLLC**

By:  /s/ Joshua J. Iacuone
Joshua J. Iacuone
Texas State Bar No. 24036818
Anna Olin Richardson
Texas State Bar No. 24102947
4925 Greenville Ave., Ste. 700
Dallas, Texas 75206
Telephone: (214) 960-2832
Email:  josh@imcplaw.com
anna@imcplaw.com

**ATTORNEYS FOR CLAIMANT**

## CERTIFICATE OF CONFERENCE

Pursuant to FINRA Rules, before this Second Motion was filed, efforts were made to resolve the subject matter of this Second Motion with JPMS's counsel. Specifically, as set forth above, counsel for the parties had one telephone conference and exchanged multiple e-mails. While the Parties have reached agreements on a number of items, the issues that are the subject of this Second Motion could not be resolved. Accordingly, it was necessary to file this Second Motion and receive rulings from the Chair. Of course, if any additional agreements are reached before the hearing on this Motion, Claimant will file an amended Certificate of Conference to so reflect same.

/s/ Joshua J. Iacuone
Joshua J. Iacuone

## CERTIFICATE OF SERVICE

This pleading is being served upon all counsel of record in the DR Portal on the date recorded therein, and all other interested persons as set-forth herein.

/s/ Joshua J. Iacuone
Joshua J. Iacuone

SECOND MOTION TO COMPEL DISCO          PONSES          PAGE

G.07-016                                                                    593

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

# EXHIBIT A

G.07-017

594

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc


## ORDER

**Submitted By:** Eric Cromartie (On behalf of the arbitration panel)
**Submitted Date:** 05/08/2025 11:02:20 AM ET

**Case ID & Parties:**
*FINRA Dispute Resolution Services*
ORDER

**Case Number:** 24-01208

**In the Matter of the Arbitration Between**

| Claimant(s) | VS | Respondent(s) |
|---|---|---|
| Joshua D Biering | | J.P. Morgan Securities, LLC |
| | | JPMorgan Chase & Co. |
| | | JPMorgan Chase Bank, N.A |

## PREHEARING CONFERENCE

1. Was a prehearing conference held in the above captioned matter?
   ● **Yes**
   ○ No

a. Prehearing conference date:
A prehearing conference was held in the above captioned matter on ***05/08/2025*** at ***09:00 AM Central Time Zone***

b. The following arbitrator(s) participated in the hearing:
Chairman: Eric Cromartie(Participated ☑)

Panelist: Tanner Forman(Participated ☐)

Panelist: Christine Rister(Participated ☐)

c. The following party representatives participated in the hearing:
Identify Claimant Representatives:

| *Anna Richardson* |
|---|

Identify Respondent Representatives:

| *Jeffrey Dunlap and Emma Tomsick* |
|---|

d. FINRA Dispute Resolution Services staff attendee:
   ● **The following FINRA Dispute Resolution Services Staff person participated in the hearing:**
   ***Kareem Denny***
   ○ Not applicable

G.07-018                                                                                          ⌐ ⌐ ⌐ 595

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\0

## ISSUES ADDRESSED

2. Issues addressed: (i.e., name of motion or request, by which party)
- **The following submissions have been addressed:**

> *Claimant's motion to compel and related filings.*

## ORDER DECIDED BY

3. Decided by:
- **Chairperson**
- ○ Panel

## RULINGS

4. Rulings:
- **After considering the parties' submissions (and oral arguments, if prehearing conference held), the Panel/Chairperson rules as follows:**

> *Respondent J.P. Morgan Securities, LLC ("JPM") will produce all of the following documents in its possession, custody or control, which will include responsive documents in the possession of its affiliates named in the caption but not participating in this arbitration - as used in this Order, JPM will include JPM and the affiliates referenced above:*
>
> *1. all documents relating to Clamant's departure from JPM;*
>
> *2. all documents relating to JPM's investigation of Claimant;*
>
> *3. all documents providing the basis for JPM's statements on Claimant's U5;*
>
> *4. all documents relating to Claimant's employment and job performance;*
>
> *5. all documents relating to Claimant's request that JPM pay Claimant's attorneys' fees in an expungement matter (Claimant will also produce all such documents);*
>
> *6. JPM will produce its policies relating to the generation and content set forth in U5s in effect for the last two years;*
>
> *7. Both parties will produce all documents that they intend to rely upon to support their cases or defenses in the final hearing herein;*
>
> *8. At or prior to the time set for compliance with this order, counsel will certify that the documents agreed or ordered to be produced in this proceeding have been produced.*
>
> *9. The parties will comply with this order within 60 days of its entry.*

5. Order compliance date:
- **The parties should comply with this order by _07/07/2025_**
- ○ Not applicable

G.07-019

596

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\0

## ASSESSMENT OF FEES

6. Cost of prehearing conference:

● **If the parties settle this matter with no further hearings, the forum fees prehearing conference (or discovery-related motion decided without a prehearing conference) are assessed as follows:**

_____**% to Claimant(s), jointly and severally**

*100***% to Respondent(s), jointly and severally**

_____**% assessed to** _____

_____**% assessed to** _____

_____**% assessed to** _____

_____**% assessed to** _____

○ Not applicable

## ATTACHMENTS

There are no attached documents.

G.07-020

597

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\

# EXHIBIT B

G.07-021

598

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

| | |
|---|---|
| **From:** | Anna Richardson |
| **To:** | Henderson, Sarah; Dorland, Sara |
| **Cc:** | Joshua Iacuone; Dunlap, Jeffrey |
| **Subject:** | Biering/JPM - Summary of Meet-and-Confer |
| **Date:** | Tuesday, July 22, 2025 5:25:00 PM |
| **Attachments:** | JPMS 27214-27217.pdf |
| | JPMS 23426-23428.pdf |
| | JPMS 23423-23425.pdf |

Sarah/Sara,

Thanks again for the call today. Below is a list of the items we discussed (with the addition of one document relating to the ▮▮▮▮ investigation and one privilege/redaction issue relating to Biering's departure). These are organized based on the categories in the Chair's order.

As discussed, given the fast-approaching Final Hearing date, we need to move forward with another motion to get before the Chair as soon as possible. We plan to file a motion on Friday for any items that aren't resolved. However, we of course remain willing to continue conferring, and we'll file an amended certificate of conference for any items that are resolved before the hearing.

- All documents providing the basis for JPM's statements on Claimant's U5
  - Produce the following (or confirm you have thoroughly searched and there are no documents):
    - Communications between JPM employees (i.e., HR, etc.) and JPMS "Registration" employees re: the language on Biering's U5 (*i.e.,* ▮▮▮▮ ▮▮▮▮, ▮▮▮▮, and/or others, either using their JPM email account or the general account: compliance.registration@jpmorgan.com). There are only a few that were produced.
    - Prior / temporary drafts or working markings (or discussions re: same) for the language on Biering's U5.
  - There are redactions in emails involving JPMS employees (*e.g.,* ▮▮▮▮, ▮▮▮▮ ▮▮▮▮, ▮▮▮▮). Aside from references to other employees/investigations, we need unredacted communications or a privilege log, as we're entitled to know the underlying information that JPMS employees were given, considered, etc., to make the "Discharged" marking and corresponding description.

- All documents relating to JPM's investigation of Claimant
  - Produce the following (or confirm you have thoroughly searched and there are no documents):
    - Once ▮▮▮▮ made her complaint, documents/communications showing the process for how management and HR responded and internally treated the investigation. For example, there are emails indicating that ▮▮▮▮ first made her complaint re: Biering to ▮▮▮▮, who then reported to ▮▮▮▮, but

G.07-022

▮ ▮ )  599

neither ███████ nor ██████ is on any of these emails.

- To that end, communications between █████ and █████████, inclu ██████'s report of her complaint and any other discussions they had about Biering from October 23 through October 27. In connection with ██████ making her complaint, we have reason to believe that █████ and ██████████ specifically discussed Biering's plans to resign.

- There is one other document I forgot to mention on our call. We saw from other documents that ████████ notified Global Security that he completed his investigation on November 8, 2023 (specifically, from Muraira's investigation summary), but that notification was not produced.

  ○ There are redactions in emails involving █████████████' investigation and/or Nadia Muraira's investigation. None of these should be redacted for privilege, regardless of whether an attorney is copied. Attached are a couple examples. One has both ██████' Opening Memo and Closing Memo fully redacted. The other two emails have ██████' Opening Memo redacted, as well as portions of subsequent emails exchanged between non-lawyers (given that these redactions are inconsistent, we can also see some of Ginzburg's email that's improperly redacted in the other email). As discussed, though, to the extent JPM redacted references to other employees / investigations, we aren't seeking that information. There are also redactions in emails between HR individuals (like ████████ and ██████████), some on which no lawyer is copied and others on which Tidwell-Neal is copied, involving the investigations. Let us know your position on whether JPM will provide unredacted communications re: these investigations.

- All documents relating to Claimant's departure from JPM
  ○ Produce the following (or confirm you have thoroughly searched and there are no documents):
    - All internal emails referencing the fact that Biering resigned, submitted his resignation, planned to resign, etc. Only a few have been produced.

    - All Teams/Skype messages referencing the fact that Biering resigned, submitted his resignation, planned to resign, etc. We know JPM employees use instant messaging platforms like these (and was perhaps switching from one to the other in or about Fall 2023), but none have been produced.

    - Documents and communications regarding Biering's meeting with ████████████ and ████████ on October 24, 2023, to inquire about Biering's resignation options. *See* SOC ¶ 33.

    - Communications re: where Biering might be working next. In discussing Biering's departure, ████████████ specifically references that Biering might be joining Merrill Lynch and Morgan Stanley, but that's all we see.

G.07-023

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

- Documents and communications re: redistributing and/or retaining clients after his departure. For example, on October 30, 2023, we se ███████ was working to redistribute Biering's clients, but the attachme "Biering Book Analysis") was improperly withheld as non-responsive. *See* JPMS 28664. We also specifically allege that JPM disparaged Biering to ███ executives upon Biering's departure, but there are no documents or communications re: JPM's attempts to retain ████████  *See* SOC ¶ 45.

- Documents and communications re: Biering's garden leave and his obligations during same. We saw the Notice Period Policy and some communications re: Biering's garden leave, but please confirm that everything was produced.

- Communications between Biering and ████████, ██████, and/or ████████ re: Biering's complaints of lack of support or requests for assistance (which we allege contributed to Biering's decision to resign). *See* SOC ¶¶ 28-31. To narrow it down, we anticipate responsive communications would be from March 1, 2023, through October 26, 2023, and include: (i) feedback/complaints from Biering to ████████ and/or ████████ re: inadequate support from Investment Specialists (especially ████████ and/or Kevin "Scott" ████), and (ii) an email from Biering, and corresponding email chain, with the phrase "I NEED HELP."

  - I also forgot to mention this on our call, but we noticed various redactions in emails after Biering's departure relating to security measures that JPM put in place, Biering's contact with JPM employees, and ████████'s investigation of Biering's complaints. If JPMS plans to use any of these communications during the Final Hearing, then we're going to ask for a privilege log for any redacted communications for which we could not locate an unredacted version. Because there are inconsistent redactions applied, we can tell that numerous of the redactions were improper, such as (for example) discussions re: Biering's text messages to ████████, discussions re: the email redirect JPM put in place for emails from Biering, and discussions re: ████████ updating Biering on the outcome of her investigation. For an example of inconsistent redactions, *see* JPMS 25919-25926 vs. JPMS 25931-25939.

- All documents relating to Claimant's employment and job performance
  - Biering's Scorecards for the months ending September 2021, September 2022, and September 2022, unredacted.
  - Peer Review 360 Feedback for Biering.
  - A summary of AUM and historical household revenues JPM received on accounts / clients ever serviced by Biering, both before and after Biering's departure (with no redactions to client names). Please make sure ████████ and ██ Energy Partners

G.07-024

601

4:26-cv-00381-O
*Biering v. JPMS, et al.*

are included.

- ○ Documents and communications evidencing Biering's pipeline / anticipate business opportunities at the time of his departure. *See* SOC ¶¶ 10, 20-21, 23. This information was reviewed monthly by management. *See* SOC ¶ 20. These documents should also show ███ ██ and ████████ Partners in Biering's pipeline. *See* SOC ¶¶ 10, 20-21, 23. This information is relevant to both Biering's metrics and damages.

  - ○ To that end, some ████ documents and communications were produced, but not all. To narrow it down, here are the documents we specifically need: the ███ ████ Cap Table from Q2/Q3 2023; the "Dr. ██████ Proposal" dated March 16, 2023; the Dr. ██████ Credit Approval Memorandum (drafts & final version) from November 2022; and the Credit Approval Memorandum for the Private Stock ███ Secured Line of Credit increase from $10 million to $20 million in approximately November or December 2023.

- ● All documents relating to Claimant's request that JPM pay Claimant's attorneys' fees in an expungement matter

  - ○ Produce or confirm that you have thoroughly searched and that there is nothing in writing or that's discoverable.

- ● JPM's policies relating to the generation and content set forth in U5s in effect for the last two years
  - ○ Produce any formal policies (or confirm that none exist).
  - ○ If no formal policies exist, produce documents sufficient to show the applicable procedures that JPM uses relating to the generation and content set forth in U5s.

Thanks,
Anna

Anna Olin Richardson
**Iacuone│McAllister│Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

G.07-025

602

4:26-cv-00381-O
Biering v. JPMS, et al.

# EXHIBIT C

G.07-026

603

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

| From: | Anna Richardson |
|---|---|
| To: | Dorland, Sara |
| Cc: | Dunlap, Jeffrey; Henderson, Sarah; Joshua Iacuone |
| Subject: | RE: Biering/JPM - Summary of Meet-and-Confer |
| Date: | Friday, July 25, 2025 10:27:00 AM |

Hi Sarah,

We appreciate you getting back to us. Since we weren't able to reach agreements on all items, as I said below, we're going to proceed with filing a motion today on those unresolved items. With respect to the items for which JPM agreed to conduct additional searches, we ask that those searches be conducted and that all documents be produced within 10 days. We also ask that the privilege log for the docs related to Biering's U5 be provided within 10 days. We'll note in our motion that we've made these requests.

One point of clarification: for the categories for which you indicated that JPM has already "produced all non-privileged documents responsive to this request," are you also saying that documents are being withheld on the basis of privilege? To be clear, I'm not asking about JPM's discussions with your firm. But if internal JPM communications are being withheld for any of these items, let us know.

Thanks,
Anna

Anna Olin Richardson
**Iacuone│McAllister│Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

**From:** Dorland, Sara <sdorland@ubglaw.com>
**Sent:** Friday, July 25, 2025 8:23 AM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Dunlap, Jeffrey <jdunlap@ubglaw.com>; Henderson, Sarah <shenderson@ubglaw.com>; Joshua Iacuone <josh@imcplaw.com>
**Subject:** RE: Biering/JPM - Summary of Meet-and-Confer

Hi Anna,

G.07-027

604

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

As a general matter, JPMS objects to Claimant's attempt in the below requests to br
Claimant's document requests beyond those specifically set forth in Claimant's De
2024 Requests for Documents and Information. The Chair's May 8, 2025 Order was not
intended to permit Claimant to discover documents that it did not request in its written
discovery requests.  We have responded to each individual request below in red.

Thank you,
Sara

------

Sara Dorland
Associate
UB Greensfelder LLP
D  216.583.7364
M 216.347.0688

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Tuesday, July 22, 2025 6:25 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>; Dorland, Sara <sdorland@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** Biering/JPM - Summary of Meet-and-Confer

Sarah/Sara,

Thanks again for the call today. Below is a list of the items we discussed (with the addition of
one document relating to the ███████ investigation and one privilege/redaction issue relating
to Biering's departure). These are organized based on the categories in the Chair's order.

As discussed, given the fast-approaching Final Hearing date, we need to move forward with
another motion to get before the Chair as soon as possible. We plan to file a motion on Friday
for any items that aren't resolved. However, we of course remain willing to continue
conferring, and we'll file an amended certificate of conference for any items that are resolved
before the hearing.

- All documents providing the basis for JPM's statements on Claimant's U5
  - Produce the following (or confirm you have thoroughly searched and there are no
    documents):
    - Communications between JPM employees (i.e., HR, etc.) and JPMS
      "Registration" employees re: the language on Biering's U5 (*i.e.,* ███████
      ███████, ███████, and/or others, either using their JPM email
      account or the general account:
      compliance.registration@jpmorgan.com). There are only a few that were

G.07-028

605

produced. JPMS will conduct a search for additional responsive documents.

