# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT H.01
## Arbitrator Rank Strike Packet
## H.01-001 – 010

**Description:**    Arbitrator rank/strike or extension-of-time record.

**Relevance:**    Panel-selection and scheduling record; part of the procedural history under FAA review.

**Source:**    FINRA Arbitration Packet; dated September 9, 2024

**Petition Ref:**    App. A p. 52 ("Arbitrator Rank & Strike Packet (Sept. 9, 2024)")

**Disclosures:**    None — reproduced as produced, no added markings

**Filing Status:**    Public - not sealed

Case 4:26-cv-00381-O-BP     Document 21-2     Filed 04/29/26     Page 2 of 21     PageID 881



**H.1-001**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

# Arbitrator List

*Subject Posted on 09/09/2024*

List Cover Letter-1.pdf( 9/9/2024 8:40:59 AM)

Arbitrator Ranking Form and Disclosure Report for List ID 135457.pdf( 9/9/2024 8:28:02 AM)

H.1-001

02_Series_H_Arbitrator_Selection_Materials.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Dockete

H.1-002
4:26-cv-00381-O
*Biering v. JPMS, et al.*

**List Cover Letter-1.pdf( 9/9/2024 8:40:59 AM)**

H.1-002

02_Series_H_Arbitrator_Selection_Materials.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Dockete



H.1-003
4:26-cv-00381-O
*Biering v. JPMS, et al.*



| | |
|---|---|
| **TO:** | Jeffrey S. Dunlap, Esq.<br>Joshua J. Iacuone, Esq. |
| **From:** | Aracelly Y. Hernandez<br>Case Specialist |
| **Subject:** | FINRA Dispute Resolution Services Arbitration Number 24-01208<br>Joshua David Sappi Biering vs. J.P. Morgan Securities, LLC,  JPMorgan Chase & Co.,<br>and JPMorgan Chase Bank, N.A |
| **Date:** | September 9, 2024 |

In accordance with FINRA rules, your case is ready for the appointment of arbitrators. FINRA arbitrators are independent and are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

The parties will select arbitrators to decide this dispute by striking and ranking proposed arbitrators on the DR Portal. FINRA created these computer-generated random lists using its list selection algorithm. We provide for your review an Arbitrator Ranking Form and a Disclosure Report for each arbitrator on the list. The Arbitrator Disclosure Reports provide important arbitrator background information, including a list of the arbitrator's prior NASD and FINRA awards.

The list selection algorithm screens arbitrators for known current conflicts with member firms involved in the case when generating lists. After the list is generated, Dispute Resolution Services (DRS) staff conducts a final review of the potential arbitrators for other known current conflicts that cannot be systematically screened by the list selection algorithm so that the parties' choices are not reduced during the selection stage. Examples of these types of conflicts include arbitrators with a familial relationship to a party; arbitrators representing one of the parties to the case; or arbitrators employed by the same law firm as counsel to the arbitration.

Please visit our website at https://finra.org/arbitration-mediation/about/arbitration-process/arbitrator-selection for more detailed information about the arbitrator selection process.

Parties are encouraged to conduct their own due diligence with respect to the social media presence of prospective arbitrators. Keep in mind that social media presence is changeable as accounts may be opened or closed, privacy settings may be changed and posts can be created, edited and/or taken down by the user. Social media posts made by FINRA arbitrators do not reflect the opinions and views of FINRA.

