## UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT J.01
## Initial Prehearing Conference Order
## J.01-001 – 010

**Description:**    Initial Prehearing Conference or related order.

**Relevance:**    Prehearing procedural record framing the scope of the arbitration decided in the Award.

**Source:**    FINRA Case No. 24-01208 – Initial Prehearing Conference Order (Nov. 21, 2024)

**Petition Ref:**    App. A p. 52 ("Initial Prehearing Conference Order (Nov. 21, 2024; Chair Cromartie)")

**Disclosures:**    None — reproduced as produced, no added markings

**Filing Status:**    Public - not sealed




**J.1-001**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

## Initial Prehearing Conference Scheduling Order

**Submitted By:** Eric Cromartie (On behalf of the arbitration panel)
**Submitted Date:** 11/21/2024 11:58:43 AM ET

**Case ID & Parties:**
***FINRA Dispute Resolution Services***
Initial Prehearing Conference Scheduling Order

**Case Number:** 24-01208

**In the Matter of the Arbitration Between**

| **Claimant(s)** | **VS** | **Respondent(s)** |
|---|---|---|
| Joshua D Biering | | J.P. Morgan Securities, LLC |
| | | JPMorgan Chase & Co. |
| | | JPMorgan Chase Bank, N.A |

**CONFIRMATION OF INITIAL PREHEARING CONFERENCE (IPHC)**
Was an IPHC held in the above captioned matter?
- ● **Yes**
- ○ No, but parties jointly submitted an agreement to forgo the IPHC
- ○ No, and parties did NOT jointly submit an agreement to forgo the IPHC

**INITIAL PREHEARING CONFERENCE SCHEDULING ORDER**

**IPHC DATE & PARTICIPANTS**
1. An IPHC was held in the above captioned matter on ***11/21/2024***

2. The following arbitrator(s) participated in the hearing:
Chairman: Eric Cromartie(Participated ☑)
Panelist: Tanner Forman(Participated ☑)
Panelist: Christine Rister(Participated ☑)

3. The following party representatives participated in the hearing:
Identify participants associated with Claimant:

> ***Joseph Iucuone***

Identify participants associated with Respondent:

> ***Jeffrey Dunlap***

04_Series_J_Prehearing_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-2



Identify any participant who is an unnamed person, a non-party customer, or a representative of state securities regulators (for requests to expunge customer information in cases filed on or after October 16, 2023):

*none*

4. FINRA Dispute Resolution Services (DRS) staff attendee:

● **The following DRS staff person participated in the hearing**

*Sarah Cox*

○ Not applicable

The following was agreed upon during the conference and is now entered as the IPHC Scheduling Order:

**CONFIRMATION OF THE PANEL**

5. Did the parties accept the panel's composition? (If not, please explain.)

● **Yes**

○ No

**PLEADINGS**

6. For cases in which a respondent has failed to submit an answer (an unresponsive party), the panel has reviewed the service history for that respondent and finds that:

○ Service is complete and sufficient upon the unresponsive party.

○ Service is not sufficient upon the unresponsive party and the claimant is directed to personally serve the unresponsive party with a copy of the Statement of Claim and notice of the hearing, and file a copy of the affidavit of service with DRS by _____ or the panel directs the claimant to complete service by taking the following action:

By:_____

● **Not applicable**

7. Deficient submissions:

*For cases filed on or after October 16, 2023, if a request to expunge customer dispute information fails to include any of the requirements for requesting customer dispute information, the request shall be considered deficient. For additional information about requests to expunge customer dispute information, see https://www.finra.org/rules-guidance/notices/23-12.*

○ The following submissions are deficient (list submission and deficiency):

● **Not applicable**

rders:

J.1-002



*For cases filed on or after October 16, 2023, if a deficient request to expunge information is not timely corrected, the associated person will not be permitted request as a new claim under Rule 13805(a). For additional information about expunge customer dispute information, see https://www.finra.org/rules-guidanc expungement-and-finra-rule-2080-faqs.*

○  Please select all that apply:

●  **Not applicable**

## LATE CANCELLATIONS - PARTY AND ARBITRATOR COMMUNICATIONS

9. Please select the applicable option:

●  **All named parties and all arbitrators have agreed to direct party and arbitrator communication shortly before a scheduled hearing, solely to alert the panel that the parties have settled the case, that the claimant has withdrawn the claim, or that the parties jointly agreed to postpone the hearings. All parties and arbitrators must be included on the direct communication and a copy of the direct communication must be filed on the DR Portal. These procedures prevent arbitrators from unnecessarily traveling to a cancelled hearing, while ensuring that the record is preserved and hearing arrangements are cancelled.**
   **NOTE: If this option is selected, the party representatives' and arbitrators' email addresses will be automatically added to this IPHC order after it is submitted.**

