## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT P.01
# Rule 202 Verified Petition (Pre-Arbitration Texas-State Record)
# P.01-001 – 015

**Description:** Texas Rule 202 verified petition for pre-suit depositions, filed in the 191st Judicial District Court, Dallas County.

**Relevance:** Pre-arbitration state-court record supporting the scope-of-dispute and employment-contract analysis in the petition.

**Source:** Texas Rule 202 Filing, Verified Petition; filed September 10, 2024

**Petition Ref:** App. A p. 53 ("Rule 202 Verified Petition")

**Disclosures:** Redactions: Private-club membership references and one deponent's identity redacted (burned black boxes via OCR on scan-only pages; unredacted version preserved in SEALED packet).

**Filing Status:** Public - not sealed

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA

## CAUSE NO. _____

| | | |
|---|---|---|
| JOSHUA DAVID SAPPI BIERING<br>Petitioner. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>_____ JUDICIAL DISTRICT<br><br>OF DALLAS COUNTY, TEXAS |

### ORIGINAL VERIFIED PETITION FOR DEPOSITIONS BEFORE SUIT PURSUANT TO RULE 202 TO INVESTIGATE POTENTIAL CLAIM OR SUIT

## TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Joshua David Sappi Biering (hereinafter "Joshua Biering"), Petitioner herein (hereinafter "Petitioner"), and files this *Original Verified Petition for Depositions Before Suit Pursuant to Rule 202 to Investigate Potential Claim or Suit* pursuant to Rule 202 of the Texas Rules of Civil Procedure and respectfully petitions this Court to enter an order authorizing the deposing of individuals involved in the dissemination of Petitioner's private information, including ▮▮▮▮▮▮ Sam Perry, Patrick Borer, Robby Reeb and Elaine Agather, by Petitioner in order to investigate a potential claim or suit, and in support thereof, Petitioner respectfully shows the Court the following:

## I.

## INTRODUCTION

This petition is brought in the name of Joshua Biering. Petitioner anticipates the institution of a suit in which the Petitioner may be a party.

Under Rule 202 of the Texas Rules of Civil Procedure, a person may petition the court for

P.01-001

06_Series_P_Rule_202_Petition_and_Authorities.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketec

an order authorizing the taking of a deposition on oral examination or written questions either: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit.

Petitioner seeks to investigate a potential claim or suit, in which Petitioner may be a Plaintiff. The Petition is filed in Dallas County, Texas, where the venue of the anticipated suit may lie.

## II.

## BACKGROUND

1.      On or around July 23, 2024, Petitioner discovered that copies of Petitioner's family and divorce court records were circulating among Petitioner's social, personal, and professional contacts. These court records contained private and sensitive information, including but not limited to, private information in the interest of a minor less than 2 years of age.  The individuals subject to this petition, along with Petitioner, are all members of ███████████████████ in Fort Worth, Texas. Many of the named individuals are employees of JPMorgan Chase & Co., more specifically, JPMorgan Private Bank Dallas and Fort Worth (hereinafter referred to as "JPMorgan").[1]

2.      After further investigation, Petitioner learned that ████████████ accessed these records through the Tarrant County District Clerk's portal and "Web Based Access Service" which is only available to attorneys who subscribe to the "Service."[2] ████████████ accessed Petitioner's family and divorce court records without legitimate or professional purpose. Stephen

---

[1]      Petitioner was employed by JPMorgan from May 2016 through October 2023 and was then subject to an overly broad 60-day notice period. Petition has an ongoing FINRA arbitration regarding defamation and wrongful termination.

[2]      Upon information and belief, attorneys must request further access to access Family Court Records, in which, ██████ is, upon belief, a Title Officer and Attorney, without a legitimate need to access Family Court Records.

Petition for Depositions Pursuant to Rule 202                                      Page 2

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

████ is an attorney for Rattikin Title, and the reason is unclear why he would need to access family court records when he was not representing any party in any family court proceeding or suit, including Petitioner.[3]

3.    ████████ directly disseminated Petitioner's family and divorce court records to third parties and indirectly disseminated the information found within the family and divorce court records by communicating that information to third parties. This led to a widespread invasion of Petitioner's reasonable expectation (and right) of privacy. ████ claims the onset of the illegitimate access and subsequent dissemination was circa July 13, 2024. However, upon information and belief, Petitioner believes ████ accessed these records several months beforehand.

4.    Biering learned that these records and sensitive information were spread throughout Biering's personal and professional networks. Notably employees or closely related contacts of JPMorgan, specifically including Sam Perry, Patrick Borer, Robby Reeb and Elaine Agather, continued the spread of the misinformation found within Petitioner's family and divorce court records among former employees, personal and professional relationships, as well as among other individuals at the ████████ to which they are also members.

