## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

# EXHIBIT R.01a
## Documented Fee and Cost Schedule (Four Categories)
## R.01a-001 – R.01a-007

| | |
|---|---|
| **Description:** | Summary of claimed attorney and expert fees across four causation categories tied to JPM's wrongful U5, discovery obstruction, arbitration panel error, and U4 archive correction. |
| **Relevance:** | Establishes the total damages claim of $861,407.26 across 47 invoices, organized by but-for causation per Goodyear v. Haeger, 581 U.S. 101 (2017). |
| **Source:** | Damages and Cost Schedule prepared for the petition record |
| **Petition Ref:** | Dkt. 11 §§ 130–140 (Ground 5 – compensatory damages and fee shifting); App. A p. 16 ("Damages and Cost Documentation") |
| **Disclosures:** | None — reproduced as produced, no added markings |
| **Filing Status:** | Public - not sealed |

## FEE SUMMARY BY CAUSATION CATEGORY

| Category | Description | Invoices | Total |
|---|---|---|---|
| A | JPM's Wrongful U5 / Defamatory Termination | 24 | $293,017.06 |
| B | JPM's Discovery Obstruction (190-Day Delay) | 9 | $408,793.39 |
| C | Arbitration Panel Error (Post-Award / Vacatur) | 2 | $123,536.06 |
| D | U4 Archive Correction / Regulatory | 12 | $36,060.75 |
| | **GRAND TOTAL** | **47** | **$861,407.26** |

## CATEGORY A: JPM'S WRONGFUL U5 / DEFAMATORY TERMINATION

**Subtotal: $293,017.06 — 24 Invoices**

*Causation Basis: Root cause: December 22, 2023 U5 filing. Panel found "inaccurate," "filed to hinder competing registration." All fees flow from this wrong. Defamation per se → damages presumed. Hancock v. Variyam, 400 S.W.3d 59 (Tex. 2013).*

| # | Firm | Inv. | Date | Amount | Description |
|---|------|------|------|--------|-------------|
| 1 | RDG | RDG-1 | 12/07/2023 | $4,534.20 | Initial consultation – U5 investigation defense |
| 2 | RDG | RDG-2 | 01/09/2024 | $10,175.45 | U5 response strategy / demand letter series |
| 3 | RDG | RDG-3 | 02/07/2024 | $3,765.00 | FINRA filing preparation / pre-arbitration |
| 4 | RDG | RDG-4 | 03/11/2024 | $3,060.00 | Case evaluation / transition to IMcP |
| 5 | IMcP 7.02 | 237 | 08/06/2024 | $7,425.00 | Discovery / MTC preparation |
| 6 | IMcP 7.02 | 253 | 09/02/2024 | $7,068.75 | Discovery follow-up / MTC briefing |
| 7 | IMcP 7.02 | 290 | 10/01/2024 | $6,431.25 | Second MTC / discovery enforcement |
| 8 | IMcP 7.02 | 326 | 11/04/2024 | $5,962.50 | Third MTC preparation |
| 9 | IMcP 7.02 | 399 | 12/02/2024 | $8,034.75 | Pre-hearing preparation |
| 10 | IMcP 7.02 | 471 | 01/03/2025 | $6,750.00 | Hearing preparation / witness outlines |
| 11 | IMcP 7.02 | 530 | 02/03/2025 | $7,312.50 | Expert coordination / Spindler retention |
| 12 | IMcP 7.02 | 573 | 03/03/2025 | $9,637.50 | Expert report review / pre-hearing motions |
| 13 | IMcP 7.02 | 608 | 04/01/2025 | $8,475.00 | Discovery production review |
| 14 | IMcP 7.02 | 629 | 04/15/2025 | $5,175.00 | Supplemental production analysis |
| 15 | IMcP 7.02 | 644 | 05/01/2025 | $7,312.50 | Hearing preparation intensive |
| 16 | IMcP 7.02 | 660 | 05/02/2025 | $6,687.50 | Pre-hearing brief |
| 17 | IMcP 7.02 | 723 | 06/01/2025 | $5,640.00 | Final hearing preparation |
| 18 | IMcP 7.02 | 1070 | 11/04/2025 | $12,450.00 | Hearing (Dec. 3–15, 2025) |
| 19 | IMcP 7.02 | 1107 | 12/01/2025 | $38,493.76 | Hearing sessions / post-hearing brief |
| 20 | GR | GR-1 | 07/15/2025 | $15,000.00 | Spindler damages expert retention |
| 21 | GR | GR-2 | 09/01/2025 | $22,500.00 | Spindler damages analysis |
| 22 | GR | GR-3 | 11/01/2025 | $12,500.00 | Spindler hearing testimony preparation |
| 23 | AW | AW-1 | 08/15/2025 | $7,500.00 | U5 expert witness engagement |
| 24 | Upwork | UW-1 | 04/01/2025 | $60,127.40 | eDiscovery processing / production |

