## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

---

# EXHIBIT AAA_C.01
## Follow-Up Opposing Open-Ended Extension
## AAA_C.01-001 - AAA_C.01-003

---

**Description:**   Claimant's April 6, 2026 follow-up seeking clarification of AAA status.

**Relevance:**   Shows the ongoing administrative uncertainty and Claimant's objection to an undefined extension while the federal action was pending.

**Source:**   Claimant letter to AAA dated April 6, 2026.

**Petition Ref:**   Dkt. 11; Dkt. 16.

**Disclosures:**   Redactions: Public redactions applied to personal contact information required by the exhibit redaction rules.

**Filing Status:**   Public - not sealed

AAA_C.01-001
4:26-cv-00381-O
*Biering v. JPMS, et al.*

**Joshua David Sappi Biering**

**Fort Worth, TX 76107**

j████bierfam.com

April 6, 2026

**Rebecca Regniere**
Manager of ADR Services
American Arbitration Association
*Via Email*: employmententry@adr.org

Re:    AAA Case No. 01-26-0000-7215;

*Biering v. JPMorgan Chase & Co. et al.*

Subject:    Follow-Up to April 1, 2026 Submission; Request for Clarification of Administrative Status

Dear Ms. Regniere,

I write in follow-up to my April 1, 2026 submission and AAA's recent correspondence requesting Respondents' position on whether this matter should be held in abeyance.

I.    **Intake Status**

On March 11, 2026, AAA requested submission of the arbitration agreement in order to proceed with administration. Claimant provided the complete Binding Arbitration Agreement the same day, copying all parties.

AAA's correspondence further indicated that no answering statement was due at that time and that response deadlines would follow once the requested materials were received.

To date, no deficiency has been identified, and no additional materials have been requested.

II.    **Current Administrative Posture**

Since satisfying AAA's request, the matter has remained pending while Respondents seek additional time in light of external considerations, including a separate federal filing.

The administrative timeline is straightforward:

- **1.    February 10, 2026 —** Claimant filed the AAA demand as a protective measure, stating that the primary forum is federal court and requesting a stay pending judicial determination. (SOC ¶¶ 1–2, 5.)

AAA_C.01-001
AAA_C.01_Follow_Up_Opposing_Open_Ended_Extension.pdf
C:\Users\JDSB\repos\jb_v_jpm_local_v2\matter\workspace\+00.00 - USDCNT_5thCirc_AAA\90_Exhibits\AGENT_WORKING_REVIEW\AAA_SUPP_ECF_EXHIBIT_STYLE_2026-04-29\AAA_C.01_Follow_Up_Opposing_Ope

- **2. February 11, 2026** — AAA acknowledged the filing and assigned the case number.
- **3. February 27, 2026** — Claimant served Respondents and counsel with the full AAA package, including the Statement of Claim and its federal-court reservation, via UPS and FedEx with confirmed delivery.
- **4. March 11, 2026** — AAA requested the complete contract; Claimant provided the BAA the same day, copying Mr. Dunlap and Ms. Bunch, and again stated that threshold issues remain subject to judicial determination in the related federal action. (Mar. 11 Ltr. § V.)
- **5. March 19, 2026** — Claimant followed up seeking confirmation of receipt and next steps, copying Mr. Dunlap and Ms. Bunch.
- **6. March 23, 2026** — Claimant conferred directly with Mr. Dunlap regarding the federal petition. Mr. Dunlap confirmed the petition is opposed.
- **7. March 29, 2026** — Claimant emailed Mr. Dunlap directly, advising that the federal petition had been filed and that ECF access was pending.
- **8. March 30, 2026** — Claimant filed the federal action: Biering v. J.P. Morgan Securities, LLC, et al., No. 4:26-cv-00381-O-BP (N.D. Tex., Fort Worth Div.).
- **9. April 1, 2026** — AAA requested Claimant's position on abeyance. Claimant objected to open-ended delay, again referencing the pending federal action. (Apr. 1 Ltr. ¶¶ 17–22.) Additional time was nonetheless afforded without a defined deadline.
- **10. April 4, 2026** — Claimant followed up with AAA requesting case status, copying Mr. Dunlap.

No outstanding intake deficiency has been identified. In that posture, the present administrative status of the matter is not entirely clear.

## III.     Request for Clarification

To ensure clarity of process, Claimant respectfully requests that AAA:

- Confirm whether administrative intake is complete;
- State whether the matter is proceeding, held, or placed in abeyance; and
- If held or in abeyance, identify the basis and any defined duration for that status.

This request is made to maintain a clear and accurate administrative record.

## IV.     Procedural Context

Claimant filed this demand with an express request that the matter be stayed pending resolution of the related federal action. That federal action is now pending: Biering v. J.P. Morgan Securities, LLC, et al., No. 4:26-cv-00381-O-BP (N.D. Tex., Fort Worth Div.), filed March 30, 2026. Respondents and their counsel have received notice of this position on eight separate occasions: by service of the Statement of Claim and its federal-court reservation (February 27); by copy of the BAA submission with its express stay request (March 11); by copy of Claimant's follow-up correspondence (March 19); by direct conference between Claimant and Mr. Dunlap

AAA_C.01-002

AAA_C.01_Follow_Up_Opposing_Open_Ended_Extension.pdf

C:\Users\JDSB\repos\jb_v_jpm_local_v2\matter\workspace\+00.00 — USDCNT_5thCirc_AAA\90_Exhibits\AGENT_WORKING_REVIEW\AAA_SUPP_ECF_EXHIBIT_STYLE_2026-04-29\AAA_C.01_Follow_Up_Opposing_Ope

AAA_C.01-003
4:26-cv-00381-O
*Biering v. JPMS, et al.*

regarding the federal petition (March 23); by direct email from Claimant to Mr. Dunlap advising that the petition had been filed (March 29); by the filing of the federal action itself (March 30); by copy of Claimant's April 1 opposition; and by copy of Claimant's April 4 follow-up.

An open-ended, indefinite extension of the response period is not proper. Respondents' appropriate response — beyond acknowledging service — is to acknowledge the stay pending progress in the federal action. There is no administrative predicate for further delay.

Claimant's request is therefore narrow: a clear statement of whether intake is complete and whether the matter is proceeding, held, or in abeyance.

Nothing in this submission waives any position previously asserted. All prior submissions remain preserved.

**Very Respectfully,**

*Joshua David Sappi Biering*

**Joshua David Sappi Biering**
Claimant, Pro Se
AAA Case No. 01-26-0000-7215

cc:  Geoffrey S. Dunlap, Esq.
     UB Greensfelder LLP
     Via Email: jdunlap@ubglaw.com

     Sarah Henderson, Esq.
     UB Greensfelder LLP
     Via Email: shenderson@ubglaw.com

     Katie E. Bunch
     JPMorgan Chase & Co.
     Via Email: katie.e.bunch@jpmchase.com

AAA_C.01-003
AAA_C.01_Follow_Up_Opposing_Open_Ended_Extension.pdf
C:\Users\JDSB\repos\jb_v_jpm_local_v2\matter\workspace\+00.00 - USDCNT_5thCirc_AAA\90_Exhibits\AGENT_WORKING_REVIEW\AAA_SUPP_ECF_EXHIBIT_STYLE_2026-04-29\AAA_C.01_Follow_Up_Opposing_Ope