**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § § § | |
| Petitioner, *Pro Se,* | § § | **Case No**. 4:26-cv-381-O |
| v. | § § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Case No.450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § § | AAA Case No. 01-26-0000-7215 |
| | § | |
| Respondents. | § | |

**PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING EXTENSION OF TIME (RULE 72(a))**

**I.    INTRODUCTION**

Plaintiff respectfully objects under Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's April 30, 2026, Order granting Defendants a 22-day extension of time [Dkt. 28]. The Order is contrary to law because it grants relief under Rule 6(b)(1)(A) without a legally sufficient showing of good cause—i.e., diligence—and without engagement with the operative record that directly addressed both diligence and prejudice.

**II.    LEGAL STANDARD**

Under Rule 72(a), a district judge must modify or set aside any portion of a magistrate judge's order that is "clearly erroneous or contrary to law."

Rule 6(b)(1)(A) permits extensions only for "good cause." In the Fifth Circuit, that standard requires a showing of diligence. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Where a party fails to demonstrate that it could not meet the deadline despite ***reasonable effort***, an extension is ***not permitted.***

**III.    THE ORDER DOES NOT APPLY RULE 6(b) TO THE OPERATIVE RECORD**

The Order grants Defendants' request "[f]or good cause shown" [Dkt. 28] but identifies

1

no factual basis demonstrating diligence and provides no indication that the Rule 6(b) standard was applied to the operative record.

While detailed findings are not required for routine scheduling matters, Rule 6(b) still requires that the governing standard be applied to the record before the Court. Here, the record did not merely lack a showing of diligence—it affirmatively addressed and rebutted each asserted ground for extension.

Plaintiff's opposition identified record materials that undermine each asserted basis for extension, including:

1) The completed service record resolving any purported uncertainty [Dkts. 12–15];
2) The procedural posture and timing already established in [Dkt. 16]; and
3) The ongoing, concrete prejudice resulting from continued delay [Dkt. 18].

In that posture, the ruling cannot be understood as an application of Rule 6(b) to the developed record. Instead, it rests on a conclusory determination untethered to the operative filings and reflective of a routine extension practice rather than the rule's required showing of diligence. Rule 6(b) does not authorize extensions as a matter of professional courtesy; it requires a showing of diligence grounded in the record.

## IV.   DEFENDANTS CANNOT ESTABLISH DILIGENCE

The record establishes that Defendants had full notice of the claims, the operative deadline, and the governing procedural posture.

Defendants were served on April 13, 2026, triggering their Rule 12(a) response deadline. [Dkt. 11]. On that same date, Greenberg Traurig disclaimed representation in this action and stated that it was not authorized to accept service. [Dkt. 25-9].

On April 27, 2026, prior to filing Plaintiff's motion practice, Plaintiff confirmed the operative deadline and expressly rejected any Rule 4(d) waiver or request that would alter the response timeline. Plaintiff stated unequivocally that no waiver had been requested and that no extension would be consented to absent court order, reaffirming that the May 4 response deadline remained operative. [Dkt. 16-1].

Defendants relied on four grounds: (1) service uncertainty; (2) petition "density"; (3) counsel workload and transition; and (4) Memorial Day. None of which satisfies Rule 6(b).

## V.    THERE WAS NO CHANGE IN CLAIMS, PARTIES, OR RELIEF

Defendants concede that the Amended Petition "appears to seek the same relief." [Dkt. 17].

That concession is confirmed by the record. The relief sought remained unchanged across the operative petition [Dkt. 11], the AAA Protective Statement of Claim Pending Judicial Determination filed February 11, 2026 [Dkt. 25-1], and the underlying Statement of Claim filed October 11, 2024 [Dkt. 20-4].

No new claims, parties, or legal theories were introduced. The Amended Verified Petition provided additional factual detail consistent with the same underlying dispute.

The amendment was filed as of right under Federal Rule of Civil Procedure 15(a)(1)(A), prior to any responsive pleading. Rule 15(a)(3) governs the timing of any response. Fed. R. Civ. P. 15(a)(1)(A), (a)(3). But where, as here, the amendment does not alter the claims or relief, it does not create a diligence-based inability to respond or establish good cause for delay under Rule 6(b).

## VI.    THE RECORD REFLECTS STRATEGIC TIMING, NOT GOOD CAUSE

Defendants characterize their request as routine. The record reflects otherwise.

Petitioner conferred in good faith and provided advance notice of the operative deadline and forthcoming motion practice. [Dkt. 16]. Defendants' extension request followed immediately thereafter and was styled as an "emergency," even though the timing constraints were known in advance. [Dkt. 17].

The sequence reflects a reactive adjustment within a known procedural framework, not an unforeseen constraint. Rule 6(b) does not extend to circumstances that were known and within the movant's control.

## VII.   DELAY CAUSES ONGOING, NONRECOVERABLE PREJUDICE

This is not a routine scheduling matter. The Fifth Circuit recognizes that ongoing, nonrecoverable economic and regulatory injury constitutes cognizable harm. *Louisiana v. Biden*, 55 F.4th at 1034; *Rest. L. Ctr.*, 66 F.4th at 597. Each day of delay perpetuates an adjudicated CRD inaccuracy through mandatory industry review processes, resulting in ongoing earnings and reputational harm that cannot be remedied through conventional damages.

Where delay perpetuates nonrecoverable harm tied directly to timing, prejudice is structural. Under *S&W Enterprises*, that prejudice weighs decisively against extension, particularly in the absence of diligence.

## VIII.   DEFERENCE IS NOT ABDICATION

Scheduling decisions are entitled to deference. But deference does not permit abdication. Where the record squarely presents the Rule 6(b) questions of diligence and prejudice, yet the order contains no indication that those matters were considered, the ruling is not an exercise of discretion but a departure from the governing standard. *Koon v. United States*, 518 U.S. 81, 100 (1996).

## IX.   CONCLUSION

Because Defendants ***did not*** demonstrate diligence as required by Rule 6(b)(1)(A), and because the Order does not reflect application of that standard to the operative record, Plaintiff respectfully requests that the Court set aside the Magistrate Judge's Order [Dkt. 28] and deny the requested extension.


Respectfully submitted,

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*

4

## CERTIFICATE OF CONFERENCE

Petitioner certifies that on April 30, 2026, he conferred with counsel for Defendants by Zoom regarding the subject matter of this Objection. Petitioner had previously transmitted written opposition to any extension on April 28, 2026, prior to the filing of Defendants' motion. [Dkt. 16-1].

During the conference, the parties confirmed that Jeffrey H. Dunlap of UB Greensfelder LLP—who entered appearances via [Dkts. 26, 27]—would remain as lead counsel in this action and conduct substantive discussions, while Greenberg Traurig, LLP serves as Texas counsel and continues to lead in the parallel AAA proceeding.

Petitioner reaffirmed his opposition to any extension or motions to compel arbitration, reserved all rights in this Court, and confirmed his availability for further conferences as appropriate. No agreement was reached.

## CERTIFICATE OF SERVICE

Petitioner, *Pro Se*, certifies that on May 1, 2026, the foregoing was filed with the Court *via* CM/ECF, which will automatically serve notice on all counsel of record.

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*