## UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING**, | § § § § § | |
| Petitioner, *Pro Se,* | § § | **Case No.** 4:26cv-381-O |
| v. | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § § | AAA Case No. 01-26-0000-7215 |
| Respondents. | § § | |

.

### PETITIONER'S MOTION FOR EXPEDITED REVIEW of DKT 16 AND DKT 29

Petitioner respectfully moves for expedited review of his Motion for Accelerated Hearing, Concurrent Dispositive Briefing, and Expedited Scheduling [Dkt. 16] and his Rule 72(a) Objection [Dkt. 29], with decision requested on or before ***May 12, 2026.***

The original response deadline has already passed. Without expedited review, the relief sought in Dkt. 29 will be effectively mooted and incapable of meaningful review, and the relief sought in Dkt. 16 will be overtaken by serial threshold motion practice on the extended schedule.

### I.     PROCEDURAL POSTURE AND SEQUENCING

The CM/ECF record reflects the following sequence. Petitioner filed Dkt. 16, addressing the operative response deadline and requesting concurrent dispositive briefing and expedited consideration, on April 28, 2026, at 5:26 PM CDT. Defendants filed Dkt. 17 the same day at 6:40 PM CDT, one hour and fourteen minutes after Dkt. 16. The Magistrate Judge granted Defendants' extension on April 30, 2026 [Dkt. 28]. Dkt. 28 did not reach the concurrent-filing relief requested in Dkt. 16. The original May 4, 2026, response deadline has now passed.

## II.    DKT. 29 CANNOT BE MEANINGFULLY REVIEWED WITHOUT EXPEDITION

Under N.D. Tex. L. Civ. R. 72.2(c)–(d), the response to Dkt. 29 is due May 22, 2026, and any reply is due June 5, 2026. The deadline that Dkt. 29 contests—May 26, 2026—falls inside that briefing window.

The Objection is therefore not submitted to the District Judge until ten days after the deadline it asks the Court to set aside has already passed. Once that occurs, the relief Dkt. 29 seeks—reinstating the May 4, 2026, deadline—cannot be granted.

As a result, under the default schedule, the Rule 72(a) Objection will not be fully submitted to the District Judge until **after** the deadline it seeks to set aside has already passed. Once that occurs, the relief requested in Dkt. 29—reinstating the May 4, 2026 deadline—**cannot be granted in any meaningful sense**, because the extension will have been fully executed.

Expedited review is therefore necessary to preserve the Court's ability to provide effective relief.

## III.    THE SAME TIMING PROBLEM AFFECTS DKT. 16

The timing issue is not limited to Dkt. 29. Dkt. 16 requested an order directing that any threshold motion be filed concurrently with Defendants' response to the Amended Verified Petition, to prevent staggered, serial motion practice.

Absent expedited consideration, threshold motion practice will proceed under the extended schedule in serial fashion. Once that staggered sequencing begins, the concurrent-filing structure requested in Dkt. 16 cannot be restored after the fact.

## IV.    EXPEDITED REVIEW IS NECESSARY TO PRESERVE THE COURT'S ABILITY TO ACT

This is not a routine scheduling matter. It presents a timing conflict that, absent expedited review, prevents the Court from granting meaningful relief on both Dkt. 16 and

Dkt. 29. The requested May 12, 2026 decision date is necessary to ensure that:

(1) Dkt. 29 can be resolved before the May 26 deadline it challenges; and

(2) Dkt. 16 can be decided *before* threshold motion practice proceeds under a staggered schedule.

This Court has inherent authority to manage its docket to prevent such outcomes and to ensure that its rulings remain effective. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016); *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023).

## V.    RELIEF REQUESTED.

Petitioner respectfully requests that the Court enter an order, **on or before May 12, 2026**, that:

(i)    shortens the response and reply periods for Dkt. 29 under L.R. 72.2(c)–(d) or decides Dkt. 29 on the existing record;

(ii)    decides Dkt. 16 on the existing record; and

(iii)    directs that any motion to dismiss, motion to compel arbitration, motion to stay, motion to transfer, or other threshold motion be filed concurrently with Defendants' response to the Amended Verified Petition, consistent with the relief requested in Dkt. 16.

Respectfully submitted,

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*

Dated: May 5, 2026

## CERTIFICATE OF CONFERENCE

Pursuant to N.D. Tex. L. Civ. R. 7.1(b), Petitioner certifies that on April 30, 2026, he conferred with counsel for Defendants by Zoom regarding the underlying scheduling matters. The procedural relief requested in this Motion was not ripe for conference prior to entry of Dkt. 28. Defendants motions and filings indicate this motion is opposed.

## CERTIFICATE OF SERVICE

Petitioner, Pro Se, certifies that on May 5, 2026, the foregoing was filed with the Court via CM/ECF, which will automatically serve notice on all counsel of record.

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*