UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | X : | |
| **Claimant,** | : : : | **Case No. 4:26-cv-381-O** |
| **v.** | : : | **FINRA Case No. 24-01208** |
| **J.P. MORGAN SECURITIES LLC,** *et al.*, | : : : | |
| **Respondent.** | : : | |
| | X | |

**RESPONDENTS' RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR ACCELERATED HEARING, CONCURRENT DISPOSITIVE BRIEFING, AND EXPEDITED SCHEDULING**

Respondents, J.P. Morgan Securities LLC, JPMorgan Chase Bank, N.A., and J.P. Morgan Chase & Co. (collectively "Respondents"), by and through undersigned counsel, hereby submit this Response in Opposition to pro se Petitioner Joshua David Sappi Biering's ("Biering") Motion for Accelerated Hearing, Concurrent Dispositive Briefing, and Expedited Scheduling ("Motion" [ECF No. 16]).

Biering brought this action to confirm in part, modify in part, and vacate in part a FINRA arbitration award. [*See* ECF No. 1.] Biering filed this Motion after Respondents filed an opposed motion for extension of time to respond to Biering's Petition. Through his Motion, Biering appears to seek the following relief:

- To require Respondents to file any motion to dismiss, compel arbitration, stay, transfer, or otherwise defer adjudication concurrently with their Response in Opposition to Biering's Petition (Mot. at 3);

1

- To expedite this Court's consideration of Biering's Petition, and to expedite an oral hearing on the Petition, if this Court schedules a hearing, (*id.*), and

- To order a Fed. R. Civ. P. 16(a) status conference. (*Id.*)

Respondents do not generally oppose holding a Rule 16 case management conference, although they contend that the standard scheduling procedures in Rule 26(f) should suffice. But Biering's other requests are not justified and should be denied.

## ARGUMENT AND AUTHORITIES

**A.    The Court Should Deny Biering's Motion to Require Respondents to File Any Motions for Relief at the Same Time.**

Biering's request for "concurrent filing of threshold motions should be denied." To be sure, no authority requires Respondents to file all conceivable motions—"any motion to dismiss, compel arbitration, stay, transfer, or otherwise defer adjudication of the Amended Verified Petition"—at Respondents' initial pleading deadline. (Mot. at 3.) Respondents are entitled to seek relief in accordance with the timeframes set by the Federal Rules. Not only would granting this relief be wholly inefficient, it would be fundamentally unfair to force Respondents to marshal all their conceivable arguments at the pleading stage and prejudice them from raising them later.

**B.    The Court Should Deny Biering's Motion to Expedite These Summary Proceedings.**

Likewise, the Court should refuse Biering's request to further expedite these proceedings. Biering generally offers two justifications for his request to expedite: (1) the law requires expedited consideration; (2) expedited consideration is required to prevent irreparable harm. Neither argument holds up under examination.

***First***, Biering cites no legal authority requiring expedited consideration. Neither Section 6 of the Federal Arbitration Act nor Federal Rule 81(a)(6)(B) require expedited proceedings, as Biering suggests. (*See* Mot. at 3). Section 6 of the FAA simply states, "Any application to the court

hereunder *shall be made and heard in the manner provided by law for the making and hearing of motions*, except as otherwise herein expressly provided." 9 U.S.C. § 6 (emphasis added). And Rule (a)(6)(B) provides, "These rules, to the extent applicable, govern proceedings under the following laws, except as these laws provide other procedures: * * * (B) 9 U.S.C., relating to arbitration[.]" To be sure, neither authority requires expedited hearing of the Petition.[1]

For another thing, review of an arbitration award is already an expedited proceeding. *See Bill Cutterz, LLC v. Keen Grp. Solutions, LLC*, No. 4:18-CV-02632, 2018 WL 11469685, at *1 (S.D. Tex. Dec. 19, 2018) ("The Federal Arbitration Act ("FAA"), which governs the parties' dispute, provides for an expedited judicial review of arbitration awards."); *see also Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 352–53 (5th Cir. 2009). These limited proceedings involve no written discovery, no depositions, and no trial. Once Biering's Petition is fully briefed, this Court will either issue its ruling or schedule a hearing before issuing its ruling. And Biering offers no justification for hurrying these already streamlined proceedings.

***Second***, Biering does not identify any irreparable harm that requires granting his Motion. Biering's Motion repeats arguments from his Petition and demands immediate consideration

---

[1] Biering states: "What remains are the dispositive legal questions reserved to this Court—the § 9 confirmation/correction relief and the § 10 (a)(4) structural-incompleteness analysis—on which the FAA preserves Petitioner's Article III opportunity." (Mot. at 4). While this statement is unclear, Biering cites authorities that appear to have nothing to do with his statement. Biering cites the Supreme Court's decisions in *SEC v. Jarkesy*, 603 U.S. 109 (2024), and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), in support. These cases do not support his statement and have nothing to do with the Federal Arbitration Act. In *Loper*, the Supreme Court overruled *Chevron U.S.A. Inc. v. Natural Resources Def. Council, Inc.*, 467 U.S. 837 (1987). *See Loper Bright Enterprises*, 603 U.S. at 369. The case did not mention the Federal Arbitration Act or determine whether it provides standing to confirm, modify, or vacate an arbitration award. Similarly, *Jarkesy*, involved a limited holding stating the SEC could not levy civil penalties in SEC internal proceedings without violating the Seventh Amendment. 603 U.S. 109 (2024). The case did not address the FAA. Biering's citation of inapposite legal authority begs the question of whether he is using generative artificial intelligence tools to ghostwrite for him. If so, he must disclose its use under LR 7.2(f)(2).

because (1) his FINRA Form U5 is inaccurate, and (2) the FINRA arbitration award has alleged errors. (*See* Mot. at 6–7 (alleging misuse of "Respondent" and asserting that the "public record [contains] findings of misconduct without clear entity-specific disposition"). Biering speculates that anything short of expedited judicial review will result in some unidentified irreparable harm. But indeed, Biering undermined his own claim of irreparable harm as he waited a full 90 days to file his petition, filing on the last day allowed to petition for vacatur. *See* 9 U.S.C. § 12; Tex. Civ. Prac. & Remedies Code § 171.088.

## **CONCLUSION**

For all the foregoing reasons, Respondents respectfully request that the Court deny the Motion.

4

Dated: May 19, 2026

Respectfully submitted,

*/s/ Jeffrey S. Dunlap*
Jeffrey S. Dunlap
Ohio Bar No. 0067923,
*Admitted Pro Hac Vice*
Kyle W. Rea
Ohio Bar No. 0101812
*Admitted Pro Hac Vice*
UB GREENSFELDER LLP
Skylight Office Tower
1660 West 2nd Street - Suite 1100
Cleveland, Ohio 44113-1448
Phone (216) 583-7000
Fax (216) 583-7001
jdunlap@ubglaw.com
krea@ubglaw.com

Christopher S. Dodrill
Texas Bar No. 24110696
Elizabeth A. Bones
Texas Bar No. 24074026
GREENBERG TRAURIG LLP
2200 Ross Ave., Ste. 5200
Dallas, Texas 75201
Phone (214) 665-3600
Fax (214) 665-3601
christopher.dodrill@gtlaw.com
beth.bones@gtlaw.com

*Attorneys for Respondents,*
*J.P. Morgan Securities LLC, JPMorgan*
*Chase & Co., and JP Morgan Chase Bank,*
*N.A.*

## CERTIFICATE OF SERVICE

I certify that on May 19, 2026, the foregoing was filed and served through PACER's ECF system.

*/s/ Jeffrey S. Dunlap*
Jeffrey S. Dunlap

5