**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | X : | **Case No. 4:26-cv-381-O** |
| **Claimant,** | : : | **FINRA Case No. 24-01208** |
| **v.** | : : |  |
| **J.P. MORGAN SECURITIES LLC, *et al.*,** | : : |  |
| **Respondent.** | : : |  |
|  | X |  |

**RESPONDENTS' RESPONSE IN OPPOSITION TO PETITIONER'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER GRANTING A 14-DAY EXTENSION FOR THE RESPONSE IN OPPOSITION TO PETITIONER'S PETITION**

Respondents, J.P. Morgan Securities LLC ("JPMS"), JPMorgan Chase Bank, N.A. ("Chase"), and J.P. Morgan Chase & Co. ("JPMC") (collectively "Respondents"), by and through undersigned counsel, hereby submit this Response in Opposition to Petitioner, Joshua David Sappi Biering's ("Biering") Objection to Magistrate Judge Ray's April 30, 2026 Order, granting an extension of 14 days for Respondents' Response in Opposition to Petitioner's Petition.[1] This Court should overrule Petitioner's Objection because: (1) it runs contrary to the standards of litigation

---

[1] Biering has cited cases which do not state what he claims they state. The Fifth Circuit's decision *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003), addressed the application of Rule 16(b) of the Federal Rules of Civil Procedure to pleadings' amendments after the deadline set by a scheduling order, and stated that Rule 16(b) requires a showing of good cause. It does not address Rule 6(b)(1)(A) as Biering claims. Likewise, the Supreme Court's decision in *Koon v. United States*, 518 U.S. 81 (1996), considered an appeal of police officers' convictions for violating a suspect's constitutional rights under color of law during arrest, and their sentencing. The decision does not mention Rule 6(b)(1)(a) of the Federal Rules of Civil Procedure and has nothing to do with a requested extension.

1

conduct set forth in the Courts Local Rules and *Dondi Properties Corp. v. Com. Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988); and (2) Magistrate Judge Ray's non-dispositive extension of 14 days is neither clearly erroneous nor contrary to law.

This Court should overrule Biering's objection because opposing a 14-day extension—a courtesy routinely granted ***without*** Court intervention—runs contrary to the spirit of the Court's Local Rules and the standards of litigation contained in *Dondi Properties Corp. v. Com. Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988). *Dondi* requires attorneys to grant reasonable extensions of time to opposing counsel unless there will be a material, adverse effect on the rights of the client. Local Rule 1.1(c)(2) defines "attorney" as a party proceeding *pro se* in a any civil action. Local Rule 83.4.1 requires Petitioner to comply with the *Dondi* standards of litigation. *See Nguyen v. Korean Airlines Co.*, No. 13-CV-509-Y, 2014 WL 11460400, at *1 (N.D. Tex. Sep. 18, 2014) (recognizing that Dondi "sets forth standards of conduct for counsel (and pro se parties) to follow throughout litigation"). Biering has presented no basis to argue that a 14-day extension will create a material, adverse effect on his rights. The Court should overrule Biering's objection.

Moreover, Biering cannot show that Magistrate Judge Ray lacked cause to issue the Order. As Biering concedes, Respondents recited the reasons that show good cause for the short extension of time they sought. Those include questions regarding service of the Amended Petition, the number of claims asserted by Beiring, and counsels' schedule. Simply because Biering disagrees is not grounds to deny the Motion. Magistrate Judge Ray made the determination that good cause exists.

The Court should also overrule Biering's objection because granting an extension to respond is a non-dispositive matter, and this Court can only overrule a Magistrate Judge's decision regarding a non-dispositive matter if it is clearly erroneous. In the Fifth Circuit, a "motion to extend

2

time falls within the plain language of Rule 72(a) of the Federal Rules of Civil Procedure, which provides that a 'pretrial matter not dispositive of a party's claim or defense' may be heard by a magistrate judge." *Fletcher v. United States*, 452 Fed. Appx. 547, 553 (5th Cir. 2011); *Tucker v. United States Dep't of Army*, 56 F.3d 1384 (5th Cir. 1995). The Magistrate Judge's non-dispositive Order granting a 14-day extension "must be upheld unless it is clearly erroneous or contrary to law, which "is a highly deferential standard." *Troxler v. McDonough*, No. 25-0074, 2026 WL 513480, at *1 (W.D. La. Feb. 20, 2026). This "Court must affirm unless it is left with a definite and firm conviction that a mistake has been committed." *Id.*; *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

The Western District of Louisiana's decision in *Troxler* dealt with a similar occurrence—a *pro se* plaintiff objecting to a Magistrate Judge granting the Defendant an extension to respond to under Rule 6(b) of the Federal Rules of Civil Procedure. *Troxler*, 2026 WL 513480, at *1. The Western District of Louisiana held the *pro se* plaintiff failed to show clear error and overruled his objection. *Id.* The Western District of Louisiana also admonished the *pro se* plaintiff against challenging routine rulings of a Magistrate Judge without an arguably legal or factual basis:

> The Court notes that Troxler has repeatedly filed motions and appeals challenging routine rulings of the Magistrate Judge that lack any arguable legal or factual basis. While the Court construes pro se filings liberally, that leniency does not permit the continued submission of frivolous or duplicative motions. The filing of meritless motions and objections unnecessarily consumes judicial resources and delays the resolution of this matter. Troxler is therefore warned that he should carefully review the applicable standards before submitting additional motions or appeals and to refrain from filing further pleadings that lack a legitimate legal basis.

*Id.* at *2.

In line with the reasoning in *Troxler*, this Court should overrule Biering's objection and admonish him against filing objections without an arguably legal or factual basis in the future.

4919-5261-8414, v. 1

Dated: May 22, 2026                           Respectfully submitted,

                                              */s/Jeffrey S. Dunlap*
                                              Jeffrey S. Dunlap
                                              Ohio Bar No. 0067923,
                                              *Admitted Pro Hac Vice*
                                              Kyle W. Rea
                                              Ohio Bar No. 0101812
                                              *Admitted Pro Hac Vice*
                                              UB GREENSFELDER LLP
                                              Skylight Office Tower
                                              1660 West 2nd Street - Suite 1100
                                              Cleveland, Ohio 44113-1448
                                              Phone (216) 583-7000
                                              Fax (216) 583-7001
                                              jdunlap@ubglaw.com
                                              krea@ubglaw.com

                                              Christopher S. Dodrill
                                              Texas Bar No. 24110696
                                              Elizabeth A. Bones
                                              Texas Bar No. 24074026
                                              GREENBERG TRAURIG LLP
                                              2200 Ross Ave., Ste. 5200
                                              Dallas, Texas 75201
                                              Phone (214) 665-3600
                                              Fax (214) 665-3601
                                              christopher.dodrill@gtlaw.com
                                              beth.bones@gtlaw.com

                                              *Attorneys for Respondents,*
                                              *J.P. Morgan Securities LLC, JPMorgan*
                                              *Chase & Co., and JP Morgan Chase Bank,*
                                              *N.A.*

4

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on May 22, 2026, the foregoing was filed and served through PACER's ECF system.

<u>/s/</u>

5

4919-5261-8414, v. 1