**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00381-O-BP** |
| | § | |
| **J.P. MORGAN SECURITIES, LLC,** *et al.***,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court are the Motion for Accelerated Hearing, Concurrent Dispositive Briefing, and Expedited Scheduling that *pro se* Petitioner Joshua Biering filed on April 28, 2026 (ECF No. 16), the response that Respondents J.P. Morgan Securities LLC, JPMorgan Chase & Co., and JPMorgan Chase NA (collectively "Respondents") filed on May 19, 2026 (ECF No. 35), and the reply Biering filed on May 21, 2026 (ECF No. 36). After reviewing the pleadings and the applicable legal authorities, the Court **DENIES** Biering's Motion (ECF No. 16).

In his Motion, Biering asks the Court to modify the scheduling of this case in the following manner: all motions from Respondents—that is, "any Rule 12 motion, motion to compel arbitration, motion to stay, motion to transfer, or other threshold motion" should be filed concurrently and not in any one sequence. ECF No. 16 at 1. He argues that the motion practice patterns Respondents have followed in analogous cases, and which he contends they employ in the present case, amount to "us[ing] delay as a tactical lever." *Id.* at 8. Biering's characterization of Respondents' motion practice aside, the Federal Rules of Civil Procedure entitle Respondents to seek relief in the timeframes the Rules prescribe. Biering cites no authority suggesting otherwise.

Furthermore, Biering asks the Court to expedite its review of his Petition, which could include setting a Hearing "if the Court finds argument helpful." *See* ECF No. 16 at 3. To this end, he cites 9 U.S.C. § 6 and Fed. R. Civ. P. 81(a)(6)(B). *Id.* Rule 81 simply states that the Federal Rules govern proceedings unless they conflict with certain other laws, which includes 9 U.S.C. *See* Fed. R. Civ. P. 81(a)(6)(B). But 9 U.S.C. § 6 only provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. If Biering means to invoke some specific provision of the Federal Arbitration Act providing for the expedited proceedings he seeks, he does not cite it. The Court will consider this case in an efficient fashion, but it ascertains no basis to set a hearing or otherwise expedite proceedings at this stage, especially since Defendants have not yet answered. The Court therefore **DENIES** Biering's Motion (ECF No. 16).

Finally, on May 5, 2026 Biering filed a Motion (ECF No. 32), seeking expedited consideration of both the Motion at ECF No. 16 and an objection(ECF No. 29) that is pending before Chief United States District Judge Reed O'Connor ECF. The former is before the undersigned; the latter is not. To the extent the relief Biering seeks at ECF No. 32 is before the undersigned, the Court **DENIES** that Motion as **MOOT**.

It is so **ORDERED** on May 22, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2