**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING**, | § | |
| | § | |
| | § | |
| Petitioner, *Pro Se,* | § | |
| | § | |
| v. | § | **Case No.** 4:26cv-381-O |
| | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| | § | |
| Respondents. | § | |

**PETITIONER'S REPLY ON RULE 72(a) OBJECTION [DKT. 29] AND IN OPPOSITION TO REQUEST FOR ADMONISHMENT [DKT. 37]**

Petitioner replies to Dkt. 37, Respondents' opposition to the Rule 72(a) Objection [Dkt. 29] and request for admonishment. Respondents' opposition rests on four points: (1) citation criticism, (2) an appeal to *Dondi* and Local Rule 83.4.1, (3) a conclusory assertion that good cause existed, and (4) a request to treat one Rule 72(a) objection as sanctionable conduct. None supports admonishment, and none answers the narrow legal issue Dkt. 29 preserves.

Petitioner acknowledges that the immediate timing relief sought in Dkt. 16 and Dkt. 32 has been overtaken by the schedule. However, Rule 72(a) contrary-to-law question preserved in Dkt. 29 has not. The question is whether Dkt. 28 reflects application of Rule 6(b)(1)(A)'s good-cause standard to the operative record.

**I.    The Challenged Authorities Were Cited for the Propositions They State**

Dkt. 37 footnote 1 states that *Koon v. United States*, 518 U.S. 81 (1996), does not mention Rule 6(b)(1)(A) and does not involve an extension. Dkt. 29 did not cite *Koon* for Rule 6(b). It cited *Koon* for the settled proposition that discretionary decisions remain constrained by the governing legal standard. Dkt. 29 at 4, PageID 1549. *Koon* states, "a district court by definition abuses its discretion when it makes an error of law." 518 U.S. at 100.

1

Dkt. 37 next states that *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533 (5th Cir. 2003), does not address Rule 6(b)(1)(A). Dkt. 29 cited *S&W* for the Fifth Circuit's diligence-centered good-cause framework. Rule 6(b)(1)(A) and Rule 16(b)(4) use the same operative words of "good cause." *S&W* supplies the governing diligence framework for that standard. 315 F.3d at 535-36. Respondents identify no controlling Fifth Circuit authority displacing that framework for Rule 6(b)(1)(A) purposes.

## II.   Dondi Does Not Require Consent to Prejudicial and Contested Relief

Respondents characterize the extension as a routine courtesy that should have been granted without Court intervention. Dkt. 37 at 2. That framing overstates *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988), and Local Rule 83.4.1. *Dondi* concerns professional conduct between counsel and parties; it does not rewrite Rule 6(b)(1)(A), erase prejudice, or compel consent where the operative record warrants opposition. The record matters.

(i)   The FINRA Panel found the Form U5 inaccurate, found that one primary reason for the timing of the filing was to hinder transfer of Petitioner's book of business, and expressed concern that the conduct "may be a pattern of misconduct." Dkt. 20-1 at 5-6, PageID 266-67.

(ii)   The underlying arbitration required nine production rounds and three motions to compel. Dkt. 11 ¶¶ 86-90; Dkt. 16 at 8-9, PageID 229-30.

(iii)   In the parallel AAA proceeding, Respondents did not substantively engage for approximately seven weeks, and first requested time until they were "done with arbitration." Dkt. 13 at 3-5, PageID 215-17; Dkt. 16 at 9, PageID 230.

In this action, Greenberg Traurig represented on April 13, 2026, that it "does not represent the JPMorgan entities in this federal action" and was "not authorized to accept service," then reversed course fourteen days later. Dkt. 16-1 at 1-3, PageID 236-38. Petitioner declined consent to the requested extension in writing on April 27, 2026. Dkt. 16-1; Dkt. 18 at 1, PageID 252. **Professional courtesy is not a substitute for Rule 6(b)(1)(A)'s required showing of diligence and good cause.**

### III.   Dkt. 28 Lacks an On-the-Record Rule 6(b)(1)(A) Good-Cause Finding

Respondents argue that they recited reasons showing good cause and that the Magistrate Judge accepted those reasons. Dkt. 37 at 2. The problem is that Dkt. 28 does not identify the operative record basis for good cause and does not reflect application of the Fifth Circuit's diligence-centered standard to Petitioner's timely opposition. Dkt. 28; Dkt. 18; Dkt. 29 at 2-4, PageID 1547-49.

