## UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING**, | § § § § § | |
| Petitioner, *Pro Se,* | § § | **Civil Action No.** 4:26-cv-00381-O |
| v. | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| | § | |
| Respondents. | § | |

### PETITIONER'S SEPARATE STATUS REPORT PURSUANT TO
### THE COURT'S JUNE 3, 2026 ORDER [DKT. 46]

Pursuant to the Court's Order entered June 3, 2026 [Dkt. 46], Petitioner Joshua David Sappi Biering ("Petitioner"), proceeding *pro se*, respectfully submits this Separate Status Report. Petitioner and counsel for Respondents J.P. Morgan Securities LLC, JPMorgan Chase & Co., and JPMorgan Chase Bank, N.A. (collectively, "Respondents").

Pursuant to the Court's Order, the parties conferred by email between June 5 and June 8, 2026 regarding the status of this matter, but were unable to agree on a joint proposal.

The parties agree that discovery is unnecessary and that the Court may determine the pending issues under the Federal Arbitration Act ("FAA") on the existing record without further factual development. Accordingly, Petitioner submits that a Rule 16(b)(3) scheduling order is not presently required.

The parties disagree regarding the procedural course that should follow the Court's determination of the pending FAA issues. Respondents contend that the existing briefing resolves the matter and that no further proceedings are necessary. Petitioner respectfully submits that the Court should first determine the relief available under the FAA and enter judgment on the Petition. The Court's disposition of those issues will determine whether any

1

matters remain for adjudication and, if so, the appropriate procedure for resolving them.

Petitioner further notes that his Rule 72(a) Objection [Dkt. 29] remains pending. Nothing in this Report waives, limits, or modifies any position asserted in Dkts. 11, 29, or 45, or in any other filing of record.

## I.   Status Of The FAA Issues

The FAA provides that an application under the statute shall be "made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6.

The parties agree that no discovery is necessary. The issues presented under the FAA have been fully briefed through the Petition [Dkt. 11], Respondents' Response [Dkt. 41], and Petitioner's Reply [Dkt. 45]. The Court also has before it the Award and the arbitral record.

Petitioner respectfully submits that the matter is ripe for determination on the papers.

The Court's ruling will determine the scope, implementation, finality, and legal effect of the Award, including the requests for confirmation, modification, clarification, and related relief presented in Dkts. 11 and 45.

## II.  Proceedings Following The Court's FAA Determination

The Court's ruling on the pending FAA issues should determine whether any further proceedings are necessary. If the Court's disposition resolves the matter in full, no further proceedings will be required.

If issues remain following the Court's FAA determination, Petitioner submits that they should proceed before this Court rather than through remand to FINRA or referral to AAA arbitration.

The parties agree that discovery is unnecessary and that the operative record is already before the Court. Accordingly, any remaining issues would be suitable for resolution through expedited dispositive motion practice.

Should the Court determine that additional proceedings are necessary, Petitioner

proposes the following schedule:

- Opening dispositive motion(s): within seven (7) days of the Court's ruling;

- Response(s): within fourteen (14) days thereafter; and

- Reply/replies: within seven (7) days thereafter;

- or such schedule as the Court deems appropriate.

## III. Preservation and Conclusion

This Report addresses case-management issues only. Nothing herein waives, limits, supplements, or modifies any argument, objection, claim, defense, or request for relief asserted in Dkts. 11, 29, or 45, or in any other filing of record.

Petitioner respectfully requests that the Court:

(1)    Decline to enter a Rule 16(b)(3) scheduling order;

(2)    Determine the pending FAA issues on the existing record;

(3)    Enter such judgment as the Court deems appropriate under the FAA;

(4)    Decline any remand to FINRA or referral to AAA arbitration; and

(5)    If necessary, establish an expedited schedule for resolution of any remaining matters through dispositive motion practice.


Respectfully submitted,

*Joshua David Sappi Biering*

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*


Dated: June 9, 2026

## CERTIFICATE OF CONFERENCE

Pursuant to the Court's June 3, 2026 Order [Dkt. 46], Petitioner conferred with counsel for Respondents by email between June 5 and June 8, 2026 regarding the matters identified in the Court's Order. The parties agree that discovery is unnecessary but were unable to agree regarding the procedure that should follow resolution of the pending FAA issues. Accordingly, each side submits its position separately.

The conference was limited to the case-management issues addressed in this Report and did not involve settlement or mediation communications.

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*

Dated: June 9, 2026

## CERTIFICATE OF SERVICE

I certify that on June 9, 2026, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, which will provide notice to all counsel of record.

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*

Dated: June 9, 2026