**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING**,<br><br>Petitioner, *Pro Se,*<br>v.<br><br>**J.P. MORGAN SECURITIES LLC, JPMORGAN CHASE & CO., and JPMORGAN CHASE BANK, N.A.,**<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No.** 4:26cv-381-O<br><br>FINRA Case No. 24-01208<br>EEOC Charge No. 450-2024-04743<br>AAA Case No. 01-26-0000-7215 |

**PETITIONER'S NOTICE OF CONTINUED ABEYANCE OF AMERICAN ARBITRATION ASSOCIATION ("AAA") CASE NO. 01-26-0000-7215**

Petitioner Joshua David Sappi Biering, proceeding *pro se*, respectfully files this Notice solely to apprise the Court of the current status of the AAA arbitration previously disclosed in the record (Dkt. 25-6), and states as follows:

On April 10, 2026, the AAA suspended Case No. 01-26-0000-7215 pursuant to Employment/Workplace Rule R-2 to permit judicial resolution of issues pending before this Court. On July 8, 2026, the AAA confirmed that it "will continue to hold the above-captioned matter in abeyance pending a court decision or a request to continue administration of the case." A true and correct copy of the July 8, 2026 correspondence is attached as Enclosure 1.

Both parties support continuation of the AAA abeyance. Petitioner maintains that the abeyance should continue pending final resolution of this action. Respondents' position, as reflected in Dkt. 48 and Enclosure 1, is that the abeyance should continue until the Court rules on the Amended Petition. Petitioner notes the distinction solely for accuracy and does not concede Respondents' characterization of the scope or duration of any continued abeyance.

The continued AAA abeyance does not alter any position previously presented to this

Court. Petitioner incorporates and preserves all positions set forth in the existing record, including Dkts. 11, 45, and 47.

As previously stated, the AAA demand is "protective only and does not concede that any forum other than this Court should decide the FAA finality question." Dkt. 11. Petitioner likewise continues to maintain that the Court should "[d]ecline any remand to FINRA or referral to AAA arbitration." Dkt. 47.

Petitioner further maintains the positions previously presented concerning this Court's jurisdiction to determine the operative effect of its judgment as to the Award and the parties before it. As previously explained, Petitioner seeks to "[r]etain jurisdiction . . . to determine the operative effect of the confirmed, modified, and vacated portions of the Award." Dkt. 11. Nothing in the continued AAA abeyance alters those positions.

Petitioner further preserves the positions reflected in the record concerning the Award's express factual findings, potential future preclusive effect, unadjudicated claims, tolling, and the status of the excluded non-appearing affiliate Respondents JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., as to whom the Panel made no determination. Nothing in the continued AAA abeyance should be construed as a concession regarding those issues.

The parties agree that the Amended Petition is fully briefed and ripe for decision on the existing record. *See* Dkts. 47 and 48.

Petitioner seeks no relief through this Notice and respectfully submits it solely to update the Court regarding the continued abeyance of AAA Case No. 01-26-0000-7215.

Respectfully submitted,

Joshua David Sappi Biering

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*

Dated: July 8, 2026

## CERTIFICATE OF CONFERENCE

Petitioner certifies that, before filing this Notice, Petitioner communicated with Respondents' counsel concerning the continued abeyance of AAA Case No. 01-26-0000-7215. During the course of the related proceedings, communications concerning the AAA matter have been conducted through different counsel and designated points of contact for Respondents. The correspondence attached as Enclosure 1 reflects the communications with Respondents' counsel pertinent to the continued abeyance of the AAA proceeding.

The parties agree that the AAA proceeding should remain in abeyance and differ as to the duration and effect of that abeyance. Petitioner further notes that the parties continue to maintain differing positions regarding forum, jurisdiction, the effect of the FINRA Award, the status of claims not adjudicated on the merits, and the status of parties not adjudicated by the Panel. This Notice is submitted solely to advise the Court of the current status of the AAA proceeding and seeks no relief.

Consistent with Federal Rule of Evidence 408 and the confidentiality applicable to settlement communications, Petitioner discloses no substance of any settlement or mediation communications.

## CERTIFICATE OF SERVICE

Petitioner, *pro se*, certifies that on June 1, 2026, the foregoing was filed via CM/ECF, which will automatically serve notice on all counsel of record.

Joshua David Sappi Biering

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*