# APPENDIX A
## ENTITY, AGREEMENT, FUNCTION, AND CAPACITY REFERENCE

This Appendix collects the reference tables summarized in the body of the Objections: the entity, agreement, and function map (Table A-1; Objection Two); the recital-by-recital capacity attribution (Table A-2; Objections Two and Five); and the capacity-alignment matrix (Table A-3; Objections Two, Five, and Six). Each entry carries or cross-references its record citation. The issue-by-issue disposition matrix appears in Appendix B (Table B-1; Objection Nine).

**Table A-1. Entity, Agreement, and Function Map**

| Entity and Agreement Posture | Function the Record Assigns | What the Award Did |
|---|---|---|
| **JPMS** — FINRA member, CRD No. 79; BAA "Firm" affiliate; sole signatory of the respondent FINRA Submission Agreement. *Dkt. 20-2 at 15–16, PageID 288–89.* | **Broker-dealer functions:** registration, Form U5 filing and certification. *Dkt. 20-6 at 6, PageID 558 (Thompson signature).* | Adjudicated the operative October 11 claims against it; U5 corrected; $31,625.00 assessed. *Dkt. 20-1 at 3–6, PageID 265–68.* |
| **JPMC** — parent; BAA drafter ("JPMorgan Chase"); no submission, no answer, no appearance in the FINRA matter. | **Enterprise policies;** Employee Relations personnel signing verbatim as "JPMorgan Chase & Co" (Muraira, Jacobs, Wilson). *Dkt. 22-1; Dkt. 23-2 at 19–21, PageID 1125–27.* | "[M]ade no determination with respect to the claims against" it. *Dkt. 20-1 at 3–4, PageID 265–66.* |
| **JPM Bank** — BAA "Firm" affiliate; no submission. | **Employer of record:** JPMS's Answer admits it, *Dkt. 20-5 at 25–26, PageID 493–94;* Respondents' counsel: "former employer — which is JPMorgan Chase Bank, N.A.," *Dkt. 20-7 at 6, PageID 600.* | Same express "no determination" recital. *Dkt. 20-1 at 3–4.* |

**Table A-2. Recital-by-Recital Capacity Attribution**

| Award Recital or Event | Function and Required Construction |
|---|---|
| **October 28 / December 1 / December 22.** *Dkt. 20-1 at 3–5.* | **Registration / employment / filing.** Three acts, performed by three functions, cannot become one JPMS termination. |
| **Investigation for reasons to terminate.** *Dkt. 20-1 at 4.* | **JPMC/JPM Bank investigation function.** The finding stands; no JPMS employer disposition follows from it. |
| **"Within its rights" / garden leave.** *Dkt. 20-1 at 4–5.* | **Employer authority and policy.** JPM Bank received no determination; JPMS was not the employer. |
| **Hindering transfer of the book.** *Dkt. 20-1 at 4–5.* | **Integrated employment, client-retention, and filing conduct.** Confirm the finding without assigning every act to JPMS. |
| **Inaccurate Form U5.** *Dkt. 20-1 at 3–5.* | **JPMS regulatory duty.** Confirm and implement in full. |
| **Merits and catch-all denials.** *Dkt. 20-1 at 3–5.* | **JPMS and the claims actually heard, only.** No deleted claims, non-submitters, or employer-only functions. |

**Table A-3. Capacity-Alignment Matrix**
*(JPMS Appeared — But Appeared As What?)*

| Issue / Award Conclusion | JPMS Appeared? | JPMS Function Actually Before FINRA | Function Needed for Merits-Binding Conclusion | Result |
|---|---|---|---|---|
| **U5 correction / inaccurate U5** | **Yes** | CRD/U5 filer (CRD 79) | CRD/U5 filer | **Binding / Confirmable** |
| U5 not defamatory / no damages on heard U5 claim vs JPMS | **Yes** | CRD/U5 filer | Limited to JPMS filing capacity | At most JPMS filing-capacity ruling; no enterprise-wide preclusion |
| Forum fees vs JPMS | **Yes** | FINRA member respondent | Member fee assessment | **Confirm** |
| **“Within its rights” to terminate** | **Yes** | Member/CRD vehicle only | Employer termination power | **Capacity mismatch — moot / non-dispositive** |
| Garden leave / notice period | **Yes** | Not employer | Employer policy / Bank employment | Moot as JPMS disposition |
| Payroll / W-2 / compensation | **Yes** | Not payroll entity | Bank/enterprise payroll | Moot |
| Investigation / ER / HR (Jacobs, Cohen, Stainback wording) | **Yes** | Not HR/ER function | JPMC/Bank HR & investigation legal entity | Moot as liability disposition; facts may still confirm |
| Code-of-Conduct termination ground | **Yes** | Not enterprise Code adjudicator | Employer/enterprise process | Moot |
| BAA / AAA employment track | **Yes** | Not BAA party / not FINRA submission vehicle for BAA | Bank-centered BAA | Not construed; not precluded |
| **Residual no-defamation / zero damages / punitive denial as global quiet-title** | **Yes** | Only claims heard vs JPMS in member capacity | Proper actor + claim + capacity for each tort | **Cannot extinguish non-JPMS functions, no-determination parties, deleted claims, or undecided attribution** |
| Alter ego / integrated employer / agency | Label only | Vehicle evidence at most | Judicial / Bridas doctrines | Phase 2 only — not silent § 9 expansion |

