**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| Petitioner, *Pro Se,* | § | **Case No.** 4:26-cv-00381-O-BP |
| v. | § | |
| **J.P. MORGAN SECURITIES LLC, JPMORGAN CHASE & CO., and JPMORGAN CHASE BANK, N.A.,** | § | FINRA Case No. 24-01208<br>EEOC Charge No. 450-2024-04743<br>AAA Case No. 01-26-0000-7215 |
| Respondents. | § | |

**PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59(e), OR ALTERNATIVELY FOR RELIEF UNDER RULES 60(b)(1) AND 60(b)(3), AND BRIEF IN SUPPORT**

Petitioner Joshua David Sappi Biering, proceeding pro se, moves under Federal Rule of Civil Procedure 59(e) to alter or amend the Order and Judgment entered July 31, 2026. Dkts. 54–55. Alternatively, Petitioner requests relief under Rules 60(b)(1) and 60(b)(3).

This timely motion rests on the existing record, seeks no discovery or hearing, and does not disturb the Panel's liability findings, credibility findings, fee assessment, or Form U5 directives. It addresses two errors: (1) treating the Award's silence concerning archived Form U4 Occurrence Nos. 1977589 through 1977593 as a merits denial; and (2) disposing of distinct but-for expense categories as one sanctions demand without citing or applying *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017).

## I. STANDARD AND TIMELINESS

Rule 59(e) permits correction of a manifest error of law or fact. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). This motion is timely because it

was filed within twenty-eight days of the July 31 Judgment. Fed. R. Civ. P. 59(e). It relies only on the record before judgment.

Both subjects were preserved. The Amended Verified Petition requested relief under 9 U.S.C. §§ 11(b) and 11(c) concerning the archived occurrences and requested documented but-for expenses. Dkt. 11 ¶¶ 121–151, 158–169. Docket 45 presented the operative FINRA pleading, JPMS's corrective Form U4 amendment, the hearing transcript, Respondents' hearing acknowledgment, and the *Goodyear* framework. Docket 52 objected to the Recommendation's treatment of both subjects. Dkt. 52 at 11–12, 21–23.

Rule 60(b)(1) alternatively reaches a judicial legal mistake. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). Rule 60(b)(3) reaches an opposing party's material misrepresentation or misconduct upon clear and convincing proof that it prevented the movant from fully and fairly presenting his case. *Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 641–42 (5th Cir. 2005). Petitioner alleges no fraud on the Court and seeks no personal sanction.

## II. THE JUDGMENT CONVERTED AN UNRESOLVED FORM U4 ISSUE INTO A MERITS DENIAL

### A. The five financial disclosures are distinct from the customer-dispute expungement

Occurrence No. 2204024 concerned a customer complaint. It was adjudicated in FINRA Case No. 23-03445 and confirmed by the 96th District Court of Tarrant County in Cause No. 096-360735-25. It is not at issue.

This motion concerns Occurrence Nos. 1977589 through 1977593. Those entries reported federal student-loan balances discharged because of Petitioner's total and permanent disability as bankruptcy or creditor-compromise events. Dkt. 20-6 at 10–21,

29, 34, PageID 562–73, 581, 586. JPMS later submitted Form U4 Amendment ID 61688417 stating that the disclosures were removed as "DRP filed in Error" because the balances were forgiven. *Id.* at 40–41, PageID 592–93. The amendment corrected the current Form U4 but not the archived copies in CRD. Dkt. 33-3 at 169–74, PageID 2005–10.

The five entries are financial disclosures, not customer-dispute information. *Jonathan Edward Graham* confirms that Rule 2080 concerns customer-dispute information and that the SEC lacked jurisdiction to review FINRA's refusal to remove challenged non-customer CRD information. Exchange Act Release No. 89237, 2020 WL 3820988, at *4–7 (SEC July 7, 2020). That jurisdictional gap is not a merits determination.

**B. The issue was pleaded, examined, and acknowledged**

Respondents represented that "Ground Two is not part of Biering's Statement of Claim nor is it addressed in the Arbitration Award." Dkt. 41 at 3–4, PageID 2202–03. The second clause was correct. The first was not. The Recommendation found that the Statement of Claim "does mention the U4 expunction issue." Dkt. 51 at 4, PageID 2592. The pleading alleged the incorrect reporting, continuing archived access, and resulting licensing and employment impairment. Dkt. 20-4 ¶¶ 50, 53, 57, 129–132.

