**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING**,<br><br>Petitioner, *Pro Se,*<br>v.<br><br>**J.P. MORGAN SECURITIES LLC, JPMORGAN CHASE & CO., and JPMORGAN CHASE BANK, N.A.,**<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No.** 4:26cv-00381-O<br><br>Related Case No. 4:26-cv-00950-P<br>FINRA Case No. 24-01208<br>EEOC Charge No. 450-2024-04743<br>AAA Case No. 01-26-0000-7215 |

**PETITIONER'S URGENT MOTION FOR EXPEDITED RULING ON DKT. 56**

Petitioner Joshua David Sappi Biering, *pro se,*[1] respectfully requests expedited disposition of his Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e), or alternatively for relief under Rules 60(b)(1) and 60(b)(3). Dkt. 56.

Respondents filed their opposition on August 26, 2026. Dkt. 57. Petitioner filed his reply the same day. Dkt. 58. Dkt. 56 is fully submitted.

## I. The Motion at Dkt. 56 is Fully Briefed. *See* Dkt. 57; Dkt. 58

The Court entered its Order and Judgment on July 31, 2026. Dkts. 54–55. Petitioner filed Dkt. 56 on August 5, 2026, within twenty-eight days of the Judgment. Respondents filed Dkt. 57 on August 26, and Petitioner filed Dkt. 58 that same day.

The briefing cycle is complete. Petitioner requests decision on the existing papers and seeks no additional submission from either party.

---

1 "A document filed *pro se* is to be liberally construed," and *pro se* filings are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus, 551 U.S. 89*, 94 (2007) (*per curiam*) (cleaned up); H*aines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## II. Prompt Disposition Is Procedurally and Practically Important

The request for expedition rests on the consequences of leaving the post-judgment posture unresolved.

***First, Dkt. 56 controls the timing of direct appellate review.*** Because it was filed within twenty-eight days after judgment, the time to appeal runs from entry of the order disposing of that motion. Fed. R. App. P. 4(a)(4)(A)(iv), (vi). Until Dkt. 56 is resolved, the direct-appellate timetable has not begun and the final post-judgment posture remains unsettled.

***Second, the issues presented in Dkt. 56 continue to carry practical consequences.*** They concern regulatory-record matters, professional status, and documented expenses already in the record, and those matters have affected Petitioner's reputation, profession, finances, and health since 2023. This motion adds no evidence and seeks no new substantive relief. Those circumstances explain why prompt disposition matters: a later ruling cannot erase the intervening period during which the Judgment's effect remained unresolved.

***Third, a separate § 402(b) gateway issue remains pending in No. 4:26-cv-00950-P-BJ, with Respondents' ordinary response deadline on August 31, 2026.*** Unless an intervening ruling or material change alters that posture, Petitioner presently anticipates seeking Rule 21 relief in the Fifth Circuit on September 4 concerning that separate sequencing issue. Any such proceeding would exclude review of the July 31 Judgment in this case, which remains subject to Dkt. 56 and, if necessary, ordinary direct appeal after disposition.

***Petitioner does not ask this Court to decide or manage the related action.*** That posture is identified only because prompt resolution of Dkt. 56 will establish this case's final post-judgment posture before separate proceedings advance.

## III. No Further Proceedings Are Necessary to Decide Dkt. 56

The Court has inherent authority to manage its docket "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Rule 1 likewise directs that the Federal Rules be administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The relevant papers are complete. Dkt. 56 states Petitioner's requested post-judgment relief. Dkt. 57 states Respondents' opposition. Dkt. 58 states Petitioner's reply.

Petitioner requests no discovery, hearing, supplemental evidence, or additional merits briefing. Expedited disposition requires no further action from Respondents and no additional record development.

## IV. CONCLUSION AND PRAYER

Petitioner respectfully asks the Court to grant this Motion for Expedited Ruling and resolve Dkt. 56 on the existing papers as soon as practicable, and by September 4, 2026, if the Court's docket permits. Petitioner maintains the request for substantive relief set out in Dkt. 56, but this motion does not reargue that relief.

Respectfully submitted,

Joshua David Sappi Biering

**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*

Dated: August 31, 2026

**CERTIFICATE OF CONFERENCE**

Petitioner was unable to complete a conference regarding this motion before filing. During the preceding week, Petitioner sent multiple written communications to Respondents' counsel concerning the related procedural posture and seeking their positions regarding the sequence and prompt resolution of the pending proceedings. Those communications did not receive a substantive response addressing the requested procedural sequence.

Petitioner therefore was unable to obtain Respondents' position on the specific request for expedited disposition of Dkt. 56. Pursuant to N.D. Tex. LR 7.1(b)(3), no conference was possible before filing.

*Joshua David Sappi Biering*
**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*

**CERTIFICATE OF SERVICE**

Petitioner, *pro se*, certifies that on August 31, 2026, the foregoing was filed via CM/ECF, which will automatically serve notice on all counsel of record.

*Joshua David Sappi Biering*
**JOSHUA DAVID SAPPI BIERING**
Petitioner, *Pro Se*