- Prior / temporary drafts or working markings (or discussions re: same) for the language on Biering's U5. JPMS will conduct a search for additional responsive documents.

- There are redactions in emails involving JPMS employees (*e.g.,*  ████, ████, ████, ████). Aside from references to other employees/investigations, we need unredacted communications or a privilege log, as we're entitled to know the underlying information that JPMS employees were given, considered, etc., to make the "Discharged" marking and corresponding description. JPMS will provide a privilege log for redacted documents related to Claimant's Form U5.

- All documents relating to JPM's investigation of Claimant
  - Produce the following (or confirm you have thoroughly searched and there are no documents):
    - Once ████ made her complaint, documents/communications showing the process for how management and HR responded and internally treated the investigation. For example, there are emails indicating that ████ first made her complaint re: Biering to ████, who then reported to ████, but neither ████ nor ████ is on any of these emails. JPMS has already searched for and produced all non-privileged documents responsive to this request.

    - To that end, communications between ████ and ████, including ████'s report of her complaint and any other discussions they had about Biering from October 23 through October 27. In connection with ████ making her complaint, we have reason to believe that ████ and ████ specifically discussed Biering's plans to resign. JPMS has already searched for and produced all non-privileged documents responsive to this request.

    - There is one other document I forgot to mention on our call. We saw from other documents that ████ notified Global Security that he completed his investigation on November 8, 2023 (specifically, from Muraira's investigation summary), but that notification was not produced. JPMS will conduct a search for this document.

  - There are redactions in emails involving ████' investigation and/or Nadia Muraira's investigation. None of these should be redacted for privilege, regardless of whether an attorney is copied. Attached are a couple examples. One has both ████' Opening Memo and Closing Memo fully redacted. The

G.07-029

606

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

other two emails have ▇▇▇▇' Opening Memo redacted, as well as p subsequent emails exchanged between non-lawyers (given that thes redactions are inconsistent, we can also see some of Ginzburg's em improperly redacted in the other email). As discussed, though, to the extent JPM redacted references to other employees / investigations, we aren't seeking that information. There are also redactions in emails between HR individuals (like ▇▇▇▇ and ▇▇▇▇), some on which no lawyer is copied and others on which Tidwell-Neal is copied, involving the investigations. Let us know your position on whether JPM will provide unredacted communications re: these investigations. JPMS will not provide unredacted copies of documents redacted for privilege.

- All documents relating to Claimant's departure from JPM
  - Produce the following (or confirm you have thoroughly searched and there are no documents):
    - All internal emails referencing the fact that Biering resigned, submitted his resignation, planned to resign, etc. Only a few have been produced. JPMS has already searched for and produced all non-privileged documents responsive to this request.

    - All Teams/Skype messages referencing the fact that Biering resigned, submitted his resignation, planned to resign, etc. We know JPM employees use instant messaging platforms like these (and was perhaps switching from one to the other in or about Fall 2023), but none have been produced. JPMS will conduct a search for additional responsive documents.

    - Documents and communications regarding Biering's meeting with ▇▇▇▇ and ▇▇▇▇ on October 24, 2023, to inquire about Biering's resignation options. *See* SOC ¶ 33. JPMS has already searched for and produced all non-privileged documents responsive to this request.

    - Communications re: where Biering might be working next. In discussing Biering's departure, ▇▇▇▇ specifically references that Biering might be joining Merrill Lynch and Morgan Stanley, but that's all we see. Claimant's Request for Production No. 21 sought "All Documents and/or Communications regarding Claimant's discussions with Merrill Lynch, including, but not limited to, any reference to Claimant's meeting with Merrill Lynch on or about October 26, 2023." In response to that request, JPMS agreed to search for responsive documents in John ▇▇▇▇, ▇▇▇▇, and Claimant's JPMorgan email accounts during the time period of October 1, 2023 through October 31, 2023. JPMS has already

G.07-030

607

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

produced responsive documents that it located through that se request here for "Communications re: where          might be w next" broadens your demand beyond any written request in your December 6, 2024 Requests for Documents and Information. JPMS objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, and seeks documents that are not relevant to the subject matter of this arbitration. JPMS does not agree to conduct any additional searches in response to this request.

- Documents and communications re: redistributing and/or retaining Biering's clients after his departure. For example, on October 30, 2023, we see that ████████ was working to redistribute Biering's clients, but the attachment (titled "Biering Book Analysis") was improperly withheld as non-responsive. *See* JPMS 28664. We also specifically allege that JPM disparaged Biering to ██ ██ executives upon Biering's departure, but there are no documents or communications re: JPM's attempts to retain ██ ██ *See* SOC ¶ 45. JPMS stands on its objection to Claimant's Request for Production No. 71. JPMS objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. JPMS further objects to this Request on the grounds that it seeks documents that are not relevant to the subject matter of this arbitration and documents that are not in the possession, custody or control of JPMS. For the avoidance of doubt, JPMS does not agree to produce the spreadsheet located at JPMS 28664.

- Documents and communications re: Biering's garden leave and his obligations during same. We saw the Notice Period Policy and some communications re: Biering's garden leave, but please confirm that everything was produced. JPMS has already searched for and produced all non-privileged documents responsive to this request.

- Communications between Biering and ████████, ██████, and/or ██████████ re: Biering's complaints of lack of support or requests for assistance (which we allege contributed to Biering's decision to resign). *See* SOC ¶¶ 28-31. To narrow it down, we anticipate responsive communications would be from March 1, 2023, through October 26, 2023, and include: (i) feedback/complaints from Biering to ████████ and/or ██████ re: inadequate support from Investment Specialists (especially ████████ and/or Kevin "Scott" ████), and (ii) an email from Biering, and corresponding email chain, with the phrase "I NEED HELP." JPMS will

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

conduct a search for additional responsive documents.

- ○ I also forgot to mention this on our call, but we noticed various redacti emails after Biering's departure relating to security measures that JPM place, Biering's contact with JPM employees, and ███████████'s investigation of Biering's complaints. If JPMS plans to use any of these communications during the Final Hearing, then we're going to ask for a privilege log for any redacted communications for which we could not locate an unredacted version. Because there are inconsistent redactions applied, we can tell that numerous of the redactions were improper, such as (for example) discussions re: Biering's text messages to ██████████, discussions re: the email redirect JPM put in place for emails from Biering, and discussions re: ██████████ updating Biering on the outcome of her investigation. For an example of inconsistent redactions, *see* JPMS 25919-25926 vs. JPMS 25931-25939. JPMS will not remove redactions from privileged material. JPMS can remove inconsistent redactions from any non-privileged material that you identify to us prior to the hearing.

- All documents relating to Claimant's employment and job performance
  - ○ Biering's Scorecards for the months ending September 2021, September 2022, and September 2022, unredacted. JPMS will conduct a search for these documents.

  - ○ Peer Review 360 Feedback for Biering. JPMS will conduct a search for responsive documents.

  - ○ A summary of AUM and historical household revenues JPM received on accounts / clients ever serviced by Biering, both before and after Biering's departure (with no redactions to client names). Please make sure ██████████ and ██████ Energy Partners are included. JPMS stands on its objections as set forth in response to Claimant's Request for Production Nos. 70, 75, and 76. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. JPMS further objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of this arbitration and documents that are not in the possession, custody or control of JPMS.

  - ○ Documents and communications evidencing Biering's pipeline / anticipated new business opportunities at the time of his departure. *See* SOC ¶¶ 10, 20-21, 23. This information was reviewed monthly by management. *See* SOC ¶ 20. These documents should also show ██████████ and ██████ Energy Partners in Biering's pipeline. *See* SOC ¶¶ 10, 20-21, 23. This information is relevant to both Biering's metrics and damages. JPMS stands on its objection as set forth in response to Claimant's Request for Production No. 45. This request is overly broad, unduly

G.07-032

609

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

burdensome, and not proportional to the needs of the case. JPMS furt

to this request on the grounds that it seeks documents that are not rel

the subject matter of this arbitration.

- ○ To that end, some ███ ███ documents and communications were produced, but not all. To narrow it down, here are the documents we specifically need: the ███ ███ Cap Table from Q2/Q3 2023; the "Dr. ███ Proposal" dated March 16, 2023; the Dr. ███ Credit Approval Memorandum (drafts & final version) from November 2022; and the Credit Approval Memorandum for the Private Stock ██ Secured Line of Credit increase from $10 million to $20 million in approximately November or December 2023. JPMS stands on its objection as set forth in response to Claimant's Request for Production No. 45. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. JPMS further objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of this arbitration.

- All documents relating to Claimant's request that JPM pay Claimant's attorneys' fees in an expungement matter

  - ○ Produce or confirm that you have thoroughly searched and that there is nothing in writing or that's discoverable. JPMS will conduct a search for additional responsive documents.

- JPM's policies relating to the generation and content set forth in U5s in effect for the last two years

  - ○ Produce any formal policies (or confirm that none exist). JPMS will conduct a search for additional responsive documents.

  - ○ If no formal policies exist, produce documents sufficient to show the applicable procedures that JPM uses relating to the generation and content set forth in U5s. If no formal policy exists, JPMS will conduct a search for additional responsive documents.

Thanks,
Anna

Anna Olin Richardson
**Iacuone│McAllister│Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852

G.07-033

610

E-mail: anna@imcplaw.com

www.imcplaw.com

G.07-034

611

G.07-035

# EXHIBIT D

G.07-035

612

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

# EXHIBIT D

## Items for Which JPMS Agreed to Conduct Additional Searches and Produce Documents

- <u>Chair's Order</u>: All documents providing the basis for JPM's statements on Claimant's U5

  1. Communications between JPM employees (including, but not limited to, HR empl████████████████████" employees re: the language on Biering's U5 (*i.e.*, ████████, ████████, and/or others, either using their JPM email acco███████a██████pliance.registration@jpmorgan.com).

  2. Prior or temporary drafts, or working markings, or discussions regarding same, of the language that JPM put on Biering's U5.

  3. ████i█████████████ e-mails involving JPMS employees (*i.e.*, ████ ████, ████████████, ████████) relating to Biering's Form U5.

- <u>Chair's Order</u>: All documents relating to JPM's investigation of Claimant

  1. Documents / communications evidencing ████████████' (the main investigator part of the Investigation) notification on ████████mber 8, 2023, that he completed his part of the Investigation.

- <u>Chair's Order</u>: All documents relating to Claimant's departure from JPM

  1. All Teams/Skype messages referencing the fact that Biering resigned, submitted his resignation, and/or planned to resign.

  2. ████████ons between Biering and ████████, ████████, and/or ████ ████ regarding Biering's com████████ requests ████████narrow it down, Biering informed JPMS that he anticipates responsive communications would be from March 1, 2023, thr████ber 26, ████nd include: (i) feedback/complaints from Biering to ████████ ████re: inadequat█████t from Investment Specialists (espe████ ████evin "Scott" ████), and (ii) an email from Biering, and co████ email chain, with the ████I NEED HELP."



- <u>Chair's Order</u>: All documents relating to Claimant's employment and job performance

  1. Biering's Scorecards for the months ending September 2021, September 2022, and September 2023, unredacted.

  2. Peer Review 360 Feedback for Biering.

- <u>Chair's Order</u>: All documents relating to Claimant's request that JPM pay Claimant's attorneys' fees in an expungement matter

  1. Any additional responsive documents.

1

G.07-036

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

613

4:26-cv-00381-O

*Biering v. JPMS, et al.*

- <u>Chair's Order:</u> JPM's policies relating to the generation and content set for effect for the last two years

    1. Any formal policies.

    2. If no formal policy exists, documents sufficient to show the applicable procedure that JPM uses relating to the generation and content set forth in U5s.

**Items for Which JPMS Certified that All Non-Privileged Documents Have Been Produced**

- <u>Chair's Order:</u> All documents relating to JPM's investigation of Claimant

    1. Documents / communications showing the process for how management and HR  d internally and treated the Investigation immediately upon receipt of Ms. ████'s complaint against Biering.

    2. Communications between Ms. ████ and ████ (Biering's manager)  during the week of October 23, ████ oug ████ g, but not limited to, any communications in which Ms. ████ and Mr. ████ discussed Biering's plans to resign).

- <u>Chair's Order:</u> All documents relating to Claimant's departure from JPM

    1. All internal e-mails referencing the fact that Biering resigned, submitted his resignation, planned to resign, etc.

    2. ████ nts / communications regarding Biering's meeting with ████ and ████ on October 24, 2023, to inquire about Biering's resignat

    3. Documents / communications regarding Biering's Garden Leave and his obligations during same.

2

G.07-037

614

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT G.08
## Order Granting Second Motion to Compel
## G.08-001 – 007

**Description:** Discovery motion, response, reply, or order from the FINRA arbitration.

**Relevance:** Shows the discovery dispute record supporting the petition's misconduct, delay, and production-scope arguments.

**Source:** FINRA Case No. 24-01208 – Order Granting Second MTC (Aug. 28, 2025)

**Petition Ref:** App. A p. 52 ("Order Granting Second MTC (Aug. 28, 2025)")

**Disclosures:** None — reproduced as produced, no added markings

**Filing Status:** Public - not sealed



**G.8-001**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

# Order

## *Subject Posted on 08/28/2025*

Order to Parties.pdf( 8/28/2025 12:20:05 PM)

Order for Claimant's Second Motion to Compel and Respondents' Motion to Compel.pdf( 8/28/2025 12:18:52 PM)

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\0

**CONFIDENTIAL**



G.8-002
4:26-cv-00381-O
*Biering v. JPMS, et al.*

**Order to Parties.pdf( 8/28/2025 12:20:05 PM)**

G.8-002

644



G.8-003
4:26-cv-00381-O
*Biering v. JPMS, et al.*



| | |
|---|---|
| **TO:** | Jeffrey S. Dunlap, Esq. |
| | Joshua J. Iacuone, Esq. |
| **CC:** | Eric Ross Cromartie |
| **From:** | Christal T. Dolly |
| | Senior Case Administrator |
| **Subject:** | FINRA Dispute Resolution Services Arbitration Number 24-01208 |
| | Joshua David Sappi Biering vs. J.P. Morgan Securities, LLC,  JPMorgan Chase & Co., and JPMorgan Chase Bank, N.A |
| **Date:** | August 28, 2025 |

Attached is an Order executed in this matter.

If you have any questions, please do not hesitate to contact me at 212-858-4344 or by email at Neprocessingcenter@finra.org.


CTD:ctd:LC58I
idr: 05/01/2020

RECIPIENTS:
Jeffrey S. Dunlap, Esq., UB Greensfelder LLP, 1660 West 2nd Street, Suite 1100, Cleveland,
    OH 44114-1406
On Behalf Of: J.P. Morgan Securities, LLC

Joshua J. Iacuone, Esq., Iacuone McAllister Potter PLLC, 4925 Greenville Ave, Suite 700,
    Dallas, TX 75206
On Behalf Of: Joshua D. Biering

CC:
Eric Ross Cromartie

Investor protection. Market integrity.