**Investor protection. Market integrity.**

FINRA Dispute Resolution Services
Northeast Regional Office

Brookfield Place
200 Liberty Street
New York, NY 10281

t  212 858 4200
www.finra.org

H.1-003



<u>Ranking List Due Date</u>

This office must receive your ranking lists by September 30, 2024. You are not required to send a copy of your ranking lists to the opposing parties, but remain free to do so. **If we have not received your lists on or before the return date, you will be deemed to have accepted all arbitrators on the lists.**

<u>Ranking Arbitrators Using the DR Portal</u>

In order to rank and strike arbitrators online, you will need to access this case using the online portal. The List Selection tab of the portal allows party representatives to strike and rank arbitrators online. This online ranking page replaces the use of the paper ranking form. The list cover letter and Arbitrator Disclosure Reports for the prospective arbitrators listed in the List Selection tab can be found in the Case Documents tab with the subject heading of "Arbitrator List." Once you have entered all of your ranks and strikes, click on Submit Ranking Sheet. Only one ranking sheet can be submitted by a representative. Shortly after your ranking sheet is received, a copy of your submitted rankings can be found in the Case Documents tab. Please do not submit a PDF ranking form in addition to completing the online ranking sheet.

<u>FINRA Arbitrators</u>

FINRA strives to provide a fair, efficient and effective forum for investors, brokerage firms, and their registered representatives to resolve their securities disputes and recognizes the importance of providing a diverse pool of arbitrators from which parties can choose. FINRA is committed to increasing diversity and inclusion in the dispute resolution field where women and minorities continue to be under-represented as neutrals. Studies have shown that diverse groups improve group decision-making.[1] When reviewing the proposed slate of arbitrator candidates, FINRA encourages you to consider the value of diversity and the role that your selections play in fostering inclusion in the dispute resolution community.

FINRA relies on a roster of neutral, qualified arbitrators to help maintain its fair, impartial, and efficient system of resolving disputes. Since arbitrators hear and decide disputes in our forum, we carefully recruit and screen arbitrator candidates for admission to our roster. Our arbitrators are carefully selected from a broad cross-section of people, diverse in culture, profession, and background. Our roster consists of arbitrators from various backgrounds, including educators, accountants, medical professionals and others, as well as lawyers and securities professionals. Arbitrators appointed to FINRA cases sign an Oath affirming that they will decide the arbitration fairly and render a just award. Further, by signing the Oath, arbitrators also affirm their commitment to comply with the ABA/AAA Code of Ethics for Arbitrators in Commercial Disputes that requires among other things that arbitrators act in a neutral, independent, and impartial manner.

<u>Arbitration Awards Online</u>

You can download publicly available arbitration awards from FINRA's Arbitration Awards Online database at https://www.finra.org/arbitration-mediation/arbitration-awards. The database

---

[1] https://www.mckinsey.com/business-functions/organization/our-insights/delivering-through-diversity



**H.1-005**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

provides users with instantaneous access to awards and the ability to search for awards using multiple criteria, such as case number, keywords within awards, arbitrator name, ranges set by the user, and any combination of these features.

In addition, users can access the awards of all arbitration programs absorbed over the years by FINRA and NASD (which include the American Stock Exchange, Philadelphia Stock Exchange, Municipal Securities Rulemaking Board, and New York Stock Exchange). These awards do not appear on the Arbitrator Disclosure Reports.

Since March 2010, FINRA has included court orders vacating arbitration awards along with their respective awards in the Arbitration Awards Online database. In February 2012, FINRA started posting **all** court orders relating to arbitration awards (including court orders that deny a motion to vacate). FINRA posts court orders relating to arbitration awards only when FINRA receives copies of the orders. For this reason, FINRA encourages parties to research independently whether a court has vacated, confirmed, or modified a prospective arbitrator's past awards. Parties are further cautioned that FINRA's Arbitration Awards Online database might not reflect whether a party has appealed an order or the outcome of any such appeal.

<u>FINRA BrokerCheck</u>

Parties may find additional information about non-public arbitrators by searching FINRA BrokerCheck®. BrokerCheck is a free tool to help investors research the professional backgrounds of current and former FINRA-registered brokerage firms and brokers. You can find BrokerCheck at https://brokercheck.finra.org/. To search for a broker, enter the individual's first and last name or the individual's CRD number. Please note that many non-public arbitrators have their CRD numbers at the top left section of their Arbitrator Disclosure Reports.