   **The email addresses for party representatives and all arbitrators solely for purposes of late cancellation notices are as follows:**

   **<u>Party Representatives</u>**
   **Jeffrey S. Dunlap**            **jdunlap@ubglaw.com**
   **Joshua J. Iacuone**            **josh@imcplaw.com**

   **<u>Arbitrators</u>**
   **Eric Cromartie**               **ecromar@aol.com**
   **Tanner Forman**                **tforman7@gmail.com**
   **Christine Rister**             **christine@risterlaw.com**

   **<u>Assigned Staff</u>**
   **Christal Dolly**               **Neprocessingcenter@finra.org**

○  The parties and arbitrators do not agree to any direct communication between the parties and arbitrators. All correspondence and other filings must be sent to DRS staff and served on all parties via the DR Portal.

## ARBITRATION HEARING DATES

10. Hearing Dates:

J.1-003

04_Series_J_Prehearing_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-2



*If hearing dates are intended to run consecutively, enter the first scheduled he̶*
*enter the number of additional consecutive business days to be reserved and p̶*
*Dates" button. Additional specific hearing date ranges can be entered below th̶*
*dates.*

- **The first scheduled hearing session in this matter will begin on *09/23/̶*   *̶*
  *AM Central Time Zone*

  **Additional dates reserved:**

  **on *09/24/2025* at *09:00 AM Central Time Zone***

  **on *09/25/2025* at *09:00 AM Central Time Zone***

  **on *09/26/2025* at *09:00 AM Central Time Zone***

  **on *10/01/2025* at *09:00 AM Central Time Zone***

  **on *10/02/2025* at *09:00 AM Central Time Zone***

  **on *10/03/2025* at *09:00 AM Central Time Zone***

- ○ Other

11. If the parties agreed upon dates beyond the period anticipated by DRS in expedited cases, did the senior or seriously ill part(ies) acknowledge on the record that the parties' agreement to these dates constitutes a waiver of their request for expedited proceedings?

- ○ Yes
- ○ No
- ● **Not applicable**

12. How will the arbitration hearing(s) be held?

**NOTE: Pursuant to Rules 12805(c) and 13805(c) (effective October 16, 2023), if a request to expunge customer dispute information will be considered at a hearing for a case filed on or after October 16, 2023, the associated person and the party requesting expungment on behalf of an unnamed person or the party's representative <u>must</u> appear in person or by videoconference. Customers and witness <u>may</u> appear by telephone, in person, or by videoconference at the hearing. Also, pursuant to Rule 13805(c), an authorized representative of state securities regulators <u>must</u> appear in person or by videoconference at the hearing.**

- ○ Telephonic (e.g., audio only)
- ○ Videoconference
- ● **In Person**
- ○ Hybrid with the below participants appearing by videoconference or telephone (e.g., a party(ies), counsel for a party, arbitrator(s), witness(es), etc.)

  For hybrid hearings, please specify the participants appearing by videoconference and the participants appearing by telephone:

**̶NTS AND CANCELLATIONS**          **̶ARINGS**

J.1-004

04_Series_J_Prehearing_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-2̶



DRS charges a postponement fee for all postponed hearings that is equal to th
hearing session fee. DRS will not charge this fee, if the parties advise that they
final settlement and the case can be closed.

Also, if a hearing is postponed or otherwise cancelled within ten days before a s
hearing date, there is an additional fee of $600 per arbitrator (a total of $1,800 for cases with
three arbitrators). This late cancellation fee applies even if a hearing is cancelled due to a final
settlement and case closure.

To avoid the late cancellation fee, the parties should file notice of a postponement or
cancellation on the DR Portal at least 11 calendar days before the scheduled hearing date.

## DISCOVERY DATES

13. Discovery requests cutoff date:

● **The parties have agreed that the last day to serve discovery requests is _05/12/2025_**

○ Not applicable

Please provide the reason (if known):

14. Discovery response date:

● **Responses to discovery requests are due within 60 days from the date the discovery request is received in accordance with Rule 12507/13507, as applicable.**

○ The parties have agreed that responses to discovery requests are due _____

15. Discovery motion cutoff date:

○ The last day to serve discovery motions is at least 20 days before a scheduled hearing in accordance with Rule 12503/13503.

● **The parties have agreed that discovery motions are due _08/11/2025_**

## DATE FOR PREHEARING CONFERENCE ON DISCOVERY

*(Please allow DRS at least one week to forward the pleadings to the panel prior to any prehearing conference. Prehearing conferences are held on Zoom with video unless the parties stipulate or there is an Order otherwise.)*

16. Discovery prehearing conference:

○ The chairperson and parties have reserved _____ at _____ for a prehearing conference to resolve discovery matters.