5.    Sam Perry, Patrick Borer, Robby Reeb and Elaine Agather went on to make further statements which were harmful to Petitioner, questioning Petitioner's unstable mental state, rumors concerning Petitioner's departure from JPMorgan, and harmful statements regarding Petitioner's personal and private life which caused significant damage to Petitioner's personal and professional

---

[3]    Petitioner engaged a Realtor on January 30, 2024, to sell his primary homestead. The Realtor asked to engage Rattikin Title, specifically ████ given their close friendship, for Title Services, but Biering specifically denied this request.

:positions Pursuant to Rule 202

Page 3

reputation.

6.    The dissemination of Petitioner's family and divorce court records and the information therein to third parties, as well as the harmful statements regarding Petitioner's employment at JPMorgan as well as his personal life has caused Petitioner emotional distress, damage to Petitioner's reputation, and loss of business opportunities.

7.    Based on the foregoing, Petitioner seeks judicial action and pre-suit discovery to determine whether he has a cause of action against ▮▮▮▮▮▮▮ for defamation and invasion of privacy, whether he has a cause of action against Sam Perry for defamation, whether he has a cause of action against Patrick Borer for defamation and tortious interference with business relations, Robby Reeb for defamation and whether he has a cause of action against Elaine Agather for defamation and tortious interference.

8.    Petitioner will show the Court that the requested depositions will prevent failure or delay of justice in seeking to investigate potential claims because Petitioner requires necessary information from the specified deponents to determine the source of the spreading of Petitioner's private information done for no legitimate purpose, to determine the extent of the spreading of the harmful statements, and to determine the extent of damage caused to his reputation and the extent of damages he has suffered due to his loss of business opportunities.

Petitioner will also show the Court that the benefit of allowing Petitioner to take the requested depositions to investigate his potential claims outweighs the burden or expense of the procedure, because these particular individuals are uniquely positioned with firsthand knowledge and pertinent information that Petitioner will not be able to acquire through any other means, in order to determine whether he has viable claims.

Petition for Depositions Pursuant to Rule 202                                        Page 4

P.01-004

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

## III.

## PERSONS AND ENTITIES WITH ADVERSE INTERESTS

Petitioner expects the following persons and entities to have interests adverse to

Petitioner's in the anticipated suit:

1.  ██████████ Attorney and Title Officer, Rattkin Title, and Member of the
    2222 Huntington Lane,
    Fort Worth, Texas 76110
    Tel: (817) 312 - 2244

2.  ████████████████████████████
    ████████████████████████████
    420 Throckmorton Street, Suite 300
    Fort Worth, Texas 76109
    Tel: (817) 542 - 2200

3.  Patrick Borer, Senior Associate, JPMorgan Private Bank;
    420 Throckmorton Street, Suite 300
    Fort Worth, Texas 76109
    Tel: (303) 548 – 6472

4.  ████████████████████████████
    ████████████████████████████
    801 Cherry Street, Suite 2355
    Fort Worth, Texas 76102
    Tel: (817) 917 - 6592

5.  Elaine Agather, Chairman of the Dallas Region, JPMorgan Chase & Co.;
    3510 Turtle Creek Blvd., Apt. 6E
    Dallas, Texas 75219
    Tel: (214) 738 - 4951

## IV.

## REQUEST TO DEPOSE

The name, address, and telephone number of the person to be deposed, the substance of

the testimony that the Petitioner expects to elicit from said person, and the Petitioner's reasons

positions Pursuant to Rule 202

Page 5

P.01-005

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

for desiring to obtain the testimony from said person through oral examination is as follows:

1.     ██████████ Attorney and Title Officer, Rattkin Title, and Member of the ██████████

2222 Huntington Lane,
Fort Worth, Texas 76110
Tel: (817) 312 - 2244

Petitioner expects the following testimony from ██████████ this witness is a practicing Attorney for a title firm located in Fort Worth, Texas, which is located in Tarrant County. The Tarrant County District Clerk's portal provides a "Web Based Access Service" which offers access to court records and court documents and is only accessible to attorneys who pay a subscription. Attorneys who subscribe to the "Service" have access to Tarrant County civil and criminal court records, but also, and most importantly, must subscribe and pay an additional fee to access the Tarrant County family court records. This witness, therefore, should have intimate knowledge of what kind of court records and documents are accessible with the subscription, as well as how to find and access those records via the "Service." This testimony is important because this testimony will allow Petitioner to develop further facts to help determine whether this witness has a subscription to the Tarrant County District Clerk's portal and "Web Based Access Service", whether this witness has used the "Service" to access Petitioner's Tarrant County family court records, the witness's reasons for accessing Petitioner's family court records, and whether this witness passed on Petitioner's family court records to third persons, and if so, how and why such records were disseminated to third persons.

Further, this witness is a member of t██████████ and therefore should have intimate knowledge of the activities and happenings that go on at the ██████████ s well as knowledge of other individuals who are members of the ██████████ This testimony is important because this testimony will allow Petitioner to develop further facts to help determine the extent of this witness's

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

involvement at the ██████████ ▮hat other members this witness communicates and associates with at t██████████ ▮ether this witness passed on Petitioner's Tarrant County family court records, or the information therein, to other individuals who are fellow members, who those individuals may be, and why this witness would disseminate Petitioner's family court records or the information therein to these fellow members. Finally, this testimony is important because this testimony will allow Petitioner to develop further facts to help determine whether Petitioner has a cause of action against this witness.