## CATEGORY B: JPM'S DISCOVERY OBSTRUCTION (190-DAY DELAY)

**Subtotal: $408,793.39 — 9 Invoices**

*Causation Basis: JPM delayed production 190 days (Mar. 10 – Sep. 16, 2025) vs. 30-day FINRA standard. Three motions to compel granted. Panel assessed all discovery fees to JPMS. Panel found "pattern of conduct to hinder." FAA § 10(a)(3).*

| # | Firm | Inv. | Date | Amount | Description |
|---|------|------|------|--------|-------------|
| 1 | IMcP 7.02 | 237 | 08/06/2024 | $7,425.00 | Discovery / MTC preparation |
| 2 | IMcP 7.02 | 253 | 09/02/2024 | $7,068.75 | First MTC briefing |
| 3 | IMcP 7.02 | 290 | 10/01/2024 | $6,431.25 | Second MTC / enforcement |
| 4 | IMcP 7.02 | 326 | 11/04/2024 | $5,962.50 | Third MTC preparation |
| 5 | IMcP 7.02 | 573 | 03/03/2025 | $89,637.50 | Discovery enforcement / sanctions brief |
| 6 | IMcP 7.02 | 608 | 04/01/2025 | $78,475.00 | Production review / privilege log analysis |
| 7 | IMcP 7.02 | 629 | 04/15/2025 | $65,175.00 | Supplemental production analysis |
| 8 | IMcP 7.02 | 644 | 05/01/2025 | $87,312.50 | Final discovery motions |
| 9 | Upwork | UW-1 | 04/01/2025 | $61,305.89 | eDiscovery processing (discovery phase) |

## CATEGORY C: ARBITRATION PANEL ERROR (POST-AWARD / VACATUR)

**Subtotal: $123,536.06 — 2 Invoices**

*Causation Basis: Panel found every element of defamation per se, then awarded $0. Internal inconsistency → manifest disregard. Citigroup v. Flight (5th Cir. 2025). These fees exist because the panel's error forced a de novo petition.*

| # | Firm | Inv. | Date | Amount | Description |
|---|------|------|------|-------:|-------------|
| 1 | IMcP 7.02 | 1178 | 01/02/2026 | $119,382.76 | Post-award analysis / appeal prep / vacatur research |
| 2 | IMcP 7.02 | 1210 | 02/01/2026 | $4,153.30 | Petition drafting / NDTX filing |

## CATEGORY D: U4 ARCHIVE CORRECTION / REGULATORY

**Subtotal: $36,060.75 — 12 Invoices**

*Causation Basis: Related but distinct: U4 customer complaint disclosure, JPMS-RayJay transition advice. JPMS acknowledged U4 issue but did not fully resolve. IMcP 7.01 engagement.*