Rule 6(b)(1)(A) authorizes an extension only ***for good cause.*** In the Fifth Circuit, good cause requires ***diligence***. *S&W Enters.*, 315 F.3d at 535. And an exercise of discretion grounded in legal error is itself an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 n.2 (2014); *Koon*, 518 U.S. at 100. An order granting Rule 6(b)(1)(A) without reflecting application of that standard on the operative record is contrary to law within Rule 72(a).[1]

### IV.   Rule 72(a)'s Contrary-To-Law Branch Applies, And Troxler Does Not

Respondents emphasize clear-error deference. Dkt. 37 at 3. Dkt. 29 invokes Rule 72(a)'s separate contrary-to-law branch. Dkt. 29 at 1, PageID 1546. The issue is legal and narrow: whether Dkt. 28 reflects application of Rule 6(b)(1)(A)'s good-cause standard to the record. That question is reviewable under Rule 72(a) even though the underlying decision was discretionary.

Nor does *Troxler* fit. The admonishment there addressed a litigant who "repeatedly filed motions and appeals challenging routine rulings of the Magistrate Judge that lack any arguable legal or factual basis." 2026 WL 513480, at 2. Dkt. 29 is Petitioner's only Rule 72(a) objection in this action. Petitioner did not seek reconsideration of, or file a Rule 72(a) objection to, Dkt. 38. One objection is not a pattern, and Dkt. 29 is grounded in Rule 6(b)(1)(A), Rule

---

[1]    Out of an abundance of caution, and in light of Respondents' growing emphasis on my *pro se* status and citation form rather than the controlling substance, I provide the following authority. Although *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), and *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559 (2014), arose in the sanctions and fee-shifting contexts, both decisions underscore the broad discretion afforded to district courts in addressing litigation conduct, including lack of diligence and resulting prejudice to the opposing party. See *Cooter & Gell*, 496 U.S. at 405; *Highmark*, 572 U.S. at 563 n.2. Those principles apply with equal force when evaluating repeated requests for extensions that reflect insufficient diligence and compound ongoing prejudice.

72(a), *S&W, Koon*, and the docketed record. The *Troxler* predicate is absent.

## V.    Prejudice is Concrete, Ongoing, And Not Restored by Later Review

Petitioner managed nearly $1 billion in client assets and generated more than $5.1 million in trailing twelve-month production at the time of the inaccurate U5. Dkt. 16 at 5, PageID 226. He now manages roughly 10% of that prior asset level as a direct result of Respondents' hindrance, particularly exasperated as his U5 remains publicly accessible and professionally operative through FINRA's BrokerCheck and Rule 3110(e) supervisory framework. Dkt. 11 ¶¶ 27, 29–30, 143–145.

The resulting prejudice is practical and cumulative. Petitioner is litigating this matter *pro se* while attempting to rebuild a substantially diminished book of business, against long-term constraints on time, stamina, and capacity. Time lost in that posture cannot be restored. The harm is concrete, reputational, economic, licensing-related, practical, and implicates long-term physical and mental health.

Respondents' request for admonishment is misplaced. Petitioner does not oppose reasonable extensions as a reflex. He objects where the governing rule requires diligence, the record does not show it, and additional delay compounds the ongoing harm from an adjudicated public regulatory disclosure.

Institutional litigants can more readily absorb the costs of a delayed docket. Individual registrants, by contrast, bear the immediate and compounding consequences of restricted livelihood and diminished professional leverage. As the Supreme Court recently recognized, prolonged exposure to a contested regulatory status quo can inflict a **"here-and-now injury"** that **"is impossible to remedy once the proceeding is over."** *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023). Although *Axon* addressed structural constitutional challenges, the underlying principle applies with equal force here: time is not neutral when a challenged public regulatory record continues to operate daily against Petitioner's ability to practice his profession.

Courts have likewise recognized that delayed review of FINRA actions risks turning

relief into an empty victory after serious professional harm has already occurred. *See Alpine Sec. Corp. v. FINRA*, 121 F.4th 1314, 1329 (D.C. Cir. 2024).

## VI.    Conclusion

Petitioner respectfully requests that the Court resolve Dkt. 29 substantively under Rule 72(a)'s contrary-to-law branch, deny Respondents' request for admonishment, recognize that Petitioner's Rule 72(a) position is preserved for any later dispute presenting the same Rule 6(b)(1)(A) issue and for appellate review, and grant such other and further relief to which Petitioner may be justly entitled.


Respectfully submitted,

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*


Dated: May 23, 2026

## CERTIFICATE OF SERVICE

Petitioner, *pro se*, certifies that on May 23, 2026, the foregoing was filed via CM/ECF, which will automatically serve notice on all counsel of record.

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*