***Governing principle.***

Even taking the FCR’s premise that “Respondent” means JPMS, a JPMS-only merits denial can resolve only JPMS-capacity issues: FINRA submission, CRD filing, and claims actually heard against the member. It cannot adjudicate employer, HR, termination, payroll, BAA, or enterprise-control functions the Award placed outside its reach by making no determination as to Bank and JPMC. Appearance is not function. A ruling on functions JPMS did not perform is moot for judgment-preclusion purposes.

# APPENDIX B
## ISSUE-BY-ISSUE DISPOSITION MATRIX

**Table B-1. Issue-by-Issue Disposition Matrix**

| Issue | Objection | Disposition on the Developed Record |
|---|---|---|
| Nature of Dkt. 51 | One | Treat as a recommendation; determine each objected-to portion de novo; correct the record miscites. |
| Pled grounds resolved by label | One | Decide each ground on its substance from Dkt. 11 and Dkt. 45. |
| Entity, agreement, and function map | Two | Recite the map; the Award did not construe the BAA. |
| Form U5 expungement | Three | Adopt § III.A now under Rule 72(b)(3); enter the operative U5 terms. |
| Panel findings | Three | Recite the Explanation-of-Decision findings verbatim in the judgment. |
| Fee assessment ($31,625.00) | Three | Confirm as a money judgment against JPMS. |
| Archived Form U4 entries | Four | Modify under § 11(c), or declare unadjudicated and preserved. |
| JPMS-only construction | Five | Recite the construction and the twin “no determination” recitals in the Award’s words. |
| Residual denials | Five | Confine to JPMS and the claims heard; in the alternative, sever the administrator-tainted residue under § 10(a)(4). |
| Section 10(c) alternative | Five | Decide expressly — an alternative route to the same confined relief. |
| **Removed and non-determined claims (Rule 13201(a))** | Six | Hold not adjudicated, waived, or extinguished; open in a court of competent jurisdiction. FINRA Rule 13201(a) provides that statutory employment-discrimination claims “may be arbitrated only if the parties have agreed.” JPMS refused agreement; staff ordered deletion. Administrative excision is not merits adjudication or waiver. |
| § 402, Article III, jury-trial, punitive reservations | Six | Recite the reservations in the judgment. |
| Motion to compel arbitration | Six | Declare the Award and judgment supply no basis to compel; further arbitration only after the gateway determinations (agreement, party, claims, waiver, § 402). |
| Remand | Seven | Reject; order further arbitration only on a governing agreement, bound parties, a covered dispute, and an authorized forum. |
| Four monetary questions | Eight | Analyze separately; award the compensatory amount presently established; alternatively, a prompt noticed prove-up limited to causation or quantification. |
| Rule 58 final judgment | Nine | Enter a separate, executable judgment; retain jurisdiction to implement and enforce. |

***Note on FINRA Rule 13201(a) claim deletion.***

FINRA Rule 13201(a) provides: “A claim alleging employment discrimination in violation of a statute, is not required to be arbitrated under the Code. Such a claim may be arbitrated only if the parties have agreed to arbitrate it, either before or after the dispute arose.” In this matter JPMS expressly refused agreement; FINRA staff then ordered deletion of “all causes of action or requests for relief based on” the excluded employment and sexual-misconduct subject matter, or the case would be closed. Dkt. 20-7 at 2, PageID 596. Administrative deletion under Rule 13201(a) is neither a merits adjudication nor a waiver. Morgan v. Sundance, Inc., 596 U.S. 411, 417–19 (2022). Those claims remain open.