The hearing record confirms presentation. Petitioner's counsel explained that the incorrect entries remained archived and continued to appear in CRD. Dkt. 33-3 at 169–70, PageID 2005–06. The Chairperson confirmed that the incorrect loan information remained archived. *Id.* at 170–71, PageID 2006–07. Respondents' counsel Jeffrey S. Dunlap stated that this was "consistent with my understanding." *Id.* at 171, PageID

2007; Dkt. 45 at 4, PageID 2557. The Chairperson called the absence of a correction mechanism "bizarre." Dkt. 33-3 at 172–74, PageID 2008–10.

The Award identifies none of the five occurrences, mentions no corrective amendment, and grants or denies no archived-record remedy. The Recommendation agreed that the Award "contains no mention of the U4 or why the panel does not address it." Dkt. 51 at 5, PageID 2593.

**C. The Recommendation omitted the record-supported third possibility**

The Recommendation reasoned that either Petitioner did not request removal and *Pioneer* barred relief, or he requested removal and the Award's residual denial rejected it. Dkt. 51 at 5–6. That binary omitted the possibility established by its own findings: the issue was submitted and examined but not completely adjudicated in the Award.

*Pioneer Natural Resources USA, Inc. v. PACE Local 4-487* concerns relief a party could have requested but did not, or relief the arbitrator declined to award. 328 F.3d 818, 821 (5th Cir. 2003). *Brown v. Witco Corp.* separately recognizes an issue "submitted but . . . not completely adjudicated by the original award" and an award "ambiguous in its scope and implementation." 340 F.3d 209, 219 (5th Cir. 2003). The Judgment adopted the Recommendation without resolving that distinction and without separately adjudicating the preserved § 11(b) ground.

## III. THE AWARD'S SILENCE MUST BE ANALYZED UNDER §§ 11(b) AND 11(c)

Section 11(c) permits modification where an award is "imperfect in matter of form not affecting the merits of the controversy" and directs correction "so as to effect the intent thereof and promote justice between the parties." 9 U.S.C. § 11(c). The requested correction alters no liability, damages, credibility determination, prevailing-party ruling,

fee allocation, Form U5 relief, or termination finding. JPMS already marked the five entries "filed in Error." What remains is the legal effect of the Award's omission and the archived residue—form and implementation, not a new merits contest.

Section 11(b) applies in the alternative only if the residual denial is construed to decide the distinct archived-record remedy. Under that construction, the Award is given dispositive effect concerning occurrences it never identifies and a remedy it never addresses. Petitioner asks the Court to confine or strike only that implied determination while leaving the remainder of the Award standing. At minimum, the Court should expressly adjudicate the § 11(b) ground. If clarification by the original Panel is required, *Brown* permits a limited remand confined to whether the Award disposed of the five occurrences. 340 F.3d at 219.

This Court has previously applied § 11 to modify a FINRA award without altering its substantive disposition. *Purshe Kaplan Sterling Investments, Inc. v. Vungarala*, No. 4:21-cv-00889-O, ECF Nos. 16, 18 (N.D. Tex. Jan. 26, 2022); *see also* Dkt. 52 at 11. Petitioner likewise asks for no new merits determination—only an express ruling on whether the Award's silence is a correctable non-merits defect.

## IV. THE EXPENSE RULING OMITTED THE PRESENTED CAUSATION STANDARD

Docket 22-8 organized forty-seven entries into four but-for categories totaling $861,407.26. Dkt. 22-8 at 1–7, PageID 1074–80. The Recommendation stated $864,407.26, described the request as "most like a sanction," and denied it without findings concerning any category. Dkt. 51 at 7, PageID 2595. Docket 52 preserved both the $3,000 discrepancy and the category-specific objection. Dkt. 52 at 21–23.

The preserved categories are:

(i) **$293,017.06** — would not have been incurred ***but for*** the December 22, 2023 Form U5 the Panel found inaccurate and filed to hinder competing registration.

(ii) **$408,793.39** — would not have been incurred ***but for*** discovery delay and the resulting duplication, the burden the Panel assessed against Respondent.

(iii) **$123,536.06** — incurred in January and February 2026, after the December 29, 2025 Award, and therefore would not have been incurred ***but for*** the inaccurate U5.