FINRA Dispute Resolution Services
Northeast Regional Office

Brookfield Place
200 Liberty Street
New York, NY 10281

t  212 858 4200
www.finra.org

G.8-003

/ · ) 645

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

CONFIDENTIAL



**G.8-004**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

## Order for Claimant's Second Motion to Compel and Respondents' Motion to Compel.pdf( 8/28/2025 12:18:52

G.8-004

) 646

G.8-004




## ORDER

**Submitted By:** Eric Cromartie (On behalf of the arbitration panel)
**Submitted Date:** 08/27/2025 02:07:33 PM ET

**Case ID & Parties:**
***FINRA Dispute Resolution Services***
ORDER

**Case Number:** 24-01208

**In the Matter of the Arbitration Between**

| **Claimant(s)** | **VS** | **Respondent(s)** |
|---|---|---|
| Joshua D Biering | | J.P. Morgan Securities, LLC |
| | | JPMorgan Chase & Co. |
| | | JPMorgan Chase Bank, N.A |

## PREHEARING CONFERENCE

1. Was a prehearing conference held in the above captioned matter?

● **Yes**

○  No

a. Prehearing conference date:
A prehearing conference was held in the above captioned matter on ***08/27/2025*** at ***12:00 PM Central Time Zone***

b. The following arbitrator(s) participated in the hearing:
Chairman: Eric Cromartie(Participated ☑)

Panelist: Tanner Forman(Participated ☐)

Panelist: Christine Rister(Participated ☐)

c. The following party representatives participated in the hearing:
Identify Claimant Representatives:

> ***Joshua Iacuone and Anna Richardson***

Identify Respondent Representatives:

> ***Jeffrey Dunlap and Sara Dorland***

d. FINRA Dispute Resolution Services staff attendee:

● **The following FINRA Dispute Resolution Services Staff person participated in the hearing:**
***Sarah Cox***

○  Not applicable

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\0



## ISSUES ADDRESSED

2. Issues addressed: (i.e., name of motion or request, by which party)
- ● **The following submissions have been addressed:**

> *Claimant's second motion to compel, respondents' motion to compel, and related papers.*

## ORDER DECIDED BY

3. Decided by:
- ● **Chairperson**
- ○ Panel

## RULINGS

4. Rulings:
- ● **After considering the parties' submissions (and oral arguments, if prehearing conference held), the Panel/Chairperson rules as follows:**

> *1. Respondents will produce the "Opening Memo" and "Closing Memo" referenced in Claimant's motion. Respondents may redact specific requests for legal advice or specific recitation of legal advice contained in the Memos. 2. Respondents will bring to the hearing copies of all documents in which privilege redactions have been made so that the Panel may inspect the originals if the Panel wishes, to determine the validity of the assertion of privilege. 3. Respondents will produce all documents previously ordered to be produced, including, documents concerning "where Biering might be working next" if those documents relate to Claimant's departure from Respondents. 4. Respondents will produce the spreadsheet attached to the cover email relating to redistribution of Claimant's clients at Respondents. Respondents may redact client names, social security numbers and other customer identifying information that may be required by bank secrecy rules. 5. Respondents will produce documents relating to AUM and household revenue on accounts actually serviced by Claimant while at Respondents. Respondents may redact client names, social security numbers and other customer identifying information that may be required by bank secrecy rules. 6. Claimant will produce his federal tax returns for 2023 and 2024 The returns will be subject to the protective order in this case, social security numbers may be redacted; the returns will not be submitted to FINRA as exhibits (absent further order from the Panel); Respondents' counsel will certify at the conclusion of the hearing that the returns and all copies thereof possessed by Respondents have been destroyed or returned to Claimant. 7. All documents that the parties have agreed to produce and all documents ordered to be produced herein will be produced within ten days from the date of this Order.*

5. Order compliance date:
- ● **The parties should comply with this order by** *09/08/2025*
- ○ Not applicable



**ASSESSMENT OF FEES**

**NOTE: If no prehearing conference was held or the motion is not discover will be incurred by the parties, even if a fee is assessed below.**

6. Cost of prehearing conference or discovery-related motion:

● **If the parties settle this matter with no further hearings, the forum fees for this prehearing conference (or discovery-related motion decided without a prehearing conference) are assessed as follows:**

   **_____% to Claimant(s), jointly and severally**

   *100*% **to Respondent(s), jointly and severally**

   **_____% assessed to _____**

   **_____% assessed to _____**

   **_____% assessed to _____**

   **_____% assessed to _____**

○  Not applicable

**ATTACHMENTS**

There are no attached documents.

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\0

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

---

# EXHIBIT G.09
## Third Motion to Compel
## G.09-001 – 015

---

| | |
|---|---|
| **Description:** | Discovery motion, response, reply, or order from the FINRA arbitration. |
| **Relevance:** | Shows the discovery dispute record supporting the petition's misconduct, delay, and production-scope arguments. |
| **Source:** | FINRA Case No. 24-01208 – Claimant's Third Motion to Compel (Nov. 12, 2025) |
| **Petition Ref:** | App. A p. 52 ("Claimant's Third Motion to Compel (Nov. 12, 2025)") |
| **Disclosures:** | None — reproduced as produced, no added markings |
| **Filing Status:** | Public - not sealed |

4:26-cv-00381-O
*Biering v. JPMS, et al.*

## FINRA DISPUTE RESOLUTION

| | | |
|---|---|---|
| In the Matter of | § | |
| Arbitration between | § | |
| | § | |
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| | § | |
| Claimant, | § | |
| | § | |
| - and - | § | **FINRA No. 24-01208** |
| | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | |
| **JPMORGAN CHASE & CO., and** | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| **Respondents.** | § | |

### CLAIMANT'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES

Claimant Joshua David Sappi Biering ("Claimant" or "Biering") files this Third Motion to Compel Discovery Responses ("Motion" or "Motion to Compel") against Respondent J.P. Morgan Securities, LLC ("Respondent" or "JPMS") and, in support thereof, respectfully states as follows:

### BACKGROUND RELEVANT TO THIS MOTION

1.     The Chairperson is well versed with the facts and allegations underlying this Arbitration,[1] and therefore Biering will not rehash them here. To the extent helpful, Biering refers the Chairperson to the "Overview" sections of Claimant's First and Second Motions to Compel Discovery Responses (filed on Apri 3, 2025, and July 25, 2025, respectively).

2.     On May 8, 2025, in connection with Biering's First Motion to Compel Discovery Responses, the Chairperson ordered JPM's production of, among other things, "all documents relating to Claimant's departure from JPM" and "all documents relating to Claimant's employment and job performance." Subsequently, on August 28, 2025, in connection with Biering's Second

---

[1]     This "Arbitration" or "Action" refers to FINRA Case No. 24-01208.

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

Motion to Compel Discovery Responses, the Chairperson ordered that "Respondents all documents previously ordered to be produced" and that "[a]ll documents that the parties have agreed to produce and all documents ordered to be produced herein . . . be produced within ten days from the date of this Order."

3.      While JPM has substantially complied with the Chair's May 8, 2025 and August 28, 2025 Orders, several items remain outstanding. Despite numerous e-mail communications exchanged between counsel for the parties, these items could not be resolved. Thus, the Chairperson's involvement is necessary.

### A.    The Skype Messages

4.      On July 7, 2025, JPM produced documents in connection with the Chair's May 8, 2025 Order. One of these documents is bates labeled "JPMS_00021519" (hereinafter, "JPMS 21519" or the "Skype Messages").[2]

5.      JPMS 21519 consists of various Skype Messages exchanged between ███████ and Phyllis Chiu, both of whom are employees of JPM.[3] *See* Ex. A. The formatting of these messages is unusual, in that the messages appear to have spanned multiple days but do not contain date stamps. *See id.* Instead, they are all in the body of an e-mail from Ms. ███ to Ms. Chiu, dated November 10, 2023, with a final response from Ms. Chiu to Ms. ███ shortly thereafter. *See id.* As a result, it is entirely unclear from the document itself when these messages were exchanged.

6.      On September 9, 2025, upon receiving JPM's supplemental production of Microsoft Teams messages, Biering informed JPM that the Skype Messages were not produced in

---

[2]      A true and correct copy of JPMS 21519 is attached hereto as "Exhibit A."

[3]      Biering is not sure if Ms. Chiu is still an employee of JPM, but he understands that she was at the time the Skype Messages were exchanged.

---

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

a similar format as the recently produced Teams messages (*i.e.*, the Skype Message date stamps), and therefore JPM needed to re-produce JPMS 21519 in an understandable format. According to JPM, JPMS 21519 is an e-mail generated summary of a Skype conversation (rather than a native Skype export), and therefore any irregularities in JPMS 21519 are due to "the underlying platform behavior, not a production inconsistency." JPM further represented that it was not withholding any metadata or message content from JPMS 21519.

7.      From October 6, 2025, through the present, Biering's counsel followed up on multiple occasions to understand (1) why the Skype Messages in JPMS 21519 have no date stamps (despite clearly not all being exchanged on November 10, 2023), (2) whether there are natives of the Skype Messages themselves that JPM has not produced, and (3) when, by date, each of the Skype Messages was actually exchanged.

8.      In response, JPM's counsel obtained some additional clarity from JPM, but not enough. The following is a short summary of counsel's most recent communications on this issue:

- On October 27, 2025, JPM stated that there is no additional metadata for JPMS 21519 but nonetheless "confirm[ed]" that the Skype Messages were exchanged on November 7, 2023.

- In response, also on October 27, 2025, Biering's counsel conveyed that the content of the messages (*e.g.*, Ms. ███ saying "good morning" or "GM" multiple times) makes it clear that all of the Skype Messages could *not* have been exchanged on the same day.

- On October 31, 2025, JPM then attempted to clarify this again, stating that not *all* of the Skype Messages were exchanged on November 7 but that they were all exchanged in early November 2023. In addition, JPM said that four of the messages reflected on JPMS_00021520 were sent on November 7 (specifically, from 9:36 a.m. to 9:37 a.m.). *See* Ex. A.

- On November 4, 2025, Biering's counsel noted that, while the additional clarity re: November 7 was somewhat helpful, there is a message shortly thereafter that specifically

THIRD MOTION TO COMPEL DISCOVE          ONSES          PAGE

G.09-003                                                                652

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

references Biering, yet it remains unclear when that one was sent. *See id.* Biering's counsel stated that, because the parties had been going back and fo issue for weeks with no resolution, it would clear things up for JPM to simply produce the Skype Messages themselves (*i.e.*, before they were aggregated into an "e-mail summary"). Further, because JPM can apparently determine the exact dates on which the Skype Messages were exchanged, production of the Skype Messages would not be a burdensome task. Biering's counsel asked for JPM to produce the Skype Messages on or before November 10, 2025.

9.      On November 10, 2025, having received no response regarding whether JPM would produce the individual Skype Messages, Biering's counsel informed JPM's counsel that Biering would need to file the present Motion.

10.      On November 11, 2025 (*i.e.*, right as Biering was finalizing the present Motion), JPM's counsel informed Biering's counsel that they would provide a response after they have a chance to connect with JPM (as the bank is closed today due to Veteran's Day).

11.      Respectfully, this issue has been pending for over a month, and JPM has had a week to convey its position on the Skype Messages to its counsel. Thus, while Biering appreciates that JPM's counsel cannot connect with its counsel today and will do so soon, Biering is not required to wait indefinitely on a straightforward item that should have long since been resolved. To the extent there are any developments once JPM's counsel connects with JPM, Biering will update and/or amend the Certificate of Conference herein accordingly.

## B.    360 Peer Review Feedback

12.      On November 10, 2025, given the fast-approaching Final Hearing dates, Biering's counsel also outlined two additional outstanding items that would need to be addressed in this Motion:

THIRD MOTION TO COMPEL DISCOVE        ONSES        PAGE

G.09-004

ᴬ ) 653

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

- Whether a November 2023 Scorecard for Biering exists and, if so, whe produced.

- JPM's explanation for why it has been unable to locate Biering's 360 Peer Review Feedback for 2021, 2022, and 2023.

13.     With respect to the first item, right before filing this Motion, Biering's counsel received confirmation that JPM has located and will produce Biering's November 2023 Scorecard on November 12, 2025. Thus, Biering expects that item to be resolved (though he reserves the right to raise it at the hearing on this Motion if need be).

14.     With respect to the second item, as part of the parties' prior meet-and-confer communications, JPM agreed to produce Biering's 360 Peer Review Feedback for the entirety of his tenure with JPM. Prior to the hearing on Biering's Second Motion to Compel (which occurred on August 27, 2025), JPM produced the 360 Peer Review Feedback for 2018, 2019, and 2020. However, JPM did not produce Biering's 360 Peer Review Feedback for more recent years because JPM could not locate it. While JPM outlined the efforts it made to find Biering's 360 Peer Review Feedback, JPM did not provide any explanation as to why this feedback was lost.

15.     In August 2025, counsel for the parties went back and forth repeatedly on this issue. Specifically, Biering was able to access his recent 360 Peer Review Feedback up until the date of his resignation, so it was entirely unclear why JPM could no longer access it. Thus, at the hearing on Biering's Second Motion Compel, Biering's counsel briefly raised this issue. In response, JPM's counsel stated that JPM would either produce the recent 360 Peer Review Feedback or provide a response as to why JPM could not locate such feedback.

16.     Right before filing this Motion, Biering's counsel received the following explanation from JPM's counsel—with no supporting evidence—regarding JPM's inability to

---

THIRD MOTION TO COMPEL DISCOVE          ONSES          PAGE

G.09-005

654

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

locate and produce Biering's 360 Peer Review Feedback for 2021, 2022, and 2023:

> Feedback data retention changed when the company moved to a new system at the end of 2020. Before that, feedback was managed using a system called Insight 360. After the transition to Oracle HCM, items like feedback, goals, and check-ins were treated as transitory and were not kept beyond their active use. Only finalized annual reviews are retained for a longer period. Please let me know if you need any additional clarification.

17.    Biering is still analyzing this explanation but, at this time, does not believe it resolves the issue.

## MOTION TO COMPEL

18.    Biering seeks an order compelling JPM's compliance with the Chairperson's May 8, 2025 and August 28, 2025 Orders with respect to two limited items as outlined herein. Biering's counsel has conferred for weeks (if not months) with JPM's counsel on these issues. While JPM's counsel has endeavored to provide clarity, Biering is still without critical documents and information needed for him to present his case during the Final Hearing.

19.    First, with respect to the Skype Messages, it is without question that JPM has access to information regarding the specific dates on which each message was sent.[4] Biering has repeatedly tried to make sense of the Skype Messages, especially given that certain of the items discussed therein are (from Biering's experience) issues that would have been discussed weeks prior. Given the unusual formatting and lack of date stamps, it is impossible for Biering to make sense of the Skype conversation(s). As such, Biering requested the individual Skype Messages in JPMS 21519 (*i.e.*, not simply an e-mail summary of same). In light of JPM's confusing

---

[4]    Indeed, despite that JPM represented that it is not withholding metadata or message-level details for the Skype Messages, JPM nonetheless recently told its counsel that at least some of the messages were exchanged on November 7, 2023 (though it initially said they all were exchanged that day), and that the rest of the messages were exchanged in early November 2023. Even if JPM is not withholding metadata for the e-mail summary reflected in JPMS 21519, JPM nonetheless has access to information reflecting the exact dates of each of the Skype Messages.

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

explanations regarding the dates on which these communications occurred,[5] it is re

the Chair to compel JPM to produce not only the individual Skype Messages but also the

underlying metadata for such messages. Biering therefore requests an order requiring the

production of same.

20.     Second, with respect to JPM's inability to locate Biering's 360 Peer Review

Feedback for 2021, 2022, 2023, JPM has only provided a general explanation regarding data

retention with no supporting evidence. While Biering appreciates this explanation regarding the

general retention of peer review feedback post-2020, he still maintains his concerns as to why *his*

360 Peer Review Feedback was not preserved following his departure from JPM (especially given

that Biering's counsel was already communicating with JPM at the time of Biering's departure).

As such, Biering is still analyzing JPM's recent explanation and reserves the right to raise the issue

of the failure to preserve his 360 Peer Review Feedback at the hearing on this Motion.

## CONCLUSION

Therefore, Biering respectfully requests that JPMS be compelled to fully comply with the

Chair's May 8, 2025 and August 28, 2025 Orders and immediately produce the documents and

information discussed above. Biering further requests that the Panel grant him such other and

further relief to which he may be justly entitled.

---

[5]     Specifically, as set forth above, JPM first stated that all messages were exchanged on November 7, 2023, then, when pressed, JPM conceded that only some messages were sent on that date.

THIRD MOTION TO COMPEL DISCOVE          ONSES          PAGE

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc



Respectfully submitted,

**IACUONE MCALLISTER POTTER PLLC**

By:  */s/ Joshua J. Iacuone*

Joshua J. Iacuone
Texas State Bar No. 24036818
Anna Olin Richardson
Texas State Bar No. 24102947
4925 Greenville Ave., Ste. 700
Dallas, Texas 75206
Telephone: (214) 960-2832
Email:   josh@imcplaw.com
         anna@imcplaw.com

**ATTORNEYS FOR CLAIMANT**

**CERTIFICATE OF CONFERENCE**

Pursuant to FINRA Rules, before this Motion was filed, efforts were made to resolve the subject matter of this Motion with JPM's counsel. Specifically, as set forth above, counsel for the parties exchanged multiple e-mails over weeks. While the parties have reached some agreements (and JPM's counsel has endeavored to obtain clarity from their client), the issues that are the subject of this Motion could not be resolved. Accordingly, it was necessary to file this Motion and receive rulings from the Chair. Of course, if any additional agreements are reached before the hearing on this Motion, Claimant will file an amended Certificate of Conference to so reflect same.