<u>Arbitrator Ranking Process</u>

Your case is proceeding according to the three arbitrator intra-industry case provisions for disputes between associated persons or between or among firms and associated persons as described in Rule 13403(b)(2). This means that the parties will receive the following three lists of arbitrators: one list with 10 chair-qualified public arbitrators, one list with 10 public arbitrators, and one list with 10 non-public arbitrators. In accordance with this rule, each separately represented party may strike **up to four of the 10 arbitrators on each list** for any reason by crossing through the names of the arbitrators. At least six names must remain on each list. After exercising their strikes, the parties should rank the remaining arbitrators in order of preference with a "1" indicating the party's first choice, a "2" indicating the party's second choice, and so on. Each list of arbitrators must be ranked separately. FINRA will consolidate the parties' lists to appoint the panelists based on the parties' rankings.

If there are no remaining arbitrators of the required classification available to serve from the parties' combined lists, FINRA will offer parties the option to stipulate to strike and rank an additional "short list" of potential arbitrators, and will otherwise appoint an arbitrator of the required classification from names generated randomly by the list selection algorithm.

<u>Challenges to Arbitrators</u>

In addition to allowing parties to strike proposed arbitrators on the ranking lists prior to appointment, FINRA rules also provide parties with the right to challenge arbitrators for cause. If a party believes that FINRA has incorrectly listed an arbitrator on a ranking list, it may: (1) file

H.1-005

02_Series_H_Arbitrator_Selection_Materials.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026


H.1-006
4:26-cv-00381-O
*Biering v. JPMS, et al.*

a motion with the Director of Dispute Resolution (Director) under Rule 12503(d)(1)/13 requesting that the Director remove the arbitrator from the ranking list, or (2) request u opposing party agree to remove the arbitrator from the ranking list.

After the Director sends the ranking lists to the parties, but before the commencement of the first hearing session, FINRA rules provide that the Director will grant a party's request to remove an arbitrator if it is reasonable to infer, based on information known at the time of the request, that the arbitrator is biased, lacks impartiality, or has a direct or indirect interest in the outcome of the arbitration. The interest or bias must be definite and capable of reasonable demonstration, rather than remote or speculative. FINRA rules also provide that close questions regarding challenges to an arbitrator made by a customer will be resolved in favor of the customer.

After the commencement of the first hearing session, the Director may remove an arbitrator only if the arbitrator has failed to disclose required information not previously known by the parties.

Parties have 10 days from the receipt of a challenge for cause, a request to the Director to remove an arbitrator after the first hearing session, or an arbitrator recusal request to respond to the request, unless the moving party agrees to an extension of time or the Director grants an extension of time. Parties have five days from the receipt of the response to the request to reply to the response unless the responding party agrees to an extension of time, or the Director grants an extension of time. Please note that a pending motion to remove an arbitrator from a ranking list will not automatically extend or delay the ranking deadline. However, FINRA will honor the parties' written agreement to extend this deadline.

Parties are advised that they may not inform the panel of an opposing party's causal challenge. The Director decides causal challenges under Rules 12407 and 13410.

Requests for Additional Information

If a party requests additional information about an arbitrator, FINRA will request the additional information from the arbitrator, and will send any response to all of the parties at the same time. When a party requests additional product-related information about an arbitrator within 10 days from the date this office sent the ranking form to the parties, all parties will have 20 days from the date FINRA receives the party's request to return the ranking form. However, FINRA will not toll the time for parties to return the ranking form when a party requests any other additional information about an arbitrator.

Motions to Dismiss

Rule 12504 of the Customer Code and Rule 13504 of the Industry Code limit significantly the filing of motions to dismiss in the arbitration forum and impose strict sanctions against parties who engage in abusive motion practices. These rules specify the following three limited grounds on which a motion to dismiss may be granted before a claimant finishes presenting his/her case: (1) the non-moving party signed a settlement and release; (2) the moving party was not associated with the account, security, or conduct at issue; or (3) the claim does not meet the criteria of the eligibility rule (contained in Rule 12206 of the Customer Code and Rule 13206 of the Industry Code).