   *(The conference is calendared at the time this Order is served. All parties and the chairperson should reserve the date in their calendars.)*

● **Not applicable**

J.1-005

J.1-006
4:26-cv-00381-O
*Biering v. JPMS, et al.*

17. Please provide any additional comments about discovery and any additional prehearing conferences here:

## SUBPOENAS AND ARBITRATOR ORDERS TO NON-PARTIES CUTOFF DATE

18. Subpoenas and arbitrator Orders to non-parties cutoff date:

● **Last day to serve subpoenas and arbitrator Orders on non-parties, in the absence of extraordinary circumstances, is _20_ days before the first scheduled hearing.**

○ Not applicable

## MOTIONS

*(Please allow DRS at least one week to forward the pleadings to the panel prior to any prehearing conference. Prehearing conferences are held on Zoom with video unless the parties stipulate or there is an Order otherwise.)*

19. Prehearing conference for motion(s) date:

○ The arbitrators and parties have reserved _____ at _____ for a prehearing date to resolve:

*(The conference is calendared at the time this Order is served. All conference participants should reserve the date in their calendars.)*

● **Not applicable**

20. Please provide any additional comments about motions, including any special briefing schedules, and any additional prehearing conferences here:

*last day to file motions, other than discovery, is 9/2/2025*

## POSTPONED OR CANCELLED PREHEARING CONFERENCES

If a prehearing conference is postponed or otherwise cancelled within three business days before the scheduled date, DRS charges a fee of $100 per arbitrator. The fee will only be charged for arbitrators scheduled to attend the prehearing conference.

To avoid the fee, the parties should file notice of a postponement or cancellation on the DR Portal at least four business days before a scheduled prehearing conference.

J.1-006

04_Series_J_Prehearing_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-2

## LEGAL ISSUES AND PREHEARING BRIEFS

21. If prehearing briefs will be filed, they must be filed by:

● **Please specify date: _09/02/2025_**

  **(Parties must attach all cases, laws, rules, and regulations to their briefs.)**

○  Not applicable

22. Please provide any additional comments about legal issues and prehearing briefs here:

> ***The parties have agreed to be flexible on extending the deadline to file prehearing briefs.***

## WITNESS LISTS

The Codes of Arbitration Procedure outline the parties' obligation to exchange witness lists at least 20 calendar days before the first scheduled hearing date via the DR Portal. The panel requests that, concurrent with the parties' timely exchange of the witness lists, the parties file the witness lists with DRS via the DR Portal for forwarding to the panel. Timely receipt of the witness lists will enable the arbitrators to review the witness lists in advance of the hearing to determine if the appearance of a witness may create a potential conflict or otherwise trigger additional disclosures.

To assist the arbitrators in making these conflict checks, the parties should list the business affiliation of each witness or other descriptive information. A party should only identify an expert witness after the expert witness has been retained.

23. Witness lists due:

● **20 calendar days before first hearing date**

○  Please specify: _____ days before first scheduled hearing date

## HEARING EXHIBITS AND PROCEDURES

### 20 Day Exchange:

Pursuant to the Codes of Arbitration Procedure, at least 20 days before the first scheduled hearing date, all parties must provide all other parties with copies of all documents and other materials in their possession or control that they intend to use at the hearing that have not already been produced. The panel requests that the parties make an effort, before the hearing to agree on the admission of hearing exhibits and resolve possible issues about authentication of exhibits and the scheduling of witnesses' testimony.

**NOTE: For cases filed on or after October 16, 2023, a prior expungement award shall not be admissible as evidence.**

### rtain Hybrid Hearings:

**J.1-008**
4:26-cv-00381-O
*Biering v. JPMS, et al.*

24. Hearing exhibits filed on DR Portal due:

○ Please specify: _____ days before first hearing date

● **Not applicable, because the hearing will be in person or no represent will appear virtually**

25. Electronic hearing exhibits are to be forwarded in the DR Portal to the panel:

○ DRS staff should forward electronic hearing exhibits to the panel _____ days before first hearing date

● **Not applicable, because panel will receive hard copies**

26. Hard copies of hearing exhibits are to be mailed:

○ Mail copies _____ days before first hearing date directly to the arbitrators at the below addresses:

○ Mail copies _____ days before first hearing date to DRS staff for forwarding to the panel

● **Not applicable, because panel will receive hard copies or electronic copies are sufficient for panel**

27. Please provide any additional comments, including any special instructions for the provision of exhibits in advance of videoconference or telephonic hearings, and any arrangements for a prehearing conference to discuss hearing procedures here:

> ***The parties will have 5 days from the conclusion of the hearing to file exhibits through the portal.***

## EXPUNGEMENT REQUESTS

### Filing Admitted Hearing Exhibits via the DR Portal - Applicable to All Hearings:

The panel requests that the parties file all the exhibits admitted into evidence at the hearing with DRS via the DR Portal for recordkeeping purposes, as provided below. Parties should make an effort to organize their exhibits in a single PDF file with a table of contents and to label each exhibit. However, exhibits will also be accepted in certain video, audio, Excel, Word Doc and Power Point formats. The FINRA DR Portal User Guide for Case Participants on the FINRA website lists the current file formats accepted on the DR Portal.

**Note: A single attachment cannot be larger than 2 GB in size. If your combined file would be larger than this, please submit as separate files as needed.**

**Note: PDF "portfolio" documents are not an acceptable file format.**

28. Admitted Hearing exhibits filed on DR Portal due:

● **Within 5 days after final hearing date**

○ Within _____ days after final hearing date



29. Has any party requested expungement?

○ Yes, there is a request to expunge customer dispute information

● **Yes, there is a request to expunge intra-industry information (i.e., exp termination information or an internal investigation)**

○ Yes, there is a request to expunge customer dispute information and intra-industry information (i.e., expungement of termination information or an internal investigation)

○ No

**ALL REQUESTS TO EXPUNGE INTRA-INDUSTRY INFORMATION**

37. Form U5(s):

● **Please select all that apply:**

☐ Form U5(s) has/have been received.

☑ **Submit the Form U5(s) by _09/02/2025_ for the following party(ies):**

| *Claimant* |
|---|

☐ Submit the updated Form U5(s) by _____ for the following party(ies):

38. Please provide any additional comments about the request to expunge intra-industry information:

**OTHER MATTERS**

39. Other rulings/deadlines/dates

○ Please specify:

● **Not applicable**

**ASSESSMENT OF FEES**

40. If the parties settle this matter with no further hearings, the cost of this IPHC will be borne as follows:

●

**_50_% to Claimant(s), jointly and severally**

**_50_% to Respondent(s), jointly and severally**

**_____% assessed to _____**

**_____% assessed to _____**

**ssessed to _____**



_____ **% assessed to** _____

○ Other

For hearings scheduled to take place at a location other than one of FINRA's offices (e.g., Boca Raton, Chicago, Los Angeles, New Jersey, and New York), parties requiring services or equipment (including, but not limited to, speakerphones, web cams, speakers, microphones, internet access, and screens) need to coordinate directly with the assigned hearing location for use of these services and equipment. All costs to use these services and equipment, outside of a FINRA office location, are the responsibility of the party requiring them.

This Order will remain in effect unless amended by the panel. However, direct party and arbitrator communication may be cancelled by any party or arbitrator.

**ATTACHMENTS**

There are no attached documents.

J.1-010

04_Series_J_Prehearing_Orders.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-2

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT J.02

## Letter Re PreHearing Dates Motion to Compel

## J.02-001

**Description:**    Initial Prehearing Conference or related order.

**Relevance:**    Prehearing procedural record framing the scope of the arbitration decided in the Award.

**Source:**    FINRA Case No. 24-01208 – Pre-hearing / MTC correspondence (Apr. 25, 2025)

**Petition Ref:**    App. A p. 52 ("Letter re Pre-Hearing Dates – MTC (Apr. 25, 2025)")

**Disclosures:**    None — reproduced as produced, no added markings

**Filing Status:**    Public - not sealed



## IACUONE McALLISTER POTTER

TRUSTED  TESTED  RESPECTED

**Iacuone McAllister Potter PLLC**

Energy Square One

4925 Greenville Ave.

Suite 1112

Dallas, Texas 75206

April 25, 2025

*<u>Via FINRA Portal</u>:*

Kareem Kenny

FINRA Dispute Resolution Services

Brookfield Place

200 Liberty Street

New York, New York

Re:    **FINRA No. 24-01208;** *Biering v. J.P. Morgan Securities, LLC, et al.*

Mr. Kenny:

This law firm represents Claimant Joshua Biering in the above-referenced arbitration.

In response to your correspondence dated April 23, 2025, counsel for Claimant and Respondent J.P. Morgan Securities, LLC have conferred regarding four mutually agreeable dates and times for the pre-hearing conference on Claimant's Motion to Compel. The parties are available at any time on each of the following dates:

- May 6, 2025
- May 7, 2025
- May 8, 2025
- May 9, 2025

Please let us know if you need anything further.

Sincerely,

Joshua J. Iacuone

J.2-001