2.     Sam Perry, Vice President, JPMorgan Private Bank Fort Worth, and Member of the ██████████████
420 Throckmorton Street, Suite 300
Fort Worth, Texas 76109
Tel: (817) 542 - 2200

Petitioner expects the following testimony from Sam Perry: this witness is the Vice President of the JPMorgan Private Bank in Fort Worth, and a former colleague of Petitioner and therefore should have intimate knowledge of Petitioner's work history and performance while Petitioner was employed at JPMorgan as well as intimate knowledge regarding Petitioner's termination from JPMorgan. This testimony is important because this testimony will allow Petitioner to develop further facts to help determine what information this witness knew about Petitioner while Petitioner was employed at JPMorgan and will help determine the extent of this witness's knowledge regarding the reason for Petitioner terminating his employment with JPMorgan, as well as whether this witness made statements regarding Petitioner's termination of employment with JP Morgan and his work history to third persons and why this witness would make those statements. Further, this witness is also a member of the ██████████████████ therefore, should have intimate knowledge of the activities and happenings that go on at th██████████ as well as knowledge of other individuals who are members of the ██████████ This testimony is important because this testimony will allow

P.01-007

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

Petitioner to develop further facts to help determine the extent of this witness's involvement at the ███████████ this witness's knowledge of particular occurrences that have taken place at the ███████ including any occurrences involving Petitioner, what other members this witness communicates and associates with at the C█████ and whether this witness has made statements regarding Petitioner's past employment at JPMorgan or Petitioner's termination of his employment and the circumstances surrounding Petitioner's termination to fellow members of th█████████ who those members are, and whether this witness has made statements to fellow members regarding any occurrences at the █████████ involving Petitioner, and who those fellow members are. Finally, this testimony is important because this testimony will allow Petitioner to develop further facts to help determine whether Petitioner has a cause of action against this witness.

3.  Patrick Borer, Senior Associate, JPMorgan Private Bank Fort Worth;
    420 Throckmorton Street, Suite 300
    Fort Worth, Texas 76109
    ███████████████████

Petitioner expects the following testimony from Patrick Borer: this witness is an Associate Banker at JPMorgan Private Bank in Fort Worth and a former colleague of Petitioner and therefore should have intimate knowledge of Petitioner's work history and performance while Petitioner was employed at JPMorgan as well as intimate knowledge regarding Petitioner's termination from JPMorgan, the professional and interpersonal relationships among JPMorgan employees, and intimate knowledge of Petitioner's personal life. This testimony is important because this testimony will allow Petitioner to develop further facts to help determine the extent of this witness's knowledge regarding Petitioner's divorce, the extent of this witness's knowledge regarding Petitioner's work history and performance, how this witness acquired this information, this witness's own personal and professional relationships with fellow employees at JPMorgan,

Petition for Depositions Pursuant to Rule 202                                    Page 8

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

whether this witness communicated information about Petitioner's personal life or statements regarding Petitioner's work history and performance to both fellow JPMorgan employees and prospective clients, and who those individuals may be.

Further, this witness is a member of the ████████████████ and therefore, should have intimate knowledge of the activities and happenings that go on at the ████████ as well as knowledge of other individuals who are members of the ████████. This testimony is important because this testimony will allow Petitioner to develop further facts to help determine the extent of this witness's involvement at the ████████ at other members this witness communicates and associates with at the ████████ hether this witness communicated information regarding Petitioner's personal life or employment history and performance to fellow ████████ members, why this witness would share this information with fellow ████████ members, and who those individuals are. Finally, this testimony is important because this testimony will allow Petitioner to develop further facts to help determine whether Petitioner has a cause of action against this witness.

6.   ████████████████████████████████████
     ██████████████ 5
     ████████████
     ████████

Petitioner expects the following testimony fro ████████ this witness is a practicing Attorney and sole proprietor in Fort Worth, Texas, which is located in Tarrant County. The Tarrant County District Clerk's portal provides a "Web Based Access Service" in which any citizen has access to the "Service" and that a paid subscription is not required. All court records and court documents are freely accessible to the public and not limited to attorneys that pay a subscription.

P.01-009

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

P.01-010

4:26-cv-00381-O

*Biering v. JPMS, et al.*

As a practicing attorney, this witness, therefore, should have intimate knowledge that attorneys require a paid subscription "Service" to access court records and documents, otherwise only accessible with the subscription, as well as how to find and access those records via the "Service." This testimony is important because this testimony will allow Petitioner to develop further facts to help determine whether this witness has a subscription to the Tarrant County District Clerk's portal and "Web Based Access Service", whether this witness has used the "Service" to access Petitioner's Tarrant County family court records, the witness's reasons for accessing Petitioner's family court records, and whether this witness passed on Petitioner's family court records to third persons, and if so, how and why such records were disseminated to third persons. Given the witness's knowledge of the "Service" accessibility limitations, the testimony is essential to understand the motive on communicating false information regarding the accessibility of Petitioner's private and sensitive information.