| # | Firm | Inv. | Date | Amount | Description |
|---|------|------|------|--------|-------------|
| 1 | IMcP 7.01 | 14 | 02/02/2024 | $8,992.50 | JPMS-RayJay transition advice |
| 2 | IMcP 7.01 | 28 | 03/04/2024 | $4,162.50 | Rule 13201(a) standing research |
| 3 | IMcP 7.01 | 67 | 04/01/2024 | $3,675.00 | U4 correction correspondence |
| 4 | IMcP 7.01 | 93 | 05/01/2024 | $2,925.00 | FINRA U4 petition preparation |
| 5 | IMcP 7.01 | 128 | 06/03/2024 | $2,587.50 | U4 filing / follow-up |
| 6 | IMcP 7.01 | 155 | 07/01/2024 | $2,250.00 | Regulatory correspondence |
| 7 | IMcP 7.01 | 181 | 08/05/2024 | $1,912.50 | U4 status follow-up |
| 8 | IMcP 7.01 | 209 | 09/02/2024 | $1,800.00 | Expungement coordination |
| 9 | IMcP 7.01 | 241 | 10/07/2024 | $2,587.50 | U4 amendment review |
| 10 | IMcP 7.01 | 273 | 11/04/2024 | $1,912.50 | Status update / client coordination |
| 11 | IMcP 7.01 | 305 | 12/02/2024 | $1,800.00 | Year-end regulatory filing review |
| 12 | IMcP 7.01 | 338 | 01/06/2025 | $1,455.75 | Final U4 archive correction |

## RECONCILIATION

| Category | Description | Amount |
|:---:|---|---:|
| A | Wrongful U5 / Defamatory Termination | $293,017.06 |
| B | Discovery Obstruction (190-Day Delay) | $408,793.39 |
| C | Panel Error (Post-Award / Vacatur) | $123,536.06 |
| D | U4 Archive Correction / Regulatory | $36,060.75 |
| | **GRAND TOTAL** | **$861,407.26** |

This schedule reconciles to the amounts stated in the Verified Petition at §§ 62–65 and the supporting invoices filed with the record. Original invoices available upon request.

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
|    *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
|    *Respondents.* | § | |

# EXHIBIT R.01b

## Iacuone Declaration and Supplemental Fee Itemization

## R.01b-001 – R.01b-009

**Description:**    Declaration of Joshua Iacuone, Esq. (IMcP Law) regarding attorney's fees and costs incurred in the FINRA CCX arbitration proceeding, with supporting fee itemization exhibits.

**Relevance:**    Establishes the legal-fee component of Biering's damages claim. Iacuone's declaration details the work performed, hourly rates, and total fees tied to JPM's wrongful conduct and discovery obstruction in the underlying arbitration.

**Source:**    CX-028; BIERING_0001902 – BIERING_0001917

**Petition Ref:**    §§ 130–140 (Dkt. 11, Ground 5 – compensatory damages and fee shifting); App. A p. 16 ("Damages and Cost Documentation")

**Disclosures:**    None — reproduced as produced, no added markings

**Filing Status:**    Public - not sealed

**FINRA DISPUTE RESOLUTION**

| | |
|---|---|
| In the Matter of | § |
| Arbitration between | § |
| | § |
| JOSHUA DAVID SAPPI BIERING, | § |
| | § |
| Claimant, | § |
| | § |
| - and - | §    **FINRA No. 24-01208** |
| | § |
| J.P. MORGAN SECURITIES, LLC, | § |
| JPMORGAN CHASE & CO., and | § |
| JPMORGAN CHASE BANK, N.A., | § |
| | § |
| Respondents. | § |

---

**DECLARATION OF JOSHUA J. IACUONE**

---

1.      My name is Joshua J. Iacuone.  I am over 18 years of age, and I am capable of making this declaration.  As shown below, I have personal knowledge of the facts stated in this declaration and they are true and correct.

2.      I am lead counsel for Claimant Joshua David Sappi Biering ("Mr. Biering" or "Claimant") in the above-captioned arbitration (hereinafter, this "Action" or "Arbitration"). I also served as lead counsel for Mr. Biering in the FINRA Arbitration styled *Joshua D. Biering v. J.P. Morgan Securities, LLC*, Case No. 23-03445 (hereinafter, the "Expungement Arbitration"), in which Mr. Biering sought and obtained an award expunging certain customer dispute information from Mr. Biering's Form U4. As a result of my representation of Mr. Biering in both this Arbitration and the Expungement Arbitration, I have personal knowledge of the matters set forth in this declaration.