(iv) **$36,060.75** — would not have been incurred ***but for*** the archived student-loan entries JPMS marked "DRP filed in Error" that remained archived. Dkt. 20-6 at 40–41, PageID 592–93; Dkt. 33-3 at 169–70, PageID 2005–06.

Under *Goodyear*, compensatory inherent-power relief is limited to expenses that would not have been incurred ***but for*** identified misconduct, and the Court may use reasonable estimates—"rough justice, not . . . auditing perfection." 581 U.S. at 108–10; *Fox v. Vice*, 563 U.S. 826, 836, 838 (2011); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46, 50 (1991). Docket 45 presented that framework. Dkt. 45 at 11–12, PageID 2564–65. The Recommendation never cited, discussed, or applied *Goodyear*.

The defect is not a sequencing dispute between *Positive Software Solutions, Inc. v. New Century Mortgage Corp.* and *Goodyear*. The defect is that the Recommendation disposed of all categories through one label while never addressing the governing but-for causation framework Petitioner presented. Whatever limits *Positive Software* may impose on relief for conduct occurring solely within arbitration, it did not decide the distinct post-Award and court-related categories without findings, and it did not eliminate the need to address *Goodyear* where authority otherwise exists. A category may fail for want of authority, a required finding, or causation. But the categories cannot be

adjudicated together while the controlling causation standard goes unmentioned.

## V. RESPONDENTS' CONFLICTING REPRESENTATIONS SUPPORT ALTERNATIVE RELIEF

Before the Panel, Dunlap heard that the erroneous student-loan entries remained archived and stated that the account was "consistent with my understanding." Dkt. 33-3 at 169–71, PageID 2005–07. He later signed Docket 41, which represented that the Form U4 issue was not part of Petitioner's Statement of Claim. Dkt. 41 at 3–4, PageID 2202–03. That representation conflicts with the pleading, JPMS's amendment, the hearing transcript, counsel's acknowledgment, and the Recommendation's express finding that the Statement of Claim mentioned the issue. Dkt. 51 at 4, PageID 2592.

The conflict was material because non-submission became one of the Recommendation's two dispositive alternatives. Dkt. 51 at 5–6. Petitioner requests correction under Rule 59(e), or alternatively relief under Rule 60(b)(1) or 60(b)(3), from the portions of the Judgment affected by the legal mistake or material misrepresentation.

Petitioner exposed the conflict in Docket 45, but Respondents never withdrew the representation, and the Recommendation retained non-submission as an operative premise. If the Court concludes that Docket 45 afforded Petitioner a full and fair opportunity sufficient to defeat Rule 60(b)(3), the same contradiction nevertheless establishes the manifest factual error requiring correction under Rule 59(e). Under either rule, non-submission should not remain a dispositive premise.

## VI. PRAYER

(i) **GRANT** this motion under Rule 59(e) and amend the Order and Judgment, Dkts. 54–55, to clarify that neither confirmation of the Award nor denial of

the remainder of the Amended Verified Petition adjudicates the merits of Form U4 Occurrence Nos. 1977589 through 1977593;

(i) **ADJUDICATE** the preserved grounds under 9 U.S.C. §§ 11(b) and 11(c), modify or correct the Award as authorized, or alternatively remand under *Brown v. Witco Corp.* solely to clarify whether the Award disposed of those occurrences;

(ii) **CORRECT** the expense total from $864,407.26 to $861,407.26, vacate or amend the aggregate denial, and separately adjudicate Categories A through D under the applicable authority and the but-for causation standard stated in *Goodyear* and *Fox*, awarding any supported nonduplicative amounts or ordering a limited prove-up as to amount alone; and

(iii) **ALTERNATIVELY, GRANT** the same corrective relief under Rule 60(b)(1) or Rule 60(b)(3), together with such other relief as the Court determines is authorized by law.

(iv) **GRANT** such other relief as the Court determines is authorized by law.

Respectfully submitted,

Joshua David Sappi Biering

**Joshua David Sappi Biering**
Petitioner, *Pro Se*

**CERTIFICATE OF SERVICE**

On August 5, 2026, this document was filed through CM/ECF, which will automatically serve notice on all counsel of record.

Joshua David Sappi Biering

**Joshua David Sappi Biering**
Petitioner, *Pro Se*