*/s/ Joshua J. Iacuone*
Joshua J. Iacuone

**CERTIFICATE OF SERVICE**

This pleading is being served upon all counsel of record in the DR Portal on the date recorded therein, and all other interested persons as set-forth herein.

*/s/ Joshua J. Iacuone*
Joshua J. Iacuone

**THIRD MOTION TO COMPEL DISCOVERY RESPONSES**                    **PAGE**

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

G.09-009
4:26-cv-00381-O
*Biering v. JPMS, et al.*

# EXHIBIT A

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Message
_____

**From:**      Chiu, Phyllis C [phyllis.c.chiu@jpmchase.com]
**Sent:**      11/10/2023 3:58:18 PM
**To:**        ████, Jena B [jena.████@jpmorgan.com]
**Subject:**   Re: ████, Jena B (WM, USA) sent you a message in Skype for Business

Yes and yes
_____

**From:** ████, Jena B (WM, USA) <jena.b████@jpmorgan.com>
**Sent:** Friday, November 10, 2023 10:57:54 AM
**To:** ████, Jena B (WM, USA) <jena.b████@jpmorgan.com>; Chiu, Phyllis C (HR, USA) <phyllis.c.chiu@jpmchase.com>
**Subject:** ████, Jena B (WM, USA) sent you a message in Skype for Business

████ Jena B (WM, USA) 11:40 AM:

free?

████ Jena B (WM, USA) 11:41 AM:

i think on the spend sheet we need to make 3 adjustments

████ Jena B (WM, USA) 11:42 AM:

1. add 5.5 to the inc pool total to account for the missing funding for monica and varcity

████ Jena B (WM, USA) 11:42 AM:

2. strange formula in X24

████ Jena B (WM, USA) 11:42 AM:

3. removal of $ from family wealth for the 2 terms that are going back to top of house

Chiu, Phyllis C (HR, USA) 11:44 AM:

yes free

Chiu, Phyllis C (HR, USA) 11:44 AM:

zoom?

████ Jena B (WM, USA) 12:42 PM:

deep breath, i will explain

Chiu, Phyllis C (HR, USA) 12:42 PM:

thank you ███a :(

████ Jena B (WM, USA) 2:45 PM:

free?

Chiu, Phyllis C (HR, USA) 2:46 PM:

yes

████ Jena B (WM, USA) 2:46 PM:

zooming you

Chiu, Phyllis C (HR, USA) 2:46 PM:

G.09-010

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

will dial

████, Jena B (WM, USA) 2:46 PM:

ok

████ Jena B (WM, USA) 9:26 PM:

I (insert heart emoji) you

████ Jena B (WM, USA) 9:36 AM:

GM!

████ Jena B (WM, USA) 9:36 AM:

can you remind me where we landed on keeping josh biering (future leaver in Fort Worth) i believe you told Steph she could keep it

████ Jena B (WM, USA) 9:37 AM:

also, Dave is asking mary if we can keep terms in the pool after pools were cut

████ Jena B (WM, USA) 9:37 AM:

he sent a note to mary asking for the scott money back

Chiu, Phyllis C (HR, USA) 10:19 AM:

:)

Chiu, Phyllis C (HR, USA) 10:21 AM:

i remember talking about josh biering but don't rememebr if i said she could keep

████ Jena B (WM, USA) 12:43 PM:

can you please look up planned TC for Andrea Finan and Sam Palmer

████ Jena B (WM, USA) 12:43 PM:

they are comparable to TJ

Chiu, Phyllis C (HR, USA) 12:50 PM:

they are the 2 sittingin CCB?

████ Jena B (WM, USA) 12:53 PM:

yes

████ Jena B (WM, USA) 12:53 PM:

also is there a product review meeting next week

████ Jena B (WM, USA) 12:54 PM:

that patty will lead

Chiu, Phyllis C (HR, USA) 12:54 PM:

i will not be able to join until the south meeting

████ Jena B (WM, USA) 12:54 PM:

ok no worries

████ Jena B (WM, USA) 12:55 PM:

G.09-011

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

CONFIDENTIAL
4:26-cv-00381-O
*Biering v. JPMS, et al.*

product meeting with patty

Chiu, Phyllis C (HR, USA) 12:57 PM:

andrea was 2.225M TC in 2022

Chiu, Phyllis C (HR, USA) 12:57 PM:

sam was 1.5M in 2022

Chiu, Phyllis C (HR, USA) 12:57 PM:

but has a 2.0M in VOS for this year

████ Jena B (WM, USA) 1:04 PM:

thank you and is there a patty product review next week with mary?

████ Jena B (WM, USA) 10:54 AM:

GM

████ Jena B (WM, USA) 10:54 AM:

there is something wrong with my spend report, its corrupt and wont open :(

Chiu, Phyllis C (HR, USA) 10:54 AM:

that's ok

Chiu, Phyllis C (HR, USA) 10:54 AM:

i'm working on it

Chiu, Phyllis C (HR, USA) 10:54 AM:

will send out soon

████ Jena B (WM, USA) 10:54 AM:

can you open the version i sent out last night and see if it opens on your end and is fixable

████ Jena B (WM, USA) 10:54 AM:

the one i sent last night has a lot of changes in it

████ Jena B (WM, USA) 10:55 AM:

and is crashing my excel

Chiu, Phyllis C (HR, USA) 6:18 PM:

which room are you in?

████ Jena B (WM, USA) 6:18 PM:

314

████ Jena B (WM, USA) 6:18 PM:

want to come here and work with us

Chiu, Phyllis C (HR, USA) 6:18 PM:

coming

████ Jena B (WM, USA) 6:18 PM:

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

about to order dinner

██, Jena B (WM, USA) 6:19 PM:

bring your laptop since you stole it from here

██ Jena B (WM, USA) 10:04 PM:

there is 75K extra in there

██ Jena B (WM, USA) 8:41 AM:

good morning, am i in good shape to run a spend report

██ Jena B (WM, USA) 8:41 AM:

and can you please let me know how the NH funding should be updated in the spend tracker?

Chiu, Phyllis C (HR, USA) 8:43 AM:

mm....i guess we should add in a column for new hires not funded

Chiu, Phyllis C (HR, USA) 8:43 AM:

want to send me your version once you have ran the latest?

Chiu, Phyllis C (HR, USA) 8:44 AM:

also what time did you say pencils down?

Chiu, Phyllis C (HR, USA) 8:44 AM:

diane will be running a FW one so just thinking about timing

██ Jena B (WM, USA) 8:44 AM:

11am

Chiu, Phyllis C (HR, USA) 8:45 AM:

thanks!

██ Jena B (WM, USA) 8:50 AM:

i am nervous to run it

██ Jena B (WM, USA) 9:49 AM:

hi, sorry, need your help

██ Jena B (WM, USA) 9:49 AM:

can you please spare me a few?

Chiu, Phyllis C (HR, USA) 9:49 AM:

calling you now

Chiu, Phyllis C (HR, USA) 10:27 AM:

sent back to you

██ Jena B (WM, USA) 10:27 AM:

what was wrong with it?

██ Jena B (WM, USA) 10:28 AM:

G.09-013

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

also, can you do another upload for me please?

Chiu, Phyllis C (HR, USA) 10:29 AM:

i think when you added columns yesterday you saved a version that moved the lookup column

Jena B (WM, USA) 10:29 AM:

yikes

Jena B (WM, USA) 10:29 AM:

so i broke it

Chiu, Phyllis C (HR, USA) 10:29 AM:

so the formulas weren't looking in the right columns

Chiu, Phyllis C (HR, USA) 10:29 AM:

haha

Chiu, Phyllis C (HR, USA) 10:29 AM:

easily fixed

Jena B (WM, USA) 10:29 AM:

by you.. my hero

Chiu, Phyllis C (HR, USA) 10:29 AM:

will run another report now

Jena B (WM, USA) 10:30 AM:

wait, please run, after you upload

Jena B (WM, USA) 10:30 AM:

just sent you the list

Chiu, Phyllis C (HR, USA) 10:30 AM:

ah ok

Chiu, Phyllis C (HR, USA) 10:30 AM:

thought i missed something

Jena B (WM, USA) 10:30 AM:

also, if you teach me how to uplad it then i will

Chiu, Phyllis C (HR, USA) 10:31 AM:

i can but you don't have access to upload :)

Chiu, Phyllis C (HR, USA) 10:55 AM:

heading over to 390 now

Jena B (WM, USA) 10:55 AM:

great, JG upload is done right?

Jena B (WM, USA) 10:56 AM:

G.09-014

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

and i should use the latest spend report

CO.9016
4:26-cv-00381-O
*Biering v. JPMS, et al.*

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT G.10

## Claimant Reply ISO Third Motion to Compel
## G.10-001 – 062

**Description:**  Discovery motion, response, reply, or order from the FINRA arbitration.

**Relevance:**  Shows the discovery dispute record supporting the petition's misconduct, delay, and production-scope arguments.

**Source:**  FINRA Case No. 24-01208 – Claimant Reply ISO Third MTC (Nov. 26, 2025)

**Petition Ref:**  App. A p. 52 ("Claimant's Reply ISO Third MTC (Nov. 26, 2025)")

**Disclosures:**  None — reproduced as produced, no added markings

**Filing Status:**  Public - not sealed

FINRA DISPUTE RESOLUTION

| | | |
|---|---|---|
| **In the Matter of** | § | |
| **Arbitration between** | § | |
| | § | |
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| | § | |
| **Claimant,** | § | |
| | § | |
| **- and -** | § | **FINRA No. 24-01208** |
| | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | |
| **JPMORGAN CHASE & CO., and** | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| **Respondents.** | § | |

**CLAIMANT'S REPLY BRIEF IN SUPPORT OF THIRD MOTION TO COMPEL
DISCOVERY RESPONSES**

Claimant Joshua David Sappi Biering ("Claimant" or "Biering") files this Reply Brief ("Reply") in support of Claimant's Third Motion to Compel Discovery Responses ("Motion" or "Motion to Compel") against Respondent J.P. Morgan Securities, LLC ("Respondent" or "JPM")[1] and, in support thereof, respectfully states as follows:

**REPLY**

The relief requested in the Motion is simple: JPM has admitted that it knows the *exact* dates that the Skype messages in JPMS 21519 were exchanged, yet it has refused to provide the messages themselves. Nothing in the Response[2] changes this. While JPM protests that the "underlying Skype messages cannot be readily produced," it has already repeatedly admitted—

---

[1]    "JPM" or "J.P. Morgan" refers, collectively, to Respondents JPMS, JPMorgan Chase & Co. ("JPMorgan Chase"), and JPMorgan Chase Bank, N.A. ("Chase Bank"). While JPMorgan Chase and Chase Bank will not "agree" to participate in this Arbitration, the Chair has already found Respondent's attempts to separate itself from its Co-Respondents to be without merit.

[2]    The "Response" refers to Respondents' Response in Opposition to Claimant's Third Motion to Compel, filed on November 21, 2025.

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

even in its own Response—that it has access to the date stamps of each message. Eve

day after Biering filed this Motion, JPM explicitly confirmed why Biering had to file the Motion.

Indeed, despite stating back in September that it was not withholding metadata or message-level

details for JPMS 21519, on November 12, 2025, JPM stated that it *has* now located metadata:[3]

> For clarity, your request is not for a single conversation but for all conversations reflected in the summary, which would require significant additional steps and cost to produce. While we have been responsive to your clarification questions for over a month, including providing explanations and later locating metadata, you did not request a new collection of Jenna Cohen's IMs until November 4, just four business days before filing your motion.

*See* Ex. A at 2 (emphasis added).

Aside from the fact that JPM clearly could have located this metadata back in September

had it made proper efforts, it is without question that JPM has *now* located and reviewed this

metadata, such that it knows the exact dates of the messages exchanged in JPMS 21519. Why does

JPM *continue* to withhold this information? What does JPM have to hide?

In an effort to avoid answering these very simple questions, JPM focuses its Response on

downplaying its repeated failure to *fully* comply with the Chair's orders and, instead, baselessly

pointing the finger at Biering for filing the Motion. As a result, Biering now has to waste time in

this Reply by not only justifying the basis for the Motion but also correcting the *numerous*

misleading, incomplete arguments in the Response.

For all the reasons set forth herein, and those more fully set forth in the Motion, Biering

requests that the Chair require JPM to produce the individual messages in JPMS 21519 and

underlying metadata (which it has already admitted it recently located) immediately. Biering

further requests reimbursement from JPM of the reasonable and necessary attorney's fees he has

---

[3]    Obviously, as set forth more fully below, Biering's disagr        's suggestion that he or is counsel requested a "new collection" of messages exchanged with ███████ (a key witness in this case).

REPLY BRIEF IN SUPPORT OF THIRD                    O
OVERY RESPONSES                                                                  PAGE

G.10-002                                                                                                    ʌ ᴀ )  677

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

incurred in seeking production of (1) documents that JPM admits it has and is refusin

(*i.e.*, the individual messages in JPMS 21519 and underlying metadata), and (2) Biering's 360 Peer

Review Feeback for 2021–2023.

### A.    The Skype Messages

In the Motion, Biering provided a comprehensive background of the parties' discussions

regarding JPMS 21519 up until the time that Biering filed the Motion. And this is no trifling matter,

as the metadata is crucial in establishing the timeline of JPM's sham investigation to ruin Biering's

career before he could leave and onboard significant clients/AUM.

Despite filing the Motion, which Biering's counsel made clear he had to do because of the

fast-approaching Final Hearing, Biering—just as he promised—continued to try to reach

resolution with JPM. *See* Ex. A, at 4, 6. In so doing (and before JPM stopped responding), as

evidenced by the above e-mail from JPM's counsel, Biering received additional clarity that JPM

has, with *certainty*, located metadata underlying the messages in JPMS 21519, yet JPM is

inexplicably withholding same. *See id.* at 2.

According to JPM, the following messages were exchanged on November 7, 2023:

Cohen, Jena B (WM, USA) 9:36 AM:

can you remind me where we landed on keeping josh biering (future leaver in Fort Worth) i believe you told Steph she could keep it

Cohen, Jena B (WM, USA) 9:37 AM:

also, Dave is asking mary if we can keep terms in the pool after pools were cut

Cohen, Jena B (WM, USA) 9:37 AM:

he sent a note to mary asking for the scott money back

Chiu, Phyllis C (HR, USA) 10:19 AM:

:)

Chiu, Phyllis C (HR, USA) 10:21 AM:

i remember talking about josh biering but don't rememebr if i said she could keep

---

**REPLY BRIEF IN SUPPORT OF THIRD**        O
**OVERY RESPONSES**                                    **PAGE**

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

*See id.* at 7; *see also* Mot., Ex. A, at JPMS 21520.

However, "November 7" appears nowhere in JPMS 21519, and, despite Biering's request, JPM will not even confirm whether the non-highlighted message specifically referencing Biering by name was also exchanged on November 7.[4]

This begs the obvious questions: if JPM already has access to metadata showing the exact dates of these messages, including ones referencing Biering *by name*, then (1) how is that burdensome to produce? and (2) why won't JPM just produce the messages? Again, it was *JPM* that produced this Skype message summary to begin with (because it is clearly responsive and encompassed by the Chair's orders), so JPM's suggestion that there is no probative value in producing these messages in an understandable format is without merit. Further, JPM's bizarre (and unsupported) explanation that it obtained date information "from an internal, view-only system, not part of the Relativity database or any other review set"—such that it cannot provide this information to Biering—makes no sense and is far from a reasonable excuse. *See* Resp. at 7. The fact that JPM and/or its outside counsel utilizes Relatively to cull, review, and produce documents does not mean that this *must* be done for information that JPM can literally see on its "internal" screen. JPM is attempting to manufacture a "burden" that can clearly be avoided.