H.1-006



H.1-007
4:26-cv-00381-O
*Biering v. JPMS, et al.*

Rules 12206, 12504, 13206 and 13504 do not apply to dispositive motions made in sir arbitration cases with no hearing. The arbitrator will review all defenses on the papers, hearing.

Unless the parties agree or the panel determines otherwise, moving parties must serve motions under Rule 12504 of the Customer Code and Rule 13504 of the Industry Code at least 60 days before a scheduled hearing, and non-moving parties have 45 days to respond to the motion. Moving parties have five days from receipt of the response to submit a reply. In the case of an eligibility motion under Rules 12206 and 13206, moving parties must file the motion to dismiss at least 90 days before a hearing, and the non-moving parties will have 30 days to respond. Moving parties have five days from receipt of the response to submit a reply.

If a moving party decides not to submit a reply, that party should send written notification to the FINRA staff member assigned to the case as soon as possible in order to expedite a decision on the motion.

Absent party stipulation, staff will not wait for the non-moving party to submit a sur-reply to the reply prior to forwarding the motion, response, and reply to the panel. Should the non-moving party submit a sur-reply, staff will forward it to the panel immediately upon its receipt. All responses to written motions must be served on each other party via the DR Portal.

If you have any questions, please do not hesitate to contact me at 212-858-4388 or by email at Aracelly.Hernandez@finra.org.


AXB:lfy:LC08B
idr: 06/06/2024

RECIPIENTS:
Jeffrey S. Dunlap, Esq., UB Greensfelder LLP, 1660 West 2nd Street, Suite 1100, Cleveland, OH 44114-1406
On Behalf Of: J.P. Morgan Securities, LLC; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A

Joshua J. Iacuone, Esq., Iacuone McAllister Potter PLLC, 4925 Greenville Ave, Suite 700, Dallas, TX 75206
On Behalf Of: Joshua D. Biering

H.1-007



**H.1-008**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

## Arbitrator Ranking Form and Disclosure Report for Lis 135457.pdf( 9/9/2024 8:28:02 AM)

H.1-008

02_Series_H_Arbitrator_Selection_Materials.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Dockete



# Arbitrator List
## Table Of Contents

*Click on any item listed in the Table of Contents to go directly to that page of this document.*

Arbitrator Ranking Form..................................................................................................................2

A64818 - Scott Stains...................................................................................................................3

A31213 - Nicole LeBoeuf.............................................................................................................7

A31542 - Lawrence Maxwell.......................................................................................................13

A55803 - Mary Skelnik................................................................................................................23

A58808 - Eric Cromartie..............................................................................................................31

A31305 - Karen Washington........................................................................................................36

A33451 - William Fynes..............................................................................................................43

A13391 - Bill Lamoreaux.............................................................................................................46

A59349 - Mary Scott...................................................................................................................51

A31201 - Andrea Calve...............................................................................................................56

A65037 - Eunice Lee...................................................................................................................62

A66201 - Dietrich Nickleberry-Love............................................................................................66

A67607 - Pamela Smith...............................................................................................................70

A61890 - Jacqueline Haire..........................................................................................................73

A32993 - Dineo Coleman Gary....................................................................................................76

A66505 - Michelle Prudhomme-Coleman.....................................................................................81

A60090 - Anisha Kinra................................................................................................................85

A67379 - Christine Rister............................................................................................................89

A64705 - Lantis Roberts...............................................................................................................93

A67969 - Tycom Wright...............................................................................................................98

A64798 - David King..................................................................................................................101

A59405 - James Young...............................................................................................................105

A57575 - Sherry Craig................................................................................................................113

A10548 - Jerome Wade...............................................................................................................117

A07802 - Ann Kimball.................................................................................................................121