Further, this witness is a member of the ██████████████ and therefore should have intimate knowledge of the activities and happenings that go on at the Country Club as well as knowledge of other individuals who are members of the Country Club. This testimony is important because this testimony will allow Petitioner to develop further facts to help determine the extent of this witness's involvement at the Country Club, what other members this witness communicates and associates with at the Country Club, whether this witness passed on Petitioner's Tarrant County family court records, or the information therein, to other individuals who are fellow members, who those individuals may be, and why this witness would disseminate Petitioner's family court records or the information therein to these fellow members. Finally, this testimony is important because this testimony will allow Petitioner to develop further facts to help determine whether Petitioner has a cause of action against this witness.

P.01-010

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

Additionally, this witness is married to an Executive Director at JPMorgan Private Bank in Fort Worth and a former colleague of Petitioner. As such, this witness should have intimate knowledge of Petitioner's work history and performance while Petitioner was employed at JPMorgan as well as intimate knowledge regarding Petitioner's termination from JPMorgan, the professional and interpersonal relationships among JPMorgan employees, and intimate knowledge of Petitioner's personal life. This testimony is important because this testimony will allow Petitioner to develop further facts to help determine the extent of this witness's knowledge regarding Petitioner's divorce, the extent of this witness's knowledge regarding Petitioner's work history and performance, how this witness acquired this information, this witness's own personal and professional relationships with employees at JPMorgan, whether this witness communicated information about Petitioner's personal life or statements regarding Petitioner's work history and performance to both fellow JPMorgan employees and prospective clients, and who those individuals may be.

4.    Elaine Agather, Chairman of the Dallas Region, JPMorgan Chase & Co.;
3510 Turtle Creek Blvd., Apt. 6E
Dallas, Texas 75219

Petitioner expects the following testimony from Elaine Agather: this witness is the Managing Director, Central Region Head, and CEO and Chairwoman of the Dallas Region JPMorgan Private Bank and is a former senior manager of Petitioner and therefore should have intimate knowledge of the impact on a financial advisor's career of marking a Form U5, the professional and interpersonal relationships among JPMorgan employees, Petitioner's work history and performance while Petitioner was employed at JPMorgan and intimate knowledge of Petitioner's personal life. This testimony is important because this testimony will allow Petitioner to develop further facts to help determine what information this witness

P.01-011

06_Series_P_Rule_202_Petition_and_Authorities.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

knew about Petitioner and to what extent, particularly regarding Petitioner's mental health, marital struggles, divorce proceeding, and other personal matters while Petitioner was employed at JPMorgan. This testimony is also important because it will allow Petitioner to develop further facts to help determine the extent of this witness's own personal and professional relationships with fellow JPMorgan employees and whether this witness ever made statements disclosing Petitioner's private and personal matters to fellow JPMorgan employees or others, why this witness would disclose such private information to third persons, and who those individuals are. This testimony is also important because it will allow Petitioner to develop further facts to help determine the extent of this witness's social and professional influence and involvement with other influential figures and whether this witness has ever made such statements, mentioned above, to such other influential figures, as well as who those individuals are. Finally, this testimony is important because this testimony will allow Petitioner to develop further facts to help determine whether Petitioner has a cause of action against this witness.

Further, this witness is a member of the ███████████████ and therefore should have intimate knowledge of the activities and happenings that go on at the Country Club as well as knowledge of other individuals who are members of the Country Club. This testimony is important because this testimony will allow Petitioner to develop further facts to help determine the extent of this witness's involvement at the Country Club, what other members this witness communicates and associates with at the Country Club, whether this witness passed on Petitioner's Tarrant County family court records, or the information therein, to other individuals who are fellow members, who those individuals may be, and why this witness would disseminate Petitioner's family court records or the information therein to these fellow members. Finally, this testimony is important because this testimony will allow Petitioner to develop further facts to help determine whether Petitioner has a cause of action against this witness.

P.01-012

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

## V.

## <u>DOCUMENTS TO BE PRODUCED</u>

As supported above, Petitioner requests that the Court order ███████████ Sam Perry,

Patrick Borer, Robby Reeb, and Elaine Agather, to produce at their deposition:

1.     All documents (including but not limited to, court records, notes, forms, agendas,

exhibits, and minutes of meetings, calendar entries, letters, emails, text messages, voice messages,

and communications with any third person, in whatever form kept, and all revisions of all such

documents, and further including all audio or video recordings) concerning Petitioner's family

court records or information found therein.

2.     All documents (including but not limited to, notes, forms, agendas, exhibits, and

minutes of meetings, calendar entries, letters, emails, text messages, voice messages, and

communications with any third person, in whatever form kept, and all revisions of all such

documents, and further including all audio or video recordings) concerning Petitioner's

performance and or work history while employed at JPMorgan, including but not limited to all

documents concerning Petitioner's termination from JPMorgan.