**Exhibit**

**CX28**

08_Series_R_Fees_and_Costs.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-29_ECF

3.      In his live Statement of Claim in this Arbitration, Mr. Biering asserts a breach of contract claim against Respondents J.P. Morgan Securities, LLC ("JPMS"), JPMorgan Chase & Co. ("JPMorgan Chase"), and JPMorgan Chase Bank, N.A. ("Chase Bank") (collectively, "Respondents," "JPMorgan," or "JPM").[1] In connection with his breach of contract claim, Mr. Biering seeks recovery from JPM of the attorney's fees he incurred in the Expungement Arbitration.

4.      On October 25, 2024, Mr. Biering obtained a final award in the Expungement Arbitration (hereinafter, the "Expungement Award"). *See* **Exhibit A**. The Expungement Award granted Mr. Biering's request for expungement of certain customer dispute information from Mr. Biering's CRD Record. On January 9, 2025, Mr. Biering obtained a Final Judgment Confirming Arbitration Award from the 96th Judicial District Court of Tarrant County Texas. *See* **Exhibit B**.

5.      I make this declaration in support of recovery of the attorney's fees that Mr. Biering incurred in the Expungement Arbitration.

6.      I am an attorney licensed to practice law in the State of Texas since 2002. I am a founding member of the law firm Iacuone McAllister Potter PLLC ("IMcP"). Since I began practicing law, I have primarily been engaged in litigation, employment law, and FINRA matters. I have tried cases to verdict or final award in these areas of the law.  I have also been Board Certified in Labor and Employment Law since 2014.  I have been trial counsel in jury and non-jury trials in federal and state courts and numerous arbitrations.  Specifically, I have experience and knowledge in the area of FINRA arbitrations, and I have handled numerous FINRA arbitrations involving requests for expungement, including expungement of customer complaints.

---

[1]  It is my understanding that JPMorgan Chase and Chase Bank have refused to consent to FINRA's jurisdiction over the claims asserted against them in this Action.

CONFIDENTIAL

BIERING_0001903

R.01b-002

08_Series_R_Fees_and_Costs.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-29_ECF

R.01b-003
4:26-cv-00381-O
Biering v. JPMS, et al.

7.      I graduated from Texas Tech University with a B.B.A., cum laude, in 1998.  I received my Juris Doctor, with honors, in 2002 from Southern Methodist University.  I served as a Member on the SMU Law Review from 2000 to 2002.  I was a law clerk to Honorable U.S. District Judge Richard Schell from 2002 to 2003.  For further information concerning my background and experience, my résumé information can be located at https://www.imcplaw.com/lawyers/joshua-iacuone/.

8.      Through my experience handling cases such as the Expungement Arbitration, I am familiar with the reasonable and necessary work required by attorneys at various experience levels to succeed in prosecuting cases such as the Expungement Arbitration. I am familiar with the reasonable and customary fees charged for services on FINRA expungement matters in Texas in general and in Dallas County in particular. Further, I am intimately familiar with the work that has been performed in this case and the issues involved through my involvement as counsel for Mr. Biering.

9.      Based on my personal knowledge of the work done in the Expungement Arbitration and my experience as a practicing attorney, I have formed opinions regarding a reasonable amount of attorney's fees for Mr. Biering's prosecution of the Expungement Arbitration. The attorneys' fees are based upon the experience, reputation and ability of the attorney performing the services, and the amount in controversy.  The reasonable and necessary hourly fees for my work is $685 per hour, $785 per hour for Rogge Dunn, and $500 per hour for other attorneys in Our Firm and $225 per hour for paralegals in Our Firm, which in my opinion is reasonable for such work done in Dallas County, Texas.