Put simply, JPM has produced no evidence that it would be burdensome to provide the metadata that it recently "locat[ed]" and therefore already has in its possession. *See id.* at 2. And, respectfully, based on the fact that (1) JPM initially represented that it was *not* withholding

---

[4]    *See id.* at 6: "There's another reference to our client after the message re: 'asking for the . . . money back,' but apparently that one wasn't sent on November 7? Seems like it was." JPM has never responded to this question. *See also id.* at 3: "JPM won't even give us the exact date of one of the messages referencing our client by name." In response, JPM still would not clarify. Instead, its counsel stated: "Since you've filed a motion to compel, we will address these issues in detail in our response to the Chair." *See id.* at 2.

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

metadata for JPMS 21519,[5] yet somehow later located it, and (2) JPM repeatedly rep

it did not have Biering's 360 Peer Review Feedback for 2021–2023, yet somehow recently found

it (as set forth more fully below), Biering should not be expected to simply take JPM at its word.

Biering is entitled to information regarding his departure and employment at JPM,

including documents reflecting the dates of communications regarding Biering as a "future leaver."

*See* Mot., Ex. A, at JPMS 21520. In addition, while it may be JPM's position that dates of certain

dates in JPMS 21519 "have absolutely no evidentiary value," that is *not* Biering's position, and it

further is not the applicable standard for discovery. Ultimately, we are talking about *one* Skype

conversation that, because of the manner in which it was produced, is impossible to understand.

Pursuant to its continued duty under FINRA Rule 13505 to cooperate in discovery, JPM should be

compelled to produce it.[6]

## B.    360 Peer Review Feedback

In the Response, JPM acts like this item is and always was a "non-issue" but, nonetheless,

it is now resolved. Respectfully, Biering disagrees. First, Biering finds it highly concerning that it

took *months* of Biering's and his counsel's relentless efforts and a *third* motion to compel for JPM

to *finally* initiate proper efforts to locate these documents. Beginning months ago, Biering

repeatedly explained to JPM that it did not make sense how JPM could not locate this feedback.

---

[5]    *See* Ex. C, September 11, 2025, Correspondence from JPM's counsel, at 3: "We are not withholding metadata or message content from JPMS 21519."

[6]    Biering does wish to note that JPM's counsel (particularly, Sarah Henderson) did work with Biering's counsel to resolve many discovery items, and it initially appeared that a resolution could or would be reached on this issue. However, JPM continued to provide its counsel with incomplete and inconsistent information. Further, once Biering filed the Motion, it is clear that JPM's counsel was directed to stop continued conference efforts. Indeed, on November 12, Ms. Henderson stated: "Since you've filed a motion to compel, we will address these issues in detail in our response to the Chair." *See* Ex. A., at 2. Later that night, Biering's counsel—despite reiterating Biering's concerns with JPM's refusal to produce metadata that it recently located—stated: "Nonetheless, we remain willing to discuss / try to resolve these issues so that we can simply focus on trial prep. Happy to get on a call if easier." *See id.* at 1. JPM never responded.

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Then, this issue was *explicitly* raised at the hearing on Biering's Second Motion to

JPM's counsel promised to provide an explanation for JPM's inability to locate these documents.

Less than two weeks ago, after Biering asked for the status of that explanation, JPM represented that Oracle HCM (its new system) did *not* keep "items like feedback … beyond their active use." *See* Ex. A, at 6. It was not until Biering raised spoliation concerns in the Motion that JPM *finally* initiated comprehensive, proper search efforts and located these documents. As such, without this Motion, no additional searches for Biering's 360 Peer Review Feedback would have been made, and Biering would have been without *critical* evidence he intends to use, if necessary, to rebut JPM's arguments at the Final Hearing.[7]

To that end, the fact that JPM is now "implementing remediation to correct" the issues that led to its failure to locate and produce these documents is insufficient for Biering's purposes. *See* Resp. at 9. Biering should not have been forced to incur fees and file a *third* motion to obtain these documents when it was *JPM's* own failure to provide system access to its Employee Records team, which resulted in the inability to locate the documents to begin with. Biering should not have to bear the cost of JPM's inadequate document collection procedures.

Biering therefore requests that the Panel require JPM to reimburse Biering's attorney's fees incurred in pursuing the production of Biering's 360 Peer Review Feedback for 2021–2023.[8]

---

[7]    For example, JPM's primar▮▮▮▮n in this case is that Biering was "terminated" for engaging in "inappropriate behavior" with Ms. ▮▮▮▮▮▮▮, in the peer review feedback that JPM finally found and produced on November 21, 20▮▮ *herself* provided *favorable* peer review feedback for Biering during this critical time period. I▮▮ly suspect that JPM could not locate such relevant information until the eve of our second trial date.

[8]    To be clear, Biering does not believe that JPM's counsel (*i.e.*, Mr. Dunlap and Ms. Henderson) engaged in or are responsible for JPM's discovery abuses. Instead, Biering acknowledges that Ms. Henderson asked JPM multiple times to search for Biering's 360 Peer Review Feedback for 2021–2023 and, back in August, reasonably believed (based on the information JPM gave her) that JPM had "run the 360 Peer Review Feedback search to the ground." *See* Ex. B, at 1, 3. Further, to JPM's counsel's credit, once Biering's counsel reminded JPM's counsel in November 2025 that JPM had yet to provide an explanation for why Biering's 360 Peer Review Feedback for 2021–2023 was not preserved, JPM's counsel

### C. The November 2023 Scorecard

In the Response, JPM contends that "[o]pposing counsel devoted significant attention in the motion to compel to the November 2023 Scorecard[.]" *See* Resp. at 8. Biering's counsel is confused. Biering included one short paragraph regarding the November 2023 Scorecard in the Motion, and he explicitly told the Chair that he expected this item to be resolved. *See* Mot. ¶ 13. In addition, Biering's counsel repeatedly told JPM's counsel that they would make sure to file an updated Certificate of Conference if any items in the Motion were resolved but that they were simply out of time to continue going back and forth on unresolved items. *See* Ex. A, at 4, 6. Based on this, it is entirely unclear why JPM felt the need to highlight this item in its Response.

In any event, Biering's JPM Scorecards clearly relate to his job performance at JPM, and Biering appreciates JPM finally producing the November 2023 Scorecard (albeit two months after JPM was told that this document was missing from its production).[9]

---

pushed their client *again*, and at least twice, for this explanation and then were forthcoming with information as to why JPM did not locate the missing documents previously. Nonetheless, that does not excuse *JPM* for (1) its failure to ensure adequate internal document collection procedures for basic documents regarding a former employee's job performance, and (2) its refusal to truly "run the 360 Peer Review Feedback search to the ground" until Biering formally, via the Motion, raised spoliation concerns. Accordingly, sanctions against JPM in the form of paying Biering's attorney's fees for these issues are warranted.

[9] Because Biering tried not to be unnecessarily combative in the Motion, Biering did not mention the fact that JPM said it produced this document back in September but, instead, produced two copies of the October 2023 Scorecard (notably, JPM had already produced a different version of the October 2023 Scorecard, which Biering noted in his Second Motion to Compel appeared to have been altered because an entire section regarding new clients was removed). Given JPM's incomplete recitation of the timeline at issue with respect to the production of the November 2023 Scorecard, what actually occurred is as follows: Biering's counsel informed JPM's counsel of this deficiency that same week. Then, Biering's counsel had to remind JPM's counsel for the next two months to locate and produce this document. *See* Ex. D at 1 (acknowledging, on September 12, 2025, that JPM failed to produce the November 2023 Scorecard and would do so "as promptly as possible"). Given this extensive length of time, Biering had to reserve the right to raise this issue at the hearing on the Motion. Though JPM finally produced this document on November 12, 2025, it then produced a redacted version on November 21, 2025, requiring Biering to re-print this document in all of his exhibit binders.

---

REPLY BRIEF IN SUPPORT OF THIRD ... O ... OVERY RESPONSES                                                      PAGE

G.10-007

682

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

### D.    Biering's Response to JPM's Accusations and Misleading Arguments

Biering would prefer not to respond to JPM's many accusations and misleading statements directed at both Biering and his counsel throughout the Response, as they are clearly meant for no purpose but to distract from the issue at hand, but Biering and his counsel are uncomfortable with the record being grossly incomplete. Biering will therefore briefly address each accusation and misstatement in turn.[10]

1.    <u>There was no "agreement" to limit custodians for responsive Skype / Teams messages</u>

In connection with its argument that it should not have to produce the individual messages in JPMS 21519 (despite that JPM has already deemed such messages to be responsive and relevant), JPM admits that, throughout the discovery process, JPM unilaterally limited the list of "custodians" for searches of responsive Skype and Teams messages (i) to only Biering, and then (ii) to four individuals who did not include ▬▬▬▬ (a critical fact witness in this case). *See* Resp. at 5-6. Even worse, JPM falsely tells the Panel that Biering "agreed" to these limitations. *See id.*

Under no circumstances would Biering ever "agree" to *limit* the scope of the Chair's orders, especially if that meant that ▬▬▬▬ would not be a custodian for JPM's review and production of responsive Skype and Teams messages. Indeed, the following communications from Biering's counsel to JPM's counsel (which JPM conveniently omitted in its Response) establish as such:

*September 11, 2025:*

In response to JPM's counsel's September 11 correspondence indicating that JPM had *only* run searches of *Biering's* Skype and Teams messages for responsive communications regarding

---

[10]    To that end, aside from completing the record in this Reply—and unless the Chair finds these items to be relevant in deciding the merits of the Motion—Biering has no intention of wasting time on these issues during the hearing on the Motion.

Biering's resignation, Biering's counsel stated:

> To that end, it appears from your letter that the only searches you performed on Teams/Skype were in *Mr. Biering's* messages. If that is the case, then those searches are deficient. Neither we nor the Chair limited responsive communications regarding Mr. Biering's resignation/departure to certain custodians on certain platforms. If anything, those *not* involving Mr. Biering are highly relevant to this case.

*See* Ex. D at 3.

In response, JPM's counsel stated that JPM had already "initiated a collection of Teams and Skype messages across" four JPM custodians on an expedited basis. *See id.* at 1. To be clear, there was no "offer" or "proposal"—instead, JPM had already begun these searches (presumably, because it knew it already should have). Further, these searches related solely to Biering's resignation, not all categories of documents sought in Biering's prior motions to compel and/or included in the Chair's orders. *See id.* at 1-2. Days later, Biering asked for an update on those additional searches. At no point did Biering "agree" that these limited searches—on the eve of the first trial setting—were sufficient.

<u>November 12, 2025</u>:

Biering's counsel reiterated this position *twice* on November 12, 2025 (*i.e.*, before JPM filed its Response to the Motion).

> With respect to the other items in your email, we never "agreed" to limit custodians, and the Chair didn't either. JPM agreed back in *July* to search Skype/Teams messages (though it should have already done so per the Chair's Order), and we didn't learn until the eve of trial that JPM failed to search some of its own employees' messages. To that end, based on your comments about burden and expense, if you are saying that JPM never conducted searches of Jena Cohen's Skype and Teams messages for responsive communications—despite that the Chair never excepted Skype/Teams messages from his Orders—then we find that highly concerning. Given that JPM produced JPMS 21519 and that Ms. Cohen was a custodian for e-mail communications, we assumed Ms. Cohen was clearly a custodian for Skype/Teams messages. Please let us know ASAP if her Skype/Teams messages were never searched.

*See* Ex. A at 3.

REPLY BRIEF IN SUPPORT OF THIRD                    O
                    OVERY RESPONSES                                                    PAGE

G.10-009                                                                        /      )   684

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

In response, JPM's counsel did not clarify whether JPM failed to search Skype and Teams messages. Instead, JPM's counsel sent the e-mail set forth at the beginning of this Reply (*i.e.*, that Biering supposed requested a "new collection" of Ms. ▮▮▮'s messages). *See id.* at 2. Biering's counsel then responded:

> We're still unclear on whether JPM has ever collected Jena Cohen's Skype/Teams messages. Has it? There's no "new" request. JPM should have already collected, reviewed, and produced Cohen's responsive messages pursuant to the Chair's Orders. She's obviously a key custodian, and these messages reference our client by name. If it would truly require significant additional steps and cost to produce these, then it sounds like Cohen's IMs were never gathered. Please correct us if we're wrong.

*See id.* at 1.

JPM did not respond.

If it was truly that burdensome for JPM to search and produce responsive Skype and Teams messages, then JPM should have sought relief from the Chair and presented evidence of such purported burden. Further, if JPM believes that the discovery costs it has incurred goes "well beyond proportionality considerations," then JPM should provide evidence of same (not simply conclusory statements in its Response). *See* Resp. at 6. JPM is not permitted to unilaterally limit the scope of the Chair's orders.[11] Based on even the small number of Teams messages that JPM *has* produced, it is without question that these messages are highly relevant to the claims and allegations in this case.[12] There is not—and never was—any agreement between the parties to limit custodians. As such, the failure to produce the individual messages in JPMS 21519 cannot be excused on that basis.

---

[11] Further, as the Chair already said in the hearing Claimant's Second Motion to Compel, the Chair's orders are not limited by the scope of, or JPM's "understanding" of, Biering's discovery requests (*i.e.*, another argument that JPM reiterates in this Response).

[12] In fact, some of these messages directly reference Biering's desire to resign from JPM. These messages were not produced until September 17, 2025, a mere *six* days before the first trial setting.

**REPLY BRIEF IN SUPPORT OF THIRD**                              O
**...OVERY RESPONSES**                                                    **PAGE**

G.10-010

685

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

2. Biering filed the Motion after *repeated* delays and not until after close-of-busin
   when JPM and its counsel *were* available

As if conferring for weeks and months on limited, straightforward issues was not enough, JPM argues—multiple times—that Biering did something wrong by filing the Motion on November 11. *See* Resp. at 1, 5, 9. Aside from the fact that Biering himself is a veteran and, as such, clearly respects Veteran's Day, JPM's arguments are factually incorrect and otherwise baseless.

First, as set forth in the Motion, after JPM provided some (but not all) clarifying information regarding JPMS 21519, Biering asked JPM to simply produce the Skype messages themselves to avoid further back-and-forth. *See* Ex. A at 6-7. Biering gave JPM's *six* days to discuss with its counsel and produce those messages (*i.e.*, messages that JPM clearly already has in its possession). JPM did not respond. Finally, at 4:04 p.m. on November 10 (*i.e.*, the sixth day), Biering's counsel stated:

> Given the fast-approaching Final Hearing date, we need a resolution on this so we can focus on trial prep. If we don't receive the Skype messages referenced in JPMS 21519 today, we're going to go ahead and file a motion to compel. We've been going back and forth for over a month.

*See id.* at 5-6. Biering's counsel further stated:

> If the parties are able to resolve these issues, we'll withdraw our motion or file an updated certificate of conference.

*See id.* at 6. In response, also on November 10, JPM's counsel stated:

> I would appreciate if you could give us until tomorrow to respond as Jeff is out of office today.

*See* Ex. E, at 1.[13]

---

[13]     The e-mail chain attached hereto as Exhibit E is substantially similar to Exhibit A, but this one message from Ms. Henderson is not reflected in Exhibit A.

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

Biering wanted to file the Motion on November 10 anyway. However, gi

Dunlap is JPM's lead counsel, Biering did *not* file the Motion on November 10 and instead gave

JPM an additional day to respond. Notably, there was no mention that Mr. Dunlap would be out

of the office on November 11 (quite the opposite, actually). *See id.*

On November 11, as Biering was about to file the Motion, JPM's counsel responded as

follows at 5:00 p.m.:

> The bank is closed today in honor of Veteran's day. We will get back to you on the issue of native skype messages once we've had a chance to connect with our client.

*See* Ex. A at 5.

So, in addition to giving JPM an additional day to respond because Mr. Dunlap was out of

the office, JPM's counsel then indicated they needed more time because they failed to connect

with JPM regarding these issues (despite, at that point, having had a week to do so). *See id.* Even

worse, despite representing in the Response that they "asked for an additional day to confer

because the bank was closed for Veteran's Day," JPM's counsel did not "ask" for anything and,

instead, gave no indication of when they would "have a chance to connect with [their] client." *See

id.*; *see also* Resp. at 1.

As a result, Biering's counsel responded:

> Thanks for getting back to us. We updated our motion with the most recent info you gave, but we need to get the clock started in this. We're obviously willing to continue discussions and update or withdraw our motion if needed.

*See* Ex. A at 4.