A58987 - Dianne Betts................................................................................................................126

A62547 - Tanner Forman.............................................................................................................129

A13416 - Kurt Smith...................................................................................................................133

A10742 - Daniel Dooley..............................................................................................................137

A58516 - Juan Martinez..............................................................................................................140

H.1-009

02_Series_H_Arbitrator_Selection_Materials.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-29_E

# ARBITRATOR RANKING FORM



**H.1-010**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

**Case ID:** 24-01208   **Case Name:** Joshua David Sappi Biering vs. J.P. Morgan Securities, LLC,  JPMorgan Chase & Co., and JPMorgan Chase Bank, N.A   **List ID: 135457**

**Public Chairpersons**

(maximum of 4 strikes permitted)

| Arbitrator ID | Arbitrator Name | Party Ranking/Struck |
|---|---|---|
| A64818 | Scott Stains | _____ |
| A31213 | Nicole LeBoeuf | _____ |
| A31542 | Lawrence Maxwell | _____ |
| A55803 | Mary Skelnik | _____ |
| A58808 | Eric Cromartie | _____ |
| A31305 | Karen Washington | _____ |
| A33451 | William Fynes | _____ |
| A13391 | Bill Lamoreaux | _____ |
| A59349 | Mary Scott | _____ |
| A31201 | Andrea Calve | _____ |

**Public Arbitrators**

(maximum of 4 strikes permitted)

| Arbitrator ID | Arbitrator Name | Party Ranking/Struck |
|---|---|---|
| A65037 | Eunice Lee | _____ |
| A66201 | Dietrich Nickleberry-Love | _____ |
| A67607 | Pamela Smith | _____ |
| A61890 | Jacqueline Haire | _____ |
| A32993 | Dineo Coleman Gary | _____ |
| A66505 | Michelle Prudhomme-Coleman | _____ |
| A60090 | Anisha Kinra | _____ |
| A67379 | Christine Rister | _____ |
| A64705 | Lantis Roberts | _____ |
| A67969 | Tycom Wright | _____ |

**Non-Public Arbitrators**

(maximum of 4 strikes permitted)

| Arbitrator ID | Arbitrator Name | Party Ranking/Struck |
|---|---|---|
| A64798 | David King | _____ |
| A59405 | James Young | _____ |
| A57575 | Sherry Craig | _____ |
| A10548 | Jerome Wade | _____ |
| A07802 | Ann Kimball | _____ |
| A58987 | Dianne Betts | _____ |
| A62547 | Tanner Forman | _____ |
| A13416 | Kurt Smith | _____ |
| A10742 | Daniel Dooley | _____ |
| A58516 | Juan Martinez | _____ |

Limited strikes are permitted for each group of Arbitrators. Please refer to the Code of Arbitration Procedure or the cover letter that accompanied the Arbitrator Ranking Sheet for specific instructions.

**Claimant/Respondent:** _____   **Submitted By:** _____

**on behalf of:** _____   **Signed** _____

02_Series_H_Arbitrator_Selection_Materials.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-29_E

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

---

# EXHIBIT H.02
## Extension to Submit Arb Rankings
## H.02-001

---

**Description:**     Arbitrator rank/strike or extension-of-time record.

**Relevance:**     Panel-selection and scheduling record; part of the procedural history under FAA review.

**Source:**     FINRA Dispute Resolution Services – Extension (Sept. 26, 2024)

**Petition Ref:**     App. A p. 52 ("Extension to Submit Arb Rankings (Sept. 26, 2024)")

**Disclosures:**     None — reproduced as produced, no added markings

**Filing Status:**     Public - not sealed



H.2-001
4:26-cv-00381-O
*Biering v. JPMS, et al.*



**TO:**         Jeffrey S. Dunlap, Esq.
              Joshua J. Iacuone, Esq.

**From:**       Aracelly Y. Hernandez
              Case Specialist

**Subject:**    FINRA Dispute Resolution Services Arbitration Number 24-01208
              Joshua David Sappi Biering vs. J.P. Morgan Securities, LLC,  JPMorgan Chase & Co.,
              and JPMorgan Chase Bank, N.A

**Date:**       September 26, 2024

We have received Claimant's Request for Extension to File Arbitrator Rankings. The Director of Dispute Resolution Services has granted Claimant's request. The arbitrator rankings are now due on October 7, 2024.