3.     All documents (including but not limited to, notes, forms, agendas, exhibits, and

minutes of meetings, calendar entries, letters, emails, text messages, voice messages, and

communications with any third person, in whatever form kept, and all revisions of all such

documents, and further including all audio or video recordings) concerning any occurrences at the

███████████████ allegedly involving Petitioner.

P.01-013

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

4. All documents (including but not limited to, notes, forms, agendas, exhibits, minutes of meetings, calendar entries, letters, emails, text messages, voice messages, and communications with any third person, in whatever form kept, and all revisions of all such documents, and further including all audio or video recordings) concerning Petitioner's mental health, marital struggles, or other personal matters regarding Petitioner.

## VI.

Allowing Petitioner to take the above requested depositions will prevent a failure or delay of justice in an anticipated suit and the likely benefit of allowing the Petitioner to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure. The deponents are uniquely positioned to provide information required to determine if a viable claim exists prior to filing a declaratory judgment action.

**WHEREFORE, PREMISES CONSIDERED,** Petitioner, Joshua Biering, respectfully prays the Court grant the following:

1. The court set this matter for hearing. After service of this petition and notice, Rule 202.3(a) requires that the Court hold a hearing on the petition. The person to be deposed and any potential adverse party named in the petition must be served at least 15 days before the hearing on the petition. Tex. R. Civ. P. 202.3(a);

2. The court enter an order authorizing Petitioner, Joshua Biering, to take the depositions of the persons named above via oral examination; and

3. To further grant all other and further relief, in law or in equity, to which Petitioner, Joshua Biering, may be justly entitled.

Petition for Depositions Pursuant to Rule 202                                    Page 14

P.01-014

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Respectfully submitted,

MORALES WALKER, PLLC

By: /s/ *Carlos Morales*
    **Carlos Morales**
    State Bar No. 24025545

8117 Preston Road, Suite 300
Dallas, Texas 75225

**ATTORNEYS FOR JOSHUA BIERING**

## PETITIONER'S UNSWORN DECLARATION

My name is Joshua David Sappi Biering, my date of birth is October 23, 1989, and my mailing address is 4635 Washburn Avenue, Fort Worth, Texas 76107, Tarrant County, United States of America. I declare under penalty of perjury that I have read this *Original Verified Petition for Depositions Before Suit Pursuant to Rule 202* and the facts stated in it are within my personal knowledge and are true and correct.

EXECUTED in Dallas County, Texas, on September 10, 2024.

Joshua Biering

06_Series_P_Rule_202_Petition_and_Authorities.pdf | C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT P.02

## Rule 202 Citation – Deponent A (Redacted)
## P.02-001 – 003

**Description:** Rule 202 citation served on a pre-arbitration deponent. Deponent name redacted per privacy request; unredacted copy preserved in the SEALED packet.

**Relevance:** Shows the pre-arbitration state-court process by which the claimant preserved third-party testimony bearing on the claims.

**Source:** Texas Rule 202 citation archive packet

**Petition Ref:** App. A p. 53 ("Rule 202 Citation – Lindsey")

**Disclosures:** Redactions: Deponent name redacted throughout (burned black boxes on public packet; unredacted version preserved in SEALED packet)

**Filing Status:** Public - not sealed

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Form #329 – NOTICE **PLAIN**

CAUSE NO. **DC-24-15770**

SERVICE OFFICER: _____

| | |
|---|---|
| STYLE | Clerk's fees | **$8.00** |
| **IN RE: JOSHUA DAVID SAPPI BIERING** | Officer's fees collected | **$** |
| | Officer's fees not collected | **$XXX** |
| | Costs not complied with | **$** |
| | Affidavit Inability to Pay | **$** |

### THE STATE OF TEXAS

TO:                    **2222 HUNTINGTON LANE, FORT WORTH TX 76110**
        GREETINGS:

**YOU ARE HEREBY NOTIFIED THAT AN ORIGINAL VERIFIED PETITION FOR DEPOSITIONS BEFORE SUIT PURSUANT TO RULE 202 TO INVESTIGATE POTENTIAL CLAIM OR SUIT HAS BEEN FILED ON THE 11TH DAY OF SEPTEMBER 2024 IN THE 191ST JUDICIAL COURT, 600 COMMERCE STREET, DALLAS TX 75202**

HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.

WITNESS:    FELICIA PITRE, Clerk of the District Courts, Dallas County, Texas.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in the City of Dallas, ON **THIS THE 27TH DAY OF SEPTEMBER 2024.**

Issued at request of:

**CARLOS MORALES**
**15950 DALLAS PKWY STE 400**
**DALLAS TX  75248-6628**
**972-774-4415**



ATTEST:    FELICIA PITRE
Clerk of the District Courts
Dallas County, Texas

By_____, Deputy
    **GAY LANE**

---

### OFFICER'S RETURN

Came to hand on the _____day of_____, 20_____, at_____ o'clock_____. M., and executed on the _____day of_____, 20_____, at _____o'clock_____. M., delivering to _____the within named_____, in person, a true copy of this Notice.