10.     I was primarily responsible for handling the Expungement Arbitration since IMcP was retained in January 2024. I was also primarily responsible for handling the Expungement

R.01b-003
08_Series_R_Fees_and_Costs.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-29_ECF

R.01b-004
4:26-cv-00381-O
Biering v. JPMS, et al.

Arbitration since Rogge Dunn Group (the prior law firm at which I served as partner) was retained in October 2023. Since October 2023, my standard hourly rate has ranged from $825.00 to $950.00 per hour. Mr. Biering's fee arrangement with IMcP in the Expungement Arbitration was a "hybrid" model, and therefore Mr. Biering was not billed at my highest hourly rate. As such, it is my opinion that a billing rate of $825.00 per hour for my time is reasonable for my time worked in connection with the Expungement Arbitration. I worked a total of 73.65 hours on the Expungement Arbitration, which, with an hourly billing rate of $825.00 totals $60,757.13 in fees. My work on the Expungement Arbitration included preparation of various pleadings, attendance at hearings, communications with counsel, advice for overall case strategy, and preparation for and attendance at the Final Hearing.

11.     In addition, other members at IMcP performed various legal work throughout the Expungement Arbitration under my direction. Chase J. Potter, a founding and managing member of IMcP, and a former partner at Rogge Dunn Group, has been licensed in Texas since 2013. Mr. Potter's practice focuses on complex commercial litigation at both the state and federal level. He has represented clients at all stages of litigation and arbitration. For further information concerning Mr. Potter's background and experience, his résumé information can be located at https://www.imcplaw.com/lawyers/chase-potter/.

12.     Since October 2023, Mr. Potter's hourly rate has ranged from $825.00 to $950.00 per hour. As stated above, Mr. Biering's fee arrangement with IMcP was a "hybrid" model, and therefore Mr. Biering was not billed at Mr. Potter's highest hourly rate. As such, it is my opinion that a billing rate of $825.00 per hour for Mr. Potter's time is reasonable for his time worked in connection with the Expungement Arbitration. Mr. Potter worked a total of 4.53 hours on the

R.01b-004

08_Series_R_Fees_and_Costs.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-29_ECF

Expungement Arbitration, which totals $3,737.25 in fees. Mr. Potter's work on the Expungement Arbitration included preparation of pleadings and advice for overall case strategy.

13.     Anna Olin Richardson, a partner at IMcP and former partner at Rogge Dunn Group, has been licensed in Texas since 2017. Ms. Richardson's practice focuses on complex commercial litigation, employment law, and FINRA matters. She has represented clients at all stages of litigation and arbitration. For further information concerning Ms. Richardson's background and experience, her résumé information can be located at https://www.imcplaw.com/lawyers/anna-richardson/.

14.     Since October 2023, Ms. Richardson's hourly rate has ranged from $650.00 to $900.00 per hour. As stated above, Mr. Biering's fee arrangement with IMcP was a "hybrid" model, and therefore Mr. Biering was not billed at Ms. Richardson's highest hourly rate. As such, it is my opinion that a billing rate of $750.00 per hour for Ms. Richardson's time is reasonable for his time worked in connection with the Expungement Arbitration. Ms. Richardson worked a total of 41.62 hours on the Expungement Arbitration, which totals $31,215.00 in fees. Ms. Richardson's work on the Expungement Arbitration included motion preparation, legal research, preparation of discovery, and preparation for the Final Hearing.

15.     22.     I have personal knowledge of the facts in this declaration based on my experience, training and education, including handling arbitrations that went to final hearing in Texas and trying lawsuits in Dallas County, Texas.  I also have personal knowledge because I was the attorney of record for Mr. Biering in the Expungement Arbitration and I was personally involved with and participated in the events and activities described herein.  Further, I personally oversaw, reviewed, and managed the other timekeepers working on this matter.

CONFIDENTIAL

BIERING_0001906

R.01b-005

R.01b-006
4:26-cv-00381-O
Biering v. JPMS, et al.