Then, later that evening (*i.e.*, the same date that JPM's counsel said it could not connect

with its client due to it being Veteran's Day), and shortly after Biering filed the Motion, JPM

evidently made itself available for its counsel, who e-mailed Biering's counsel as follows:

REPLY BRIEF IN SUPPORT OF THIRD ... O
... OVERY RESPONSES

PAGE

687

G.10-012

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

I was able to connect with the client regarding JPMS 21519.

During our meet-and-confer discussions, when you raised the issue of Skype messages, we proposed collecting and searching instant messages for an additional four custodians, which you agreed to. Jenna Cohen was not among those custodians. Additionally, your first request for native Skype messages referenced in JPMS 21519 was made on November 4, not over a month ago as stated. Producing these newly requested native messages would require new collections, processing, hosting, review and redaction, resulting in significant additional expense without adding any probative value. We have already provided the date range for the Skype messages. Please let us know if you would like to discuss further.

*See id.* at 3-4.

As such, despite JPM's accusations in the Response that Biering somehow improperly filed the Motion on Veteran's Day when JPM and its counsel were supposedly unavailable, that is not the case at all. JPM's counsel *asked* Biering's counsel on November 10 for an additional day to respond (which Biering gave), and JPM's counsel *was* able to "connect" with their client on November 11. *See id.*; *see* Ex. E at 1. Even worse, the response that JPM's counsel provided to Biering's counsel on November 11 reflects the same meritless positions that JPM takes in the Response. *See* Ex. A at 3-4. As such, it is clear that waiting any additional time to file the Motion would have made no difference.

3. <u>Despite its victim mentality, it is JPM that has a pattern of deflecting rather than simply complying with its discovery obligations</u>

To summarize, JPM's efforts in the Response to accuse Biering and his counsel of improper conduct is not only a distraction from the limited issues at hand but is simply incorrect. And this is not the first time JPM has done so in response to a good-faith Motion to Compel. Biering and his counsel find it incredibly frustrating that they have been forced to repeatedly defend their efforts to obtain relevant, responsive documents that were ordered to be produced. The relief requested in the Motion and this Reply is warranted and therefore should be granted.

G.10-013

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

## CONCLUSION

Ultimately, Biering views the issues in the Motion as straightforward items that should not have needed to involve the Chair. However, the following November 12 e-mail from Biering's counsel to JPM's counsel best summarizes why the Motion was necessary:

> For over a month (actually, for over two months), we have tried to work with you to avoid wasting the Chair's time with such a simple item. JPM is the one that produced this Skype conversation. The format of production makes the conversation impossible to understand. In response to our questions, JPM has inexplicably decided not to produce the messages themselves and instead has given us inconsistent and incomplete information. JPM won't even give us the exact date of one of the messages referencing our client by name. We're not required to keep going back and forth on this.

*See* Ex. A at 3. Further, as discussed above, it took Biering filing the Motion—on the eve of the *second* trial date—for (1) JPM to finally produce the November 2023 Scorecard, and (2) JPM to finally implement proper procedures to locate the 360 Peer Review Feedback for 2021–2023. JPM's conduct is inexcusable.

Accordingly, Biering respectfully requests that the Chair grant the Motion and for such other and further relief to which he may be justly entitled, including, but not limited to, reimbursement of his reasonable and necessary attorney's fees in having to pursue the relief requested in the Motion. Biering further requests that the Panel grant him such other and further relief to which he may be justly entitled.

REPLY BRIEF IN SUPPORT OF THIRD                    O
OVERY RESPONSES                                                                              PAGE

G.10-014                                                                                689

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

Respectfully submitted,

**IACUONE MCALLISTER POTTER PLLC**

By:   */s/ Joshua J. Iacuone*
     Joshua J. Iacuone
     Texas State Bar No. 24036818
     Greg McAllister
     Texas State Bar No. 24071191
     Anna Olin Richardson
     Texas State Bar No. 24102947
     4925 Greenville Ave., Ste. 1112
     Dallas, Texas 75206
     Telephone: (214) 960-2832
     Email:   josh@imcplaw.com
             greg@imcplaw.com
             anna@imcplaw.com

**ATTORNEYS FOR CLAIMANT**

**<u>CERTIFICATE OF SERVICE</u>**

    This pleading is being served upon all counsel of record in the DR Portal on the date recorded therein, and all other interested persons as set-forth herein.

              */s/ Joshua J. Iacuone*
              Joshua J. Iacuone

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

# EXHIBIT A

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

| | |
|---|---|
| **From:** | Anna Richardson |
| **To:** | "Henderson, Sarah"; Joshua Iacuone |
| **Cc:** | Dunlap, Jeffrey |
| **Subject:** | RE: Biering/JPM - Motion to Compel |
| **Date:** | Wednesday, November 12, 2025 9:38:00 PM |
| **Attachments:** | image001.png |

Hi Sarah,

Thanks – we'll let you know if we have any issue accessing the Scorecard.

We're still unclear on whether JPM has ever collected ███████'s Skype/Teams messages. Has it? There's no "new" request. JPM should have already collected, reviewed, and produced ████'s responsive messages pursuant to the Chair's Orders. She's obviously a key custodian, and these messages reference our client by name. If it would truly require significant additional steps and cost to produce these, then it sounds like ████'s IMs were never gathered. Please correct us if we're wrong.

We understand your response as confirmation that JPM has located metadata regarding these Skype messages and is withholding it. This contradicts previous correspondence saying that JPM is not withholding any metadata or message details re: JPMS 21519. At a minimum, this contravenes FINRA Rule 13505 with respect to JPM's continued duty to cooperate in discovery. We therefore reserve the right to seek sanctions.

Nonetheless, we remain willing to discuss / try to resolve these issues so that we can simply focus on trial prep. Happy to get on a call if easier.

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com


www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Wednesday, November 12, 2025 5:10 PM
**To:** Anna Richardson <anna@imcplaw.com>; Joshua Iacuone <josh@imcplaw.com>

G.10-017

692

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

**Cc:** Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering/JPM - Motion to Compel

Hi Anna,

Thank you for your email. Since you've filed a motion to compel, we will address these issues in detail in our response to the Chair.

For clarity, your request is not for a single conversation but for all conversations reflected in the summary, which would require significant additional steps and cost to produce. While we have been responsive to your clarification questions for over a month, including providing explanations and later locating metadata, you did not request a new collection of Jenna ██████'s IMs until November 4, just four business days before filing your motion.

Separately, the November Scorecard has been uploaded to ShareFile and is available for your review.

Best,

------
Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Wednesday, November 12, 2025 2:24 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>; Joshua Iacuone <josh@imcplaw.com>
**Cc:** Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering/JPM - Motion to Compel

Hi Sarah,

Respectfully, we disagree, and we've continued to work with JPM so as to not file a motion, but we're just too short on time.

To address your e-mail – how is it burdensome to produce Skype messages from one conversation? Your client clearly has access to and has recently reviewed the individual Skype messages. Otherwise, it wouldn't be able to say that three of the messages were exchanged on November 7 and that the rest were in early November (*i.e.*, November 10 is the only date that appears anywhere in JPMS 21519).

G.10-018

693

4:26-cv-00381-O
*Biering v. JPMS, et al.*

For over a month (actually, for over two months), we have tried to work with you to avoid Chair's time with such a simple item. JPM is the one that produced this Skype conversatio format of production makes the conversation impossible to understand. In response to ou questions, JPM has inexplicably decided not to produce the messages themselves and instead has given us inconsistent and incomplete information. JPM won't even give us the exact date of one of the messages referencing our client by name. We're not required to keep going back and forth on this.

With respect to the other items in your email, we never "agreed" to limit custodians, and the Chair didn't either. JPM agreed back in *July* to search Skype/Teams messages (though it should have already done so per the Chair's Order), and we didn't learn until the eve of trial that JPM failed to search some of its own employees' messages. To that end, based on your comments about burden and expense, if you are saying that JPM never conducted searches of ████████'s Skype and Teams messages for responsive communications—despite that the Chair never excepted Skype/Teams messages from his Orders—then we find that highly concerning. Given that JPM produced JPMS 21519 and that Ms. ████ was a custodian for e-mail communications, we assumed Ms. ████ was clearly a custodian for Skype/Teams messages. Please let us know ASAP if her Skype/Teams messages were never searched.

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Tuesday, November 11, 2025 8:45 PM
**To:** Anna Richardson <anna@imcplaw.com>; Joshua Iacuone <josh@imcplaw.com>
**Cc:** Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering/JPM - Motion to Compel

Hi Anna,

I was able to connect with the client regarding JPMS 21519.

4:26-cv-00381-O
*Biering v. JPMS, et al.*

During our meet-and-confer discussions, when you raised the issue of Skype messa

proposed collecting and searching instant messages for an additional four custodia

you agreed to. Jenna ▮▮▮▮ was not among those custodians. Additionally, your first r

for native Skype messages referenced in JPMS 21519 was made on November 4, not over a

month ago as stated. Producing these newly requested native messages would require new

collections, processing, hosting, review and redaction, resulting in significant additional

expense without adding any probative value. We have already provided the date range for the

Skype messages. Please let us know if you would like to discuss further.


Regards,


------

Sarah K Henderson

eDiscovery Counsel

UB Greensfelder LLP

D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Tuesday, November 11, 2025 7:18 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>; Joshua Iacuone <josh@imcplaw.com>
**Cc:** Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering/JPM - Motion to Compel


Hi Sarah,

Thanks for getting back to us. We updated our motion with the most recent info you gave, but we need to get the clock started in this. We're obviously willing to continue discussions and update or withdraw our motion if needed.


Thanks,
Anna


Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com


www.imcplaw.com

G.10-020

695

4:26-cv-00381-O
*Biering v. JPMS, et al.*

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Tuesday, November 11, 2025 5:00 PM
**To:** Anna Richardson <anna@imcplaw.com>; Joshua Iacuone <josh@imcplaw.com>
**Cc:** Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering/JPM - Motion to Compel

Hi Anna,

Please see my responses below in red.

------

Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Monday, November 10, 2025 4:04 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering/JPM - Motion to Compel

Hi Sarah,

Given the fast-approaching Final Hearing date, we need a resolution on this so we can focus on trial prep. If we don't receive the Skype messages referenced in JPMS 21519 today, we're going to go ahead and file a motion to compel. We've been going back and forth for over a month.

<span style="color:red">The bank is closed today in honor of Veteran's day. We will get back to you on the issue of native skype messages once we've had a chance to connect with our client.</span>

Also, since we still haven't received clarity on whether a November 2023 Scorecard exists, we'll include that in our motion as well. This has been pending for two months.

<span style="color:red">We received the November scorecard from our client and will be producing that tomorrow.</span>

Last, at the motion to compel hearing back in August, we asked for an explanation as to why JPM could not locate Mr. Biering's 360 Peer Review Feedback for 2021, 2022, and 2023. We understand the searches that were made and that JPM said it exhausted all available avenues to find these documents. However, at the hearing, Sara stated that JPM would follow up and either provide (1) the

G.10-021

feedback itself or (2) an explanation for why these documents could not be located (as th
have been preserved). We have not received any explanation. We'll include this in our mot

Feedback data retention changed when the company moved to a new system at the end of
2020. Before that, feedback was managed using a system called Insight 360. After the
transition to Oracle HCM, items like feedback, goals, and check-ins were treated as transitory
and were not kept beyond their active use. Only finalized annual reviews are retained for a
longer period. Please let me know if you need any additional clarification.

If the parties are able to resolve these issues, we'll withdraw our motion or file an updated certificate
of conference.

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Anna Richardson
**Sent:** Tuesday, November 4, 2025 2:59 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Sarah,

We appreciate the follow up. We still find this too difficult to follow, though. There's another
reference to our client after the message re: "asking for the . . . money back," but apparently that one
wasn't sent on November 7? Seems like it was.

We've been going back and forth for a while on this. What would easily clear things up is for JPM to
produce the Skype messages themselves (*i.e.*, before they were aggregated into a summary email).
Given that your client can see the dates on which these messages were actually exchanged, I would

697

think this would be easy to do. Can you produce the messages themselves on or before M (11/10)?

Thanks,
Anna

Anna Olin Richardson
**Iacuone | McAllister | Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Friday, October 31, 2025 4:59 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

Thanks for your patience. You're correct that the messages in the thread were not all exchanged on November 7. To clarify, the client confirmed that the segment beginning with *"GM! Can you remind me where we landed on keeping Josh Biering (future leaver...)"* and ending with *"he sent a note asking for the ...money back"* occurred on November 7, 2023.

JPMS 21519 reflects multiple dates in early November. Skype for Business often aggregates messages into a single thread when the same participants are involved, even if the exchanges occur on different days. Additionally, the summary displays messages in chronological order, with earlier messages appearing at the top.

We hope this provides clarity.

Regards,
------
Sarah K Henderson
eDiscovery Counsel

G.10-023

698

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Monday, October 27, 2025 5:17 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Thanks, Sarah. The November 7th date helps, but it doesn't completely resolve it. We see timestamps throughout the document but not date stamps. ███ says "good morning" or "GM" multiple times. Based on the time stamps and the content of the communications, it really doesn't make sense for all of these messages to be exchanged on the same day. Is the explanation that ███ and Chiu had multiple, separate Skype conversations happening at once? Since your client is able to see that this exchange happened on November 7, we'd appreciate some additional clarity. We really can't make sense of the conversation.

Thanks,
Anna

Anna Olin Richardson
**Iacuone│McAllister│Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Monday, October 27, 2025 3:33 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

I did hear back on the second issue. Regarding JPMS 21519, you're correct that it's an email-generated summary of a Skype conversation, not a native export. There's no additional metadata available for that document that would reflect timestamps or message-level details.

G.10-024

699

However, our client was able to confirm that the IM exchange was sent on Novembe hope this helps clarify the timeline.


Best,


------

Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Monday, October 27, 2025 4:01 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production


Hi Sarah,


It's been a while on these items. Do you have any updates? We have new Final Hearing dates coming up, so we need to know where we stand.


Thanks,
Anna


Anna Olin Richardson
**Iacuone | McAllister | Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com


www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Wednesday, October 15, 2025 8:24 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

G.10-025

700

**CONFIDENTIAL**

ID 843
4:26-cv-00381-O
*Biering v. JPMS, et al.*

Hi Anna,

My apologies for the delay. I am still waiting to hear back on these issues. I followed u today.

Kind Regards,

------

Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Wednesday, October 15, 2025 4:24 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Sarah – can you please address the items below?

Thanks,
Anna

Anna Olin Richardson
**Iacuone│McAllister│Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Anna Richardson
**Sent:** Monday, October 6, 2025 3:17 PM
**To:** 'Henderson, Sarah' <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Sarah,

G.10-026

701

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

We're working to finalize any outstanding discovery items while it's still fresh. Two follow-questions for you:

1. Did you ever receive clarity on whether the November 2023 Scorecard exists? Apologies if I missed it.

2. With respect JPMS 21519, Jeff's September 11 letter noted that this document is not a native Skype export but instead an e-mail generated summary of a Skype conversation. To clarify – are you saying that there are no native Skype messages from this time period that can be exported (*i.e.*, which might have metadata reflecting the date of each message), or are you just saying JPM isn't withholding metadata because you simply produced the e-mail summary and that there is no other metadata re: that exact document?

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Wednesday, September 17, 2025 7:08 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

As promised, please find our supplemental production available in the ShareFile. This includes the additional TEAMs messages, the October 27 service desk email, and Biering's draft self-assessment, as outlined below.

**Production Details:**

- **Volume:** JPMS007
- **Begin Bates:** JPMS_00029333
- **End Bates:** JPMS_00029374
- **Total Documents:** 30
- **Total Images:** 42
- **Produced Natively:** 0
- **Documents with Redactions:** 9

Let me know if you have any questions or need anything further.

Best,

------

Sarah K Henderson

eDiscovery Counsel

UB Greensfelder LLP

D 216.583.7190

---

**From:** Henderson, Sarah
**Sent:** Wednesday, September 17, 2025 7:11 PM
**To:** 'Anna Richardson' <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

Apologies for the delay, we're still waiting to hear back regarding the November Scorecard and followed up again this morning. I suspect it may not be available due his absence during that period, which would explain why the report didn't generate correctly the first time. We'll confirm as soon as we receive a response.

In the meantime, I'm finalizing a production that I'll be sending over tonight. It will include:

- The additional TEAMs messages
- An email sent to Biering from the service desk on October 27. We did not locate any communications from My Tech Hub but I believe I located the message you were referring to and have included it.
- Biering's email to ▮▮▮▮ containing his draft self-assessment sent September 27.