If you have any questions, please do not hesitate to contact me at 212-858-4388 or by email at Aracelly.Hernandez@finra.org.


AXB:axb:LC53A
idr: 02/18/2020

RECIPIENTS:
Jeffrey S. Dunlap, Esq., UB Greensfelder LLP, 1660 West 2nd Street, Suite 1100, Cleveland, OH 44114-1406
On Behalf Of: J.P. Morgan Securities, LLC

Joshua J. Iacuone, Esq., Iacuone McAllister Potter PLLC, 4925 Greenville Ave, Suite 700, Dallas, TX 75206
On Behalf Of: Joshua D. Biering

Investor protection. Market integrity.     FINRA Dispute Resolution Services     Brookfield Place      t  212 858 4200
                                        Northeast Regional Office           200 Liberty Street    www.finra.org
                                                                          New York, NY 10281

H.2-001

02_Series_H_Arbitrator_Selection_Materials.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT H.03

## Biering Letter Extension Request Oct2 2024 H.03-001 – 002

**Description:**   Arbitrator rank/strike or extension-of-time record.

**Relevance:**   Panel-selection and scheduling record; part of the procedural history under FAA review.

**Source:**   FINRA Case No. 24-01208 – Claimant extension request (Oct. 2, 2024)

**Petition Ref:**   App. A p. 52 ("Biering Letter – Extension Request (Oct. 2, 2024)")

**Disclosures:**   None — reproduced as produced, no added markings

**Filing Status:**   Public - not sealed

H.3-001
4:26-cv-00381-O
*Biering v. JPMS, et al.*



## IACUONE McALLISTER POTTER

TRUSTED  TESTED  RESPECTED

**Iacuone McAllister Potter PLLC**

Energy Square One

4925 Greenville Ave.

Suite 700

Dallas, Texas 75206

October 2, 2024

<u>*Via Portal*</u>

Aracelly Hernandez

FINRA Dispute Resolution Services

Brookfield Place

200 Liberty Street

New York, New York

Re:    ***Biering/Arbitration; FINRA No. 24-01208***

Ms. Hernandez:

This law firm represents Claimant Joshua Biering in the above-referenced arbitration.

As you are aware, on September 26, 2024, FINRA extended the rank and strike deadline for the new Panel to October 7, 2024 ("New Panel Rank/Strike Deadline").

As you are further aware, on September 27, 2024, FINRA also separately extended the deadline for Mr. Biering to dismiss his statutory discrimination claims to October 4, 2024 ("Dismiss Statutory Claims Deadline").

FINRA extended these two deadlines as FINRA is considering Mr. Biering's "pending Motion" challenging and seeking reconsideration of these two very issues (*i.e.*, the original Panel is correct; and the original Panel, not FINRA, should determine the merits/appropriateness of Mr. Biering's statutory discrimination claims).

Given this "pending Motion" for reconsideration is still outstanding, Mr. Biering again respectfully requests that the current New Panel Rank/Strike Deadline and current Dismiss Statutory Claims Deadline be stayed (or at least extended again) until after FINRA rules on the "pending Motion" to reconsider.  There is no prejudice in granting such an extension; to the contrary, it is the most efficient option.

1

H.3-001

02_Series_H_Arbitrator_Selection_Materials.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026



**H.3-002**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

Given that October 4 is only two business days away, your prompt attention to (and previous similar requests) is much appreciated.

Counsel for JPMS will be served this correspondence as it will be filed on the Portal.