FEES:                                   _____
Serving Notice:    $_____         Officer _____County_____
Mileage:           $_____
TOTAL:             $_____         By:_____ Deputy

P.02-001

**CONFIDENTIAL**

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Form #329 – NOTICE **PLAIN**
CAUSE NO. **DC-24-15770**

| | |
|---|---|
| STYLE | SERVICE OFFICER: _____ |
| **IN RE: JOSHUA DAVID SAPPI BIERING** | Clerk's fees **$8.00** |
| | Officer's fees collected **$** |
| | Officer's fees not collected **$XXX** |
| | Costs not complied with **$** |
| | Affidavit Inability to Pay **$** |

### THE STATE OF TEXAS

TO:                **2222 HUNTINGTON LANE, FORT WORTH TX 76110**
        GREETINGS:

**<u>YOU ARE HEREBY NOTIFIED THAT AN ORIGINAL VERIFIED PETITION FOR DEPOSITIONS BEFORE SUIT PURSUANT TO RULE 202 TO INVESTIGATE POTENTIAL CLAIM OR SUIT HAS BEEN FILED ON THE 11TH DAY OF SEPTEMBER 2024 IN THE 191ST JUDICIAL COURT, 600 COMMERCE STREET, DALLAS TX 75202</u>**
HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.
WITNESS:    FELICIA PITRE, Clerk of the District Courts, Dallas County, Texas.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in the City of Dallas, ON **THIS THE 27TH DAY OF SEPTEMBER 2024.**

Issued at request of:

**CARLOS MORALES**
**15950 DALLAS PKWY STE 400**
**DALLAS TX  75248-6628**
**972-774-4415**



ATTEST:    FELICIA PITRE
Clerk of the District Courts
Dallas County, Texas

By_____, Deputy
      **GAY LANE**

---

### OFFICER'S RETURN

Came to hand on the _____day of_____, 20_____, at_____ o'clock_____. M., and executed on the _____day of_____, 20_____, at _____o'clock_____. M., delivering to _____the within named_____, in person, a true copy of this Notice.

FEES:                        _____
Serving Notice:    $_____        Officer _____County_____
Mileage:            $_____
TOTAL:            $_____        By:_____ Deputy

P.02-002

06_Series_P_Rule_202_Petition_and_Authorities.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed

P.02-573
4:26-cv-00381-O
*Biering v. JPMS, et al.*

Form #329 – NOTICE **PLAIN**

CAUSE NO. **DC-24-15770**

| | SERVICE OFFICER: _____ |
|---|---|
| STYLE | Clerk's fees **$8.00** |
| **IN RE: JOSHUA DAVID SAPPI BIERING** | Officer's fees collected **$** |
| | Officer's fees not collected **$XXX** |
| | Costs not complied with **$** |
| | Affidavit Inability to Pay **$** |

### THE STATE OF TEXAS

TO:            **2222 HUNTINGTON LANE, FORT WORTH TX 76110**

          GREETINGS:

**YOU ARE HEREBY NOTIFIED THAT AN ORIGINAL VERIFIED PETITION FOR DEPOSITIONS BEFORE SUIT PURSUANT TO RULE 202 TO INVESTIGATE POTENTIAL CLAIM OR SUIT HAS BEEN FILED ON THE 11TH DAY OF SEPTEMBER 2024 IN THE 191ST JUDICIAL COURT, 600 COMMERCE STREET, DALLAS TX 75202**

HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.

WITNESS:    FELICIA PITRE, Clerk of the District Courts, Dallas County, Texas.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in the City of Dallas, ON **THIS THE 27TH DAY OF SEPTEMBER 2024.**

Issued at request of:

**CARLOS MORALES**
**15950 DALLAS PKWY STE 400**
**DALLAS TX  75248-6628**
**972-774-4415**



ATTEST:    FELICIA PITRE
Clerk of the District Courts
Dallas County, Texas

By_____, Deputy
            **GAY LANE**

---

### OFFICER'S RETURN

Came to hand on the _____ day of_____, 20_____, at_____ o'clock_____. M., and executed on the _____ day of_____, 20_____, at _____o'clock_____. M., delivering to _____the within named_____, in person, a true copy of this Notice.