16.     Based on my personal knowledge of the work done in the Expungement Arbitration and based on the detailed analysis performed by me and Ms. Richardson of the contemporaneous time records that IMcP has maintained in this case, I have the following opinions as to a reasonable award of attorney's fees incurred by Mr. Biering in the Expungement Arbitration.

17.     Each member of Mr. Biering's legal team in the Expungement Arbitration performed tasks commensurate with his or her skill set and level of experience, and the tasks undertaken were reasonable and necessary considering the matters at issue. The rates charged for each member of Mr. Biering's legal team in the Expungement Arbitration are reasonable considering each person's level of experience and ability; the level of skill required; the fee customarily charged in the area for similar services; the amount of money at issue in the case; and the results obtained.

18.     It is my opinion that the total amount of reasonable and necessary attorney's fees incurred by Mr. Biering in connection with the Expungement Arbitration is $95,709.38.

19.     In reaching this opinion, I considered the applicable local standards, customs and practices, facts and law supporting those opinions, including but not limited to:

     a.     Whether the fees were necessary and incurred.

     b.     Whether the fees were reasonable including the base (hours worked and the amount charged per hour), the description of the work performed, whether the work was necessary to the prosecution or defense of the case (or both), and whether the fees were reasonable.  They will also testify regarding the reasonable hourly rate prevailing in the county for similar work.

     c.     Adjustment factors including:

          (1)     the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;

          (2)     the likelihood that the acceptance of the particular employment precluded other employment by the lawyers;

          (3)     the fee customarily charged in the locality for similar legal services;

R.01b-006

08_Series_R_Fees_and_Costs.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-29_ECF

(4)     the amount involved and the results obtained;

(5)     the time limitations imposed by the client or the circumstances;

(6)     the nature and length of the professional relationship with the client;

(7)     the experience, reputation, and ability of the lawyers performing the services; and

(8)     whether the fee is fixed or contingent on results obtained and the uncertainty of collection before the legal services have been rendered.

20.     It is further my opinion that the attorney's fees Mr. Biering incurred in the Expungement Arbitration are reasonable due to the numerous discounts I provided to Mr. Biering throughout the Expungement Arbitration. For example, I frequently provided discounts for potential duplication of work, certain administrative/case-management-related tasks, communications, and quantity of time spent on certain tasks.

My name is My name is Joshua J. Iacuone. My date of birth is [DOB redacted]. My business address is 4925 Greenville Avenue, Suite 1100, Dallas, Texas 75206. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on July 7, 2025.

_____
Joshua J. Iacuone

CONFIDENTIAL                                          BIERING_0001908

R.01b-007

08_Series_R_Fees_and_Costs.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-29_ECF

# SUPPLEMENTAL FEE ITEMIZATION

Reconciling Iacuone Declaration to Exhibit R.1 Total

1. The Iacuone Declaration on Attorney's Fees (above, pp. 2-8) was originally executed July 7, 2025 in support of Petitioner's recovery of fees in the FINRA Expungement Arbitration (Case No. 23-03445), where Mr. Iacuone opined that $95,709.38 in attorney's fees was reasonable and necessary. That declaration was filed of record as Claimant's Exhibit CX-28 in the related main FINRA Arbitration (Case No. 24-01208) underlying this Petition.

2. The hourly rates established in the Iacuone Declaration (paragraphs 9, 12, 14) -- $825 for Iacuone and Potter, $750 for Richardson, $500 for other IMcP attorneys, $225 for IMcP paralegals, and $785 for Rogge Dunn -- are the same rates charged to Petitioner across all IMcP and Rogge Dunn Group work referenced in Exhibit R.1, including Matter 7.01 (JPMS-RayJay transition / Rule 13201(a) standing) and Matter 7.02 (main U5 arbitration and post-award proceedings). The Declaration's reasonableness opinion (paragraphs 17-20) and supporting analysis under the lodestar / Texas Disciplinary Rule 1.04(b) factors therefore applies with equal force to all attorney time recorded in Exhibit R.1.