Best Regards,

------

Sarah K Henderson

eDiscovery Counsel

UB Greensfelder LLP

G.10-028

703

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

D 216.583.7190

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Wednesday, September 17, 2025 5:26 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Sarah – we need an update on the remaining outstanding items:

- November 2023 Scorecard

- Additional Teams messages where Mr. Biering is not a participant (I believe the custodians were ▇▇▇▇, ▇▇▇▇▇▇▇, ▇▇▇▇▇, and ▇▇▇▇)

- The My Tech Hub email that Biering received on October 27, 2023

- The email from Biering to ▇▇▇▇ in September or October 2023 attaching Biering's self-assessment

Three of these docs are very specific, and it's my understanding that your team had already pulled the Teams messages last Friday and started reviewing them. We're less than a week out from trial, so JPM needs to expedite this.

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Anna Richardson
**Sent:** Tuesday, September 16, 2025 9:10 AM
**To:** 'Henderson, Sarah' <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

G.10-029

704

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Thanks, Sarah. Appreciate the follow-up. It looks like we're able to access all of the docu
but I'll let you know if there are any issues.

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Tuesday, September 16, 2025 12:51 AM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

I've re-uploaded the folders. This time they're unencrypted and uncompressed. Could you
please try accessing them again?

Best,

------
Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Monday, September 15, 2025 10:36 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

G.10-030

705

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Hi Sarah – our paralegals have tried but aren't able to fix it, and we don't have time to get o vendor involved with such a small number of documents. It's likely the password issue. C send you a link to one of our OneDrive folders to upload the new and re-produced docs? talking about less than 20 docs, so seems like we could avoid the zip folders that way.

Thanks,
Anna

Anna Olin Richardson
**Iacuone | McAllister | Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Monday, September 15, 2025 5:48 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

I heard back from our help desk and this is what he told me, "I just tried extracting the files myself and it worked fine. Could you check with them to see if they're being prompted for a password when trying to unzip the files? If not, that's likely the issue. Since the ZIP file is password-protected, they won't be able to use the default Windows extraction tool—they'll need a program like 7-Zip or WinRAR."

Are you able to provide more detail about where you're getting stuck? Is it accessing the ShareFile or with opening the zip?

Best,

------
Sarah K Henderson
eDiscovery Counsel

G.10-031

706

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Monday, September 15, 2025 5:42 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Sarah,

For some reason, we are not able to extract any of the files. We have not had this issue previously. Can you send us a new link?

Thanks,
Anna

Anna Olin Richardson
**Iacuone│McAllister│Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Monday, September 15, 2025 4:01 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** Biering Supplemental Production

Hi Anna,

Our supplemental production is now available in the ShareFile.

Volume: **JPMS006**
Begin Bates: JPMS_00029318
End Bates: JPMS_00029332

G.10-032

Total Docs: 9

Total Images: 15

Docs With Redactions: 5


Volume: **JPMS001_REDELIVERY_02**

Begin Bates: JPMS_00026201

End Bates: JPMS_00025804

Total Docs: 9

Total Images: 69

Docs With Redactions: 7


PW: <mark>TTdy3F+GpHb3GqfeY^</mark>


In today's production, we are including:

1. Documents related to Claimant's intent to join Raymond James, which were previously discussed.

2. Documents with partial privilege redactions removed following our re-review.


Although the Panel's recent order did not require us to re-review redactions at this stage, we conducted a good-faith review of documents that had been redacted for privilege. In the absence of specific Bates numbers, we focused on privilege-tagged documents and removed certain redactions applied by the review vendor in select cases.


We are continuing to work on the following outstanding items:

- The November scorecard.
- Additional Teams messages where Mr. Biering is not a participant.


We will produce those materials as soon as they are ready. Please let us know if you have any issues accessing the production.


Best,


**Sarah K Henderson**

*eDiscovery Counsel*


DIRECT:  216.583.7190

DIRECT FAX:  216.583.7001

FIRM:  216.583.7000

shenderson@ubglaw.com  |  bio  |  vCard


**UB Greensfelder LLP**


G.10-033

708

1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
ubglaw.com

**UB**Greensfelder®

UB GREENSFELDER LLP - CONFIDENTIAL COMMUNICATION

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, you have received this email in error and any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by reply email to the sender or by telephone at 216.583.7000 or 314.345.5400. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us. Opinions, conclusions, and other information in this message that do not relate to the official business of UB Greensfelder LLP are neither given nor endorsed by it.

G.10-034

709

# EXHIBIT B

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

| | |
|---|---|
| **From:** | Dorland, Sara |
| **To:** | Anna Richardson |
| **Cc:** | Joshua Iacuone; Dunlap, Jeffrey; Henderson, Sarah; Dorland, Sara |
| **Subject:** | RE: Biering/JPM - Summary of Meet-and-Confer - Recent Production |
| **Date:** | Thursday, August 21, 2025 10:13:13 AM |
| **Attachments:** | image001.png |
| | JPMS_0029151-JPMS_0029284.pdf |
| | JPMS_00029150.pdf |
| | JPMS_0029285-JPMS_0029292.pdf |

Hi Anna, Respondent's supplemental document production is attached. This production includes the follow up to JPMS 29129 that you requested below. We have run the 360 Peer Review Feedback search to ground and there simply are no more responsive records to produce. We will be providing the September scorecards shortly.

Thank you,

Sara


------

Sara Dorland

Associate

UB Greensfelder LLP

D  216.583.7364

M 216.347.0688


**From:** Anna Richardson <anna@imcplaw.com>

**Sent:** Monday, August 18, 2025 3:31 PM

**To:** Henderson, Sarah <shenderson@ubglaw.com>; Dorland, Sara <sdorland@ubglaw.com>

**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>

**Subject:** RE: Biering/JPM - Summary of Meet-and-Confer - Recent Production


Hi Sarah,

I appreciate you looking into the 360 Peer Review Feedback issue. Something is not adding up, though. Up until his resignation (when he lost access to JPM's system), our client was able to access all his Peer Review Feedback completed up until that date (*i.e.*, including 2021, 2022, and through October 2023) via the "me@JPMC" platform, and he received email notifications with links taking him directly to that feedback. We also know that current JPMC employees can access their Peer Review Feedback up until the present via the same platform. We're therefore having trouble understanding how the feedback for these recent years now can't be located, at least at a minimum through me@JPMC. It's possible JPM's switch to a new HR platform in 2020 is causing the confusion. In any event, can you follow up again with this additional information re: me@JPMC? We'd prefer to not have to raise this issue with the Chair.

Also, let us know when you have an update on the third item below.

We are also still waiting for the complete Scorecards for the three months we specifically requested

G.10-036

( ( ) 711

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

(per my email on August 4). Our client saw these before he resigned, so we know the ones on August 4 aren't the correct ones. When will the correct ones be produced?

Thanks,
Anna

Anna Olin Richardson
**Iacuone│McAllister│Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Thursday, August 14, 2025 1:28 PM
**To:** Anna Richardson <anna@imcplaw.com>; Dorland, Sara <sdorland@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering/JPM - Summary of Meet-and-Confer - Recent Production

Hi Anna,

Please see my responses below in red. Let me know if you have any further questions.

Best,
Sarah

------
Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Thursday, August 14, 2025 1:42 PM
**To:** Dorland, Sara <sdorland@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Henderson, Sarah <shenderson@ubglaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>

G.10-037

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

**Subject:** RE: Biering/JPM - Summary of Meet-and-Confer - Recent Production

Hi Sara,

A few follow-up questions from JPM's last production:

- The 360 Peer Review Feedback is only for 2018, 2019, and 2020. Can you send us the recent years?

The Litigation HR documents team confirmed they checked with Employee Records and found no additional 360-feedback. They also re-checked their system and confirmed that no other files exist beyond those already sent. All available avenues have been exhausted.

- There are a few documents that simply say "REDACTED" (*i.e.*, JPMS 29090, JPMS 29119, JPMS 29126). What's the basis for these redactions? The email chains preceding each of these documents don't give us any guidance.

These were extracted image files similar to JPMS_00029101 and JPMS_00029102, but they contained client signature blocks and PII, so they were redacted. While the files themselves are not substantively relevant, they were part of full document families that we've kept intact for production consistency.

- In JPMS 29129, Nadia Muraira asks ████████ a question, but the response isn't there. Please confirm whether ████ responded to this email (and if there are any subsequent communications between Muraira and ████ in this email chain). If so, please produce all these communications. The Chair ordered everything regarding the investigation, so there was —and still is—no basis to withhold this email chain.

Looking into this—will follow up if we identify any additional documents.

Thanks,
Anna

Anna Olin Richardson
**Iacuone⎮McAllister⎮Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852

G.10-038

713

E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Dorland, Sara <sdorland@ubglaw.com>
**Sent:** Monday, August 11, 2025 9:31 AM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Henderson, Sarah <shenderson@ubglaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>; Dorland, Sara <sdorland@ubglaw.com>
**Subject:** RE: Biering/JPM - Summary of Meet-and-Confer

Hi Anna,
Attached please find Respondent's supplemental document production stamped JPMS_00029080-JPMS_00029130. Per your request below, this production contains Mr. Jacob's Nov 8 email, emails from Mr. Biering regarding alleged lack of support, and 360 peer review feedback.

We did not locate any additional documents responsive to your request for communications with "Registration" employees. We also did not locate any additional documents responsive to your request for communications related to payment of Claimant's attorneys' fees in the customer case.

Thank you,
Sara
------
Sara Dorland
Associate
UB Greensfelder LLP
D  216.583.7364
M 216.347.0688

G.10-039

714

4:26-cv-00381-O
*Biering v. JPMS, et al.*

# EXHIBIT C

715

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc





4:26-cv-00381-O
*Biering v. JPMS, et al.*

**Jeffrey S. Dunlap**
*Partner*

DIRECT    216.583.7026
DIRECT FAX    216.583.7027
EMAIL    jdunlap@ubglaw.com

September 11, 2025

***VIA EMAIL*** (anna@imcplaw.com)

Anna Olin Richardson
Iacuone McAllister Potter
4925 Greenville Avenue, Suite 1112
Dallas, Texas 75206

Re:    **Joshua Biering v. J.P. Morgan Securities LLC**
       **FINRA Case No. 24-01208**

Dear Anna:

I'm writing in response to your September 9, 2025 letter regarding alleged deficiencies in JPMorgan's document production.

**1. Client Communications Regarding Biering's Departure**

As stated in our prior correspondence and in JPMS's formal responses, JPMorgan objected to requests for communications with clients regarding Mr. Biering's departure - specifically Request 23, 35, 71, and 76 - on the grounds that they are: overly broad, unduly burdensome, not proportional to the needs of the case and not relevant to the subject matter of the arbitration.  These objections were clearly stated in JPMS's written responses and reiterated during the parties' meet-and-confer process. The Panel did not compel production of these requests in either the May 8 Order or the August 27 Order.  Claimant's deficiency letter attempts to reframe the Chair's May 8 Order as requiring production of "all documents relating to Biering's departure," but that language must be interpreted in context. The Order directed production of documents relating to the circumstances surrounding Biering's resignation and JPMS's internal handling of that departure, including investigation materials, Form U5-related communications, and internal redistribution efforts. It did not compel production of external communications with clients post-termination, which are not relevant to the claims at issue, namely, the accuracy of the U5, the legitimacy of the investigation, and the nature of Biering's separation from JPMorgan.

Moreover, communications with clients after Biering's departure, particularly those concerning JPMorgan's efforts to retain clients, do not bear on the core issues in the arbitration. The client relationships belonged to JPMorgan, and any post-departure retention efforts are not probative of whether Biering resigned, whether the Form U5 was accurate, or whether the investigation was conducted in good faith. These communications also implicate sensitive client data and internal strategy, further supporting JPMS's proportionality and relevance objections.

Nonetheless, and in a continued effort to cooperate and exceed Respondent's discovery obligations, JPMS voluntarily ran a search for external communications over four

CHICAGO

CINCINNATI

CLAYTON, MO

CLEVELAND

COLUMBUS, OH

NEW YORK

SO. ILLINOIS

ST. LOUIS

UBGLAW.COM

st 2nd Street

16.583.7000    FAX    216.583.7001

G.10-041

/  ( )  716



Anna Olin Richardson
September 11, 2025
Page 2

custodians: Ben Stewart Jr., John Aughinbaugh, Peter Chilian, and Kyle Hitchcock for January through February 2024 containing the term "Biering." This search was not required by the Chair's orders but was conducted in good faith to address your concerns. The search did not identify any independent communications between JPMS and clients regarding Mr. Biering's departure.

## 2. Teams/Skype Messages Regarding Biering's Resignation

JPMorgan collected and searched all known bank messaging platforms and channels available to Claimant, including both Skype and Microsoft Teams. JPMorgan conducted a search of Biering's messages and ran extensive queries over those communications. As noted in our prior correspondence, JPMorgan agreed to conduct additional searches for Teams/Skype messages referencing Biering's resignation. We confirm that those searches were completed, and no additional responsive Teams or Skype messages were located beyond those already produced.

Moreover, your reference to JPMS 27626 mischaracterizes the content of that message. The email from Stephanie Stainback does not state that "many" Teams messages were exchanged about Biering's resignation without Biering copied. Rather, the message cryptically notes that there were "many more on Teams," which, when read in context, appears to refer to a barrage of messages sent by Biering himself via Teams, not internal discussions about his resignation. The message does not support the inference that substantive conversations about Biering's departure occurred on Teams without his involvement. JPMorgan maintains that its search was reasonable and proportional to the scope of the Chair's order and the parties' meet-and-confer discussions.

## 3. Scope of Search – "Where Biering Might Be Working Next"

JPMS conducted extensive searches across email collections for multiple custodians, including Biering, Stewart, Aughinbaugh, Hitchcock, Chilian, Campbell, Stainback, Jacobs, Muraira, and Thompson. These searches included a broad set of terms beyond the quoted phrase "where Biering might be working next" – terms such as Merrill Lynch, Morgan Stanley, resignation, resign, quit, moving on, new job, offer, departure, and related concepts. We confirm that these searches were conducted in good faith and in accordance with the Chair's order.

In an effort to be as exhaustive as possible, and following receipt of your September 9 deficiency letter, we further analyzed previous searches and then expanded the search terms to include future employer, Raymond James. This returned additional documents, which we are preparing for production and expect to provide shortly.

G.10-042

717



Anna Olin Richardson
September 11, 2025
Page 3

**4. Reproduction of JPMS 21519 with Date Stamps**

JPMS 21519 is not a native Skype export but rather an email-generated summary of a Skype conversation, which occurs when a message is not viewed or responded to within a certain timeframe. The format difference between JPMS 21519 and the recently produced Teams messages reflects the underlying platform behavior, not a production inconsistency. We are not withholding metadata or message content from JPMS 21519.

Sincerely,

Jeffrey S. Dunlap

cc:    Joshua Iacuone (josh@imcplaw.com)
       Sarah Henderson (shenderson@ubglaw.com)

G.10-043

718

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

# EXHIBIT D

G.10-044

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

| | |
|---|---|
| **From:** | Dunlap, Jeffrey |
| **To:** | Anna Richardson |
| **Cc:** | Joshua Iacuone; Henderson, Sarah |
| **Subject:** | RE: Correspondence in Biering |
| **Date:** | Friday, September 12, 2025 3:13:21 PM |
| **Attachments:** | image003.png |
| | image001.png |

Anna:

Yes, that's correct. ███████████ was referring to a shared Teams channel that the group used to compile communications sent by Mr. Beiring. She was not referring to additional Teams messages exchanged among the group discussing those communications.

Based on the meet and confer and the language of your written requests, we understood the focus to be on chats in which Mr. Beiring may have notified colleagues of his intent to resign. The requests were vague and did not identify specific custodians, and our subsequent discussions did not provide further clarification. Accordingly, we collected and reviewed Mr. Beiring's IMs through the date of his termination, in accordance with our understanding of the scope of your request. In light of your recent clarification email, and in the spirit of cooperation, we have now initiated a collection of Teams and Skype messages across four additional custodians: ████████, John ███████████, ████████████, and ██████████. This collection and search effort is being conducted on an expedited basis, and we aim to produce responsive material to you next week.