Sincerely,

Joshua J. Iacuone

harepoint.com/personal/josh_imcplaw_com/Documents/Josh Clients Shared Drive/7.00002  Biering, Josh (Arbitration)/Pleadings - Drafts/Ltr Seeking Another Extension of Dismissal and Rank Strike Date
iling on Pending Motion.docx

H.3-002

02_Series_H_Arbitrator_Selection_Materials.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT H.04
## FINRA Motion Denial Reconsideration
## H.04-001 – 002

**Description:**     Arbitrator rank/strike or extension-of-time record.

**Relevance:**       Panel-selection and scheduling record; part of the procedural history under FAA review.

**Source:**          FINRA Dispute Resolution Services – Denial of reconsideration (Oct. 3, 2024)

**Petition Ref:**    App. A p. 52 ("FINRA Motion Denial – Motions for Reconsideration (Oct. 3, 2024)")

**Disclosures:**     None — reproduced as produced, no added markings

**Filing Status:**   Public - not sealed





Richard W. Berry
Executive Vice President and Director
FINRA Dispute Resolution Services

October 3, 2024

Joshua J. Iacuone, Esq.
Iacuone McAllister Potter PLLC
4925 Greenville Ave.
Suite 700
Dallas, Texas 75206

Subject:    FINRA Dispute Resolution Number 24-01208
            Joshua David Sappi Biering vs. J.P. Morgan Securities, LLC

Dear Mr. Iacuone,

FINRA Dispute Resolution Services ("FINRA DRS") received the Motions for Reconsideration of Jurisdiction ("Motions") for the above referenced matter filed by claimant Joshua David Sappi Biering and Claimant's counsel (together, "Claimant") in FINRA Case No. 24-01208.  For the reasons explained herein, the Director of FINRA DRS (the "Director") denies the Motions.

On June 3, 2024, Claimant filed his original statement of claim with FINRA DRS in FINRA Case No. 24-01208 asserting fourteen causes of action, including a claim for discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act (Count 9) and a claim for disability discrimination in violation of the Americans with Disabilities Act and the Texas Commission on Human Rights Act (Count 10).

On July 24, 2024, FINRA DRS sent the parties arbitrator ranking forms under FINRA Rule 13802.  On August 12, 2024 and August 13, 2024, Claimant and Respondent J.P. Morgan Securities, LLC ("Respondent"), respectively, submitted ranked arbitrator lists.  On August 13, 2024, Respondent also filed correspondence asserting that the pre-dispute arbitration agreement between Claimant and Respondent required statutory employment discrimination claims to be arbitrated at AAA.

On September 6, 2024, FINRA DRS sent a letter to the parties advising them that because the parties' pre-dispute arbitration agreement specifies arbitration of statutory employment discrimination claims at AAA, then absent a post-dispute agreement to arbitrate or a court order compelling arbitration at FINRA, FINRA DRS does not have jurisdiction over the statutory employment discrimination claims.  The letter also stated: "Please amend your Statement of Claim by deleting all causes of action or requests for relief based on statutory

Investor protection. Market integrity.

Brookfield Place          t  212.858.4307
200 Liberty Street        f  301.527
New York, NY              richard.berry@finra.org
10281

H.4-001

02_Series_H_Arbitrator_Selection_Materials.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026



employment discrimination, sexual assault, or sexual harassment by September , this case will be closed without prejudice."  On September 17, 2024, FINRA DRS deadline for amendment to September 27, 2024.  On September 27, 2024, the deadline was extended to October 4, 2024.

Claimant filed the Motions on September 6, 7, and 19, 2024.