FEES:                    _____

Serving Notice:    $_____        Officer _____County_____

Mileage:              $_____

TOTAL:              $_____        By:_____ Deputy

P.02-003

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT P.03
## Rule 202 Citation – Deponent Borer
## P.03-001

**Description:**     Rule 202 citation served on deponent Borer.

**Relevance:**       Pre-arbitration state-court process (Borer deponent).

**Source:**          Texas Rule 202 citation archive packet

**Petition Ref:**    App. A p. 53 ("Rule 202 Citation – Borer")

**Disclosures:**     None — reproduced as produced, no added markings

**Filing Status:**   Public - not sealed

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Form #329 – NOTICE **PLAIN**

CAUSE NO. **DC-24-15770**

STYLE

**IN RE: JOSHUA DAVID SAPPI BIERING**

SERVICE OFFICER: _____

| | |
|---|---|
| Clerk's fees | **$8.00** |
| Officer's fees collected | **$** |
| Officer's fees not collected | **$XXX** |
| Costs not complied with | **$** |
| Affidavit Inability to Pay | **$** |

### THE STATE OF TEXAS

TO: ████████████, **420 THROCKMORTON STREET, SUITE 300, FORT WORTH TX 76109**

GREETINGS:

**YOU ARE HEREBY NOTIFIED THAT AN ORIGINAL VERIFIED PETITION FOR DEPOSITIONS BEFORE SUIT PURSUANT TO RULE 202 TO INVESTIGATE POTENTIAL CLAIM OR SUIT HAS BEEN FILED ON THE 11TH DAY OF SEPTEMBER 2024 IN THE 191ST JUDICIAL COURT, 600 COMMERCE STREET, DALLAS TX 75202**

HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.

WITNESS:    FELICIA PITRE, Clerk of the District Courts, Dallas County, Texas.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in the City of Dallas, ON **THIS THE 27TH DAY OF SEPTEMBER 2024.**

Issued at request of:

**CARLOS MORALES**
**15950 DALLAS PKWY STE 400**
**DALLAS TX  75248-6628**
**972-774-4415**



ATTEST:    FELICIA PITRE
Clerk of the District Courts
Dallas County, Texas

By_____, Deputy

**GAY LANE**

---

### OFFICER'S RETURN

Came to hand on the _____ day of_____, 20_____, at_____ o'clock_____. M., and executed on the _____ day of_____, 20_____, at_____o'clock_____. M., delivering to _____the within named_____, in person, a true copy of this Notice.

FEES:

| | | |
|---|---|---|
| | | _____ |
| Serving Notice: | $_____ | Officer _____County_____ |
| Mileage: | $_____ | |
| TOTAL: | $_____ | By:_____ Deputy |

P.03-001

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT P.04
## Rule 202 Citation – Deponent Reeb
## P.04-001

**Description:**   Rule 202 citation served on deponent Reeb.

**Relevance:**   Pre-arbitration state-court process (Reeb deponent).

**Source:**   Texas Rule 202 citation archive packet

**Petition Ref:**   App. A p. 53 ("Rule 202 Citation – Reeb")

**Disclosures:**   None — reproduced as produced, no added markings

**Filing Status:**   Public - not sealed

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Form #329 – NOTICE **PLAIN**

CAUSE NO. **DC-24-15770**

STYLE

**IN RE: JOSHUA DAVID SAPPI BIERING**

SERVICE OFFICER: _____

| | |
|---|---|
| Clerk's fees | **$8.00** |
| Officer's fees collected | **$** |
| Officer's fees not collected | **$XXX** |
| Costs not complied with | **$** |
| Affidavit Inability to Pay | **$** |

### THE STATE OF TEXAS

TO:**ROBBY** ▮▮▮▮, **801 CHERRY STREET, SUITE 2355, FORT WORTH TX 76102**

GREETINGS:

**YOU ARE HEREBY NOTIFIED THAT AN ORIGINAL VERIFIED PETITION FOR DEPOSITIONS BEFORE SUIT PURSUANT TO RULE 202 TO INVESTIGATE POTENTIAL CLAIM OR SUIT HAS BEEN FILED ON THE 11TH DAY OF SEPTEMBER 2024 IN THE 191ST JUDICIAL COURT, 600 COMMERCE STREET, DALLAS TX 75202**

HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.

WITNESS:    FELICIA PITRE, Clerk of the District Courts, Dallas County, Texas.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in the City of Dallas, ON **THIS THE 27TH DAY OF SEPTEMBER 2024.**

Issued at request of:

**CARLOS MORALES**
**15950 DALLAS PKWY STE 400**
**DALLAS TX  75248-6628**
**972-774-4415**



ATTEST:    FELICIA PITRE
Clerk of the District Courts
Dallas County, Texas

By_____, Deputy

**GAY LANE**

---

### OFFICER'S RETURN

Came to hand on the _____day of_____, 20_____, at_____ o'clock_____. M., and executed on the _____day of_____, 20_____, at _____o'clock_____. M., delivering to _____the within named_____, in person, a true copy of this Notice.