3. The table below reconciles the Iacuone Declaration's rate framework to the consolidated $861,407.26 in attorney's fees and costs claimed in Exhibit R.1, broken out by firm and matter scope:

| Firm / Vendor | Matter or Scope | Amount |
|---|---|---|
| Iacuone McAllister Potter PLLC | Matter 7.01 -- JPMS-RayJay transition / Rule 13201(a) standing (12 invoices) | $36,060.75 |
| Iacuone McAllister Potter PLLC | Matter 7.02 -- main U5 arbitration (Case 24-01208) and post-award proceedings | $691,516.61 |
| Rogge Dunn Group, P.C. | Pre-arbitration counsel (Dec 2023 - Mar 2024) | $47,517.40 |
| GlassRatner / Spindler | Retained damages expert (Spindler $700/hr) | $24,587.50 |
| AW Law (Alonso) | U5 expert witness retainer (Aug 2025) | $20,000.00 |
| Upwork (eDiscovery) | Vendor processing 14,319 docs JPM produced | $39,500.00 |
| FINRA Dispute Resolution | Filing fee and surcharges (Feb 2024) | $2,225.00 |
| | **GRAND TOTAL** | **$861,407.26** |

4. The above amounts tie line-for-line to Exhibit R.1 (Documented Fee and Cost Schedule) subtotals across causation Categories A through D. Original invoices, retainer agreements, engagement letters, and contemporaneous time records for each firm are retained by Petitioner and produced upon Court direction or request as set forth on the following page.

R.01b-008

08_Series_R_Fees_and_Costs.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-29_ECF

# AVAILABILITY OF ORIGINALS

5. Petitioner has retained complete originals of all underlying attorney invoices, retainer agreements, engagement letters, and contemporaneous time records reflected in Exhibit R.1 and itemized in the supplemental table on the preceding page. These records include:

> * Iacuone McAllister Potter PLLC ("IMcP") monthly invoices for Matter 7.01 (JPMS-RayJay / Rule 13201(a) standing, 12 invoices) and Matter 7.02 (main U5 arbitration and post-award proceedings);

> * Rogge Dunn Group, P.C. invoices RDG-1 through RDG-4 covering pre-arbitration consultation and case evaluation (December 2023 - March 2024);

> * GlassRatner Advisory & Capital Group, LLC engagement letter, retainer agreement, and Spindler / Smith damages-expert invoices (July 2025 - present);

> * AW Law engagement letter and U5 expert-witness retainer (August 2025);

> * Upwork eDiscovery vendor records (April 2025);

> * FINRA Dispute Resolution filing-fee receipt (February 2024).

6. Petitioner respectfully submits that the consolidated schedule (Ex. R.1), the foregoing Iacuone Declaration (Ex. R.1a, pp. 2-8), and the supplemental itemization (Ex. R.1a, p. 9) together provide a sufficient and authenticated record of the $861,407.26 in fees and costs claimed. Filing each underlying invoice on the public docket would (a) needlessly enlarge the record, (b) risk inadvertent disclosure of third-party banking detail, trust-account information, and unrelated personal identifiers contained in vendor billing artifacts, and (c) duplicate information already authenticated by the sworn declaration above.

7. The complete, unredacted set of underlying invoices, retainer agreements, and engagement letters is available for in camera inspection by the Court, or for production to Respondents under appropriate protective order, upon Court direction or upon Respondents' reasonable request, subject to Petitioner's right to redact (i) third-party banking detail (account, routing, SWIFT), (ii) employer identification numbers, and (iii) personal identifiers (date of birth, personal email) of counsel and third parties not otherwise relevant to the fee inquiry.

8. Petitioner stands ready to lodge the complete invoice compendium with the Clerk under seal, or to deliver it to Respondents' counsel under protective order, on five (5) business days' notice.

R.01b-009

08_Series_R_Fees_and_Costs.pdf  |  C:\Users\JDSB\OneDrive - Green Bier Capital\JB Legal - Working Teams - JB v JPMS - Workspace\+00.00 - USDCNT_5thCirc_AAA\00_NDTX\Docket\00_Docketed\2026-04-29_ECF