With respect to the November 2023 Scorecard, it appears the client inadvertently sent the October Scorecard twice. We have followed up and will produce the November Scorecard, to the extent it exists, as promptly as possible. We expect to have the referenced Raymond James emails to you on Monday.

Lastly, regarding client communications about Mr. Beiring post-departure - our original searches and collections encompassed September 2023 through December 31, 2023. Upon receipt of your letter, we conducted additional searches to extend the timeframe into January and February 2024 to cover the time period after his termination.

Jeff

------
Jeffrey S. Dunlap
Partner
UB Greensfelder LLP
D  216.583.7026
M 216.410.2531

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Friday, September 12, 2025 1:28 PM
**To:** Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Henderson, Sarah <shenderson@ubglaw.com>

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

**Subject:** RE: Correspondence in Biering

Jeff,

Ah, I see – so you're saying she means a shared Teams folder gathering other communications, not additional Teams messages regarding these communications?

We still need a response as to whether your team only searched Biering's Teams/Skype messages (*see* Section 2 of your letter). We also still need you to either produce or point us to the November 2023 Scorecard that Sarah said was produced Monday. We've both looked and still don't see it. Would also appreciate an update on the production you mentioned in Section 3 of your letter.

Last, for the first item, we understand your overall position, but were any searches with those four custodians run for the time period of October 28, 2023, through December 2023? We'd rather everyone's efforts be focused on preparing for trial, but we're confused by the January–February 2024 time frame you searched, given that ███████ said on October 30 that clients needed to be redistributed ASAP.

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Sent:** Friday, September 12, 2025 9:49 AM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Henderson, Sarah <shenderson@ubglaw.com>
**Subject:** RE: Correspondence in Biering

Anna:

Your assumptions are incorrect.  Josh Biering sent a number of messages to a people at JP Morgan. Ms. ███████'s reference was to the fact that a depository or shared folder was set up in Teams at

G.10-046

( ) 721

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

JP Morgan to collect all the messages Josh Biering was sending.

Jeff

------
Jeffrey S. Dunlap
Partner
UB Greensfelder LLP
D  216.583.7026
M 216.410.2531

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Thursday, September 11, 2025 6:33 PM
**To:** Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Henderson, Sarah <shenderson@ubglaw.com>
**Subject:** RE: Correspondence in Biering

Jeff,

Thanks for the response. We appreciate you getting back to us on these items.

A couple points of clarification re: the Teams/Skype messages. You said that Ms. ██████'s reference to "many more on Teams" "appears to refer to a ███age of messages sent by Biering himself via Teams." First, if there really was a "███age" of Teams messages involving Mr. Biering regarding his departure or resignation, then those messages should have been produced long ago, and we demand them now. Your letter is somewhat unclear on this point. In any event, our suspicion that there are "many" Teams messages regarding Mr. Biering's departure to which he was *not* a party is clearly reasonable. As you know, when Ms. ██████ said this on January 12, 2024, Mr. Biering had not had access to JPM's system or Teams workspace for more than two months. Therefore, Mr. Biering was clearly not exchanging Teams messages with JPM's employees during this time. To that end, it appears from your letter that the only searches you performed on Teams/Skype were in *Mr. Biering's* messages. If that is the case, then those searches are deficient. Neither we nor the Chair limited responsive communications regarding Mr. Biering's resignation/departure to certain custodians on certain platforms. If anything, those *not* involving Mr. Biering are highly relevant to this case.

Please follow up on this item and let us know the following by noon tomorrow: (1) if the Skype/Teams searches performed were only on Mr. Biering's messages, and (2) why Ms. ██████ was referencing "many more" messages on Teams that have not been produced (whether they are a "███age" of messages from our client or otherwise).

Thanks,
Anna

G.10-047

Anna Olin Richardson

**Iacuone │ McAllister │ Potter PLLC**

Energy Square One

4925 Greenville Ave., Suite 1112

Dallas, Texas 75206

Office: 214-432-1536

Cell: 425-829-9852

E-mail: anna@imcplaw.com


www.imcplaw.com

---

**From:** Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Sent:** Thursday, September 11, 2025 4:49 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Henderson, Sarah <shenderson@ubglaw.com>
**Subject:** Correspondence in Biering


Anna:

Please see the attached letter.

Jeff

**Jeffrey S. Dunlap**
*Partner*

DIRECT: 216.583.7026
DIRECT FAX: 216.583.7001
FIRM: 216.583.7000
MOBILE: 216.410.2531

jdunlap@ubglaw.com | bio | vCard

**UB Greensfelder LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
ubglaw.com

**UBGreensfelder**®

---

UB GREENSFELDER LLP - CONFIDENTIAL COMMUNICATION

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, you have received this email in error and any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by reply email to the sender or by telephone at 216.583.7000 or 314.345.5400. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us. Opinions, conclusions, and other information in this message that do not relate to the official business of UB Greensfelder LLP are neither given nor endorsed by it.

G.10-048

723

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

CONFIDENTIAL

Case 4:26-cv-00381-O-BP     Document 21-1     Filed 04/29/26     Page 159 of 172     PageID 869

ID 869
4:26-cv-00381-O
*Biering v. JPMS, et al.*

# EXHIBIT E

G.10-049

724

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

| | |
|---|---|
| **From:** | Henderson, Sarah |
| **To:** | Anna Richardson |
| **Cc:** | Joshua Iacuone; Dunlap, Jeffrey |
| **Subject:** | RE: Biering/JPM - Motion to Compel |
| **Date:** | Monday, November 10, 2025 5:08:20 PM |
| **Attachments:** | image003.png |
| | image001.png |

Hi Anna,

I would appreciate if you could give us until tomorrow to respond as Jeff is out of office today.

Regards,

------

Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Monday, November 10, 2025 4:04 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering/JPM - Motion to Compel

Hi Sarah,

Given the fast-approaching Final Hearing date, we need a resolution on this so we can focus on trial prep. If we don't receive the Skype messages referenced in JPMS 21519 today, we're going to go ahead and file a motion to compel. We've been going back and forth for over a month.

Also, since we still haven't received clarity on whether a November 2023 Scorecard exists, we'll include that in our motion as well. This has been pending for two months.

Last, at the motion to compel hearing back in August, we asked for an explanation as to why JPM could not locate Mr. Biering's 360 Peer Review Feedback for 2021, 2022, and 2023. We understand the searches that were made and that JPM said it exhausted all available avenues to find these documents. However, at the hearing, Sara stated that JPM would follow up and either provide (1) the feedback itself or (2) an explanation for why these documents could not be located (as they should have been preserved). We have not received any explanation. We'll include this in our motion as well.

If the parties are able to resolve these issues, we'll withdraw our motion or file an updated certificate of conference.

G.10-050

725

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Anna Richardson
**Sent:** Tuesday, November 4, 2025 2:59 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Sarah,

We appreciate the follow up. We still find this too difficult to follow, though. There's another reference to our client after the message re: "asking for the . . . money back," but apparently that one wasn't sent on November 7? Seems like it was.

We've been going back and forth for a while on this. What would easily clear things up is for JPM to produce the Skype messages themselves (*i.e.*, before they were aggregated into a summary email). Given that your client can see the dates on which these messages were actually exchanged, I would think this would be easy to do. Can you produce the messages themselves on or before Monday (11/10)?

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536

G.10-051

726

Cell: 425-829-9852

E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Friday, October 31, 2025 4:59 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

Thanks for your patience. You're correct that the messages in the thread were not all exchanged on November 7. To clarify, the client confirmed that the segment beginning with *"GM! Can you remind me where we landed on keeping Josh Biering (future leaver…)"* and ending with *"he sent a note asking for the …money back"* occurred on November 7, 2023.

JPMS 21519 reflects multiple dates in early November. Skype for Business often aggregates messages into a single thread when the same participants are involved, even if the exchanges occur on different days. Additionally, the summary displays messages in chronological order, with earlier messages appearing at the top.

We hope this provides clarity.

Regards,
------
Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Monday, October 27, 2025 5:17 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Thanks, Sarah. The November 7th date helps, but it doesn't completely resolve it. We see timestamps throughout the document but not date stamps. ████ says "good morning" or "GM" multiple times. Based on the time stamps and the content of the communications, it really doesn't

G.10-052

727

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

make sense for all of these messages to be exchanged on the same day. Is the explanatio
█████ and Chiu had multiple, separate Skype conversations happening at once? Since yo
able to see that this exchange happened on November 7, we'd appreciate some additiona
We really can't make sense of the conversation.

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Monday, October 27, 2025 3:33 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

I did hear back on the second issue. Regarding JPMS 21519, you're correct that it's an email-generated summary of a Skype conversation, not a native export. There's no additional metadata available for that document that would reflect timestamps or message-level details. However, our client was able to confirm that the IM exchange was sent on November 7th. We hope this helps clarify the timeline.

Best,

------
Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

**Sent:** Monday, October 27, 2025 4:01 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Sarah,

It's been a while on these items. Do you have any updates? We have new Final Hearing dates coming up, so we need to know where we stand.

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Wednesday, October 15, 2025 8:24 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

My apologies for the delay. I am still waiting to hear back on these issues. I followed up again today.

Kind Regards,

------
Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

G.10-054

729

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

ID 8055
4:26-cv-00381-O
*Biering v. JPMS, et al.*

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Wednesday, October 15, 2025 4:24 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Sarah – can you please address the items below?

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Anna Richardson
**Sent:** Monday, October 6, 2025 3:17 PM
**To:** 'Henderson, Sarah' <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Sarah,

We're working to finalize any outstanding discovery items while it's still fresh. Two follow-up questions for you:

1. Did you ever receive clarity on whether the November 2023 Scorecard exists? Apologies if I missed it.

2. With respect JPMS 21519, Jeff's September 11 letter noted that this document is not a native Skype export but instead an e-mail generated summary of a Skype conversation. To clarify – are you saying that there are no native Skype messages from this time period that can be exported (*i.e.*, which might have metadata reflecting the date    each message), or are you just

G.10-055

saying JPM isn't withholding metadata because you simply produced the e-mail su

that there is no other metadata re: that exact document?

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Wednesday, September 17, 2025 7:08 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

As promised, please find our supplemental production available in the ShareFile. This includes the additional TEAMs messages, the October 27 service desk email, and Biering's draft self-assessment, as outlined below.

**Production Details:**
- **Volume:** JPMS007
- **Begin Bates:** JPMS_00029333
- **End Bates:** JPMS_00029374
- **Total Documents:** 30
- **Total Images:** 42
- **Produced Natively:** 0
- **Documents with Redactions:** 9

Let me know if you have any questions or need anything further.

G.10-056

731

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Best,

\-\-\-\-\-\-
Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

---

**From:** Henderson, Sarah
**Sent:** Wednesday, September 17, 2025 7:11 PM
**To:** 'Anna Richardson' <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

Apologies for the delay, we're still waiting to hear back regarding the November Scorecard and followed up again this morning. I suspect it may not be available due his absence during that period, which would explain why the report didn't generate correctly the first time. We'll confirm as soon as we receive a response.

In the meantime, I'm finalizing a production that I'll be sending over tonight. It will include:
- The additional TEAMs messages
- An email sent to Biering from the service desk on October 27. We did not locate any communications from My Tech Hub but I believe I located the message you were referring to and have included it.
- Biering's email to ███████ containing his draft self-assessment sent September 27.

Best Regards,

\-\-\-\-\-\-
Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Wednesday, September 17, 2025 5:26 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Sarah – we need an update on the remaining outstanding items:
- November 2023 Scorecard

732

- Additional Teams messages where Mr. Biering is not a participant (I believe the cus were ████, ████████, ███████, and █████)

- The My Tech Hub email that Biering received on October 27, 2023

- The email from Biering to ██████ in September or October 2023 attaching Biering's self-assessment

Three of these docs are very specific, and it's my understanding that your team had already pulled the Teams messages last Friday and started reviewing them. We're less than a week out from trial, so JPM needs to expedite this.

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Anna Richardson
**Sent:** Tuesday, September 16, 2025 9:10 AM
**To:** 'Henderson, Sarah' <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Thanks, Sarah. Appreciate the follow-up. It looks like we're able to access all of the documents now, but I'll let you know if there are any issues.

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112

G.10-058

733

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

Dallas, Texas 75206

Office: 214-432-1536

Cell: 425-829-9852

E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Tuesday, September 16, 2025 12:51 AM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Anna,

I've re-uploaded the folders. This time they're unencrypted and uncompressed. Could you please try accessing them again?

Best,

------

Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190

---

**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Monday, September 15, 2025 10:36 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production

Hi Sarah – our paralegals have tried but aren't able to fix it, and we don't have time to get our outside vendor involved with such a small number of documents. It's likely the password issue. Can I just send you a link to one of our OneDrive folders to upload the new and re-produced docs? We're talking about less than 20 docs, so seems like we could avoid the zip folders that way.

Thanks,
Anna

Anna Olin Richardson
**Iacuone │ McAllister │ Potter PLLC**

G.10-059

ⱭⱭ) 734

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Energy Square One

4925 Greenville Ave., Suite 1112

Dallas, Texas 75206

Office: 214-432-1536

Cell: 425-829-9852

E-mail: anna@imcplaw.com


www.imcplaw.com


**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Monday, September 15, 2025 5:48 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production


Hi Anna,


I heard back from our help desk and this is what he told me, "I just tried extracting the files myself and it worked fine. Could you check with them to see if they're being prompted for a password when trying to unzip the files? If not, that's likely the issue. Since the ZIP file is password-protected, they won't be able to use the default Windows extraction tool—they'll need a program like 7-Zip or WinRAR."


Are you able to provide more detail about where you're getting stuck? Is it accessing the ShareFile or with opening the zip?


Best,


------

Sarah K Henderson
eDiscovery Counsel
UB Greensfelder LLP
D 216.583.7190


**From:** Anna Richardson <anna@imcplaw.com>
**Sent:** Monday, September 15, 2025 5:42 PM
**To:** Henderson, Sarah <shenderson@ubglaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** RE: Biering Supplemental Production


Hi Sarah,

G.10-060

735

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

For some reason, we are not able to extract any of the files. We have not had this issue pr
Can you send us a new link?

Thanks,
Anna

Anna Olin Richardson
**Iacuone⎮McAllister⎮Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

---

**From:** Henderson, Sarah <shenderson@ubglaw.com>
**Sent:** Monday, September 15, 2025 4:01 PM
**To:** Anna Richardson <anna@imcplaw.com>
**Cc:** Joshua Iacuone <josh@imcplaw.com>; Dunlap, Jeffrey <jdunlap@ubglaw.com>
**Subject:** Biering Supplemental Production

Hi Anna,

Our supplemental production is now available in the ShareFile.

Volume: **JPMS006**
Begin Bates: JPMS_00029318
End Bates: JPMS_00029332
Total Docs: 9
Total Images: 15
Docs With Redactions: 5

Volume: **JPMS001_REDELIVERY_02**
Begin Bates: JPMS_00026201
End Bates: JPMS_00025804
Total Docs: 9
Total Images: 69

G.10-061

736

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Docs With Redactions: 7

PW: TTdy3F+GpHb3GqfeY^

In today's production, we are including:

1. Documents related to Claimant's intent to join Raymond James, which were previously discussed.
2. Documents with partial privilege redactions removed following our re-review.

Although the Panel's recent order did not require us to re-review redactions at this stage, we conducted a good-faith review of documents that had been redacted for privilege. In the absence of specific Bates numbers, we focused on privilege-tagged documents and removed certain redactions applied by the review vendor in select cases.

We are continuing to work on the following outstanding items:

- The November scorecard.
- Additional Teams messages where Mr. Biering is not a participant.

We will produce those materials as soon as they are ready. Please let us know if you have any issues accessing the production.

Best,

**Sarah K Henderson**
*eDiscovery Counsel*

DIRECT: 216.583.7190
DIRECT FAX: 216.583.7001
FIRM: 216.583.7000

shenderson@ubglaw.com | bio | vCard

**UB Greensfelder LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
ubglaw.com

UB GREENSFELDER LLP - CONFIDENTIAL COMMUNICATION

This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, you have received this email in error and any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by reply email to the sender or by telephone at 216.583.7000 or 314.345.5400. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us. Opinions, conclusions, and other information in this message that do not relate to the official business

G.10-062

737

01_Series_G_Motion_to_Compel_Briefing_and_Orders.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Doc