Under FINRA Rule 13200(a) of the Code of Arbitration Procedure for Industry Disputes ("Code"), all industry disputes arising out of the business activities of a member or an associated person must be arbitrated at FINRA unless an exception applies.  One such exception is for statutory employment discrimination claims under FINRA Rule 13201(a), which provides that such claims are not required to be arbitrated under the Code.  Instead, such claims may be arbitrated at FINRA or a non-FINRA forum, such as court or another arbitration forum.  Member firms and their employees who agree to arbitrate statutory employment discrimination claims may agree to use any arbitration forum.  <u>See</u> Exchange Act Release No. 40109 (June 22, 1998), 63 FR 35299, 35301 (June 29, 1998) (Order Approving File No. SR-NASD-97-77).

In this case, the FINRA forum does not have jurisdiction over Claimant's statutory employment discrimination claims because the pre-dispute arbitration agreement provides for arbitration of statutory employment discrimination claims at AAA and the parties have not agreed to arbitrate the statutory employment discrimination claims at the FINRA forum post-dispute.  Further, no court of competent jurisdiction has ordered the parties to arbitrate the statutory employment discrimination claims at the FINRA forum.

Claimant's Motions are therefore denied.

This decision pertains solely to FINRA's jurisdiction over the statutory employment discrimination claims.  The parties do not dispute FINRA's jurisdiction over the other claims.

Further, please be advised that the deadline for Claimant to submit either an amended statement of claim without the statutory employment discrimination, sexual assault, or sexual harassment claims or a court order mandating arbitration is extended to October 11, 2024.  If this office does not receive the appropriate documentation by October 11, 2024, this case will be closed without prejudice.

If you have any questions, please do not hesitate to contact me directly at 212-858-4307 or by email at <u>richard.berry@finra.org</u>.

Sincerely,

Richard Berry

S. Dunlap, Esq.

H.4-002

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT H.05
## FINRA Director Grants Extension
## H.05-001

**Description:**    Arbitrator rank/strike or extension-of-time record.

**Relevance:**    Panel-selection and scheduling record; part of the procedural history under FAA review.

**Source:**    FINRA Dispute Resolution Services – Director extension (Oct. 4, 2024)

**Petition Ref:**    App. A p. 52 ("FINRA Director Grants Extension (Oct. 4, 2024)")

**Disclosures:**    None — reproduced as produced, no added markings

**Filing Status:**    Public - not sealed

**H.5-001**
4:26-cv-00381-O
*Biering v. JPMS, et al.*



| | |
|---|---|
| **TO:** | Joshua J. Iacuone, Esq. |
| **CC:** | Jeffrey S. Dunlap, Esq. |
| **From:** | Aracelly Y. Hernandez<br>Case Specialist |
| **Subject:** | FINRA Dispute Resolution Services Arbitration Number 24-01208<br>Joshua David Sappi Biering vs. J.P. Morgan Securities, LLC,  JPMorgan Chase & Co.,<br>and JPMorgan Chase Bank, N.A |
| **Date:** | October 4, 2024 |

In accordance with Customer Code Rule 12207 or Industry Code Rule 13207, Claimant's Request for Extension to Submit Arbitrator Rankings is granted.  The arbitrator ranking list must be filed with this office by **October 14, 2024**.

If you have any questions, please do not hesitate to contact me at 212-858-4388 or by email at Aracelly.Hernandez@finra.org.

AXB:axb:LC18C
idr: 09/13/2023

RECIPIENTS:
Joshua J. Iacuone, Esq., Iacuone McAllister Potter PLLC, 4925 Greenville Ave, Suite 700,
    Dallas, TX 75206
On Behalf Of: Joshua D. Biering

CC:
Jeffrey S. Dunlap, Esq., UB Greensfelder LLP, 1660 West 2nd Street, Suite 1100, Cleveland,
OH 44114-1406
On Behalf Of: J.P. Morgan Securities, LLC

Investor protection. Market integrity.    FINRA Dispute Resolution Services    Brookfield Place    t  212 858 4200
    Northeast Regional Office    200 Liberty Street    www.finra.org
    New York, NY 10281

H.5-001

02_Series_H_Arbitrator_Selection_Materials.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026