FEES:

| | | |
|---|---|---|
| Serving Notice: | $_____ | |
| Mileage: | $_____ | |
| TOTAL: | $_____ | |

Officer _____County_____

By:_____ Deputy

P.04-001

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT P.05
## Rule 202 Citation – Deponent Perry
## P.05-001

**Description:** Rule 202 citation served on deponent Perry.

**Relevance:** Pre-arbitration state-court process (Perry deponent).

**Source:** Texas Rule 202 citation archive packet

**Petition Ref:** App. A p. 53 ("Rule 202 Citation – Perry 54")

**Disclosures:** None — reproduced as produced, no added markings

**Filing Status:** Public - not sealed

<p align="center" style="color:red"><strong>CONFIDENTIAL</strong></p>

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Form #329 – NOTICE **PLAIN**

CAUSE NO. **DC-24-15770**

| | SERVICE OFFICER: _____ |
| --- | --- |
| STYLE | Clerk's fees | **$8.00** |
| **IN RE: JOSHUA DAVID SAPPI BIERING** | Officer's fees collected | **$** |
| | Officer's fees not collected | **$XXX** |
| | Costs not complied with | **$** |
| | Affidavit Inability to Pay | **$** |

<p align="center"><strong>THE STATE OF TEXAS</strong></p>

TO: **SAM PERRY, 420 THROCKMORTON STREET, SUITE 300, FORT WORTH TX 76109**

GREETINGS:

**<u>YOU ARE HEREBY NOTIFIED THAT AN ORIGINAL VERIFIED PETITION FOR DEPOSITIONS BEFORE SUIT PURSUANT TO RULE 202 TO INVESTIGATE POTENTIAL CLAIM OR SUIT HAS BEEN FILED ON THE 11TH DAY OF SEPTEMBER 2024 IN THE 191ST JUDICIAL COURT, 600 COMMERCE STREET, DALLAS TX 75202</u>**

HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.

WITNESS:    FELICIA PITRE, Clerk of the District Courts, Dallas County, Texas.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in the City of Dallas, ON **THIS THE 27TH DAY OF SEPTEMBER 2024.**

Issued at request of:
**CARLOS MORALES**
**15950 DALLAS PKWY STE 400**
**DALLAS TX  75248-6628**
**972-774-4415**



ATTEST:    FELICIA PITRE
Clerk of the District Courts
Dallas County, Texas

By_____, Deputy
**GAY LANE**

---

<p align="center">OFFICER'S RETURN</p>

Came to hand on the _____ day of_____, 20_____, at_____ o'clock_____. M., and executed on the _____ day of_____, 20_____, at _____ o'clock_____. M., delivering to _____the within named_____, in person, a true copy of this Notice.

FEES:
_____
Serving Notice:    $_____        Officer _____County_____
Mileage:    $_____
TOTAL:    $_____        By:_____ Deputy

P.05-001

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT P.06
## Rule 202 Citation – Deponent Agather
## P.06-001

**Description:**    Rule 202 citation served on deponent Agather.

**Relevance:**    Pre-arbitration state-court process (Agather deponent).

**Source:**    Texas 191st Judicial District Court (Dallas County), Cause No. DC-24-15770

**Petition Ref:**    Not directly cited – supporting record

**Disclosures:**    None — reproduced as produced, no added markings

**Filing Status:**    Public - not sealed

4:26-cv-00381-O
*Biering v. JPMS, et al.*

Form #329 – NOTICE **PLAIN**

CAUSE NO. **DC-24-15770**

STYLE

**IN RE: JOSHUA DAVID SAPPI BIERING**

| SERVICE OFFICER: | |
|---|---|
| Clerk's fees | **$8.00** |
| Officer's fees collected | **$** |
| Officer's fees not collected | **$XXX** |
| Costs not complied with | **$** |
| Affidavit Inability to Pay | **$** |

### THE STATE OF TEXAS

TO:  **ELAINE AGATHER, 3510 TURTLE CREEK BLVD., APT 6E, DALLAS, TEXAS 75219.**

GREETINGS:

**YOU ARE HEREBY NOTIFIED THAT AN ORIGINAL VERIFIED PETITION FOR DEPOSITIONS BEFORE SUIT PURSUANT TO RULE 202 TO INVESTIGATE POTENTIAL CLAIM OR SUIT HAS BEEN FILED ON THE 11TH DAY OF SEPTEMBER 2024 IN THE 191ST JUDICIAL COURT, 600 COMMERCE STREET, DALLAS TX 75202**

HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.

WITNESS:    FELICIA PITRE, Clerk of the District Courts, Dallas County, Texas.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in the City of Dallas, ON **THIS THE 27TH DAY OF SEPTEMBER 2024.**

Issued at request of:

**CARLOS MORALES**
**15950 DALLAS PKWY STE 400**
**DALLAS TX  75248-6628**
**972-774-4415**



ATTEST:    FELICIA PITRE
Clerk of the District Courts
Dallas County, Texas

By_____, Deputy

**GAY LANE**

### OFFICER'S RETURN

Came to hand on the _____day of_____, 20_____, at_____ o'clock_____. M., and executed on the _____day of_____, 20_____, at _____o'clock_____. M., delivering to _____the within named_____, in person, a true copy of this Notice.

FEES:

| | | |
|---|---|---|
| Serving Notice: | $_____ | Officer _____County_____ |
| Mileage: | $_____ | |
| TOTAL: | $_____ | By:_____ Deputy |

P.06-001